STEPHEN J. SCHULTZ, SBN 90187
JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO: ECU03022<br><br>DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:        May 7, 2007<br>Time:        8:30 a.m.<br>Dept.:        7<br><br>Complaint Filed:        April 27, 2006<br>Trial Date:        Not Set |

I, Bernard F. King III, declare as follows:

1.        I am an attorney admitted to practice before this court and all courts of the State of California and am an associate in the law firm of Marks, Golia & Finch, LLP, counsel of record for plaintiff David Loera. Unless otherwise stated, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify to their accuracy.

/ / / / /

---

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

83 D

2.     In September 2006, plaintiff served Akal with special interrogatories, form interrogatories, form interrogatories – employment law, inspection demands and requests for admission.  These requests sought the production of very basic information directly relevant to plaintiff's claims.

3.     Akal responded to the document requests and special interrogatories with boilerplate objections and no substantive answers.  Indeed, its response to every special interrogatory consisted of a set of vague objections, mechanically repeated in "cut and paste" fashion.

4.     In a meet and confer letter dated November 28, 2006, I wrote to Akal's counsel, Josh Wagner, and attempted to discuss in good faith his client's objections and its refusal to provide any substantive information.  A true and correct copy of this letter is attached hereto as Exhibit "1."

5.     On December 8, 2006, I received a fax from Mollie Burks-Thomas, also Akal's attorney.  Ms. Burks-Thomas claimed that she did not know "which responses Plaintiff deems inadequate and why."  A true and correct copy of this letter is attached hereto as Exhibit "2."

6.     On December 11, 2006, I called Ms. Burks-Thomas to discuss whether her client would make any effort to supplement its response.  She acknowledged that Akal responded with only objections and agreed to provide supplemental responses by December 22, 2006.

7.     Akal served supplemental responses to some of the requests on December 22, 2006.  In a cover letter accompanying this discovery, Ms. Burks-Thomas contended that plaintiff's discovery requests were still overbroad and for the first time, raised an objection based upon the privacy rights of unidentified third parties.  Nevertheless, Ms. Burks-Thomas indicated her client would provide further supplemental responses and agreed to extend any discovery deadlines for 60 days to allow the parties to work towards an informal resolution.  A true and correct copy of this letter is attached hereto as Exhibit "3."

/ / / / /

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

84 0

8. On February 5, 2007, I emailed Ms. Burks-Thomas to further discuss Akal's objections and responses. As to its previously unasserted privacy objection, I noted that if Akal was going to refuse to disclose contact information of unknown individuals on privacy grounds, it had the responsibility of notifying the individuals of their right to object to the disclosure of this information. A true and correct copy of this email is attached hereto as Exhibit "4."

9. In a letter dated February 8, 2007, Ms. Burks-Thomas requested that plaintiff revise and resubmit its discovery to accommodate Akal's "relevancy" objections, and again claimed that plaintiff had a duty to contact the affected employees before Akal would disclose their contact information. Nevertheless, she provided assurances that Akal would provide further supplemental responses within a week, and claimed that she was committed to resolving these discovery issues informally. A true and correct copy of this letter is attached hereto as Exhibit "5."

10. After waiting 12 more days, I called Ms. Burks-Thomas on February 20, 2007, to discuss the status of her client's responses. She stated that Akal was serving further supplemental responses that day, and again asked that I provide authority supporting her client's discovery obligations. In an email that same day, I confirmed that Akal's service of further supplemental responses would extend the time for bringing a motion to compel but noted that the efforts to meet and confer as to these issues were not making any progress. A true and correct copy of this email is attached hereto as Exhibit "6."

11. Ultimately, Akal's further supplemental responses failed to resolve the impasse. After exhausting all attempts at an informal resolution, plaintiff filed this motion to compel. Preparing this motion, the separate statement of discovery responses and the supporting papers necessitated approximately 5 hours of work. Further, I anticipate spending 2 hours reviewing any opposition brief, drafting a reply and attending the hearing on this matter. Even setting aside the time spent trying to meet and confer on these issues, Akal will have caused the unnecessary expenditure of 7 hours of attorney time.

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

850

1        12.    The attorneys' fees charged and services rendered in connection with this

2   motion are reasonable. My hourly rate for this matter is $300, and when compared to the

3   hourly rates of attorneys working on similar cases, this rate is less than the average rates

4   charged by other lawyers in the community. Plaintiff has made numerous reasonable attempts

5   at resolving these disputes informally, but Akal has left him with no other choice than to file

6   this motion. Thus, the amount of time expended in connection with this motion is reasonable

7   because it was only made necessary by Akal's conduct. As a direct result of these tactics,

8   plaintiff has incurred at least $2,100 of reasonable attorneys' fees in connection with this

9   motion.

10       I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct to the best of my knowledge and belief. Executed this 11th day of

12   April, 2007, in San Diego, California.

13

14                                   BERNARD F. KING III

15

16

17

18

19

20

21

22

23

24

25

26

27   974.002/BK630.am

28                                 4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

86 D

ROBERT J. MARKS
DAVIDE GOLIA
P. RANDOLPH FINCH JR.
JASON R. THORNTON
JEFFREY B. BAIRD
STEPHEN J. SCHULTZ +
MARK T. BENNETT +
CHAD T. WISHCHUK
LOUIS J. BLUM
CHRISTINA M. RIMKUS
DAVID S. DEMIAN
DAVID W. SMILEY
RACHEL F. TAIT
BERNARD F. KING III

# MARKS, GOLIA & FINCH, LLP

ATTORNEYS AT LAW

3900 HARNEY STREET · FIRST FLOOR

SAN DIEGO, CALIFORNIA 92110-2825

TELEPHONE (619) 293-7000

FACSIMILE (619) 293-7362

INTERNET www.mgfllp.com

E-MAIL bking@mgfllp.com

NOWELL A. LANTZ
JUSTIN M. STOGER
ALLISON N. COOPER
ANDREA L. PETRAY
JON F. GAUTHIER, APC +
SHAWN P. MILLER

+ OF COUNSEL

MERRILL, SCHULTZ &
BENNETT, LTD.

OUR FILE NUMBER

$\mathcal{C}$   974.002

November 28, 2006

**_VIA FACSIMILE (213) 680-4470_**

Joshua B. Wagner, Esq.
Gordon & Rees, LLP
633 West Fifth Street, Suite 4900
Los Angeles, California 90071

> Re:   *David R. Loera v. Akal Security, Inc.*
>        *Imperial County Superior Court, Case No. ECU03022*

Dear Mr. Wagner:

This letter concerns the recent responses Akal Security, Inc. ("Akal"), served with respect to plaintiff David Loera's ("plaintiff's") discovery requests.

As an initial matter, Akal's responses to plaintiff's discovery requests were made in bad faith, failed to comply with the Civil Discovery Act and were apparently designed to conceal as much information from plaintiff as possible. Nearly every response asserted, in boilerplate fashion, frivolous objections that do nothing to relieve Akal of its obligation to respond.

This gamesmanship will not be tolerated. Plaintiff has served legitimate discovery requests on your client and he is entitled to your client's full response. This constitutes our attempt to meet and confer as to the sufficiency of these responses. As set forth more fully below, Akal's responses are entirely inadequate, and they must be immediately remedied. If Akal fails to provide verified amended responses before December 8, 2006, plaintiff will motion to compel complete responses and will seek sanctions in an amount sufficient to forever deter these tactics in the future.

1.    Akal's Boilerplate Objections Are Devoid Of Merit

In response to plaintiff's discovery, Akal recites a litany of irrelevant statements which it characterizes as "objections." There is nothing in these incoherent ramblings which justifies Akal's failure to respond. As you are aware, if a party maintains an objection to a discovery request, it bears the burden of proving the validity of its objection. (*Agricultural Labor Relations Bd. v. Richard A. Glass Co.* (1985) 175

*87 0*

Joshua B. Wagner, Esq.
November 28, 2006
Page 2 of 4

Cal.App.3d 703, 714-715.) Please explain how any of the following objections absolve Akal of its obligation to furnish any response to plaintiff's discovery.

      a.     <u>Vagueness Objections</u>

Akal objected to numerous requests on the grounds of "vagueness," but further specificity is lacking. For example, if Akal maintains that a discovery request is vague, please specify what part of the request is vague. We are more than willing to clarify any ambiguities in order to expedite the discovery process.

      b.     <u>Over Breadth And Burdensomeness Objections</u>

For objections based upon over breadth or burdensomeness, please explain with specificity the reasons for your position. Do you contend that it would be too burdensome to prepare substantive answers or compile documents for inspection? If so, please tell us exactly why this would be so difficult. Contrary to the statements in your "objections," each request is specifically limited in time and scope, and none of the requests implicate Akal's operations outside the state of California.

      c.     <u>Attorney-Client And Attorney Work Product Objections</u>

For objections based on attorney work product and attorney-client privilege, please describe the allegedly privileged documents with particularity. (See Code Civ. Proc., § 2031.240, subd. (b).) In the interests of efficiency, Akal's privilege log need not include any documents created by its attorneys after the commencement of this litigation or any correspondence between Akal and its outside counsel.

      d.     <u>"Adequate Class Representative" Objections</u>

Akal's objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues.

88 D

Joshua B. Wagner, Esq.
November 28, 2006
Page 3 of 4

  e.  "No Answer On File" Objections

  In response to document requests numbered 11 through 37, Akal objected on the grounds that "there is no currently operative responsive pleading." Are you denying that Akal has answered plaintiff's complaint? If so, we will proceed with default proceedings. If not, Akal must respond based on its current answer.

  2.  Akal's Responses To Plaintiff's Interrogatories Are Defective

  Akal failed to respond to all but several of plaintiff's special and form interrogatories. As noted above, Akal's lack of response was apparently based on frivolous objections. Regardless, Akal still has a duty to respond to the non-objectionable portion of each interrogatory. (See Code Civ. Proc., § 2030.240, subd. (a).) Accordingly, if Akal does not produce complete responses to these interrogatories before December 8, 2006, plaintiff will proceed with his motion to compel.

  3.  Akal's Responses To Plaintiff's Requests For
     Admission And Form Interrogatory No. 17.1 Are Defective

  Apparently, Akal believes that because it only objected to the underlying requests for admissions, it therefore did not "respond" and is therefore excused from having to explain the factual basis of its objection. Parenthetically, Akal's objections are without merit and it should be ordered to answer each request for admission with either: (1) an admission; (2) a denial; or (3) a verified statement that it has made reasonable inquiry, and that based upon known or readily obtainable information, it is unable to admit or deny the request. (See Code Civ. Proc., § 2033.220.) After providing an appropriate answer to the requests for admission, Akal must then provide a complete responses to form interrogatory 17.1. This means identifying all facts supporting its response to each request for admission, as well as all witnesses and documents which may evidence those facts.

  Even if its objections were meritorious, Akal would still be required to explain the factual basis for these objections, and identify the witnesses and documents which support these facts. Plaintiff has a right to this information, and further responses are required.

89 D

Joshua B. Wagner, Esq.
November 28, 2006
Page 4 of 4

4.    Akal's Response To Plaintiff's Inspection Demand Is Defective

Akal produced no documents in response to plaintiff's inspection demands and failed to offer anything but objections to his requests. As stated above, your objections founded on the adequacy of plaintiff as a class representative are untenable. Further, even if Akal believes the scope is too broad, it must still comply with the unobjectionable portion of the demand. (See Code Civ. Proc., § 2031.240, subd. (a).)

Again, your objections to plaintiff's inspection demand are not well taken. If you do not produce all responsive documents for inspection before December 8, 2006, plaintiff will move to compel their production.

5.    Conclusion

The above referenced defects in Akal's discovery responses must be corrected before December 8, 2006. The amended responses must also be verified by your client. No further extensions will be granted. Please do not waste any more time with meritless contentions. Your prompt attention to this matter is appreciated.

Very truly yours,

Bernard F. King III, of
MARKS, GOLIA & FINCH, LLP

BK:am/BK35740

cc:    Nicholas & Butler, LLP
       Attn: Matthew B. Butler, Esq. (via facsimile only)
       Marks, Golia & Finch, LLP
       Attn: Jason R. Thornton, Esq.
             Stephen J. Schultz, Esq.

90 D

** T r a n s m i t   C o n f . R e p o r t **

P.1                                                          Nov 28 2006  12:27

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 12136804470-/0974002 | NORMAL | 28,12:27 | 0'50" | 5 | # O K | |

ROBERT J. MARKS
DAVIDE GOLIA
P. RANDOLPH FINCH JR.
JASON R. THORNTON
JEFFREY B. BAIRD
STEPHEN J. SCHULTZ +
MARK T. BENNETT +
CHAD T. WISHCHUK
LOUIS J. BLUM
CHRISTINA M. RIMKUS
DAVID B. DEMIAN
DAVID W. SMILEY
RACHEL P. TAIT
BERNARD F. KING III

## MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3900 HARNEY STREET · FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE (619) 293-7000
FACSIMILE (619) 293-7352
INTERNET www.mgflip.com
E-MAIL bking@mgflip.com

NOWELL A. LANTZ
JUSTIN M. STOGER
ALLISON N. COOPER
ANDREA L. PETRAY
JON F. GAUTHIER, APC +
SHAWN P. MILLER
LORI M. LOISELLE

+ OF COUNSEL

MERRILL, SCHULTZ &
BENNETT, LTD.

OUR FILE NUMBER

974.002

## *FACSIMILE TRANSMITTAL SHEET*

**DATE:** November 28, 2006                    **FROM:** Bernard F. King III

**INDIVIDUAL:** Joshua B. Wagner, Esq.

**COMPANY:** Gordon & Rees, LLP - Los Angeles

**FAX NUMBER:** (213) 680-4470

**DOCUMENTS:** Letter dated November 28, 2006

                                                                          AM

**NUMBER OF PAGES TRANSMITTED, INCLUDING THIS PAGE: 5**
(If you do not receive all pages, please call as soon as possible at (619) 293 - 7000)

**COMMENTS:**

☐ Original Will **Not** Follow.

☒ Original Will Follow By:

☒ Regular Mail            ☐ Electronic Mail            ☐ Hand Delivery

910

C. 974.002

Mollie Burks-Thomas

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET
SUITE 4900
LOS ANGELES, CA 90071
PHONE: (213) 576-5000
FAX: (213) 680-4470
WWW.GORDONREES.COM

December 8, 2006

**VIA FACSIMILE & U.S. MAIL**

Bernard F. King III, Esq.
Marks, Golia & Finch, LLP
3900 Harney Street -- First Floor
San Diego, CA 92110

Re:    Loera v. Akal Security, Inc.
       Imperial County Superior Court Case No. ECU03022

Dear Mr. King:

We are in receipt of your November 28, 2006, meet and confer correspondence requesting that Akal Security, Inc. ("Akal") provide supplemental responses to Plaintiff's First Sets: Form Interrogatories – Employment Law; Form Interrogatories – General; Special Interrogatories; Requests for Admission; and Requests for Production. Your letter unreasonably only gave us one and one-half weeks to respond with verified amended responses to multiple discovery requests. Notwithstanding your failure to meaningfully engage in the meet and confer process, below please find our response to your demands and the salient legal points relating to the subject requests.

A.    **Akal's November 2, 2006 Document Production**

As a preliminary matter, we note that on page 4 of your letter, you erroneously state that "Akal has produced no documents in response to plaintiff's inspection demand." Contrary to your assertion, on November 2, 2006, Akal produced in excess of 200 pages of documents. Please let me know if you did not receive these documents.

B.    **Plaintiff's Requests for Production of Documents Nos. 11 through 37**

Plaintiff's Requests for Production of Documents Nos. 11 through 37 seek all documents related to Akal's specifically enumerated affirmative defenses in this case. As you know, in November of 2006 the Parties entered into a Stipulation and Proposed Order Permitting Akal to File a First Amended Answer. The First Amended Answer included additional affirmative defenses, necessarily resulting in ambiguities regarding Plaintiff's Requests (which referred to the affirmative defenses by number). Now that the Court has entered the Order approving the

92 D

Bernard F. King III, Esq.
December 8, 2006
Page 2

Parties' stipulation, and now that Akal's First Amended Answer has been filed, Akal will supplement its responses to Requests Nos. 11 through 37.

C.    **Plaintiff's Request for Supplemental Responses to Form and Special Interrogatories.**

It is unclear from your letter which interrogatory responses you deem deficient and why, since there is no mention of any specific, enumerated interrogatory or response. Although you make sweeping statements about Akal's discovery objections generally, there is no analysis of why Plaintiff believes certain responses may be lacking. We are certainly willing engage in the informal resolution of any dispute concerning Akal's responses to form and special interrogatories; however, we must first know which responses Plaintiff deems inadequate and why.

D.    **Plaintiff's Request for Supplemental Responses to Requests for Admission and Form Interrogatory 17.1.**

It is unclear from your letter which responses you deem deficient and why, since there is no mention of any specific, enumerated request or response. Although you make sweeping statements about Akal's discovery objections generally, there is no analysis of why Plaintiff believes certain responses may be lacking. We are certainly willing engage in the informal resolution of any dispute concerning Akal's responses to Plaintiff's requests; however, we must first know which responses Plaintiff deems inadequate and why.

E.    **Conclusion**

Counsel for Akal remains open to discussing these issues in an effort to informally resolve these disputes in good faith and without the need for motion practice. Please contact the undersigned to reach an appropriate solution.

Sincerely,

GORDON & REES LLP

Mollie Burks-Thomas

cc:    Matthew Butler, Esq.
      Stephen E. Ronk, Esq.
      Joshua B. Wagner, Esq.

AKAL 1039847/100878~ 1

93 D

MOLLIE BURKS-THOMAS

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET
SUITE 4900
LOS ANGELES, CA 90071
PHONE: (213) 576-5000
FAX: (213) 680-4470
WWW.GORDONREES.COM

December 22, 2006

RECEIVED

DEC 26 2006

Jason R. Thornton, Esq.
Bernard F. King, III, Esq.
MARKS, GOLIA & FINCH, LLLP
3900 Harney Street, First Floor
San Diego, California 92110-2825

Matthew B. Butler, Esq.
NICHOLAS & BUTLER
225 Broadway, 19th Floor
San Diego, California 92101-5005

    Re:    **David Loera v. Akal Security, Inc.**

Dear Counsel:

    Pursuant to my conversation with Bernard King of December 11, 2006, enclosed herewith please find Akal Security, Inc.'s ("Akal") supplemental discovery responses.

## A.    Akal's Supplemental Responses

    Although Mr. King has sent one "meet and confer" letter dated November 28, 2006 demanding further responses, thus far, Plaintiff has declined to identify any specific requests to which plaintiff is seeking a further response, stating only that plaintiff is seeking a further response to any request to which Akal has not previously provided a substantive response. Although I believe plaintiff's refusal to identify the purportedly deficient responses does not comport with the good faith meet and confer requirements contained in the Code of Civil Procedure, we have reviewed Akal's initial responses and have supplemented its responses to the following requests:

- Requests for Production (Set One), Requests Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 41, 43, 45 and 46;

- Special Interrogatories (Set One), Interrogatories Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 48, 49 and 52;

94 D

Loera Counsel
December 22, 2006
Page 2

- Form Interrogatories – General (Set One), Interrogatories Nos. 12.1, 12.2, 12.3, 12.4, 12.6 and 12.7; and

- Form Interrogatories – Employment Law (Set One), Interrogatories Nos. 215.1, 215.2 and 216.1.

With respect to Requests for Admission (Set One), Nos. 9, 10 and 12, we are still working on obtaining responsive information. We anticipate receiving responsive information and will supplement Akal's previous response by the end of January. To the extent Akal's supplemental responses to Requests for Admission Nos. 9, 10 and 12 dictate a response to Form Interrogatory No. 17.1, please be advised that we will supplement the interrogatory as well.

We are diligently working with our client to obtain the supplemental information and avoid motion practice. We will, of course, provide you with a 60-day extension in which to file any motion to compel.

**B.     The Remaining Discovery Requests**

As to the remaining discovery requests, they are improper, primarily on the grounds that they are due to overbroad, Irrelevant and invade the privacy rights of third parties.

First, numerous of plaintiff's requests seek documents, facts and information as to all of Akal's employees throughout the State of California. As we have previously discussed, these discovery requests are far too overbroad, especially in light of Plaintiff's Complaint, which limits the potential class to individuals employed at the El Centro Department of Homeland Immigration Detention Center. Accordingly, Akal will stand on its objection to such discovery requests.

In addition, certain of Plaintiff's interrogatories seek the names, addresses, telephone numbers and other personal identifying information of current and former employees of Akal Security, Inc. Before employment data and records are disclosed, the propounding party must give notice to the employee and give him a chance to object. (*See* Cal. Code. Civ. Proc. § 1985.6(b).) An employee has a clearly established right of privacy in his or her employment data and records as guaranteed by the California and U.S. Constitutions. (*San Diego Trolley, Inc. v. Superior Court* (2001) 87 Cal.App.4th 1083, 1097; *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-04 [a person has a right to privacy in his personnel records]; *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671, 678; see also, *Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 527-29.) "California courts have generally concluded that the public interest in preserving confidential information outweighs the interest of a private litigant in obtaining the confidential information." (*San Diego Trolley, supra,* 87 Cal.App.4th at 1097 [citations omitted].) Plaintiff has failed to address the privacy rights of Akal employees in their personal identifying information. Plaintiff simply seeks access to all employees' information. If Plaintiff wishes to obtain this information, it must first, *at a minimum*, comply with Section 1985.6 and give Akal employees an opportunity to object.

95 D

Loera Counsel
December 22, 2006
Page 3


**C.     Conclusion**

Counsel for Akal remains open to discussing these issues in an effort to informally resolve these disputes in good faith and without the need for motion practice.  Please contact the undersigned to reach an appropriate solution.


Very truly yours,

GORDON & REES LLP

Mollie Burke-Thomas


Enclosures

cc:     Stephen E. ronk
        Joshua B. Wagner

96 D

## Bernard King

---

**From:**     Bernard King
**Sent:**      Monday, February 05, 2007 11:06 AM
**To:**        'Mollie Burks-Thomas'
**Cc:**        'mbutler@nblaw.org'; Stephen J. Schultz; Jason R. Thornton
**Subject:**   RE: Loera v. Akal Security, Inc.: Outstanding Discovery - Meet and Confer

Dear Ms. Burks-Thomas:

This email is in response to your letter dated December 22, 2006, and is a further attempt to meet and confer as to the enclosed supplemental discovery responses served by mail the same day. Specifically, this email concerns your client's responses to plaintiff's special interrogatories, document requests and requests for admission. This also confirms that Akal Security has given us a 60 day extension of time to move to compel these items from the date of your letter. Thus, we understand plaintiff's deadline to move to compel further responses to all discovery requests is February 20, 2007. If this is not correct, please let us know immediately.

As an initial matter, Akal Security did not provide supplemental responses for the following discovery requests:

    Requests for production: 1-10; 38-40; 42; 44
    Special Interrogatories: 1-27; 40-47; 50-51
    All requests for admission

As you have noted in your letter, we requested supplemental responses to all of these discovery requests. No explanation was provided as to only why some were supplemented. However, in your letter you did mention that "the remaining discovery requests" were "improper, primarily on the grounds that they are due to overbroad, irrelevant and invade the privacy rights of third parties."

Your objections based on overbreadth are not well taken. Specifically, you claim that the requests are overbroad because they seek information as to all employees rather than just the employees at the immigration and detention center in El Centro. Please remember that if a request is objectionable, your client must still respond to the non-objectionable portion of the request. As you concede that the requested information which pertains to the immigration and detention center in El Centro is not overbroad, your client must provide this information. If it Akal Security continues to "stand" on this objection, plaintiff will proceed with his motion to compel.

Second, your objections based on "employee privacy" are equally without merit. You claim that Akal will not produce the names, addresses and telephone numbers of the proposed Class members because plaintiff must "give notice to the employee and give him a chance to object." The absurdity of your position is self-evident. How could plaintiff notify these employees without knowing who they are or how to contact them? If Akal Security wishes to object on the basis of its employees privacy rights it has the obligation of informing them and affording them a chance to object. (See *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 658.) Further, the right of privacy only protects against "serious invasions of privacy" and must be balanced against a litigant's legitimate need for discovery of the information. Here, the information requested (contact information) hardly constitutes a serious invasion of privacy. Moreover, plaintiff (a class representative seeking to vindicate the employee's common rights) certainly has a legitimate need to discovery that information pending a hearing on his motion for class certification. Accordingly, this privacy objection is untenable.

Finally, for those document requests which Akal Security did respond to, we have yet to receive any responsive documents. Please ensure that all responsive documents are produced to us immediately.

We look forward to receiving supplemental discovery with respect to the requests noted above. If we do not receive further responses, we will move the court for an order to compel on February 20, 2007. Your prompt attention to this matter is appreciated.

Bernie King

4/11/2007

970

Marks, Golia & Finch, LLP
3900 Harney Street, First Floor
San Diego, California 92110-2825
Telephone:  (619) 293-7000
Facsimile:  (619) 293-7362
Web Site:  www.mgfllp.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message.  If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited.  If this communication was received in error, please notify us by reply e-mail and delete the original message.

98 D

MOLLIE BURKS-THOMAS

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET
SUITE 4900
LOS ANGELES, CA 90071
PHONE: (213) 576-5000
FAX: (213) 680-4470
WWW.GORDONREES.COM

February 8, 2007

**VIA FACSIMILE & U.S. MAIL**

Bernard F. King, III, Esq.                          FEB 09 2007
MARKS, GOLIA & FINCH, LLLP
3900 Harney Street, First Floor
San Diego, California 92110-2825

        Re:    **David Loera v. Akal Security, Inc.**

Dear Mr. King:

        This responds to your email correspondence of February 5, 2007, wherein you demand that Akal Security, Inc. provide further responses to certain, undisclosed discovery requests propounded by Plaintiff David Loera.

        As I indicated in my letter to you of December 22, 2007, Akal voluntarily agreed to provide supplemental responses to numerous of Plaintiff's requests and provided Plaintiff's counsel with an extension of the motion to compel deadline with respect to the forthcoming supplemental responses. In fact, we are in the process of preparing further supplemental discovery responses, which you should receive within the next week.

        However, the remaining discovery requests (to which Akal declined to supplement as outlined in my December 22, 2007) are improper, due to gross overbreadth, irrelevance and their invasion of the privacy rights of third parties.

        First, numerous of plaintiff's requests seek documents, facts and information as to all of **Akal's employees throughout the State of California**. As we have previously discussed, these discovery requests are far too overbroad, especially in light of Plaintiff's *own* Complaint, which limits the potential class to individuals employed at the El Centro Department of Homeland Immigration Detention Center. In your February 5th email you mistakenly assert that Akal must rewrite Plaintiff's requests and provide responses. This is simply not the case. If you submit appropriately tailored discovery requests, we will respond accordingly. Until then, Akal will stand on its objection to such discovery requests.

        In addition, certain of Plaintiff's interrogatories seek the names, addresses, telephone numbers and other personal identifying information of current and former employees of Akal Security, Inc. Before employment data and records are disclosed, the propounding party must

99 D

Bernard King, III, Esq.
February 8, 2007
Page 2

give notice to the employee and give him a chance to object. (*See* Cal. Code. Civ. Proc. §
1985.6(b).) An employee has a clearly established right of privacy in his or her employment data
and records as guaranteed by the California and U.S. Constitutions. (*San Diego Trolley, Inc. v.
Superior Court* (2001) 87 Cal.App.4th 1083, 1097; *Hooser v. Superior Court* (2000) 84 Cal.
App. 4th 997, 1003-04 [a person has a right to privacy in his personnel records]; *Perez v. County
of Santa Clara* (2003) 111 Cal.App.4th 671, 678; see also, *Board of Trustees v. Superior Court*
(1981) 119 Cal.App.3d 516, 527-29.) "California courts have generally concluded that the
public interest in preserving confidential information outweighs the interest of a private litigant
in obtaining the confidential information." (*San Diego Trolley, supra,* 87 Cal.App.4th at 1097
[citations omitted].) Plaintiff has failed to address the privacy rights of Akal employees in their
personal identifying information. Plaintiff simply seeks access to all employees' information. If
Plaintiff wishes to obtain this information, it must first, *at a minimum,* comply with Section
1985.6 and give Akal employees an opportunity to object.

Finally, contrary to your assertion in your February 5, 2007 email correspondence, Akal
*has* produced no less than 203 pages of responsive, bates-labeled documents to you in November
of 2006. **If neither you nor your associate counsel's office have record of receiving these
documents, please contact the undersigned.**

Counsel for Akal remains open to discussing these issues in an effort to informally
resolve these disputes in good faith and without the need for motion practice. Please contact the
undersigned to reach an appropriate solution.

Very truly yours,

GORDON & REES LLP

Mollie Burks-Thomas

cc:    Matthew Butler
       Stephen E. Ronk
       Joshua B. Wagner

*100 D*

## Bernard King

| | |
|---|---|
| **From:** | Bernard King |
| **Sent:** | Tuesday, February 20, 2007 2:37 PM |
| **To:** | 'Mollie Burks-Thomas' |
| **Cc:** | 'mbutler@nblaw.org'; Stephen J. Schultz; Jason R. Thornton |
| **Subject:** | RE: Loera v. Akal Security, Inc.: Outstanding Discovery - Meet and Confer |

Dear Mollie:

This follows our conversation this afternoon regarding Akal Security's outstanding discovery responds. As you noted that your client has served supplemental responses, and that such responses are in the mail, we understand that the service of these responses further extends any deadlines to file a motion to compel. We also discussed your client's continued refusal to respond to the following discovery requests:

> Requests for production: 1-10; 38-40; 42; 44
> Special Interrogatories: 1-27; 40-47; 50-51

I understand that your reasons for not responding to these interrogatories remain unchanged. Namely, you contend that Akal Security has no obligation to respond because (1) the requests are objectionably overbroad and (2) the requests violate the privacy rights of potential class members.

As to the first ground for objection, we are willing to meet and confer as to your objections, but you have not told us exactly how the subject discovery is overbroad. While the requests may seek information regarding Akal Security's employment violations at facilities other than the El Centro Detention Center, these requests seek information which is "reasonably calculated to lead to the discovery of admissible evidence." Please explain how complete responses would be unduly burdensome.

Insofar as part of the information requested is limited to employees at the El Centro Detention Center, you concede this portion is not overbroad. Accordingly, we request that Akal Security at least respond to this non-objectionable portion. You requested that plaintiff provide authority for the rule that Akal Security must respond to the non-objectionable portion of a discovery request. For your convenience, the specific statutory authority is set forth below:

> If only a part of an interrogatory is objectionable, the remainder of the interrogatory shall be answered. (Code Civ. Proc., § 2030 .240, subd. (a).)

> If only part of an item or category of item in an inspection demand is objectionable, the response shall contain a statement of compliance, or a representation of inability to comply with respect to the remainder of that item or category. (Code Civ. Proc., § 2031 .240, subd. (a).)

As to the second ground of objection based on "employee privacy," our position is that there is no serious invasion of privacy which outweighs plaintiff's legitimate need for information regarding the number and identity of the potential class members and witnesses. As the California Supreme Court recently noted:

> Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches.
> (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 53 Cal.Rptr.3d 513.)

As you confirmed today in our conversation, Akal Security will persist in its objections notwithstanding these authorities. Accordingly, we have exhausted our meet and confer efforts as to these issues and we will file our motion to compel shortly. If any aspect of this email is inaccurate, please notify us immediately in writing.

4/11/2007

101 D

Best Regards,

Bernie King


Marks, Golia & Finch, LLP
3900 Harney Street, First Floor
San Diego, California 92110-2825
Telephone: (619) 293-7000
Facsimile: (619) 293-7362
Web Site: www.mgfllp.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original message.

---

**From:** Bernard King
**Sent:** Monday, February 05, 2007 11:06 AM
**To:** 'Mollie Burks-Thomas'
**Cc:** 'mbutler@nblaw.org'; Stephen J. Schultz; Jason R. Thornton
**Subject:** RE: Loera v. Akal Security, Inc.: Outstanding Discovery - Meet and Confer


Dear Ms. Burks-Thomas:

This email is in response to your letter dated December 22, 2006, and is a further attempt to meet and confer as to the enclosed supplemental discovery responses served by mail the same day. Specifically, this email concerns your client's responses to plaintiff's special interrogatories, document requests and requests for admission. This also confirms that Akal Security has given us a 60 day extension of time to move to compel these items from the date of your letter. Thus, we understand plaintiff's deadline to move to compel further responses to all discovery requests is February 20, 2007. If this is not correct, please let us know immediately.

As an initial matter, Akal Security did not provide supplemental responses for the following discovery requests:

     Requests for production: 1-10; 38-40; 42; 44
     Special Interrogatories: 1-27; 40-47; 50-51
     All requests for admission

As you have noted in your letter, we requested supplemental responses to all of these discovery requests. No explanation was provided as to only why some were supplemented. However, in your letter you did mention that "the remaining discovery requests" were "improper, primarily on the grounds that they are due to overbroad, irrelevant and invade the privacy rights of third parties."

Your objections based on overbreadth are not well taken. Specifically, you claim that the requests are overbroad because they seek information as to all employees rather than just the employees at the immigration and detention center in El Centro. Please remember that if a request is objectionable, your client must still respond to the non-objectionable portion of the request. As you concede that the requested information which pertains to the immigration and detention center in El Centro is not overbroad, your client must provide this information. If it Akal Security continues to "stand" on this objection, plaintiff will proceed with his motion to compel.

Second, your objections based on "employee privacy" are equally without merit. You claim that Akal will not produce the names, addresses and telephone numbers of the proposed Class members because plaintiff must "give notice to the employee and give him a chance to object." The absurdity of your position is self-evident. How could plaintiff notify these employees without knowing who they are or how to contact them? If Akal Security wishes to object on the basis of its employees privacy rights it has the obligation of informing them and affording

102 D

them a chance to object. (See *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 658.) Further, the right of privacy only protects against "serious invasions of privacy" and must be balanced against a litigant's legitimate need for discovery of the information. Here, the information requested (contact information) hardly constitutes a serious invasion of privacy. Moreover, plaintiff (a class representative seeking to vindicate the employee's common rights) certainly has a legitimate need to discovery that information pending a hearing on his motion for class certification. Accordingly, this privacy objection is untenable.

Finally, for those document requests which Akal Security did respond to, we have yet to receive any responsive documents. Please ensure that all responsive documents are produced to us immediately.

We look forward to receiving supplemental discovery with respect to the requests noted above. If we do not receive further responses, we will move the court for an order to compel on February 20, 2007. Your prompt attention to this matter is appreciated.

Bernie King


Marks, Golia & Finch, LLP
3900 Harney Street, First Floor
San Diego, California 92110-2825
Telephone: (619) 293-7000
Facsimile: (619) 293-7362
Web Site: www.mgfllp.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply e-mail and delete the original message.

4/11/2007

103 D

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

# MARKS, GOLIA & FINCH, LLP
### ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

# NICHOLAS & BUTLER, LLP
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br>     Defendants. | CASE NO: ECU03022 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL <br><br> Assigned to: <br> Hon. Christopher W. Yeager, Dept. 7 <br><br> Date:     May 7, 2007 <br> Time:    8:30 a.m. <br> Dept.:    7 <br><br> Complaint Filed:    April 27, 2006 <br> Trial Date:    Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

104 D

I

## INTRODUCTION

Plaintiff David Loera brings this motion to compel further responses to his inspection demands and special interrogatories served on defendant Akal Security, Inc. ("Akal"). Despite plaintiff's good faith efforts to meet and confer regarding Akal's responses, supplemental responses and finally further supplemental responses, it continues to treat the discovery process like a game of "cat and mouse." Akal's gamesmanship frustrates the purpose of self-executing discovery, obstructs enforcement of plaintiff's and Class members' employment rights and necessitates this motion to compel.

II

## FACTUAL BACKGROUND

A.    Plaintiff's Complaint

Plaintiff works as a security guard at the Department of Homeland Security's Federal Immigration and Detention Center in El Centro, California (hereafter the "Detention Center"). Under contract with the Department of Homeland Security, Akal operates the Detention Center and employs an average of 180 to 200 security guards. Dividing the day into three separate shifts, Akal's security guards work straight for eight hours at a variety of "posts" throughout the Detention Center.

Until 2005, Akal provided its security guards with only a twenty minute meal period. After plaintiff complained about not having sufficient time during meal breaks, Akal changed its policy. Since that time, Akal occasionally allows its security guards to take 30 minute "on-duty" meal breaks, which can be cut short at any time. Neither plaintiff nor any other security guard consented in writing to these "on-duty" meal breaks.

Akal's rest break policy is no better. Rather than afford 10 minute rest breaks twice daily, Akal requires its security guards to remain at their posts until they are relieved. Although short "bathroom" breaks are technically permitted, the guards must endure lengthy delays as they wait to be relieved. The harsh effects of this policy are manifest. In some

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

105 D

1   instances, security guards have passed out from heat exhaustion while waiting at outdoor posts.

2   In at least one case, a security guard who requested to use the restroom urinated while waiting

3   for another guard to take the post.

4          Understandably frustrated with his work environment, plaintiff filed this lawsuit on

5   behalf of himself and all other similarly situated employees (the "Class members").  Plaintiff

6   seeks damages for the unpaid premium pay due on account of Akal's failure to adequately

7   provide meal and rest breaks.  Additionally, plaintiff seeks statutory penalties for Akal's

8   numerous violations of the California Labor Code.

9          B.    Plaintiff's Discovery Requests

10         In September 2006, plaintiff served Akal with special interrogatories, form

11  interrogatories, form interrogatories – employment law, inspection demands and requests for

12  admission.  These requests sought the production of very basic information directly relevant to

13  plaintiff's claims.  Akal responded to the document requests and special interrogatories with

14  boilerplate objections and no substantive answers.  Indeed, its response to every special

15  interrogatory consisted of the following set of vague objections, mechanically repeated in "cut

16  and paste" fashion:

17              Responding Party refers to and incorporates by this reference its General
                Objections as if set forth in full herein.  Responding Party further objects to this
18              interrogatory on the ground that it is overly broad and indiscriminate as to time
                and scope, burdensome, oppressive and harassing, in light of the fact that
19              Responding Party has tens of thousands of employees nation-wide, and in light
                Of the fact that no class has been certified in this case, and there is substantial
20              doubt that a class can be certified given that Plaintiff David Loera is likely not
                an adequate class representative.  Responding Party further objects on the
21              ground that this request seeks information that is neither relevant to the subject
                matter of this action nor reasonably calculated to lead to the discovery of
22              admissible evidence, due to, inter alia, the fact that Responding Party has tens of
                thousands of employees nation-wide, and given that no class has been certified
23              in this case, and there is substantial doubt that a class can be certified since
                Plaintiff David Loera is likely not an adequate class representative.
24

25  (See Separate Statement, pp. 21 – 51.)

26         In a meet and confer letter dated November 28, 2006, plaintiff's counsel attempted to

27  discuss in good faith Akal's objections and its refusal to provide any substantive information.

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
. (619) 283-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

106 D

1  (King decl., ¶ 4, Ex. 1.) Akal's response to this letter was equally unhelpful. Refusing to

2  acknowledge that its responses were identical, Akal claimed that it did not know "which

3  responses Plaintiff deems inadequate and why." (King decl., ¶ 5, Ex. 2.) In a phone call

4  between the parties' counsel on December 11, 2006, Akal finally acknowledged the absence of

5  any substantive answers and agreed to provide supplemental responses by December 22, 2006.

6  (King decl., ¶ 6.)

7         Akal served supplemental responses to some of the requests on December 22, 2006.

8  (King decl., ¶ 7.) In its cover letter accompanying this discovery, Akal contended plaintiff's

9  requests were overbroad and for the first time, raised an objection based upon the privacy

10  rights of unidentified third parties. (King decl., ¶ 7, Ex. 3.) Acknowledging that these

11  unasserted privacy objections could not justify its wholesale failure to respond, Akal indicated

12  it would provide further supplemental responses and agreed to extend any discovery deadlines

13  for 60 days to allow the parties to work towards an informal resolution. (King decl., ¶ 7, Ex.

14  3.)

15         In correspondence to opposing counsel on February 5, 2007, plaintiff again addressed

16  Akal's objections. (King decl., ¶ 8, Ex. 4.) As to its previously unasserted privacy objection,

17  plaintiff noted that if Akal was going to refuse to disclose contact information of unknown

18  individuals on privacy grounds, it had the responsibility of notifying the individuals of their

19  right to object to the disclosure of this information. (King decl., ¶ 8, Ex. 4.) In a letter dated

20  February 8, 2007, Akal's counsel requested that plaintiff revise and resubmit its discovery to

21  accommodate its "relevancy" objections, and again claimed that plaintiff had a duty to contact

22  the affected employees before Akal would disclose their contact information.  (King decl., ¶ 9,

23  Ex. 5.) Nevertheless, it assured plaintiff that it would provide further supplemental responses

24  within a week, and claimed that it was committed to resolving these discovery issues

25  informally. (King decl., ¶ 9, Ex. 5.)

26         After waiting 12 more days, plaintiff's counsel called Akal's attorney on February 20,

27  2007, to discuss the status of its responses. (King decl., ¶ 10.) Akal's counsel stated that it

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

107 D

1   was serving further supplemental responses that day, and asked plaintiff to provide authority

2   supporting her client's discovery obligations. (King decl., ¶ 10.)  In an email that same day,

3   plaintiff's counsel confirmed that Akal's service of further supplemental responses would

4   extend the time for bringing a motion to compel but noted that the efforts to meet and confer as

5   to these issues were not making any progress. (King decl., ¶ 10, Ex. 6.)  Ultimately, Akal's

6   further supplemental responses failed to resolve the impasse and this motion to compel

7   followed.

8                                                III

9                                    LEGAL AUTHORITY

10          Code of Civil Procedure sections 2030.300 and 2031.300 provide a party propounding

11  interrogatories and requests for production of documents with the authority to move for an

12  order compelling the responding party to provide further responses. (Code of Civ. Proc., §§

13  2030.300 & 2031.300.)  Thus, a party may move to compel a further response to

14  interrogatories if "an answer to a particular interrogatory is evasive or incomplete" or if "an

15  objection to an interrogatory is without merit or too general." (Code Civ. Proc., § 2030.300,

16  subd.(a)(1) & (3).)  With respect to requests for production of documents, a propounding party

17  may move for an order compelling a further response if "a statement of compliance with a

18  demand is incomplete," "a representation of inability to comply is inadequate, incomplete or

19  evasive" or "an objection in the response is without merit or is too general." (Code Civ. Proc.,

20  § 2031.310, subd.(a)(1) - (3).)  As noted in the concurrently filed separate statement, Akal has

21  asserted unmeritorious objections to plaintiff's discovery and, in the limited instances where a

22  substantive answer was given, the response was evasive and incomplete.

23          In order to make discovery self-executing, the code requires that every motion to

24  compel contain a meet and confer declaration confirming that a good faith attempt at resolving

25  the issues informally was made.  As set forth in the concurrently filed declaration of plaintiff's

26  counsel, numerous efforts were made to resolve these issues informally.  (See King decl., ¶¶ 2-

27  11.)  Despite Akal's purported commitment to resolving these issues, its actions demonstrate

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

108 D

1   otherwise. Plaintiff cannot keep playing these games, and the court's intervention is required.

2       Plaintiff addresses the reasons for compelling a response to each specific request in his

3   concurrently filed separate statement. Because Akal principally relies on its relevancy and

4   privacy objections, further discussion on these issues is warranted.

5                                          IV

6              AKAL'S REFUSAL TO RESPOND BASED ON ITS
    RELEVANCY OBJECTION IS WITHOUT SUBSTANTIAL JUSTICATION
7

8       Akal's first objection generally asserts that plaintiff's requests for information

9   pertaining to its employment practices in California, including those at the Detention Center,

10  are not relevant for discovery. This purported relevancy objection is untenable.

11      A.      Plaintiff's Requests Seek Information Reasonably
                Calculated To The Discovery Of Admissible Evidence
12

13      As an initial matter, objections based upon over breadth require some explanation as to

14  how or why the request is overbroad. Contrary to the statements in Akal's objections,

15  plaintiff's requests are specifically limited in time and scope, and none of the requests

16  implicate Akal's operations outside the state of California. Nevertheless, Akal's

17  correspondence suggests that information regarding California employees at other Akal

18  facilities exceeds the scope of permissible discovery, because it would not be relevant to the

19  proposed Class of employees at the Detention Center.

20      Akal is confusing the test for relevancy at trial with the test for relevancy in discovery.

21  "Information which is not directly admissible in the action is nevertheless discoverable if it is

22  reasonably calculated to lead to the discovery of admissible evidence. In accordance with the

23  liberal policies underlying the discovery procedures, California courts have been broad-minded

24  in determining whether discovery is reasonably calculated to lead to admissible evidence."

25  (*Norton v. Superior Court* (1994) 24 Cal.App.4th 1750, 1760-1761, citing *Davies v. Superior*

26  *Court* (1984) 36 Cal.3d 291, 301.)

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

109 D

1    Information regarding similarly situated employees at other Akal facilities in California

2    would be relevant under either test.  If Akal has a pattern and practice of denying all California

3    employees statutory meal and rest breaks, this would certainly be admissible at trial.  If it does

4    not, information explaining why its employment practices vary between facilities would still be

5    reasonably calculated to lead to admissible evidence.  This is especially relevant given Akal's

6    claim that it need not comply with the California Labor Code while operating on property

7    owned, but not <u>ceded</u>, to the federal government.  Accordingly, this information should be

8    produced.

9    B.    Notwithstanding Its Objections To Aspects Of These
         Requests, Akal's Refusal To Respond To The Admittedly
10        Unobjectionable Portions Is Without Substantial Justification

11        A party presented with discovery has an obligation to respond in good faith, and if an

12    objection is raised the responding party must still answer the unobjectionable portion of the

13    request.  (Code Civ. Proc., § 2030 .240, subd. (a); Code Civ. Proc., § 2031 .240, subd. (a.).))

14    While information pertaining to California employees outside the Detention Center might

15    arguably raise a discussion of relevance, Akal refused to respond to any portion of the request.

16    There is no reason why it could not provide a response to the unobjectionable aspects

17    pertaining to the Detention Center.  As such, Akal's outright refusal to respond is without

18    substantial justification.

19                                        V

20        AKAL'S REFUSAL TO RESPOND BASED ON ITS PRIVACY
         OBJECTION IS WITHOUT SUBSTANTIAL JUSTIFICATION

21        Although never actually asserted as an objection in the bulk of its responses, Akal has

22    repeatedly invoked the right of privacy as its primary reason for not complying with plaintiff's

23    special interrogatories and inspection demands.  In its letter dated February 8, 2007, Akal

24    explained its position as follows:

25        Plaintiff has failed to address the privacy rights of Akal employees in their
         personal identifying information.  Plaintiff simply seeks access to all
26        employees' information.  If Plaintiff wishes to obtain this information, it must
         first, at a minimum, comply with [Code of Civil Procedure] section 1985.6 and
27        give Akal employees an opportunity to object.

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

110  0

1    (See King decl, ¶ 9, Ex. 5.)

2        Plaintiff does not disagree that Akal's employees should have an opportunity to object

3    prior to any disclosure which would amount to a serious invasion of privacy. The absurdity of

4    Akal's position is that it cannot withhold employee contact information on privacy grounds

5    while at the same time insisting that _plaintiff_ contact these employees and notify them of their

6    right to object prior to this disclosure. As noted in previous correspondence, Akal has the

7    obligation to notify the employees and provide them with an opportunity to object. (See _Valley_

8    _Bank of Nevada v. Superior Court_ (1975) 15 Cal.3d 652, 658.) Fortunately, this issue was

9    thoroughly addressed in _Pioneer Electronics (USA), Inc. v. Superior Court_ (2007) 40 Cal.4th

10   360.

11       A.    The California Supreme Court's Decision In Pioneer Is Controlling

12       In _Pioneer, supra,_ 40 Cal.4th 360, the California Supreme Court addressed the issue of

13   potential class members' privacy rights in the context of precertification discovery requests.

14   The potential class members in Pioneer were individuals who had complained to Pioneer that

15   its DVD players were defective. The trial court had recognized that the identifying

16   information "was probably entitled to some privacy protection," and ultimately required

17   Pioneer to give notice to each affected customer of the proposed disclosure and a chance to

18   object to it. (_Id._ at p. 372.)

19       Pioneer challenged the opt-out notice as a serious invasion of its customers' privacy. In

20   rejecting Pioneer's arguments that an "opt-in" notice was needed, the Supreme Court asked,

21   "did these customers have a reasonable expectation that the information would be kept private

22   unless they affirmatively consented? We think not." (_Ibid._) "If anything, these complainants

23   might reasonably expect, and even hope, that their names and addresses would be given to any

24   such class action plaintiff." (_Id,_ at p. 372.)

25       The Supreme Court determined that the disclosure of the consumers' identifying

26   information with an opt-out notice was not a serious invasion of privacy. (_Pioneer, supra,_ 40

27   Cal.4th at p. 372.) "[T]he proposed disclosure was not 'particularly sensitive,' as it involved

28

7

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

111  D

1  disclosing neither one's personal medical history or current medical condition nor details

2  regarding one's personal finances or other financial information, but merely called for

3  disclosure of contact information already voluntarily disclosed to Pioneer." (*Ibid.*) Disclosure

4  of the information did not "unduly interfere" with the individuals' informational privacy

5  (protection against "dissemination and misuse of sensitive and confidential information") or

6  their autonomy privacy (protection against interference with "personal activities and

7  decisions") because they could object to the disclosure and because there was no indication of

8  potential misuse or abuse of the information. (*Ibid.*)

9        As the high court observed, "Contact information regarding the identity of potential

10  class members is generally discoverable, so that the lead plaintiff may learn the names of other

11  persons who might assist in prosecuting the case.  Such disclosure involves no revelation of

12  personal or business secrets, intimate activities, or similar private information, and threatens no

13  undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales

14  pitches.  Moreover, the order in this case imposed important limitations, requiring written

15  notice of the proposed disclosure to all complaining Pioneer customers, giving them the

16  opportunity to object to the release of their own personal identifying information." (*Pioneer,*

17  *supra,* 40 Cal.4th at p. 373.)  The Supreme Court dismissed the concern that the opt-out notices

18  might never be delivered and read, observing that reasonable steps to ensure delivery, not

19  absolute certainty of receipt, was required. (*Ibid.*)

20        Finally, the Supreme Court noted that as a matter of policy, requiring an affirmative

21  waiver from persons whose personal identifying information is sought by others could hamper

22  litigation designed to remedy social problems, including consumer rights litigation, and reduce

23  the effectiveness of class actions in securing consumer relief. (*Pioneer, supra,* 40 Cal.4th at

24  pp. 373-374.)

25  / / / / /

26  / / / / /

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

112  0

B.    There Is No Serious Invasion Of Privacy Which
      Would Justify Akal's Complete Refusal To Respond

In determining whether plaintiff's requests give rise to a serious invasion of privacy,
Pioneer is directly on point. Just as in *Pioneer, supra,* 40 Cal.4th at pp. 372-373, the
information pertaining to Akal's current and former employees, while personal, was not
particularly sensitive, as it was contact information, not medical or financial details.
Disclosure of the contact information with an opt-out notice would not appear to unduly
compromise either informational privacy or autonomy privacy in light of the opportunity to
object to the disclosure, especially since there is no evidence of any actual or threatened misuse
of the information. As the Pioneer court pointed out, the identity of potential members of a
class is usually discoverable, and the disclosure of this contact information is neither unduly
personal nor overly intrusive. (*Pioneer, supra,* 40 Cal.4th at p. 373.) Just as in Pioneer, the
requested information here involves no serious invasion of privacy.

Furthermore, the current and former employees in this case are potential percipient
witnesses to Akal's employment and wage practices, and as such their identities and locations
are properly discoverable. (Code Civ. Proc., § 2017.010.) The balance of opposing interests
here tilts even more in favor of the court's disclosure order than it did in Pioneer, because at
stake here is the fundamental public policy underlying California's employment laws. "'[T]he
prompt payment of wages due an employee is a fundamental policy of this state.'" (*Phillips v.
Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 571.) Accordingly, if Akal persists in
its objection, there would be no serious invasion of privacy by employing the procedure set
forth in Pioneer.

C.    The Court Should Order That An Opt-Out Letter Be Sent To
      All Affected Employees, And Should Order The Production Of
      All Responsive Information For The Employees That Do Not Object

If a defendant possesses confidential information of its customers, it "has no obligation
to notify the customer of the proceedings, and disclosure freely takes place unless the
[defendant] chooses to protect the customer's interests and elects to seek a protective order on

9

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

113 D

1   his behalf." (*Pioneer, supra,* 40 Cal.4th at pp. 372-373, quoting *Valley Bank, supra,* 15 Cal.3d

2   at pp. 656, 657.)  If the defendant elects to protect the privacy rights of third parties, the burden

3   of notifying the third parties and giving them a chance to object is on the defendant.

4         Here, Akal has neither motioned for a protective order nor (to plaintiff's knowledge)

5   taken any other steps to notify the affected employees of the requested disclosure.  Despite

6   plaintiff's unequivocal request that it provide such notice or respond to the discovery, Akal

7   refuses to do either.  (See King decl., ¶ 8, Ex. 9.)  Accordingly, this court should order Akal to

8   send a court approved opt-out letter to the affected Class members notifying them of the

9   litigation and giving them the opportunity to object on privacy grounds.

10                                   VI

11                               CONCLUSION

12        Despite purported assurances that it would work to informally resolve these discovery

13  issues, Akal's promises are belied by its conduct.  As the court will observe, Akal has treated

14  the informalities of a self-executing discovery process as a pretext for delaying and frustrating

15  the production of basic information.  This gamesmanship should not be tolerated.  Akal should

16  be compelled to provide complete responses without objections.  If it continues to claim that it

17  is protecting the privacy right of its employees, Akal should be ordered to send a court

18  approved notice letter to all affected employees giving them the opportunity to object if they

19  desire.  Further, because its conduct has necessitated the preparation of this motion, Akal

20  should be ordered to pay monetary sanctions in the amount of $2,100.

21  DATED:  April 11, 2007                      Respectfully submitted,

22

23                                              MARKS, GOLIA & FINCH, LLP

24                                              By:_____
                                                    JASON R. THORNTON
25                                                  BERNARD F. KING III
                                                Attorneys for Plaintiff David Loera
26

27

28  974.002/BK628.am

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

                                        10
_____
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

114 D

STEPHEN J. SCHULTZ, SBN 90187
JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>     Defendants. | CASE NO: ECU03022<br><br>SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:    May 7, 2007<br>Time:    8:30 a.m.<br>Dept.:    7<br><br>Complaint Filed:    April 27, 2006<br>Trial Date:    Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1150

# I

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 1

A.    Plaintiff's Request For Production No. 1

All non-privileged DOCUMENTS referring or relating to any collective bargaining agreement in effect for the time period from April 15, 2002 to the present involving YOUR company and its EMPLOYEES.

A.    For the purposes of these requests, the term DOCUMENT refers to all "writings" as specified in Evidence Code Section 250.

B.    For the purposes of these requests, the term EMPLOYEE means: A person who works in the service of another person ("EMPLOYER") under an express or implied contract of hire, under which the EMPLOYER has the right to control the details of work performance. For the purposes of these requests EMPLOYEE shall be limited to EMPLOYEES working in California from April 15, 2002 to the present.

B.    Akal's Response To Request For Production No. 1

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this Request on the grounds that it is vague and ambiguous, overbroad, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects that discovery is in its initial stages. Responding Party further objects on the grounds that this Requests seeks the production of documents protected by the attorney-client and work-product privileges. Responding Party further objects that documents responsive to this request are equally available to Plaintiff. Notwithstanding,

/ / / / /

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1 1 6 0

1   subject to, and without waiving the foregoing objections, Responding Party states: it will

2   produce all responsive, relevant, non-privileged documents in its possession, custody or

3   control.

4           C.      Statement Of The Factual And Legal Reasons
                    For Compelling A Further Response To Request For Production No. 1
5

6           Akal's objection based on "vagueness" is untenable. The language of the request is

7   plain and undeniably certain. If Akal truly believes this request is objectionable, it must

8   provide some explanation beyond its bald invocation of the word "vague."

9           Objections based upon over breadth or burdensomeness require some explanation as to

10  how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

11  this objection as grounds for providing no response at all, any attempt to justify this objection

12  is without merit.

13          For objections based on attorney work product and attorney-client privilege, Akal has

14  an obligation to describe the allegedly privileged documents with particularity. (See Code Civ.

15  Proc., § 2031.240, subd. (b).) Absent any privilege log identifying these objectionably

16  privileged documents, Akal cannot meet its burden of proof with respect to this objection.

17          Akal's final objection based on the purported inadequacy of plaintiff as a class

18  representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

19  objection to valid discovery exists. Further, California courts have no authority to create new

20  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

21  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

22  Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

23  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

24  Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

25  obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

26  without merit and further responses should be compelled.

27  / / / / /

28                                                   3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1170

## II

### AKAL SECURITY, INC. SHOULD BE COMPELLED
### TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 2

A.   Plaintiff's Request For Production No. 2

All DOCUMENTS referring or relating to YOUR EMPLOYEES' meal period premium pay for the time period from April 15, 2002 to the present.

B.   Akal's Response To Request For Production No. 2

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.   Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 2

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

118 D

1  objection to valid discovery exists.  Further, California courts have no authority to create new

2  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8  without merit and further responses should be compelled.

9                                                III

10                          AKAL SECURITY, INC. SHOULD BE COMPELLED
                TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3
11

12        A.    Plaintiff's Request For Production No. 3

13        All DOCUMENTS referring or relating to YOUR EMPLOYEES' rest break premium

14  pay for the time period from April 15, 2002 to the present.

15        B.    Akal's Response To Request For Production No. 3

16        Responding Party refers to and incorporates by this reference its Preliminary Statement

17  and General Objections as if set forth in full herein. Responding Party further objects to this

18  request on the ground that it is overly broad and indiscriminate as to time and scope,

19  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

20  thousands of employees nation-wide, and in light of the fact that no class has been certified in

21  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

22  Loera is likely not an adequate class representative. Responding Party further objects on the

23  ground that this request seeks information that is neither relevant to the subject matter of this

24  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

25  alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

26  that no class has been certified in this case, and there is substantial doubt that a class can be

27  certified since Plaintiff David Loera is likely not an adequate class representative.

28                                                5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

119 D

C.  Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 3

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists.  Further, California courts have no authority to create new objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is without merit and further responses should be compelled.

IV

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4

A.  Plaintiff's Request For Production No. 4

All DOCUMENTS referring or relating to employment policies in effect from April 15, 2002 to the present associated with EMPLOYEE rest breaks or meal periods.

B.  Akal's Response To Request For Production No. 4

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

120 D

1 thousands of employees nation-wide, and in light of the fact that no class has been certified in

2 this case, and there is substantial doubt that a class can be certified given that Plaintiff David

3 Loera is likely not an adequate class representative. Responding Party further objects on the

4 ground that this request seeks information that is neither relevant to the subject matter of this

5 action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

6 alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

7 that no class has been certified in this case, and there is substantial doubt that a class can be

8 certified since Plaintiff David Loera is likely not an adequate class representative.

9       C.    Statement Of The Factual And Legal Reasons
              For Compelling A Further Response To Request For Production No. 4
10

11       Objections based upon over breadth or burdensomeness require some explanation as to

12 how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

13 this objection as grounds for providing no response at all, any attempt to justify this objection

14 is without merit.

15       Akal's final objection based on the purported inadequacy of plaintiff as a class

16 representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

17 objection to valid discovery exists.  Further, California courts have no authority to create new

18 objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

19 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

20 Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

21 courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

22 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

23 obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

24 without merit and further responses should be compelled.

25 / / / / /

26 / / / / /

27 / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

121 D

V

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 5

A.    Plaintiff's Request For Production No. 5

All DOCUMENTS referring or relating to EMPLOYEE compensation for time worked from April 15, 2002 to the present.

B.    Akal's Response To Request For Production No. 5

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 5

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

8

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

122 D

1    objection to valid discovery exists.  Further, California courts have no authority to create new

2    objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4    Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5    courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

6    Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7    obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8    without merit and further responses should be compelled.

9                                                    VI

10              **AKAL SECURITY, INC. SHOULD BE COMPELLED
       TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

11

12         A.      Plaintiff's Request For Production No. 6

13         All DOCUMENTS referring or relating to the hours worked by all EMPLOYEES for

14    the time period from April 15, 2002 to the present.

15         B.      Akal's Response To Request For Production No. 6

16         Responding Party refers to and incorporates by this reference its Preliminary Statement

17    and General Objections as if set forth in full herein.  Responding Party further objects to this

18    request on the ground that it is overly broad and indiscriminate as to time and scope,

19    burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

20    thousands of employees nation-wide, and in light of the fact that no class has been certified in

21    this case, and there is substantial doubt that a class can be certified given that Plaintiff David

22    Loera is likely not an adequate class representative.  Responding Party further objects on the

23    ground that this request seeks information that is neither relevant to the subject matter of this

24    action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

25    cilia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

26    that no class has been certified in this case, and there is substantial doubt that a class can be

27    certified since Plaintiff David Loera is likely not an adequate class representative.

28

                                                    9

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

123 D

Notwithstanding the foregoing objections, and without waiver of same, Responding Party states: it will produce all responsive documents relating to Plaintiff David Loera only.

C. Statement Of The Factual And Legal Reasons For Compelling A Further Response To Request For Production No. 6

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues. Accordingly, this objection is without merit and further responses should be compelled.

## VII

## AKAL SECURITY, INC. SHOULD BE COMPELLED TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 7

A. Plaintiff's Request For Production No. 7

All DOCUMENTS referring or relating to EMPLOYEE compensation for breaks, including meal periods and rest breaks for the time period from April 15, 2002 to the present.

B. Akal's Response To Request For Production No. 7

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this





MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1240

1  request on the ground that it is overly broad and indiscriminate as to time and scope,

2  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

3  thousands of employees nation-wide, and in light of the fact that no class has been certified in

4  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

5  Loera is likely not an adequate class representative. Responding Party further objects on the

6  ground that this request seeks information that is neither relevant to the subject matter of this

7  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

8  alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

9  that no class has been certified in this case, and there is substantial doubt that a class can be

10  certified since Plaintiff David Loera is likely not an adequate class representative.

C.      Statement Of The Factual And Legal Reasons
        For Compelling A Further Response To Request For Production No. 7

13  Objections based upon over breadth or burdensomeness require some explanation as to

14  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

15  this objection as grounds for providing no response at all, any attempt to justify this objection

16  is without merit.

17  Akal's final objection based on the purported inadequacy of plaintiff as a class

18  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

19  objection to valid discovery exists.  Further, California courts have no authority to create new

20  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

21  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

22  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

23  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

24  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

25  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

26  without merit and further responses should be compelled.

27  / / / / /

28

11

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1250

# VIII

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 8

A.    Plaintiff's Request For Production No. 8

All DOCUMENTS referring or relating to the job duties of each position within YOUR company for the time period from April 15, 2002 to the present.

B.    Akal's Response To Request For Production No. 8

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein.  Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative.  Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 8

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

12

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

126 D

1  objection to valid discovery exists.  Further, California courts have no authority to create new

2  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

6  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8  without merit and further responses should be compelled.

9                                                        IX

10          AKAL SECURITY, INC. SHOULD BE COMPELLED
    TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 9
11

12      A.    Plaintiff's Request For Production No. 9

13          All DOCUMENTS referring or relating to EMPLOYEE requests for rest periods for the

14  time period from April 15, 2002 to the present.

15      B.    Akal's Response To Request For Production No. 9

16          Responding Party refers to and incorporates by this reference its Preliminary Statement

17  and General Objections as if set forth in full herein.  Responding Party further objects to this

18  request on the ground that it is overly broad and indiscriminate as to time and scope,

19  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

20  thousands of employees nation-wide, and in light of the fact that no class has been certified in

21  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

22  Loera is likely not an adequate class representative.  Responding Party further objects on the

23  ground that this request seeks information that is neither relevant to the subject matter of this

24  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

25  alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

26  that no class has been certified in this case, and there is substantial doubt that a class can be

27  certified since Plaintiff David Loera is likely not an adequate class representative.

28                                                        13

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1270

1    C.    Statement Of The Factual And Legal Reasons
          For Compelling A Further Response To Request For Production No. 9

2

3    Objections based upon over breadth or burdensomeness require some explanation as to

4    how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

5    this objection as grounds for providing no response at all, any attempt to justify this objection

6    is without merit.

7    Akal's final objection based on the purported inadequacy of plaintiff as a class

8    representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

9    objection to valid discovery exists.  Further, California courts have no authority to create new

10   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

11   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

12   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

13   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

14   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

15   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

16   without merit and further responses should be compelled.

17                                             X

18              AKAL SECURITY, INC. SHOULD BE COMPELLED
          TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 10

19

20   A.    Plaintiff's Request For Production No. 10

21   All DOCUMENTS referring or relating to YOU providing YOUR EMPLOYEES with

22   rest periods for the time period from April 15, 2002 to the present.

23   B.    Akal's Response To Request For Production No. 10

24   Responding Party refers to and incorporates by this reference its Preliminary Statement

25   and General Objections as if set forth in full herein.  Responding Party further objects to this

26   request on the ground that it is overly broad and indiscriminate as to time and scope,

27   burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

28                                             14

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

128 D

1   thousands of employees nation-wide, and in light of the fact that no class has been certified in

2   this case, and there is substantial doubt that a class can be certified given that Plaintiff David

3   Loera is likely not an adequate class representative.  Responding Party further objects on the

4   ground that this request seeks information that is neither relevant to the subject matter of this

5   action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

6   alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

7   that no class has been certified in this case, and there is substantial doubt that a class can be

8   certified since Plaintiff David Loera is likely not an adequate class representative.

9       C.     Statement Of The Factual And Legal Reasons
               For Compelling A Further Response To Request For Production No. 10
10

11          Objections based upon over breadth or burdensomeness require some explanation as to

12   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

13   this objection as grounds for providing no response at all, any attempt to justify this objection

14   is without merit.

15          Akal's final objection based on the purported inadequacy of plaintiff as a class

16   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

17   objection to valid discovery exists.  Further, California courts have no authority to create new

18   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

19   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

20   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

21   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

22   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

23   obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

24   without merit and further responses should be compelled.

25   / / / / /

26   / / / / /

27   / / / / /

28                                            15

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

129 0

XI

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 38

A.    Plaintiff's Request For Production No. 38

All DOCUMENTS that you relied upon in preparing YOUR answers to the special interrogatories served herewith.

B.    Akal's Response To Request For Production No. 38

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 38

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

16

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

130  0

1    objection to valid discovery exists.  Further, California courts have no authority to create new

2    objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4    Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5    courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

6    Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7    obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8    without merit and further responses should be compelled.

9                                              XII

10                      AKAL SECURITY, INC. SHOULD BE COMPELLED
        TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 39
11

12        A.      Plaintiff's Request For Production No. 39

13        All DOCUMENTS that you relied upon in preparing YOUR answers to the requests for

14    admissions served herewith.

15        B.      Akal's Response To Request For Production No. 39

16        Responding Party refers to and incorporates by this reference its Preliminary Statement

17    and General Objections as if set forth in full herein. Responding Party farther objects to this

18    request on the ground that it is overly broad and indiscriminate as to time and scope,

19    burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

20    thousands of employees nation-wide, and in light of the fact that no class has been certified in

21    this case, and there is substantial doubt that a class can be certified given that Plaintiff David

22    Loera is likely not an adequate class representative. Responding Party further objects on the

23    ground that this request seeks information that is neither relevant to the subject matter of this

24    action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

25    alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

26    that no class has been certified in this case, and there is substantial doubt that a class can be

27    certified since Plaintiff David Loera is likely not an adequate class representative.

28                                              17

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

13( 0

C.    Statement Of The Factual And Legal Reasons
      For Compelling A Further Response To Request For Production No. 39

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists.  Further, California courts have no authority to create new objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is without merit and further responses should be compelled.

XIII

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 40

A.    Plaintiff's Request For Production No. 40

All DOCUMENTS referred to in YOUR answers to the special interrogatories served herewith.

B.    Akal's Response To Request For Production No. 40

Responding Party objects to this request on the grounds that it seeks privileged information, including, but not necessarily limited to, information encompassed and protected by the attorney-client privilege and/or the attorney work product doctrine.  Responding Party further objects in that this Request is the exact same as Request No. 38, and is on that basis unreasonably duplicative and harassing, and that basis Akal will not respond.

18

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

132 D

C.     Akal's Supplemental Request For Production No. 40

Requesting Party refers to and incorporated by this reference its Preliminary Statement and General Objections as if set forth in full herein. Notwithstanding, subject to, and without waiving the foregoing objection, Responding Party states: it will produce all responsive documents in its possession, custody or control.

D.     Statement Of The Factual And Legal Reasons
       For Compelling A Further Response To Request For Production No. 40

For Akal's objection based on attorney work product and attorney-client privilege, it has an obligation to describe the allegedly privileged documents with particularity. (See Code Civ. Proc., § 2031.240, subd. (b).) Absent any privilege log identifying these objectionably privileged documents, Akal cannot meet its burden of proof with respect to this objection. Akal also mistakenly objects claiming this request is duplicative. It is clearly not.

XIV

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 42

A.     Plaintiff's Request For Production No. 42

All DOCUMENTS referring or relating to YOUR EMPLOYEES' complaints to YOU about insufficient rest breaks or meal periods.

B.     Akal's Response To Request For Production No. 42

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the

19

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

133  0

1     ground that this request seeks information that is neither relevant to the subject matter of this

2     action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

3     alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

4     that no class has been certified in this case, and there is substantial doubt that a class can be

5     certified since Plaintiff David Loera is likely not an adequate class representative.

6          C.     Statement Of The Factual And Legal Reasons
                   For Compelling A Further Response To Request For Production No. 42

7

8         Objections based upon over breadth or burdensomeness require some explanation as to

    how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

9

    this objection as grounds for providing no response at all, any attempt to justify this objection

10
    is without merit.

11
        Akal's final objection based on the purported inadequacy of plaintiff as a class

12
    representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

13
    objection to valid discovery exists. Further, California courts have no authority to create new

14
    objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

15
    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

16
    Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

17
    courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

18
    Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

19
    obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

20
    without merit and further responses should be compelled.

21                      XV

22
           AKAL SECURITY, INC. SHOULD BE COMPELLED
23   TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 44

24          A.     Plaintiff's Request For Production No. 44

25         All DOCUMENTS referring or relating to post log books for each location in

26     California YOU performed services from April 15, 2002 until the present.

27     / / / / /

28                    20

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

134 D

B.    Akal's Response To Request For Production No. 44

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons
For Compelling A Further Response To Request For Production No. 44

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

21

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

2  without merit and further responses should be compelled.

3                                                          XVI

4              AKAL SECURITY, INC. SHOULD BE COMPELLED

5  TO GIVE A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 45

6          A.     Plaintiff's Request For Production No. 45

7          All DOCUMENTS referring or relating to post log books for the Department of

8  Homeland Security Immigration Detention Center in Imperial County from April 15, 2002

9  until the present.

10         B.     Akal's Response To Request For Production No. 45

11         Responding Party refers to and incorporates by this reference its Preliminary Statement

12  and General Objections as if set forth in full herein.  Responding Party further objects to this

13  request on the ground that it is overly broad and indiscriminate as to time and scope,

14  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

15  thousands of employees nation-wide, and in light of the fact that no class has been certified in

16  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

17  Loera is likely not an adequate class representative.  Responding Party further objects on the

18  ground that this request seeks information that is neither relevant to the subject matter of this

19  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

20  alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

21  that no class has been certified in this case, and there is substantial doubt that a class can be

22  certified since Plaintiff David Loera is likely not an adequate class representative.

23         C.     Akal's Supplemental Response To Request For Production No. 45

24         Responding Party refers to and incorporates by this reference its Preliminary Statement

25  and General Objections as if set forth in full herein.  Responding party further objects that this

26  Request seeks privileged information, including, but not necessarily limited to, information

27  encompassed and protected by the attorney-client privilege and/or the attorney work product

28                                                          22

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

136 D

1   doctrine. Responding party further objects on the grounds that the "All DOCUMENTS

2   referring to or relating to" is overly broad and vague, rendering this Request burdensome and

3   harassing. Subject to the foregoing objections and without waiver of same, Responding Party

4   has (or will) produce all shift logs for Plaintiff David Loera in Responding Party's possession,

5   custody or control.

6        D.    <u>Akal's Further Supplemental Response To Request For Production No. 45</u>

7        Responding Party refers to and incorporates by this reference its Preliminary Statement

8   and General Objections as if set forth in full herein. Responding party further objects that this

9   Request seeks privileged information, including, but not necessarily limited to, information

10  encompassed and protected by the attorney-client privilege and/or the attorney work product

11  doctrine. Responding party further objects on the grounds that the "All DOCUMENTS

12  referring to or relating to" is overly broad and vague, rendering this Request burdensome and

13  harassing. Subject to the foregoing objections and without waiver of same, Responding Party

14  will produce all shift logs for Plaintiff David Loera in Responding Party's possession, custody

15  or control.

16       E.    Statement Of The Factual And Legal Reasons
              <u>For Compelling A Further Response To Request For Production No. 45</u>

17

18       Akal's objection based on "vagueness" is untenable. The language of the request is

19  plain and undeniably certain. If Akal truly believes this request is objectionable, it must

provide some explanation beyond its bald invocation of the word "vague."

20

21       Objections based upon over breadth or burdensomeness require some explanation as to

how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

22

23  this objection as grounds for providing no response at all, any attempt to justify this objection

is without merit.

24

25       For objections based on attorney work product and attorney-client privilege, Akal has

an obligation to describe the allegedly privileged documents with particularity. (See Code Civ.

26

Proc., § 2031.240, subd. (b).)  Absent any privilege log identifying these objectionably

27

28                                    23

MARKS, GOLIA &
FINCH, LLP
First Floor
3900 Harney Street
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

137 D

1  privileged documents, Akal cannot meet its burden of proof with respect to this objection.

2  Beyond its objections, Akal's feeble response is incomplete as it refuses to produce the

3  shift logs for any employee other than plaintiff.  Accordingly, a further response is required.

4  XVII

5  AKAL SECURITY, INC. SHOULD BE COMPELLED TO GIVE
A FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 46

6

7  A.  Plaintiff's Request For Production No. 46

8  All DOCUMENTS that constitute, refer, or relate to correspondence between YOU and

9  SPFPA Local 165.

10  B.  Akal's Response To Request For Production No. 46

11  Responding Party refers to and incorporates by this reference its Preliminary Statement

12  and General Objections as if set forth in full herein.  Responding Party further objects to this

13  request on the ground that it is overly broad and indiscriminate as to time and scope,

14  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

15  thousands of employees nation-wide, and in light of the fact that no class has been certified in

16  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

17  Loera is likely not an adequate class representative.  Responding Party further objects on the

18  ground that this request seeks information that is neither relevant to the subject matter of this

19  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter

20  alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given

21  that no class has been certified in this case, and there is substantial doubt that a class can be

22  certified since Plaintiff David Loera is likely not an adequate class representative.

23  C.  Akal's Supplemental Response To Request For Production No. 46

24  Responding Party refers to and incorporates by this reference its Preliminary Statement

25  and General Objections as if set forth in full herein.  Responding party further objects on the

26  ground that this request seeks information that is neither relevant to the subject matter of this

27  action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

28  24

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

138 p

1   Party further objects to this request on the ground that it is overly broad and indiscriminate as

2   to time and scope, burdensome, oppressive and harassing.  Responding party further objects to

3   the extent that it seeks to require the Responding Party to invade the right to privacy set forth

4   in Article I, Section I of the California Constitution and as codified in Civil Code section

5   1798.81.5 of any of its other current or former employees.  Notwithstanding the foregoing

6   objections, and without waiver of same, Responding Party states:  it will produce any

7   document regarding any union grievance of Plaintiff David Loera in Responding Party's

8   possession custody or control.

9        D.      Akal's Further Supplemental Response To Request For Production No. 46

10          Responding Party refers to and incorporates by this reference its Preliminary Statement

11  and General Objections as if set forth in full herein.  Responding party further objects on the

12  ground that this request seeks information that is neither relevant to the subject matter of this

13  action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

14  Party further objects to this request on the ground that it is overly broad and indiscriminate as

15  to time and scope, burdensome, oppressive and harassing.  Responding party further objects to

16  the extent that it seeks to require the Responding Party to invade the right to privacy set forth

17  in Article I, Section I of the California Constitution and as codified in Civil Code section

18  1798.81.5 of any of its other current or former employees.  Notwithstanding the foregoing

19  objections, and without waiver of same, Responding Party states:  it will produce responsive

20  documents in Responding Party's possession, custody or control.

21        E.      Statement Of The Factual And Legal Reasons For
                 Compelling A Further Response To Request For Production No. 46
22

23          Objections based upon over breadth or burdensomeness require some explanation as to

24  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

25  this objection as grounds for providing no response at all, any attempt to justify this objection

26  is without merit.

27  / / / / /

28                                          25

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

139 D

1    As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

2    employees unless it provides them notice. As such, this objection is without merit. Finally,

3    this response is incomplete because Akal refuses to produce all documents.

4    XVIII

5    AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 1

6

7    A.    Plaintiff's Special Interrogatory No. 1

8    Has it been YOUR company policy at anytime since April 15, 2002 to deny YOUR

9    EMPLOYEES from taking uninterrupted meal breaks?

10    For the purposes of this set of special interrogatories, the term EMPLOYEE

11    means: A person who works in the service of another person ("EMPLOYER") under an

12    express or implied contract of hire, under which the EMPLOYER has the right to control the

13    details of work performance. EMPLOYEE only includes a person providing services in

14    California.

15    B.    Akal's Response To Special Interrogatory No. 1

16    Responding Party refers to and incorporates by this reference its General Objections as

17    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

18    that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

19    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

20    wide, and in light of the fact that no class has been certified in this case, and there is substantial

21    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

22    class representative. Responding Party further objects on the ground that this request seeks

23    information that is neither relevant to the subject matter of this action, nor reasonably

24    calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

25    Responding Party has tens of thousands of employees nation-wide, and given that no class has

26    been certified in this case, and there is substantial doubt that a class can be certified since

27    Plaintiff David Loera is likely not an adequate class representative.

28    26

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

140  D

C.    Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 1

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues. Accordingly, this objection is without merit and further responses should be compelled.

XIX

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 2

A.    Plaintiff's Special Interrogatory No. 2

Has it been YOUR company policy at anytime since April 15, 2002 to deny YOUR EMPLOYEES from taking uninterrupted rest breaks?

B.    Akal's Response To Special Interrogatory No. 2

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

27

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

141 D

1  wide, and in light of the fact that no class has been certified in this case, and there is substantial

2  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

3  class representative. Responding Party further objects on the ground that this request seeks

4  information that is neither relevant to the subject matter of this action, nor reasonably

5  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

6  Responding Party has tens of thousands of employees nation-wide, and given that no class has

7  been certified in this case, and there is substantial doubt that a class can be certified since

8  Plaintiff David Loera is likely not an adequate class representative.

9  C.    Statement Of The Factual And Legal Reasons For
       Compelling A Further Response To Special Interrogatory No. 2
10

11    Objections based upon over breadth or burdensomeness require some explanation as to

12  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

13  this objection as grounds for providing no response at all, any attempt to justify this objection

14  is without merit.

15    Akal's final objection based on the purported inadequacy of plaintiff as a class

16  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

17  objection to valid discovery exists.  Further, California courts have no authority to create new

18  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

19  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

20  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

21  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

22  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

23  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

24  without merit and further responses should be compelled.

25  / / / / /

26  / / / / /

27  / / / / /

28                                28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

XX

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 3

A.    Plaintiff's Special Interrogatory No. 3

Has it been YOUR company policy at anytime since April 15, 2002 to allow YOUR

EMPLOYEES to take uninterrupted rest breaks and meal breaks?

B.    Akal's Response To Special Interrogatory No. 3

Responding Party refers to and incorporates by this reference its General Objections as

if set forth in full herein. Responding Party further objects to this interrogatory on the ground

that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

wide, and in light of the fact that no class has been certified in this case, and there is substantial

doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

class representative. Responding Party further objects on the ground that this request seeks

information that is neither relevant to the subject matter of this action, nor reasonably

calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

Responding Party has tens of thousands of employees nation-wide, and given that no class has

been certified in this case, and there is substantial doubt that a class can be certified since

Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons For
       Compelling A Further Response To Special Interrogatory No. 3

Objections based upon over breadth or burdensomeness require some explanation as to

how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

this objection as grounds for providing no response at all, any attempt to justify this objection

is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class

representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

29

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

143 D

1  objection to valid discovery exists.  Further, California courts have no authority to create new

2  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

6  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8  without merit and further responses should be compelled.

9                                          XXI

10                     AKAL SECURITY, INC. SHOULD BE COMPELLED
                    TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 4

11

12        A.      Plaintiff's Special Interrogatory No. 4

13        Has it been YOUR company policy at anytime since April 15, 2002 to allow YOUR

14  EMPLOYEES to take uninterrupted rest breaks and meal breaks?

15        B.      Akal's Response To Special Interrogatory No. 4

16        Responding Party refers to and incorporates by this reference its General Objections as

17  if set forth in full herein.  Responding Party further objects to this interrogatory on the ground

18  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

19  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

20  wide, and in light of the fact that no class has been certified in this case, and there is substantial

21  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

22  class representative. Responding Party further objects on the ground that this request seeks

23  information that is neither relevant to the subject matter of this action, nor reasonably

24  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

25  Responding Party has tens of thousands of employees nation-wide, and given that no class has

26  been certified in this case, and there is substantial doubt that a class can be certified since

27  Plaintiff David Loera is likely not an adequate class representative.

28                                          30

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

144 0

C.   Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 4

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists.  Further, California courts have no authority to create new objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is without merit and further responses should be compelled.

XXII

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 5

A.   Plaintiff's Special Interrogatory No. 5

Has it been YOUR company policy at anytime since April 15, 2002 to ensure that YOUR EMPLOYEES took uninterrupted meal breaks?

B.   Akal's Response To Special Interrogatory No. 5

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

31

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

145 D

1   wide, and in light of the fact that no class has been certified in this case, and there is substantial

2   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

3   class representative. Responding Party further objects on the ground that this request seeks

4   information that is neither relevant to the subject matter of this action, nor reasonably

5   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

6   Responding Party has tens of thousands of employees nation-wide, and given that no class has

7   been certified in this case, and there is substantial doubt that a class can be certified since

8   Plaintiff David Loera is likely not an adequate class representative.

9        C.      Statement Of The Factual And Legal Reasons For
                 Compelling A Further Response To Special Interrogatory No. 5
10

11       Objections based upon over breadth or burdensomeness require some explanation as to

12   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

13   this objection as grounds for providing no response at all, any attempt to justify this objection

14   is without merit.

15       Akal's final objection based on the purported inadequacy of plaintiff as a class

16   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

17   objection to valid discovery exists.  Further, California courts have no authority to create new

18   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

19   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

20   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

21   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

22   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

23   obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

24   without merit and further responses should be compelled.

25   / / / / /

26   / / / / /

27   / / / / /

28                                              32

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

146 D

1

## XXIII

2

### AKAL SECURITY, INC. SHOULD BE COMPELLED
### TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 6

3

4        A.    Plaintiff's Special Interrogatory No. 6

5        Has it been YOUR company policy at anytime since April 15, 2002 to ensure that

6  YOUR EMPLOYEES took uninterrupted rest breaks?

7        B.    Akal's Response To Special Interrogatory No. 6

8        Responding Party refers to and incorporates by this reference its General Objections as

9  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

10  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

11  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

12  wide, and in light of the fact that no class has been certified in this case, and there is substantial

13  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

14  class representative. Responding Party further objects on the ground that this request seeks

15  information that is neither relevant to the subject matter of this action, nor reasonably

16  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

17  Responding Party has tens of thousands of employees nation-wide, and given that no class has

18  been certified in this case, and there is substantial doubt that a class can be certified since

19  Plaintiff David Loera is likely not an adequate class representative.

20        C.    Statement Of The Factual And Legal Reasons For
             Compelling A Further Response To Special Interrogatory No. 6

21

22        Objections based upon over breadth or burdensomeness require some explanation as to

23  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

24  this objection as grounds for providing no response at all, any attempt to justify this objection

25  is without merit.

26        Akal's final objection based on the purported inadequacy of plaintiff as a class

27  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

28

33

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

147 D