1 objection to valid discovery exists. Further, California courts have no authority to create new

2 objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

3 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4 Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

5 courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

7 obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

8 without merit and further responses should be compelled.

9                                         XXIV

10              AKAL SECURITY, INC. SHOULD BE COMPELLED
      TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 7
11

12       A.    Plaintiff's Special Interrogatory No. 7

13       If your answer to Special Interrogatory No. 3 is affirmative, during what time period

14 did YOU ensure that YOUR EMPLOYEES took uninterrupted meal breaks?

15       B.    Akal's Response To Special Interrogatory No. 7

16       Responding Party refers to and incorporates by this reference its General Objections as

17 if set forth in full herein. Responding Party further objects to this interrogatory on the ground

18 that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

19 harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

20 wide, and in light of the fact that no class has been certified in this case and there is substantial

21 doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

22 class representative. Responding Party further objects on the ground that this request seeks

23 information that is neither relevant to the subject matter of this. action, nor reasonably

24 calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

25 Responding Party has tens of thousands of employees nation-wide, and given that no class has

26 been certified in this case, and there is substantial doubt that a class can be certified since

27 Plaintiff David Loera is likely not an adequate class representative.

28                                         34

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

148 0

C.    Statement Of The Factual And Legal Reasons For
      Compelling A Further Response To Special Interrogatory No. 7

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues. Accordingly, this objection is without merit and further responses should be compelled.

XXV

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 8

A.    Plaintiff's Special Interrogatory No. 8

If your answer to Special Interrogatory No. 3 is affirmative, what documentation, if any, exists to show that YOUR EMPLOYEES took uninterrupted meal breaks during the time period specified in YOUR response to Special Interrogatory No. 5?

B.    Akal's Response To Special Interrogatory No. 8

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

35

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

149 D

1   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

2   wide, and in light of the fact that no class has been certified in this case, and there is substantial

3   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

4   class representative. Responding Party further objects on the ground that this request seeks

5   information that is neither relevant to the subject matter of this action, nor reasonably

6   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

7   Responding Party has tens of thousands of employees nation-wide, and given that no class has

8   been certified in this case, and there is substantial doubt that a class can be certified since

9   Plaintiff David Loera is likely not an adequate class representative.

10      C.      Statement Of The Factual And Legal Reasons For
                Compelling A Further Response To Special Interrogatory No. 8
11

12          Objections based upon over breadth or burdensomeness require some explanation as to

13   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

14   this objection as grounds for providing no response at all, any attempt to justify this objection

15   is without merit.

16          Akal's final objection based on the purported inadequacy of plaintiff as a class

17   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

18   objection to valid discovery exists.  Further, California courts have no authority to create new

19   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

20   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

21   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

22   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

23   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

24   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

25   without merit and further responses should be compelled.

26   / / / / /

27   / / / / /

28                                                      36

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

150  D

XXVI

## AKAL SECURITY, INC. SHOULD BE COMPELLED
### TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 9

A.    Plaintiff's Special Interrogatory No. 9

If your answer to Special Interrogatory No. 3 is affirmative, what witnesses, if any, support your contention that YOUR EMPLOYEES took uninterrupted meal breaks during the time period specified in YOUR response to Special Interrogatory No. 5?

B.    Akal's Response To Special Interrogatory No. 9

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons For
      Compelling A Further Response To Special Interrogatory No. 9

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

/ / / / /

37

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1    Akal's final objection based on the purported inadequacy of plaintiff as a class

2    representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

3    objection to valid discovery exists. Further, California courts have no authority to create new

4    objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

5    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

6    Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

7    courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

8    Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

9    obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

10    without merit and further responses should be compelled.

XXVII

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 10

14    A.    Plaintiff's Special Interrogatory No. 10

15    If your answer to Special Interrogatory No. 4 is affirmative, during what time period

16    did YOU ensure that YOUR EMPLOYEES took uninterrupted rest breaks?

17    B.    Akal's Response To Special Interrogatory No. 10

18    Responding Party refers to and incorporates by this reference its General Objections as

19    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

20    that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

21    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

22    wide, and in light of the fact that no class has been certified in this case, and there is substantial

23    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

24    class representative. Responding Party further objects on the ground that this request seeks

25    information that is neither relevant to the subject matter of this action, nor reasonably

26    calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

27    Responding Party has tens of thousands of employees nation-wide, and given that no class has

28

38

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

152 D

1    been certified in this case, and there is substantial doubt that a class can be certified since

2    Plaintiff David Loera is likely not an adequate class representative.

3          C.      Statement Of The Factual And Legal Reasons For
                   Compelling A Further Response To Special Interrogatory No. 10
4

5          Objections based upon over breadth or burdensomeness require some explanation as to

6    how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

7    this objection as grounds for providing no response at all, any attempt to justify this objection

8    is without merit.

9          Akal's final objection based on the purported inadequacy of plaintiff as a class

10   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

11   objection to valid discovery exists.  Further, California courts have no authority to create new

12   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

13   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

14   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

15   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

16   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

17   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

18   without merit and further responses should be compelled.

19                                    XXVIII

20              AKAL SECURITY, INC. SHOULD BE COMPELLED
           TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 11
21

22         A.      Plaintiff's Special Interrogatory No. 11

23         If your answer to Special Interrogatory No. 4 is affirmative, what documentation, if

24   any, exists to show that YOUR EMPLOYEES took uninterrupted rest breaks during the time

25   period specified in YOUR response to Special Interrogatory No. 8?

26         B.      Akal's Response To Special Interrogatory No. 11

27         Responding Party refers to and incorporates by this reference its General Objections as

28                                     39

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

153 D

1  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

2  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

3  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

4  wide, and in light of the fact that no class has been certified in this case, and there is substantial

5  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

6  class representative. Responding Party further objects on the ground that this request seeks

7  information that is neither relevant to the subject matter of this action, nor reasonably

8  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

9  Responding Party has tens of thousands of employees nation-wide, and given that no class has

10  been certified in this case, and there is substantial doubt that a class can be certified since

11  Plaintiff David Loera is likely not an adequate class representative.

12&13  C.    Statement Of The Factual And Legal Reasons For
             <u>Compelling A Further Response To Special Interrogatory No. 11</u>

14  Objections based upon over breadth or burdensomeness require some explanation as to

15  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

16  this objection as grounds for providing no response at all, any attempt to justify this objection

17  is without merit.

18  Akal's final objection based on the purported inadequacy of plaintiff as a class

19  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

20  objection to valid discovery exists.  Further, California courts have no authority to create new

21  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

22  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

23  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

24  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

25  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

26  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

27  without merit and further responses should be compelled.

28                                                40

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

154 D

1                               XXIX

2            AKAL SECURITY, INC. SHOULD BE COMPELLED

      TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 12

3

4       A.      Plaintiff's Special Interrogatory No. 12

5       If your answer to Special Interrogatory No. 4 is affirmative, what witnesses, if any,

6 support your contention that YOUR EMPLOYEES took uninterrupted rest breaks during the

7 time period specified in YOUR response to Special Interrogatory No. 8?

8       B.      Akal's Response To Special Interrogatory No. 12

9       Responding Party refers to and incorporates by this reference its General Objections as

10 if set forth in full herein. Responding Party further objects to this interrogatory on the ground

11 that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

12 harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

13 wide, and in light of the fact that no class has been certified in this case, and there is substantial

14 doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

15 class representative. Responding Party further objects on the ground that this request seeks

16 information that is neither relevant to the subject matter of this action, nor reasonably

17 calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

18 Responding Party has tens of thousands of employees nation-wide, and given that no class has

19 been certified in this case, and there is substantial doubt that a class can be certified since

20 Plaintiff David Loera is likely not an adequate class representative.

21       C.      Statement Of The Factual And Legal Reasons For

                  Compelling A Further Response To Special Interrogatory No. 12

22

23       Objections based upon over breadth or burdensomeness require some explanation as to

24 how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

25 this objection as grounds for providing no response at all, any attempt to justify this objection

26 is without merit.

27       Akal's final objection based on the purported inadequacy of plaintiff as a class

28                               41

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

155 D

1  representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

2  objection to valid discovery exists. Further, California courts have no authority to create new

3  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

4  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

5  Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

6  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

7  Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

8  obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

9  without merit and further responses should be compelled.

10                                                          XXX

11               AKAL SECURITY, INC. SHOULD BE COMPELLED
     TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 13
12

13          A.      Plaintiff's Special Interrogatory No. 13

14          What is the largest number of EMPLOYEES YOU have had on YOUR payroll from

15  April 15, 2002 until the present?

16          B.      Akal's Response To Special Interrogatory No. 13

17  Responding Party refers to and incorporates by this reference its General Objections as if set

18  forth in full herein. Responding Party further objects to this interrogatory on the ground that it

19  is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

20  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and

21  in light of the fact that no class has been certified in this case, and there is substantial doubt

22  that a class can be certified given that Plaintiff David Loera is likely not an adequate class

23  representative. Responding Party further objects on the ground that this request seeks

24  information that is neither relevant to the subject matter of this action, nor reasonably

25  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

26  Responding Party has tens of thousands of employees nation-wide, and given that no class has

27  been certified in this case, and there is substantial doubt that a class can be certified since

28                                                          42

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

156 D

1   Plaintiff David Loera is likely not an adequate class representative.

2       C.    Statement Of The Factual And Legal Reasons For
             Compelling A Further Response To Special Interrogatory No. 13
3

4       Objections based upon over breadth or burdensomeness require some explanation as to

5   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

6   this objection as grounds for providing no response at all, any attempt to justify this objection

7   is without merit.

8       Akal's final objection based on the purported inadequacy of plaintiff as a class

9   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

10  objection to valid discovery exists.  Further, California courts have no authority to create new

11  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

12  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

13  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

14  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

15  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

16  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

17  without merit and further responses should be compelled.

18                              XXXI

19              AKAL SECURITY, INC. SHOULD BE COMPELLED
        TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 14
20

21      A.    Plaintiff's Special Interrogatory No. 14

22      On what date, from April 15, 2002 until the present, did YOU have the most

23  EMPLOYEES on YOUR payroll?

24      B.    Akal's Response To Special Interrogatory No. 14

25      Responding Party refers to and incorporates by this reference its General Objections as

26  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

27  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

28                              43

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

157 D

1  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

2  wide, and in light of the fact that no class has been certified in this case, and there is substantial

3  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

4  class representative. Responding Party further objects on the ground that this request seeks

5  information that is neither relevant to the subject matter of this action, nor reasonably

6  calculated to lead to the discovery of admissible evidence, due to, *inter alia*, the fact that

7  Responding Party has tens of thousands of employees nation-wide, and given that no class has

8  been certified in this case, and there is substantial doubt that a class can be certified since

9  Plaintiff David Loera is likely not an adequate class representative.

10  C.  Statement Of The Factual And Legal Reasons For
        Compelling A Further Response To Special Interrogatory No. 14

11

12  Objections based upon over breadth or burdensomeness require some explanation as to

13  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

14  this objection as grounds for providing no response at all, any attempt to justify this objection

15  is without merit.

16  Akal's final objection based on the purported inadequacy of plaintiff as a class

17  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

18  objection to valid discovery exists.  Further, California courts have no authority to create new

19  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

20  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

21  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

22  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra*, 135

23  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

24  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

25  without merit and further responses should be compelled.

26  / / / / /

27  / / / / /

28  44

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

158 D

1

# XXXII

2

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 15

3

4      A.    <u>Plaintiff's Special Interrogatory No. 15</u>

5      From April 15, 2002 until the present, on average how many EMPLOYEES did YOU

6  have on your payroll?

7      B.    <u>Akal's Response To Special Interrogatory No. 15</u>

8      Responding Party refers to and incorporates by this reference its General Objections as

9  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

10  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

11  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

12  wide, and in light of the fact that no class has been certified in this case, and there is substantial

13  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

14  class representative. Responding Party further objects on the ground that this request seeks

15  information that is neither relevant to the subject matter of this action, nor reasonably

16  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

17  Responding Party has tens of thousands of employees nation-wide, and given that no class has

18  been certified in this case, and there is substantial doubt that a class can be certified since

19  Plaintiff David Loera is likely not an adequate class representative.

20      C.    Statement Of The Factual And Legal Reasons For
              <u>Compelling A Further Response To Special Interrogatory No. 15</u>

21

22      Objections based upon over breadth or burdensomeness require some explanation as to

23  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

24  this objection as grounds for providing no response at all, any attempt to justify this objection

25  is without merit.

26      Akal's final objection based on the purported inadequacy of plaintiff as a class

27  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

28

45

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

159 0

1   objection to valid discovery exists. Further, California courts have no authority to create new

2   objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

3   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4   Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

5   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6   Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

7   obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

8   without merit and further responses should be compelled.

9                                    XXXIII

10          AKAL SECURITY, INC. SHOULD BE COMPELLED
11       TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 16

12      A.      Plaintiff's Special Interrogatory No. 16

13          Identify each and every person YOU EMPLOYED to perform services in California

14   from April 15, 2002 until the present.

15          For the purposes of this set of special interrogatories, the term EMPLOY means: To

16   commission and entrust with the performance of certain acts or functions or with the

17   management of one's affairs.

18      B.      Akal's Response To Special Interrogatory No. 16

19          Responding Party refers to and incorporates by this reference its General Objections as

20   if set forth in full herein. Responding Party further objects to this interrogatory on the ground.

21   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

22   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

23   wide, arid in light of the fact that no class has been certified in this case, and there is

24   substantial doubt that a class, can be certified given that Plaintiff David Loera is likely not an

25   adequate class representative. Responding Party further objects on the ground that this request

26   seeks information that is neither relevant to the subject matter of this action, nor reasonably

27   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

28                                       46

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

160  0

1   Responding Party has tens of thousands of employees nation-wide, and given that no class has

2   been certified in this case, and there is substantial doubt that a class can be certified since

3   Plaintiff David Loera is likely not an adequate class representative. Responding Party further

4   objects to this Interrogatory to the extent that it seeks information and/or the identity of

5   documents which are protected by Responding party's and Responding Party's clients',

6   employees', or customers' rights of privacy under Article I, Section 1 of the California

7   Constitution, the Constitution of the United States or applicable case law.

8       C.    Statement Of The Factual And Legal Reasons For
                    <u>Compelling A Further Response To Special Interrogatory No. 16</u>

9

10         Objections based upon over breadth or burdensomeness require some explanation as to

11   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

12   this objection as grounds for providing no response at all, any attempt to justify this objection

13   is without merit.

14         Akal's final objection based on the purported inadequacy of plaintiff as a class

15   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

16   objection to valid discovery exists.  Further, California courts have no authority to create new

17   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

18   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

19   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

20   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

21   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

22   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

23   without merit and further responses should be compelled.

24   / / / / /

25   / / / / /

26   / / / / /

27   / / / / /

28                              47

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

161  0

1    XXXIV

2    AKAL SECURITY, INC. SHOULD BE COMPELLED
     TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 17
3

4    A.    Plaintiff's Special Interrogatory No. 17

5    For each and every EMPLOYEE identified in YOUR response to Special Interrogatory

6    No. 14, list that EMPLOYEE'S starting and ending hourly wage.

7    B.    Akal's Response To Special Interrogatory No. 17

8    Responding Party refers to and incorporates by this reference its General Objections as

9    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

10   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

11   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

12   wide, and in light of the fact that no class has been certified in this case, and there is substantial

13   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

14   class representative. Responding Party further objects on the ground that this request seeks

15   information that is neither relevant to the subject matter of this action, nor reasonably

16   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

17   Responding Party has tens of thousands of employees nation-wide, and given that no class has

18   been certified in this case, and there is substantial doubt that a class can be certified since

19   Plaintiff David Loera is likely not an adequate class representative.

20   C.    Statement Of The Factual And Legal Reasons For
           Compelling A Further Response To Special Interrogatory No. 17
21

22   Objections based upon over breadth or burdensomeness require some explanation as to

23   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

24   this objection as grounds for providing no response at all, any attempt to justify this objection

25.  is without merit.

26   Akal's final objection based on the purported inadequacy of plaintiff as a class

27   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

28                                             48

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

162  D

1    objection to valid discovery exists. Further, California courts have no authority to create new

2    objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

3    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4    Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

5    courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6    Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

7    obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

8    without merit and further responses should be compelled.

9                           XXXV

10
11
          **AKAL SECURITY, INC. SHOULD BE COMPELLED**
    **TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 18**

12       A.     <u>Plaintiff's Special Interrogatory No. 18</u>

13       Identify each and every person or entity by name, last known address, last known

14    phone number, and last known email address responsible for processing and distributing

15    EMPLOYEE paychecks for AKAL EMPLOYEES from April 15, 2002 until the present.

16       B.     <u>Akal's Response To Special Interrogatory No. 18</u>

17       Responding Party refers to and incorporates by this reference its General Objections as

18    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

19    that is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

20    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

21    wide, and in light of the fact that no class has been certified in this case, and there is substantial

22    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

23    class representative. Responding Party also objects to this interrogatory on the grounds that it

24    is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

25    Responding Party further objects on the ground that this request seeks information that is

26    neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

27    discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

28                           49

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

163   D

1  thousands of employees nation-wide, and given that no class has been certified in this case, and

2  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

3  an adequate class representative. Responding Party further objects to this Interrogatory to the

4  extent that it seeks information and/or the identity of documents which are protected by

5  Responding party's and Responding Party's clients', employees', or customers' rights of

6  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

7  States or applicable case law.

8      C.     Statement Of The Factual And Legal Reasons For

9             <u>Compelling A Further Response To Special Interrogatory No. 18</u>

10  Objections based upon over breadth or burdensomeness require some explanation as to

11  how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

12  this objection as grounds for providing no response at all, any attempt to justify this objection

13  is without merit.

14  As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

15  employees unless <u>it</u> provides them notice. As such, this objection is without merit.

16  Akal's final objection based on the purported inadequacy of plaintiff as a class

17  representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

18  objection to valid discovery exists. Further, California courts have no authority to create new

19  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

20  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

21  Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

22  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

23  Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

24  obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

25  without merit and further responses should be compelled.

26  / / / / /

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

164  D

1          XXXVI

2          AKAL SECURITY, INC. SHOULD BE COMPELLED
           TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 19
3

4          A.    Plaintiff's Special Interrogatory No. 19

5          Identify each and every person or entity by name, last known address, last known

6    phone number, and last known email address responsible for administering benefits for AKAL

7    from April 15, 2002 to the present.

8          B.    Akal's Response To Special Interrogatory No. 19

9          Responding Party refers to and incorporates by this reference its General Objections as

10   if set forth in full herein. Responding Party further objects to this interrogatory on the ground

11   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

12   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

13   wide, and in light of the fact that no class has been certified in this case, and there is substantial

14   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

15   class representative. Responding Party also objects to this interrogatory on the grounds that it

16   is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

17   Responding Party further objects on the ground that this request seeks information that is

18   neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

19   discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

20   thousands of employees nation-wide, and given that no class has been certified in this case, and

21   there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

22   an adequate class representative. Responding Party further objects to this Interrogatory to the

23   extent that it seeks information and/or the identity of documents which are protected by

24   Responding party's and Responding Party's clients', employees', or customers' rights of

25   privacy under Article I, Section 1 of the California Constitution the Constitution of the United

26   States or applicable case law.

27   / . / / / /

28          51

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

165 D

C.    Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 19

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its employees unless it provides them notice. As such, this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues. Accordingly, this objection is without merit and further responses should be compelled.

XXXVII

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 20

A.    Plaintiff's Special Interrogatory No. 20

Identify each and every person or entity by name, last known address, last known phone number, and last known email address responsible for administering EMPLOYEE vacation, sick and/or personal time off for AKAL from April 15, 2002 to the present.

B.    Akal's Response To Special Interrogatory No. 20

Responding Party refers to and incorporates by this reference its General Objections as

52

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

166 D

1    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

2    that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

3    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

4    wide, and in light of the fact that no class has been certified in this case, and there is substantial

5    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

6    class representative. Responding Party also objects to this interrogatory on the grounds that it

7    is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

8    Responding Party further objects on the ground that this request seeks information that is

9    neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

10   discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

11   thousands of employees nation-wide, and given that no class has been certified in this case, and

12   there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

13   an adequate class representative. Responding Party further objects to this Interrogatory to the

14   extent that it seeks information and/or the identity of documents which are protected by

15   Responding party's and Responding Party's clients', employees', or customers' rights of

16   privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

17   States or applicable case law.

18       C.     Statement Of The Factual And Legal Reasons For
                 Compelling A Further Response To Special Interrogatory No. 20

19

20      Objections based upon over breadth or burdensomeness require some explanation as to

21   how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

22   this objection as grounds for providing no response at all, any attempt to justify this objection

23   is without merit.

24      As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

25   employees unless it provides them notice. As such, this objection is without merit.

26      Akal's final objection based on the purported inadequacy of plaintiff as a class

27   representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

28                           53

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

*167 D*

1   objection to valid discovery exists.  Further, California courts have no authority to create new

2   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

6   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

8   without merit and further responses should be compelled.

9                                    XXXVIII

10                  AKAL SECURITY, INC. SHOULD BE COMPELLED
         TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 21
11

12         A.      Plaintiff's Special Interrogatory No. 21

13         Identify each and every person or entity by name, last known address, last known

14   phone number, and last known email address who drafted any and all break-related portions of

15   YOUR company policy that was in effect at any time since April 15, 2002.

16         B.      Akal's Response To Special Interrogatory No. 21

17         Responding Party refers to and incorporates by this reference its General Objections as

18   if set forth in full herein. Responding Party further objects to this interrogatory on the ground

19   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

20   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

21   wide, and in light of the fact that no class has been certified in this case, and there is substantial

22   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

23   class representative. Responding Party also objects to this interrogatory on the grounds that it

24   is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

25   Responding Party further objects on the ground that this request seeks information that is

26   neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

27   discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

28                                      54

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

(68 D

1  thousands of employees nation-wide, and given that no class has been certified in this case, and

2  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

3  an adequate class representative. Responding Party further objects to this Interrogatory to the

4  extent that it seeks information and/or the identity of documents which are protected by

5  Responding party's and Responding Party's clients', employees', or customers' rights of

6  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

7  States or applicable case law.

8      C.    Statement Of The Factual And Legal Reasons For
              Compelling A Further Response To Special Interrogatory No. 21
9

10  Objections based upon over breadth or burdensomeness require some explanation as to

11  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

12  this objection as grounds for providing no response at all, any attempt to justify this objection

13  is without merit.

14      As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

15  employees unless it provides them notice.  As such, this objection is without merit.

16      Akal's final objection based on the purported inadequacy of plaintiff as a class

17  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

18  objection to valid discovery exists.  Further, California courts have no authority to create new

19  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

20  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

21  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

22  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

23  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

24  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

25  without merit and further responses should be compelled.

26  / / / / /

27  / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

55

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

169 D

# XXXIX

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 22

A.    Plaintiff's Special Interrogatory No. 22

Identify each and every person or entity by name, last known address, last known phone number, and last known email address who drafted changes to YOUR company policy from April 15, 2002 until the present related to rest breaks, lunch breaks, or other breaks for employees.

B.    Akal's Response To Special Interrogatory No. 22

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party also objects to this interrogatory on the grounds that it is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f). Responding Party further objects on the ground that this .request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects to this Interrogatory to the extent that it seeks information and/or the identity of documents which are protected by Responding party's and Responding Party's clients', employees', or customers' rights of privacy under Article I, Section 1 of the California Constitution, the Constitution of the United States or applicable case law.

56

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

170 D

C.    Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 22

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its employees unless <u>it</u> provides them notice.  As such, this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists.  Further, California courts have no authority to create new objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is without merit and further responses should be compelled.

XL

AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 23

A.    Plaintiff's Special Interrogatory No. 23

Identify each and every person or entity by name, last known address, last known phone number, and last known email address who prepared all records relating to meal periods from April 15, 2002 until the present.

B.    Akal's Response To Special Interrogatory No. 23

Responding Party refers to and incorporates by this reference its General Objections as

57

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

171 D

1   if set forth in full herein. Responding Party further objects to this interrogatory, on the ground

2   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

3   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

4   wide, and in light of the fact that no class has been certified in this case, and there is substantial

5   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

6   class representative. Responding Party also objects to this interrogatory on the grounds that it

7   is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

8   Responding Party further objects on the ground that this request seeks information that is

9   neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

10  discovery of admissible evidence, due to, *inter alia*, the fact that Responding Party has tens of

11  thousands of employees nation-wide, and given that no class has been certified in this case, and

12  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

13  an adequate class representative. Responding Party further objects to this Interrogatory to the

14  extent that it seeks information and/or the identity of documents which are protected by

15  Responding party's and Responding Party's clients', employees', or customers' rights of

16  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

17  States or applicable case law.

18      C.      Statement Of The Factual And Legal Reasons For
19              <u>Compelling A Further Response To Special Interrogatory No. 23</u>

20      Objections based upon over breadth or burdensomeness require some explanation as to

21  how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

22  this objection as grounds for providing no response at all, any attempt to justify this objection

23  is without merit.

24      As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

25  employees unless <u>it</u> provides them notice. As such, this objection is without merit.

26      Akal's final objection based on the purported inadequacy of plaintiff as a class

27  representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

28                                              58

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

(72 0

1   objection to valid discovery exists. Further, California courts have no authority to create new

2   objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

3   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4   Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

5   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6   Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

7   obtain piecemeal adjudication of class certification issues. Accordingly, this objection is

8   without merit and further responses should be compelled.

9   XLI

10  **AKAL SECURITY, INC. SHOULD BE COMPELLED**

11  **TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 24**

12      A.      <u>Plaintiff's Special Interrogatory No. 24</u>

13      Identify each and every person or entity by name, last known address, last known

14  phone number, and last known email address who prepared all records relating to rest periods

15  from April 15, 2002 until the present.

16      B.      <u>Akal's Response To Special Interrogatory No. 24</u>

17      Responding Party refers to and incorporates by this reference its General Objections as

18  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

19  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

20  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

21  wide, and in light of the fact that no class has been certified in this case, and there is substantial

22  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

23  class representative. Responding Party also objects to this interrogatory on the grounds that it

24  is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

25  Responding Party further objects on the ground that this request seeks information that is

26  neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

27  discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

28  59

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

173 D

1  thousands of employees nation-wide, and given that no class has been certified in this case, and

2  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

3  an adequate class representative. Responding Party further objects to this Interrogatory to the

4  extent that it seeks information and/or the identity of documents which are protected by

5  Responding party's and Responding Party's clients', employees', or customers' rights of

6  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

7  States or applicable case law.

8      C.    Statement Of The Factual And Legal Reasons For
              Compelling A Further Response To Special Interrogatory No. 24
9

10  Objections based upon over breadth or burdensomeness require some explanation as to

11  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

12  this objection as grounds for providing no response at all, any attempt to justify this objection

13  is without merit.

14  As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

15  employees unless it provides them notice.  As such, this objection is without merit.

16  Akal's final objection based on the purported inadequacy of plaintiff as a class

17  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

18  objection to valid discovery exists.  Further, California courts have no authority to create new

19  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

20  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

21  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

22  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

23  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

24  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

25  without merit and further responses should be compelled.

26  / / / / /

27  / / / / /

28                                    60

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

174 D

XLII

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 25

A.    Plaintiff's Special Interrogatory No. 25

Identify each and every supervisor or EMPLOYEE of AKAL SECURITY, INC., if any, who was charged with making sure that YOUR EMPLOYEES received uninterrupted rest and meal periods from April 15, 2002 until the present.

B.    Akal's Response To Special Interrogatory No. 25

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 25

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

/ / / / /

61

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

175 D

1    Akal's final objection based on the purported inadequacy of plaintiff as a class

2    representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

3    objection to valid discovery exists.  Further, California courts have no authority to create new

4    objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

5    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

6    Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

7    courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

8    Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

9    obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

10   without merit and further responses should be compelled.

11                                          XLIII

12        AKAL SECURITY, INC. SHOULD BE COMPELLED
     TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 26
13

14        A.     Plaintiff's Special Interrogatory No. 26

15        Identify the date of each and every change to YOUR company policy from April 15,

16   2002 until the present related to rest breaks, lunch breaks, or other breaks for employees.

17        B.     Akal's Response To Special Interrogatory No. 26

18        Responding Party refers to and incorporates by this reference its General Objections as

19   if set forth in full herein. Responding Party further objects to this interrogatory on the ground

20   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

21   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

22   wide, and in light of the fact that no class has been certified in this case, and there is substantial

23   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

24   class representative. Responding Party further objects on the ground that this request seeks

25   information that is neither relevant to the subject matter of this action, nor reasonably

26   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

27   Responding Party has tens of thousands of employees nation-wide, and given that no class has

28                                             62

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1760

1    been certified in this case, and there is substantial doubt that a class can be certified since

2    Plaintiff David Loera is likely not an adequate class representative.

3        C.    Statement Of The Factual And Legal Reasons For
              Compelling A Further Response To Special Interrogatory No. 26
4

5        Objections based upon over breadth or burdensomeness require some explanation as to

6    how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

7    this objection as grounds for providing no response at all, any attempt to justify this objection

8    is without merit.

9        Akal's final objection based on the purported inadequacy of plaintiff as a class

10   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

11   objection to valid discovery exists.  Further, California courts have no authority to create new

12   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

13   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

14   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

15   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

16   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

17   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

18   without merit and further responses should be compelled.

19                                   XLIV

20            AKAL SECURITY, INC. SHOULD BE COMPELLED
         TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 27
21

22       A.    Plaintiff's Special Interrogatory No. 27

23       Identify the reasons for each and every change to YOUR company policies from April

24   15, 2002 until the present related to rest breaks, lunch breaks, or other breaks for employees.

25       B.    Akal's Response To Special Interrogatory No. 27

26       Responding Party refers to and incorporates by this reference its General Objections as

27   if set forth in full herein. Responding Party further objects to this interrogatory on the ground

28                                    63

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

*177 D*

1   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

2   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

3   wide, and in light of the fact that no class has been certified in this case, and there is substantial

4   doubt that a class can be certified given that Plaintiff David Loera is likely not an' adequate

5   class representative. Responding Party further objects on the ground that this request seeks

6   information that is neither relevant to the subject matter of this action, nor reasonably

7   calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

8   Responding Party has tens of thousands of employees nation-wide, and given that no class has

9   been certified in this case, and there is substantial doubt that a class can be certified since

10  Plaintiff David Loera is likely not an adequate class representative.

11          C.      Statement Of The Factual And Legal Reasons For
                    Compelling A Further Response To Special Interrogatory No. 27
12

13          Objections based upon over breadth or burdensomeness require some explanation as to

14  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

15  this objection as grounds for providing no response at all, any attempt to justify this objection

16  is without merit.

17          Akal's final objection based on the purported inadequacy of plaintiff as a class

18  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

19  objection to valid discovery exists.  Further, California courts have no authority to create new

20  objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

21  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

22  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

23  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

24  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

25  obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

26  without merit and further responses should be compelled.

27  / / / / /

28                                              64

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1780

XLV

## AKAL SECURITY, INC. SHOULD BE COMPELLED
## TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 40

A.    Plaintiff's Special Interrogatory No. 40

Identify each and every EMPLOYEE from April 15, 2002 until the present who complained to YOU that he or she was not receiving uninterrupted rest or meal breaks.

B.    Akal's Response To Special Interrogatory No. 40

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons For
Compelling A Further Response To Special Interrogatory No. 40

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

65

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

179 b

1   objection to valid discovery exists.  Further, California courts have no authority to create new

2   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

3   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

4   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

5   courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

6   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

7   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

8   without merit and further responses should be compelled.

9                                  XLVI

10                  AKAL SECURITY, INC. SHOULD BE COMPELLED
        TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 41
11

12          A.      Plaintiff's Special Interrogatory No. 41

13          Identify each and every EMPLOYEE, including their name, last known address, last

14   known phone number, and last known email address, from April 15, 2002 until the present who

15   complained to YOU that he or she was not receiving the appropriate length rest or meal breaks.

16          B.      Akal's Response To Special Interrogatory No. 41

17          Responding Party refers to and incorporates by this reference its General Objections as

18   if set forth in full herein. Responding Party further objects to this interrogatory on the ground

19   that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

20   harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

21   wide, and in light of the fact that no class has been certified in this case, and there is substantial

22   doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

23   class representative. Responding Party also objects to this interrogatory on the grounds that it

24   is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

25          Responding Party further objects on the ground that this request seeks information that

26   is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

27   discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

28                                  66

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1  thousands of employees nation-wide, and given that no class has been certified in this case, and

2  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

3  an adequate class representative.

4      C.    Statement Of The Factual And Legal Reasons For
             Compelling A Further Response To Special Interrogatory No. 41
5

6      Objections based upon over breadth or burdensomeness require some explanation as to

7  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

8  this objection as grounds for providing no response at all, any attempt to justify this objection

9  is without merit.

10     Akal's final objection based on the purported inadequacy of plaintiff as a class

11 representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

12 objection to valid discovery exists.  Further, California courts have no authority to create new

13 objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

14 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

15 Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

16 courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra*, 135

17 Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

18 obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

19 without merit and further responses should be compelled.

20                                    XLVII

21                     AKAL SECURITY, INC. SHOULD BE COMPELLED
                  TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 42
22

23     A.    Plaintiff's Special Interrogatory No. 42

24     Identify each and every EMPLOYEE from April 15, 2002 until the present who

25 complained to YOU that he or she was not adequately relieved to go to the restroom.

26     B.    Akal's Response To Special Interrogatory No. 42

27     Responding Party refers to and incorporates by this reference its General Objections as

28                                      67

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

2  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

3  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

4  wide, and in light Of the fact that no class has been certified in this case, and there is

5  substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an

6  adequate class representative. Responding Party further obj ects on the ground that this request

7  seeks information that is neither relevant to the subject matter of this action nor reasonably

8  calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

9  Responding Party has tens of thousands of employees nation-wide, and given that no class has

10  been certified in this case, and there is substantial doubt that a class can be certified since

11  Plaintiff David Loera is likely not an adequate class representative.

12      C.    Statement Of The Factual And Legal Reasons For
              Compelling A Further Response To Special Interrogatory No. 42
13

14      Objections based upon over breadth or burdensomeness require some explanation as to

15  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

16  this objection as grounds for providing no response at all, any attempt to justify this objection

17  is without merit.

18      Akal's final objection based on the purported inadequacy of plaintiff as a class

19  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

20  objection to valid discovery exists.  Further, California courts have no authority to create new

21  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

22  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

23  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

24  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

25  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

26  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

27  without merit and further responses should be compelled.

28                                        68

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

192 0

1                         XLVIII

2         AKAL SECURITY, INC. SHOULD BE COMPELLED

3    TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 43

4       A.     Plaintiff's Special Interrogatory No. 43

5        Identify each and every EMPLOYEE from April 15, 2002 until the present who

6 suffered from any kind of injury, including but not limited to heat stroke or dehydration, due to

7 insufficient or untimely relief from other guards necessary m order tor the EMPLOYbE to take

8 rest or meal periods.

9       B.     Akal's Response To Special Interrogatory No. 43

10        Responding Party refers to and incorporates by this reference its General Objections as

11 if set forth in full herein. Responding Party further objects to this interrogatory on the ground

12 that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

13 harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

14 wide, and in light of the fact that no class has been certified in this case, and there is substantial

15 doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

16 class representative. Responding Party further objects on the ground that this request seeks

17 information that is neither relevant to the subject matter of this action, nor reasonably

18 calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

19 Responding Party has tens of thousands of employees nation-wide, and given that no class has

20 been certified in this case, and there is substantial doubt that a class can be certified since

21 Plaintiff David Loera is likely not an adequate class representative.

22       C.     Statement Of The Factual And Legal Reasons For

23               Compelling A Further Response To Special Interrogatory No. 43

24        Objections based upon over breadth or burdensomeness require some explanation as to

25 how or why the request is overbroad or unduly burdensome. Considering that Akal relies on

26 this objection as grounds for providing no response at all, any attempt to justify this objection

27 is without merit.

28                           69

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

*193 D*

1    Akal's final objection based on the purported inadequacy of plaintiff as a class

2    representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such

3    objection to valid discovery exists. Further, California courts have no authority to create new

4    objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115

5    Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

6    Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the

7    courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

8    Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

9    obtain piecemeal adjudication of class certification issues.  Accordingly, this objection is

10    without merit and further responses should be compelled.

XLIX

**AKAL SECURITY, INC. SHOULD BE COMPELLED
TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 44**

A.    Plaintiff's Special Interrogatory No. 44

15    Identify each and every EMPLOYEE from April 15, 2002 until the present who

16    complained to YOU about insufficient rest or meal periods causing the EMPLOYEE to suffer

17    some kind of injury, including but not limited to heat stroke or dehydration.

B.    Akal's Response To Special Interrogatory No. 44

19    Responding Party refers to and incorporates by this reference its General Objections as

20    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

21    that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

22    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

23    wide, and in light of the fact that no class has been certified in this case, and there is substantial

24    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

25    class representative. Responding Party further objects on the ground that this request seeks

26    information that is neither relevant to the subject matter of this action, nor reasonably

27    calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that

28

70

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

184    D

1  Responding Party has tens of thousands of employees nation-wide, and given that no class has

2  been certified in this case, and there is substantial doubt that a class can be certified since

3  Plaintiff David Loera is likely not an adequate class representative.

4       C.    Statement Of The Factual And Legal Reasons For
             Compelling A Further Response To Special Interrogatory No. 44
5

6       Objections based upon over breadth or burdensomeness require some explanation as to

7  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

8  this objection as grounds for providing no response at all, any attempt to justify this objection

9  is without merit.

10      Akal's final objection based on the purported inadequacy of plaintiff as a class

11  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

12  objection to valid discovery exists.  Further, California courts have no authority to create new

13  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

14  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

15  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

16  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

17  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

18  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

19  without merit and further responses should be compelled.

20                                        L

21              AKAL SECURITY, INC. SHOULD BE COMPELLED
            TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 45
22

23      A.    Plaintiff's Special Interrogatory No. 45

24      Identify each and every EMPLOYEE from April 15, 2002 until the present who

25  urinated defecated while waiting at his or her post for another EMPLOYEE to relieve him or

26  her for an uninterrupted rest or meal period.

27  / / / / /

28                                      71

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

185  D

B.    Akal's Response To Special Interrogatory No. 45

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

C.    Statement Of The Factual And Legal Reasons For
        Compelling A Further Response To Special Interrogatory No. 45

Objections based upon over breadth or burdensomeness require some explanation as to how or why the request is overbroad or unduly burdensome. Considering that Akal relies on this objection as grounds for providing no response at all, any attempt to justify this objection is without merit.

Akal's final objection based on the purported inadequacy of plaintiff as a class representative is not well taken. Notwithstanding the patent inaccuracy of this claim, no such objection to valid discovery exists. Further, California courts have no authority to create new objections or privileges. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see Evid.Code, § 911.) This "'is one of the few instances where the Evidence Code precludes the courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135 Cal.App.3d at p. 99.) Akal cannot invent objections to lawful discovery requests in an effort to

72

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

*186 D*

1  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

2  without merit and further responses should be compelled.

3                                              LI

4                    AKAL SECURITY, INC. SHOULD BE COMPELLED
       TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 46
5

6       A.    Plaintiff's Special Interrogatory No. 46

7       Identify each and every person, entity, or government agency (including the name,

8  known address, last known phone number, and last known email address) that YOU have

9  contracted with, either in writing or orally, to provide services in the State of California.

10      B.    Akal's Response To Special Interrogatory No. 46

11      Responding Party refers to and incorporates by this reference its General Objections as

12  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

13  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

14  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

15  wide, and in light of the fact that no class has been certified in this case, and there is substantial

16  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

17  class representative. Responding Party also objects to this interrogatory on the grounds that it

18  is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

19  Responding Party further objects on the ground that this request seeks information that is

20  neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

21  discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

22  thousands of employees nation-wide, and given that no class has been certified in this case, and

23  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

24  an adequate class representative; Responding Party further objects to this Interrogatory to the

25  extent that it seeks information and/or the identity of documents which are protected by

26  Responding party's and Responding Party's clients', employees', or customers' rights of

27  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

28                                           73

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1970

1  States or applicable case law.

2         C.    Statement Of The Factual And Legal Reasons For
                 Compelling A Further Response To Special Interrogatory No. 46

3

4      Objections based upon over breadth or burdensomeness require some explanation as to

5  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

6  this objection as grounds for providing no response at all, any attempt to justify this objection

7  is without merit.

8      As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

9  employees unless <u>it</u> provides them notice.  As such, this objection is without merit.

10      Akal's final objection based on the purported inadequacy of plaintiff as a class

11  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

12  objection to valid discovery exists.  Further, California courts have no authority to create new

13  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

14  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

15  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

16  courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

17  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

18  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

19  without merit and further responses should be compelled.

20                             LII

21            AKAL SECURITY, INC. SHOULD BE COMPELLED
      TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 47

22

23         A.    Plaintiff's Special Interrogatory No. 47

24      Identify each and every property, by street address and city as well as by parcel

25  number, upon which YOU have provide services in the State of California.

26         B.    Akal's Response To Special Interrogatory No. 47

27      Responding Party refers to and incorporates by this reference its General Objections as

28                            74

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1880

1    if set forth in full herein. Responding Party further objects to this interrogatory on the ground

2    that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

3    harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

4    wide, and in light of the fact that no class has been certified in this case, and there is substantial

5    doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

6    class representative. Responding Party also objects to this interrogatory on the grounds that it

7    is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

8         Responding Party further objects on the ground that this request seeks information that

9    is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

10   discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

11   thousands of employees nation-wide, and given that no class has been certified in this case, and

12   there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

13   an adequate class representative.

14   C.    Statement Of The Factual And Legal Reasons For
           Compelling A Further Response To Special Interrogatory No. 47

15

16        Objections based upon over breadth or burdensomeness require some explanation as to

17   how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

18   this objection as grounds for providing no response at all, any attempt to justify this objection

19   is without merit.

20        Akal's final objection based on the purported inadequacy of plaintiff as a class

21   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

22   objection to valid discovery exists.  Further, California courts have no authority to create new

23   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

24   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

25   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

26   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

27   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

28                                               75

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

*189 D*

1  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

2  without merit and further responses should be compelled.

3                                         LIII

4            AKAL SECURITY, INC. SHOULD BE COMPELLED
5      TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 50

6       A.     Plaintiff's Special Interrogatory No. 50

7       For each and every position identified in YOUR response to Special Interrogatory No.

8  45, identify the person by name, last known address, last known phone number, and last known

9  email address who held each position immediately before and immediately after Joaquin

10  Reclosado.

11      B.     Akal's Response To Special Interrogatory No. 50

12      Responding Party refers to and incorporates by this reference its General Objections as

13  if set forth in full herein. Responding Party further objects to this interrogatory on the ground

14  that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

15  harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

16  wide, and in light of the fact that no class has been certified in this case, and there is substantial

17  doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

18  class representative. Responding Party also objects to this interrogatory on the grounds that it

19  is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

20  Responding Party further objects on the ground that this request seeks information that is

21  neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

22  discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

23  thousands of employees nation-wide, and given that no class has been certified in this case, and

24  there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

25  an adequate class representative. Responding Party further objects to this Interrogatory to the

26  extent that it seeks information and/or the identity of documents which are protected by

27  Responding party's and Responding Party's clients', employees', or customers' rights of

28                                         76

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

190 p

1  privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

2  States or applicable case law.

3      C.      Statement Of The Factual And Legal Reasons For
               <u>Compelling A Further Response To Special Interrogatory No. 50</u>
4

5      Objections based upon over breadth or burdensomeness require some explanation as to

6  how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

7  this objection as grounds for providing no response at all, any attempt to justify this objection

8  is without merit.

9      As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

10  employees unless <u>it</u> provides them notice.  As such, this objection is without merit.

11      Akal's final objection based on the purported inadequacy of plaintiff as a class

12  representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

13  objection to valid discovery exists.  Further, California courts have no authority to create new

14  objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

15  Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

16  Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

17  courts from elaborating upon the statutory scheme.'" (*Dickerson v. Superior Court, supra,* 135

18  Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

19  obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

20  without merit and further responses should be compelled.

21                              LIV

22              AKAL SECURITY, INC. SHOULD BE COMPELLED
23      <u>TO GIVE A FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 51</u>

24      A.      <u>Plaintiff's Special Interrogatory No. 51</u>

25      Identify the last known address, last known phone number, and last known email

26  address for Joaquin Reclosado.

27  / / / / /

28                              77

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

191 D

1       B.      Akal's Response To Special Interrogatory No. 51

2              Responding Party refers to and incorporates by this reference its General Objections as

3       if set forth in full herein. Responding Party further objects to this interrogatory on the ground

4       that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and

5       harassing, in light of the fact that Responding Party has tens of thousands of employees nation-

6       wide, and in light of the fact that no class has been certified in this case, and there is substantial

7       doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate

8       class representative. Responding Party also objects to this interrogatory on the grounds that it

9       is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

10      Responding Party further objects on the ground that this request seeks information that is

11      neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

12      discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of

13      thousands of employees nation-wide, and given that no class has been certified in this case, and

14      there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not

15      an adequate class representative. Responding Party further objects to this Interrogatory to the

16      extent that it seeks information and/or the identity of documents which are protected by

17      Responding party's and Responding Party's clients', employees', or customers' rights of

18      privacy under Article I, Section 1 of the California Constitution, the Constitution of the United

19      States or applicable case law.

20      C.      Statement Of The Factual And Legal Reasons For
                Compelling A Further Response To Special Interrogatory No. 51
21

22             Objections based upon over breadth or burdensomeness require some explanation as to

23      how or why the request is overbroad or unduly burdensome.  Considering that Akal relies on

24      this objection as grounds for providing no response at all, any attempt to justify this objection

25      is without merit.

26             As noted in Plaintiff's moving papers, Akal cannot maintain a privacy objection for its

27      employees unless it provides them notice.  As such, this objection is without merit.

28                                              78

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

192 D

1        Akal's final objection based on the purported inadequacy of plaintiff as a class

2   representative is not well taken.  Notwithstanding the patent inaccuracy of this claim, no such

3   objection to valid discovery exists.  Further, California courts have no authority to create new

4   objections or privileges.  (*OXY Resources California LLC v. Superior Court* (2004) 115

5   Cal.App.4th 874, 889, citing *Dickerson v. Superior Court* (1982) 135 Cal.App.3d 93, 99; see

6   Evid.Code, § 911.)  This "'is one of the few instances where the Evidence Code precludes the

7   courts from elaborating upon the statutory scheme.'"  (*Dickerson v. Superior Court, supra,* 135

8   Cal.App.3d at p. 99.)  Akal cannot invent objections to lawful discovery requests in an effort to

9   obtain piecemeal adjudication of class certification issues.   Accordingly, this objection is

10  without merit and further responses should be compelled.

11

    DATED:  April 11, 2007                    Respectfully submitted,
12
                                              MARKS, GOLIA & FINCH, LLP
13

14
                                              By:_____
15                                              STEPHEN J. SCHULTZ
                                                JASON R. THORNTON
16                                              BERNARD F. KING III
                                              Attorneys for Plaintiff David Loera
17

18

19

20

21

22

23

24

25

26
    974.002/BK622.am
27

28                                79

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SEPARATE STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

193 D

1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street
   Suite 4900
4  Los Angeles, CA 90071
   Telephone: (213) 576-5000
5  Facsimile: (213) 680-4470

6  Attorneys For Defendant
   AKAL SECURITY, INC.

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL

9

10

11 DAVID LOERA, for himself and on behalf of      CASE NO. ECU03022
   all others similarly situated and the general
12 public.                                         *[Assigned to Hon. Christopher W. Yeager,
                                                    Dept. 7]*
13                              Plaintiffs,
                                                    DEFENDANT AKAL SECURITY,
14              v.                                   INC.'S SEPARATE STATEMENT IN
                                                    OPPOSITION TO MOTION TO
15 AKAL SECURITY, INC., a corporation; and          COMPEL
   DOES 1-100, inclusive
16                                                  [Memorandum Of Points And Authorities In
                               Defendants.          Opposition Filed Currently Herewith]
17
                                                    Date:         May 7, 2007
18                                                  Time:         8:30 a.m.
                                                    Dept.:        7
19
                                                    Complaint Filed:   April 27, 2006
20                                                  Trial Date:        Not Set

21

22       Defendant Akal Security, Inc. ("Akal") herby submits the following Separate Statement

23 in Opposition to Plaintiff David Loera's ("Plaintiff") Motion to Compel:

24 ///

25 ///

26 ///

27 ///

28 ///

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO
                                    COMPEL

ENDORSED
APR 24 2007
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESES
DEPUTY

194 D

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged DOCUMENTS referring or relating to any collective bargaining agreement in effect for the time period from April 15, 2002 to the present involving YOUR company and its EMPLOYEES.

A.    For the purposes of this set of special interrogatories, the term DOCUMENT refers to all "writings" as specified in Evidence Code Section 250.

B.    For the purposes of this set of special interrogatories, the term EMPLOYEE means: A person who works in the service of another person ("EMPLOYER") under an express or implied contract of hire, under which the EMPLOYER has the right to control the details of work performance. For the purposes of these requests EMPLOYEE shall be limited to EMPLOYEES working in California from April 15, 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this Request on the grounds that it is vague and ambiguous, overbroad, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects that discovery is in its initial stages. Responding Party further objects on the grounds that this Requests seeks the production of documents protected by the attorney-client and work-product privileges. Responding Party further objects that documents responsive to this request are equally available to Plaintiff. Notwithstanding, subject to, and without waiving the foregoing objections, Responding Party states: it will produce all responsive, relevant, non-privileged documents in its possession, custody or control.

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 1:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Request for Production No. 1. (See Cal Code of Civ. Proc., §§ 2031.310(c), 1013.) Akal never served a supplemental response and never

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1950

1  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

2  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

3  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

4  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

5  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

6      Even if the motion was timely filed, Akal properly responded in accordance with

7  California Code of Civil Procedure section 2031.240, which specifically allows a party to assert

8  an objection *and* provide a statement of compliance. Here, Akal has stated a proper objection,

9  provided a substantive Code-compliant response, and produced all responsive documents. Akal

10  is simply not required to do anything further.

11  **REQUEST FOR PRODUCTION NO. 2:**

12      All DOCUMENTS referring or relating to YOUR EMPLOYEES' meal period premium

13  pay for the time period from April 15, 2002 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

15      Responding Party refers to and incorporates by this reference its Preliminary Statement

16  and General Objections as if set forth in full herein. Responding Party further objects to this

17  request on the ground that it is overly broad and indiscriminate as to time and scope,

18  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

19  thousands of employees nation-wide, and in light of the fact that no class has been certified in

20  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

21  Loera is likely not an adequate class representative. Responding Party further objects on the

22  ground that this request seeks information that is neither relevant to the subject matter of this

23  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

24  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

25  that no class has been certified in this case, and there is substantial doubt that a class can be

26  certified since Plaintiff David Loera is likely not an adequate class representative.

27  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 2:**

28      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 3 -

*196 D*

1    service of Akal's November 2, 2006 response to Request for Production No. 2.  (See Cal Code of

2    Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

3    granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

4    Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

5    compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

6    Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

7    736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

8         Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

9    request for private information of its employees.  Plaintiff simply refuses to address the right of

10    privacy in personnel and financial records guaranteed by the California Constitution and

11    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

12    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

13    documents and information, including the disclosure of telephone numbers and addresses, as

14    well as wage and tax return information, of Akal employees without their consent.  This is in

15    blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

16    the propounding party must give notice to the employee and give him a chance to object.  (See

17    Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

18    04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

19    (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

20    Cal.App.3d 516, 527-29.)

21    **REQUEST FOR PRODUCTION NO. 3:**

22         All DOCUMENTS referring or relating to YOUR EMPLOYEES' rest break premium

23    pay for the time period from April 15, 2002 to the present.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25         Responding Party refers to and incorporates by this reference its Preliminary Statement

26    and General Objections as if set forth in full herein.  Responding Party further objects to this

27    request on the ground that it is overly broad and indiscriminate as to time and scope,

28    burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 4 -

*197*   D

1    thousands of employees nation-wide, and in light of the fact that no class has been certified in

2    this case, and there is substantial doubt that a class can be certified given that Plaintiff David

3    Loera is likely not an adequate class representative.   Responding Party further objects on the

4    ground that this request seeks information that is neither relevant to the subject matter of this

5    action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

6    *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

7    that no class has been certified in this case, and there is substantial doubt that a class can be

8    certified since Plaintiff David Loera is likely not an adequate class representative.

9    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 3:**

10.          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

11    service of Akal's November 2, 2006 response to Request for Production No. 3. (See Cal Code of

12    Civ. Proc., §§ 2031.310(c), 1013.) Akal never served a supplemental response and never

13    granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

14    Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

15    compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

16    Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

17    736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

18          Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

19    request for private information of its employees.  Plaintiff simply refuses to address the right of

20    privacy in personnel and financial records guaranteed by the California Constitution and

21    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

22    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

23    documents and information, including the disclosure of telephone numbers and addresses, as

24    well as wage and tax return information, of Akal employees without their consent.  This is in

25    blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

26    the propounding party must give notice to the employee and give him a chance to object. (See

27    Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

28    04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 5 -

*198 0*

1  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

2  Cal.App.3d 516, 527-29.)

3  **REQUEST FOR PRODUCTION NO. 4:**

4       All DOCUMENTS referring or relating to employment policies in effect from April 15,

5  2002 to the present associated with EMPLOYEE rest breaks or meal periods.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

7       Responding Party refers to and incorporates by this reference its Preliminary Statement

8  and General Objections as if set forth in full herein.  Responding Party further objects to this

9  request on the ground that it is overly broad and indiscriminate as to time and scope,

10  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

11  thousands of employees nation-wide, and in light of the fact that no class has been certified in

12  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

13  Loera is likely not an adequate class representative.   Responding Party further objects on the

14  ground that this request seeks information that is neither relevant to the subject matter of this

15  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

16  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

17  that no class has been certified in this case, and there is substantial doubt that a class can be

18  certified since Plaintiff David Loera is likely not an adequate class representative.

19  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 4:**

20       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

21  service of Akal's November 2, 2006 response to Request for Production No. 4.  (See Cal Code of

22  Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

23  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

24  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

25  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

26  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

27  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

*199 D*

-6-

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS referring or relating to EMPLOYEE compensation for time worked from April 15, 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this request on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 5:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Request for Production No. 5. (See Cal Code of Civ. Proc., §§ 2031.310(c), 1013.) Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Request. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad request for private information of its employees. Plaintiff simply refuses to address the right of privacy in personnel and financial records guaranteed by the California Constitution and

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 7 -

*200 D*

1  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

2  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

3  documents and information, including the disclosure of telephone numbers and addresses, as

4  well as wage and tax return information, of Akal employees without their consent. This is in

5  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

6  the propounding party must give notice to the employee and give him a chance to object. (See

7  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

8  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

9  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

10  Cal.App.3d 516, 527-29.)

11  **REQUEST FOR PRODUCTION NO. 6:**

12       All DOCUMENTS referring or relating to the hours worked by all EMPLOYEES for the

13  time period from April 15, 2002 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

15       Responding Party refers to and incorporates by this reference its Preliminary Statement

16  and General Objections as if set forth in full herein. Responding Party further objects to this

17  request on the ground that it is overly broad and indiscriminate as to time and scope,

18  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

19  thousands of employees nation-wide, and in light of the fact that no class has been certified in

20  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

21  Loera is likely not an adequate class representative. Responding Party further objects on the

22  ground that this request seeks information that is neither relevant to the subject matter of this

23  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

24  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

25  that no class has been certified in this case, and there is substantial doubt that a class can be

26  certified since Plaintiff David Loera is likely not an adequate class representative.

27  Notwithstanding the foregoing objections, and without waiver of same, Responding Party states:

28  it will produce all responsive documents relating to Plaintiff David Loera only.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

*2 O I D*

- 8 -

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 6:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Request for Production No. 6. (See Cal Code of Civ. Proc., §§ 2031.310(c), 1013.) Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Request. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad request for private information of its employees. Plaintiff simply refuses to address the right of privacy in personnel and financial records guaranteed by the California Constitution and protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted discovery, including the Special Interrogatories and Requests for Production of Documents, seek documents and information, including the disclosure of telephone numbers and addresses, as well as wage and tax return information, of Akal employees without their consent. This is in blatant disregard of such employees' right of privacy. Before employment records are disclosed, the propounding party must give notice to the employee and give him a chance to object. (See Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 527-29.)

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS referring or relating to EMPLOYEE compensation for breaks, including meal periods and rest breaks for the time period from April 15, 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 9 -

202 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1 | request on the ground that it is overly broad and indiscriminate as to time and scope,

2 | burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

3 | thousands of employees nation-wide, and in light of the fact that no class has been certified in

4 | this case, and there is substantial doubt that a class can be certified given that Plaintiff David

5 | Loera is likely not an adequate class representative.   Responding Party further objects on the

6 | ground that this request seeks information that is neither relevant to the subject matter of this

7 | action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

8 | *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

9 | that no class has been certified in this case, and there is substantial doubt that a class can be

10 | certified since Plaintiff David Loera is likely not an adequate class representative.

11 | **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 7:**

12 |       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

13 | service of Akal's November 2, 2006 response to Request for Production No. 7.  (See Cal Code of

14 | Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

15 | granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

16 | Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

17 | compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

18 | Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

19 | 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

20 |       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

21 | request for private information of its employees.  Plaintiff simply refuses to address the right of

22 | privacy in personnel and financial records guaranteed by the California Constitution and

23 | protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

24 | discovery, including the Special Interrogatories and Requests for Production of Documents, seek

25 | documents and information, including the disclosure of telephone numbers and addresses, as

26 | well as wage and tax return information, of Akal  employees without their consent.  This is in

27 | blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

28 | the propounding party must give notice to the employee and give him a chance to object. (See

- 10 -

*2030*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

2  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

3  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

4  Cal.App.3d 516, 527-29.)

5  **REQUEST FOR PRODUCTION NO. 8:**

6  　　　All DOCUMENTS referring or relating to the job duties of each position within YOUR

7  company for the time period from April 15, 2002 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9  　　　Responding Party refers to and incorporates by this reference its Preliminary Statement

10  and General Objections as if set forth in full herein.  Responding Party further objects to this

11  request on the ground that it is overly broad and indiscriminate as to time and scope,

12  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

13  thousands of employees nation-wide, and in light of the fact that no class has been certified in

14  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

15  Loera is likely not an adequate class representative.  Responding Party further objects on the

16  ground that this request seeks information that is neither relevant to the subject matter of this

17  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

18  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

19  that no class has been certified in this case, and there is substantial doubt that a class can be

20  certified since Plaintiff David Loera is likely not an adequate class representative.

21  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 8:**

22  　　　Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

23  service of Akal's November 2, 2006 response to Request for Production No. 8.  (See Cal Code of

24  Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

25  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

26  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

27  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

28  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

- 11 -

204  D

1 │ 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

2 │ **REQUEST FOR PRODUCTION NO. 9:**

3 │      All DOCUMENTS referring or relating to EMPLOYEE requests for rest periods for the

4 │ time period from April 15, 2002 to the present.

5 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6 │      Responding Party refers to and incorporates by this reference its Preliminary Statement

7 │ and General Objections as if set forth in full herein.  Responding Party further objects to this

8 │ request on the ground that it is overly broad and indiscriminate as to time and scope,

9 │ burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

10 │ thousands of employees nation-wide, and in light of the fact that no class has been certified in

11 │ this case, and there is substantial doubt that a class can be certified given that Plaintiff David

12 │ Loera is likely not an adequate class representative.   Responding Party further objects on the

13 │ ground that this request seeks information that is neither relevant to the subject matter of this

14 │ action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

15 │ *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

16 │ that no class has been certified in this case, and there is substantial doubt that a class can be

17 │ certified since Plaintiff David Loera is likely not an adequate class representative.

18 │ **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 9:**

19 │      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

20 │ service of Akal's November 2, 2006 response to Request for Production No. 9.  (See Cal Code of

21 │ Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

22 │ granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

23 │ Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

24 │ compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

25 │ Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

26 │ 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

27 │      Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

28 │ request for private information of its employees.  Plaintiff simply refuses to address the right of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 12 -

205 D

1  privacy in personnel and financial records guaranteed by the California Constitution and

2  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

3  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

4  documents and information, including the disclosure of telephone numbers and addresses, as

5  well as wage and tax return information, of Akal employees without their consent.  This is in

6  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

7  the propounding party must give notice to the employee and give him a chance to object.  (See

8  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

9  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

10  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

11  Cal.App.3d 516, 527-29.)

12  **REQUEST FOR PRODUCTION NO. 10:**

13          All DOCUMENTS referring or relating to YOU providing YOUR EMPLOYEES with

14  rest periods for the time period from April 15, 2002 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16          Responding Party refers to and incorporates by this reference its Preliminary Statement

17  and General Objections as if set forth in full herein.  Responding Party further objects to this

18  request on the ground that it is overly broad and indiscriminate as to time and scope,

19  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

20  thousands of employees nation-wide, and in light of the fact that no class has been certified in

21  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

22  Loera is likely not an adequate class representative.   Responding Party further objects on the

23  ground that this request seeks information that is neither relevant to the subject matter of this

24  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

25  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

26  that no class has been certified in this case, and there is substantial doubt that a class can be

27  certified since Plaintiff David Loera is likely not an adequate class representative.

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 13 -

206  D

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 10:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Request for Production No. 10. (See Cal Code of Civ. Proc., §§ 2031.310(c), 1013.) Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Request. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad request for private information of its employees. Plaintiff simply refuses to address the right of privacy in personnel and financial records guaranteed by the California Constitution and protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted discovery, including the Special Interrogatories and Requests for Production of Documents, seek documents and information, including the disclosure of telephone numbers and addresses, as well as wage and tax return information, of Akal employees without their consent. This is in blatant disregard of such employees' right of privacy. Before employment records are disclosed, the propounding party must give notice to the employee and give him a chance to object. (See Cal. Code. Civ. Proc. § 1985.6(b); Hooser v. Superior Court (2000) 84 Cal. App. 4th 997, 1003-04 (a person has a right to privacy in his personnel records); Perez v. County of Santa Clara (2003) 111 Cal.App.4th 671, 678; see also, Board of Trustees v. Superior Court (1981) 119 Cal.App.3d 516, 527-29.)

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that you relied upon in preparing YOUR answers to the special interrogatories served herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects to this

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   request on the ground that it is overly broad and indiscriminate as to time and scope,

2   burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

3   thousands of employees nation-wide, and in light of the fact that no class has been certified in

4   this case, and there is substantial doubt that a class can be certified given that Plaintiff David

5   Loera is likely not an adequate class representative.   Responding Party further objects on the

6   ground that this request seeks information that is neither relevant to the subject matter of this

7   action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

8   *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

9   that no class has been certified in this case, and there is substantial doubt that a class can be

10  certified since Plaintiff David Loera is likely not an adequate class representative.

11  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 38:**

12          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

13  service of Akal's November 2, 2006 response to Request for Production No. 38.  (See Cal Code

14  of Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

15  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

16  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

17  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

18  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

19  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

20  **REQUEST FOR PRODUCTION NO. 39:**

21          All DOCUMENTS that you relied upon in preparing YOUR answers to the requests for

22  admissions served herewith.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

24          Responding Party refers to and incorporates by this reference its Preliminary Statement

25  and General Objections as if set forth in full herein.  Responding Party further objects to this

26  request on the ground that it is overly broad and indiscriminate as to time and scope,

27  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

28  thousands of employees nation-wide, and in light of the fact that no class has been certified in

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 15 -

*208*   *D*

1  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

2  Loera is likely not an adequate class representative.   Responding Party further objects on the

3  ground that this request seeks information that is neither relevant to the subject matter of this

4  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

5  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

6  that no class has been certified in this case, and there is substantial doubt that a class can be

7  certified since Plaintiff David Loera is likely not an adequate class representative.

8  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 39:**

9        Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

10  service of Akal's November 2, 2006 response to Request for Production No. 39.  (See Cal Code

11  of Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

12  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

13  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

14  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); <u>Vidal Sassoon, Inc. v.</u>

15  <u>Superior Court</u> (1983) 147 Cal.App.3d 681, 685; <u>Sperber v. Robinson</u> (1994) 26 Cal.App.4th

16  736, 745; <u>Sexton v. Superior Court</u> (1997) 58 Cal.App.4th 1403, 1410.)

17  **REQUEST FOR PRODUCTION NO. 40:**

18        All DOCUMENTS referred to in YOUR answers to the special interrogatories served

19  herewith.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21        Responding Party objects to this request on the grounds that it seeks privileged

22  information, including, but not necessarily limited to, information encompassed and protected by

23  the attorney-client privilege and/or the attorney work product doctrine.  Responding Party further

24  objects in that this Request is the exact-same as Request No. 38, and is on that basis

25  unreasonably duplicative and harassing, and that basis Akal will not respond.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

27        Responding Party refers to and incorporates by this reference its Preliminary Statement

28  and General Objections as if set forth in full herein.  Notwithstanding, subject to, and without

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 16 -

1  waiving the foregoing objection, Responding Party states: it will produce all responsive

2  documents in its possession, custody or control.

3  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 40:**

4      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

5  service of Akal's November 2, 2006 response to Request for Production No. 40. (See Cal Code

6  of Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

7  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

8  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

9  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

10  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

11  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

12      Even if the motion was timely filed, Akal properly responded in accordance with

13  California Code of Civil Procedure section 2031.240, which specifically allows a party to assert

14  an objection *and* provide a statement of compliance.  Here, Akal has stated a proper objection,

15  provided a substantive Code-compliant response, and produced all responsive documents.  Akal

16  is simply not required to do anything further.

17  **REQUEST FOR PRODUCTION NO. 42:**

18      All DOCUMENTS referring or relating to YOUR EMPLOYEES' complaints to YOU

19  about insufficient rest breaks or meal periods.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

21      Responding Party refers to and incorporates by this reference its Preliminary Statement

22  and General Objections as if set forth in full herein.  Responding Party further objects to this

23  request on the ground that it is overly broad and indiscriminate as to time and scope,

24  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

25  thousands of employees nation-wide, and in light of the fact that no class has been certified in

26  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

27  Loera is likely not an adequate class representative.  Responding Party further objects on the

28  ground that this request seeks information that is neither relevant to the subject matter of this

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 17 -

210

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

2   *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

3   that no class has been certified in this case, and there is substantial doubt that a class can be

4   certified since Plaintiff David Loera is likely not an adequate class representative.

5   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 42:**

6          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

7   service of Akal's November 2, 2006 response to Request for Production No. 42. (See Cal Code

8   of Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

9   granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

10  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

11  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); <u>Vidal Sassoon, Inc. v.</u>

12  <u>Superior Court</u> (1983) 147 Cal.App.3d 681, 685; <u>Sperber v. Robinson</u> (1994) 26 Cal.App.4th

13  736, 745; <u>Sexton v. Superior Court</u> (1997) 58 Cal.App.4th 1403, 1410.)

14         Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

15  request for private information of its employees.  Plaintiff simply refuses to address the right of

16  privacy in personnel and financial records guaranteed by the California Constitution and

17  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

18  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

19  documents and information, including the disclosure of telephone numbers and addresses, as

20  well as wage and tax return information, of Akal employees without their consent.  This is in

21  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

22  the propounding party must give notice to the employee and give him a chance to object. (See

23  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

24  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

25  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

26  Cal.App.3d 516, 527-29.)

27  **REQUEST FOR PRODUCTION NO. 44:**

28         All DOCUMENTS referring or relating to post log books for each location in California

- 18 -

2 11 0

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO
COMPEL

1  YOU performed services from April 15, 2002 until the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

3  Responding Party refers to and incorporates by this reference its Preliminary Statement

4  and General Objections as if set forth in full herein.  Responding Party further objects to this

5  request on the ground that it is overly broad and indiscriminate as to time and scope,

6  burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

7  thousands of employees nation-wide, and in light of the fact that no class has been certified in

8  this case, and there is substantial doubt that a class can be certified given that Plaintiff David

9  Loera is likely not an adequate class representative.  Responding Party further objects on the

10  ground that this request seeks information that is neither relevant to the subject matter of this

11  action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

12  *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

13  that no class has been certified in this case, and there is substantial doubt that a class can be

14  certified since Plaintiff David Loera is likely not an adequate class representative.

15  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 44:**

16  Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

17  service of Akal's November 2, 2006 response to Request for Production No. 44.  (See Cal Code

18  of Civ. Proc., §§ 2031.310(c), 1013.)  Akal never served a supplemental response and never

19  granted Plaintiff an extension of time in which to file a motion to compel as to this Request.

20  Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

21  compel any further response. (See Cal Code of Civ. Proc., § 2030.310(c); Vidal Sassoon, Inc. v.

22  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

23  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

24  Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

25  request for private information of its employees.  Plaintiff simply refuses to address the right of

26  privacy in personnel and financial records guaranteed by the California Constitution and

27  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

28  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

- 19 -

212 D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    documents and information, including the disclosure of telephone numbers and addresses, as

2    well as wage and tax return information, of Akal employees without their consent. This is in

3    blatant disregard of such employees' right of privacy. Before employment records are disclosed,

4    the propounding party must give notice to the employee and give him a chance to object. (See

5    Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

6    04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

7    (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

8    Cal.App.3d 516, 527-29.)

9    **REQUEST FOR PRODUCTION NO. 45:**

10        All DOCUMENTS referring or relating to post log books for the Dept. of Homeland

11   Security Immigration Detention Center in Imperial County from April 15, 2002 until present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

13        Responding Party objects to this request on the grounds that it seeks privileged

14   information, including, but not necessarily limited to, information encompassed and protected by

15   the attorney-client privilege and/or the attorney work product doctrine. Responding Party further

16   objects in that this Request is the exact-same as Request No. 41, and is on that basis

17   unreasonably duplicative and harassing, and that basis Akal will not respond.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

19        Responding Party refers to and incorporates by this reference its Preliminary Statement

20   and General Objections as if set forth in full herein. Responding Party further objects on the

21   ground that this Request seeks privileged information, including, but not necessarily limited to,

22   information encompassed and protected by the attorney-client privilege and/or the attorney work

23   product doctrine. Responding Party further objects on the grounds that the "All DOCUMENTS

24   referring to or relating to" is overly broad and vague, rendering this Request burdensome and

25   harassing. Subject to the foregoing objections, and without waiver of same, Responding Party

26   states: Responding Party has (or will) produce all shift logs for Plaintiff David Loera in

27   Responding Party's possession, custody or control.

28

2 13 D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party refers to and incorporates by this reference its Preliminary Statement and General Objections as if set forth in full herein. Responding Party further objects on the ground that this Request seeks privileged information, including, but not necessarily limited to, information encompassed and protected by the attorney-client privilege and/or the attorney work product doctrine. Responding Party further objects on the grounds that the "All DOCUMENTS referring to or relating to" is overly broad and vague, rendering this Request burdensome and harassing. Subject to the foregoing objections, and without waiver of same, Responding Party states: Responding Party will produce all shift logs for Plaintiff David Loera in Responding Party's possession, custody or control.

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 45:**

Akal properly responded to this Request No. 45 in accordance with California Code of Civil Procedure section 2031.240, which specifically allows a party to assert an objection *and* provide a statement of compliance. Here, Akal has stated a proper objection, provided a substantive Code-compliant response, and produced all responsive documents. Akal is simply not required to do anything further.

Akal also properly objected to Plaintiff's overbroad request for private information of its employees. Plaintiff simply refuses to address the right of privacy in personnel and financial records guaranteed by the California Constitution and protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted discovery, including the Special Interrogatories and Requests for Production of Documents, seek documents and information, including the disclosure of telephone numbers and addresses, as well as wage and tax return information, of Akal employees without their consent. This is in blatant disregard of such employees' right of privacy. Before employment records are disclosed, the propounding party must give notice to the employee and give him a chance to object. (See Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 527-29.)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 21 -

214 D

1    **REQUEST FOR PRODUCTION NO. 46:**

2        All DOCUMENTS that constitute, refer, or relate to correspondence between YOU and

3    SPFPA Local 165.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

5        Responding Party refers to and incorporates by this reference its Preliminary Statement

6    and General Objections as if set forth in full herein.  Responding Party further objects to this

7    request on the ground that it is overly broad and indiscriminate as to time and scope,

8    burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of

9    thousands of employees nation-wide, and in light of the fact that no class has been certified in

10   this case, and there is substantial doubt that a class can be certified given that Plaintiff David

11   Loera is likely not an adequate class representative.   Responding Party further objects on the

12   ground that this request seeks information that is neither relevant to the subject matter of this

13   action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, *inter*

14   *alia*, the fact that Responding Party has tens of thousands of employees nation-wide, and given

15   that no class has been certified in this case, and there is substantial doubt that a class can be

16   certified since Plaintiff David Loera is likely not an adequate class representative.

17   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18       Responding Party refers to and incorporates by this reference its Preliminary Statement

19   and General Objections as if set forth in full herein.  Responding Party further objects on the

20   ground that this request seeks information that is neither relevant to the subject matter of this

21   action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding

22   Party further objects to this request on the ground that it is overly broad and indiscriminate as to

23   time and scope, and is therefore burdensome, oppressive and harassing.  Responding Party

24   further objects to this Requests to the extent that it seeks to require the Responding Party to

25   invade the right to privacy set forth in Article I, Section I of the California Constitution and as

26   codified in Civil Code section 1798.81.5 of any of its other current or former employees.

27   Notwithstanding the foregoing objections, and without waiver of same, Responding Party states:

28   it will produce any document regarding any union grievance of Plaintiff David Loera in

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

2 15 0

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  Responding Party's possession, custody or control.

2  **FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

3       Responding Party refers to and incorporates by this reference its Preliminary Statement

4  and General Objections as if set forth in full herein.  Responding Party further objects on the

5  ground that this request seeks information that is neither relevant to the subject matter of this

6  action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding

7  Party further objects to this request on the ground that it is overly broad and indiscriminate as to

8  time and scope, and is therefore burdensome, oppressive and harassing.  Responding Party

9  further objects to this Requests to the extent that it seeks to require the Responding Party to

10  invade the right to privacy set forth in Article I, Section I of the California Constitution and as

11  codified in Civil Code section 1798.81.5 of any of its other current or former employees.

12  Notwithstanding the foregoing objections, and without waiver of same, Responding Party states:

13  it will produce responsive documents in Responding Party's possession, custody or control.

14  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 46:**

15       Akal properly responded to Request No. 46 in accordance with California Code of Civil

16  Procedure section 2031.240, which specifically allows a party to assert an objection *and* provide

17  a statement of compliance.  Here, Akal has stated a proper objection, provided a substantive

18  Code-compliant response, and produced all responsive documents.  Akal is simply not required

19  to do anything further.

20       Akal also properly objected to Plaintiff's overbroad request that potentially calls for non

21  relevant and completely unrelated private information of its employees.  Plaintiff simply refuses

22  to address the right of privacy in personnel and financial records guaranteed by the California

23  Constitution and protected by California Code of Civil Procedure section 1985.6.  All of

24  Plaintiff's drafted discovery, including the Special Interrogatories and Requests for Production of

25  Documents, seek documents and information, including the disclosure of telephone numbers and

26  addresses, as well as wage and tax return information, of Akal  employees without their consent.

27  This is in blatant disregard of such employees' right of privacy.  Before employment records are

28  disclosed, the propounding party must give notice to the employee and give him a chance to

- 23 -

*2160*

1    object.  (See Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App.

2    4th 997, 1003-04 (a person has a right to privacy in his personnel records); *Perez v. County of*

3    *Santa Clara* (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court*

4    (1981) 119 Cal.App.3d 516, 527-29.)

5                                    **SPECIAL INTERROGATORIES**

6    **SPECIAL INTERROGATORY NO. 1:**

7            Has it been YOUR company policy at anytime since April 15, 2002 to deny YOUR

8    EMPLOYEES from taking uninterrupted meal breaks?

9            A.      For the purposes of this set of special interrogatories, the term EMPLOYEE

10    means: A person who works in the service of another person ("EMPLOYER") under an express

11    or implied contract of hire, under which the EMPLOYER has the right to control the details of

12    work performance. EMPLOYEE only includes a person providing services in California.

13    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

14            Responding Party refers to and incorporates by this reference its General Objections as if

15    set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

16    it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

17    in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

18    light of the fact that no class has been certified in this case, and there is substantial doubt that a

19    class can be certified given that Plaintiff David Loera is likely not an adequate class

20    representative.   Responding Party further objects on the ground that this request seeks

21    information that is neither relevant to the subject matter of this action, nor reasonably calculated

22    to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

23    has tens of thousands of employees nation-wide, and given that no class has been certified in this

24    case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

25    likely not an adequate class representative.

26    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 1:**

27            Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

28    service of Akal's November 2, 2006 response to Special Interrogatory No. 1. (See Cal Code of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 24 -

*2170*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

2   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

3   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

4   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

5   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

6   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

7   **SPECIAL INTERROGATORY NO. 2:**

8       Has it been YOUR company policy at anytime since April 15, 2002 to deny YOUR

9   EMPLOYEES from taking uninterrupted rest breaks?

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

11      Responding Party refers to and incorporates by this reference its General Objections as if

12  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

13  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

14  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

15  light of the fact that no class has been certified in this case, and there is substantial doubt that a

16  class can be certified given that Plaintiff David Loera is likely not an adequate class

17  representative.   Responding Party further objects on the ground that this request seeks

18  information that is neither relevant to the subject matter of this action, nor reasonably calculated

19  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

20  has tens of thousands of employees nation-wide, and given that no class has been certified in this

21  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

22  likely not an adequate class representative.

23  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 2:**

24      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

25  service of Akal's November 2, 2006 response to Special Interrogatory No. 2.  (See Cal Code of

26  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

27  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

28  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

- 25 -

218 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

2  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

3  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

4  **SPECIAL INTERROGATORY NO. 3:**

5  Has it been YOUR company policy at anytime since April 15, 2002 to allow YOUR

6  EMPLOYEES to take uninterrupted rest breaks and meal breaks?

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

8  Responding Party refers to and incorporates by this reference its General Objections as if

9  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

10  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

11  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

12  light of the fact that no class has been certified in this case, and there is substantial doubt that a

13  class can be certified given that Plaintiff David Loera is likely not an adequate class

14  representative. Responding Party further objects on the ground that this request seeks

15  information that is neither relevant to the subject matter of this action, nor reasonably calculated

16  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

17  has tens of thousands of employees nation-wide, and given that no class has been certified in this

18  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

19  likely not an adequate class representative.

20  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 3:**

21  Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

22  service of Akal's November 2, 2006 response to Special Interrogatory No. 3. (See Cal Code of

23  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

24  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

25  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

26  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

27  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

28  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

- 26 -

2190

**SPECIAL INTERROGATORY NO. 4:**

Has it been YOUR company policy at anytime since April 15, 2002 to allow YOUR EMPLOYEES to take uninterrupted rest breaks and rest breaks?

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 4:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Special Interrogatory No. 4. (See Cal Code of Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

**SPECIAL INTERROGATORY NO. 5:**

Has it been YOUR company policy at anytime since April 15, 2002 to ensure that YOUR EMPLOYEES took uninterrupted meal breaks?

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 27 -

**2 2o**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

2      Responding Party refers to and incorporates by this reference its General Objections as if

3  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

4  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

5  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

6  light of the fact that no class has been certified in this case, and there is substantial doubt that a

7  class can be certified given that Plaintiff David Loera is likely not an adequate class

8  representative. Responding Party further objects on the ground that this request seeks

9  information that is neither relevant to the subject matter of this action, nor reasonably calculated

10  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

11  has tens of thousands of employees nation-wide, and given that no class has been certified in this

12  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

13  likely not an adequate class representative.

14  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 5:**

15      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

16  service of Akal's November 2, 2006 response to Special Interrogatory No. 5. (See Cal Code of

17  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

18  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

19  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

20  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

21  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

22  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

23  **SPECIAL INTERROGATORY NO. 6:**

24      Has it been YOUR company policy at anytime since April 15, 2002 to ensure that YOUR

25  EMPLOYEES took uninterrupted rest breaks?

26  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

27      Responding Party refers to and incorporates by this reference its General Objections as if

28  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

2210

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

2  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

3  light of the fact that no class has been certified in this case, and there is substantial doubt that a

4  class can be certified given that Plaintiff David Loera is likely not an adequate class

5  representative.   Responding Party further objects on the ground that this request seeks

6  information that is neither relevant to the subject matter of this action, nor reasonably calculated

7  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

8  has tens of thousands of employees nation-wide, and given that no class has been certified in this

9  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

10  likely not an adequate class representative.

11  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 6:**

12        Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

13  service of Akal's November 2, 2006 response to Special Interrogatory No. 6. (See Cal Code of

14  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

15  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

16  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

17  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

18  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

19  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

20  **SPECIAL INTERROGATORY NO. 7:**

21        If your answer to Special Interrogatory No. 3 is affirmative, during what time period did

22  YOU ensure that YOUR EMPLOYEES took uninterrupted meal breaks?

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

24        Responding Party refers to and incorporates by this reference its General Objections as if

25  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

26  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

27  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

28  light of the fact that no class has been certified in this case, and there is substantial doubt that a

1    class can be certified given that Plaintiff David Loera is likely not an adequate class

2    representative.   Responding Party further objects on the ground that this request seeks

3    information that is neither relevant to the subject matter of this action, nor reasonably calculated

4    to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

5    has tens of thousands of employees nation-wide, and given that no class has been certified in this

6    case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

7    likely not an adequate class representative.

8    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 7:**

9         Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

10    service of Akal's November 2, 2006 response to Special Interrogatory No. 7.  (See Cal Code of

11    Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

12    Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

13    Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

14    compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

15    Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

16    736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

17    **SPECIAL INTERROGATORY NO. 8:**

18         If your answer to Special Interrogatory No. 3 is affirmative, what documentation, if any,

19    exists to show that YOUR EMPLOYEES took uninterrupted meal breaks during the time period

20    specified in YOUR response to Special Interrogatory No. 5?

21    **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

22         Responding Party refers to and incorporates by this reference its General Objections as if

23    set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

24    it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

25    in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

26    light of the fact that no class has been certified in this case, and there is substantial doubt that a

27    class be certified given that Plaintiff David Loera is likely not an adequate class

28    representative.   Responding Party further objects on the ground that this request seeks

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 30 -

2230

1    information that is neither relevant to the subject matter of this action, nor reasonably calculated

2    to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

3    has tens of thousands of employees nation-wide, and given that no class has been certified in this

4    case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

5    likely not an adequate class representative.

6    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 8:**

7        Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

8    service of Akal's November 2, 2006 response to Special Interrogatory No. 8. (See Cal Code of

9    Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

10   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

11   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

12   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

13   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

14   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

15   **SPECIAL INTERROGATORY NO. 9:**

16       If your answer to Special Interrogatory No. 3 is affirmative, what witnesses, if any,

17   support your contention that YOUR EMPLOYEES took uninterrupted meal breaks during the

18   time period specified in YOUR response to Special Interrogatory No. 5?

19   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

20       Responding Party refers to and incorporates by this reference its General Objections as if

21   set forth in full herein. Responding Party further objects to this interrogatory on the ground that

22   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

23   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

24   light of the fact that no class has been certified in this case, and there is substantial doubt that a

25   class can be certified given that Plaintiff David Loera is likely not an adequate class

26   representative. Responding Party further objects on the ground that this request seeks

27   information that is neither relevant to the subject matter of this action, nor reasonably calculated

28   to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-31-    **224 D**

1 | has tens of thousands of employees nation-wide, and given that no class has been certified in this

2 | case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

3 | likely not an adequate class representative.

4 | **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 9:**

5 | Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

6 | service of Akal's November 2, 2006 response to Special Interrogatory No. 9. (See Cal Code of

7 | Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

8 | Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

9 | Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

10 | compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

11 | Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

12 | 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

13 | **SPECIAL INTERROGATORY NO. 10:**

14 | If your answer to Special Interrogatory No. 4 is affirmative, during what time period did

15 | YOU ensure that YOUR EMPLOYEES took uninterrupted rest breaks?

16 | **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

17 | Responding Party refers to and incorporates by this reference its General Objections as if

18 | set forth in full herein. Responding Party further objects to this interrogatory on the ground that

19 | it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

20 | in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

21 | light of the fact that no class has been certified in this case, and there is substantial doubt that a

22 | class can be certified given that Plaintiff David Loera is likely not an adequate class

23 | representative. Responding Party further objects on the ground that this request seeks

24 | information that is neither relevant to the subject matter of this action, nor reasonably calculated

25 | to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

26 | has tens of thousands of employees nation-wide, and given that no class has been certified in this

27 | case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

28 | likely not an adequate class representative.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 32 -

225 D

1   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 10:**

2       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

3   service of Akal's November 2, 2006 response to Special Interrogatory No. 10. (See Cal Code of

4   Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

5   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

6   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

7   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

8   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

9   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

10  **SPECIAL INTERROGATORY NO. 11:**

11      If your answer to Special Interrogatory No. 4 is affirmative, what documentation, if any,

12  exists to show that YOUR EMPLOYEES took uninterrupted rest breaks during the time period

13  specified in YOUR response to Special Interrogatory No. 8?

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

15      Responding Party refers to and incorporates by this reference its General Objections as if

16  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

17  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

18  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

19  light of the fact that no class has been certified in this case, and there is substantial doubt that a

20  class can be certified given that Plaintiff David Loera is likely not an adequate class

21  representative. Responding Party further objects on the ground that this request seeks

22  information that is neither relevant to the subject matter of this action, nor reasonably calculated

23  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

24  has tens of thousands of employees nation-wide, and given that no class has been certified in this

25  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

26  likely not an adequate class representative.

27  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 11:**

28      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 33 -

2260

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  service of Akal's November 2, 2006 response to Special Interrogatory No. 11. (See Cal Code of

2  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

3  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

4  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

5  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

6  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

7  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

8  **SPECIAL INTERROGATORY NO. 12:**

9         If your answer to Special Interrogatory No. 4 is affirmative, what witnesses, if any,

10  support your contention that YOUR EMPLOYEES took uninterrupted rest breaks during the

11  time period specified in YOUR response to Special Interrogatory No. 8?

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

13         Responding Party refers to and incorporates by this reference its General Objections as if

14  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

15  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

16  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

17  light of the fact that no class has been certified in this case, and there is substantial doubt that a

18  class can be certified given that Plaintiff David Loera is likely not an adequate class

19  representative.   Responding Party further objects on the ground that this request seeks

20  information that is neither relevant to the subject matter of this action, nor reasonably calculated

21  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

22  has tens of thousands of employees nation-wide, and given that no class has been certified in this

23  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

24  likely not an adequate class representative.

25  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 12:**

26         Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

27  service of Akal's November 2, 2006 response to Special Interrogatory No. 12. (See Cal Code of

28  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

- 34 -

227 D

1 | Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

2 | Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

3 | compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

4 | Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

5 | 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

6 | **SPECIAL INTERROGATORY NO. 13:**

7 | What is the largest number of EMPLOYEES YOU have had on YOUR payroll from

8 | April 15, 2002 until the present?

9 | **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

10 | Responding Party refers to and incorporates by this reference its General Objections as if

11 | set forth in full herein. Responding Party further objects to this interrogatory on the ground that

12 | it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

13 | in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

14 | light of the fact that no class has been certified in this case, and there is substantial doubt that a

15 | class can be certified given that Plaintiff David Loera is likely not an adequate class

16 | representative. Responding Party further objects on the ground that this request seeks

17 | information that is neither relevant to the subject matter of this action, nor reasonably calculated

18 | to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

19 | has tens of thousands of employees nation-wide, and given that no class has been certified in this

20 | case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

21 | likely not an adequate class representative.

22 | **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 13:**

23 | Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

24 | service of Akal's November 2, 2006 response to Special Interrogatory No. 13. (See Cal Code of

25 | Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

26 | Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

27 | Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

28 | compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 35 -

228 D

1   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

2   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

3   **SPECIAL INTERROGATORY NO. 14:**

4         On what date, from April 15, 2002 until the present, did YOU have the most

5   EMPLOYEES on YOUR payroll?

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

7         Responding Party refers to and incorporates by this reference its General Objections as if

8   set forth in full herein. Responding Party further objects to this interrogatory on the ground that

9   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

10   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

11   light of the fact that no class has been certified in this case, and there is substantial doubt that a

12   class can be certified given that Plaintiff David Loera is likely not an adequate class

13   representative. Responding Party further objects on the ground that this request seeks

14   information that is neither relevant to the subject matter of this action, nor reasonably calculated

15   to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

16   has tens of thousands of employees nation-wide, and given that no class has been certified in this

17   case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

18   likely not an adequate class representative.

19   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 14:**

20        Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

21   service of Akal's November 2, 2006 response to Special Interrogatory No. 14. (See Cal Code of

22   Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

23   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

24   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

25   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

26   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

27   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

229 D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1 | **SPECIAL INTERROGATORY NO. 15:**

2 |     From April 15, 2002 until the present, on average how many EMPLOYEES did YOU

3 | have on your payroll?

4 | **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

5 |     Responding Party refers to and incorporates by this reference its General Objections as if

6 | set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

7 | it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

8 | in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

9 | light of the fact that no class has been certified in this case, and there is substantial doubt that a

10 | class can be certified given that Plaintiff David Loera is likely not an adequate class

11 | representative.   Responding Party further objects on the ground that this request seeks

12 | information that is neither relevant to the subject matter of this action, nor reasonably calculated

13 | to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

14 | has tens of thousands of employees nation-wide, and given that no class has been certified in this

15 | case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

16 | likely not an adequate class representative.

17 | **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 15:**

18 |     Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

19 | service of Akal's November 2, 2006 response to Special Interrogatory No. 15.  (See Cal Code of

20 | Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

21 | Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

22 | Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

23 | compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

24 | Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

25 | 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

26 | **SPECIAL INTERROGATORY NO. 16:**

27 |     Identify each and every person YOU EMPLOYED to perform services in California from

28 | April 15, 2002 until the present.

- 37 -

*230 0*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    A.    For the purposes of this set of special interrogatories, the term EMPLOY means:

2    To commission and entrust with the performance of certain acts or functions or with the

3    management of one's affairs.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

5    Responding Party refers to and incorporates by this reference its General Objections as if

6    set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

7    it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

8    in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

9    light of the fact that no class has been certified in this case, and there is substantial doubt that a

10    class can be certified given that Plaintiff David Loera is likely not an adequate class

11    representative.   Responding Party further objects on the ground that this request seeks

12    information that is neither relevant to the subject matter of this action, nor reasonably calculated

13    to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

14    has tens of thousands of employees nation-wide, and given that no class has been certified in this

15    case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

16    likely not an adequate class representative.   Responding Party further objects to this

17    Interrogatory to the extent that it seeks information and/or the identity of documents which are

18    protected by Responding party's and Responding Party's clients', employees', or customers'

19    rights of privacy under Article I, Section 1 of the California Constitution, the Constitution of the

20    United States or applicable case law.

21    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 16:**

22    Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

23    service of Akal's November 2, 2006 response to Special Interrogatory No. 16.  (See Cal Code of

24    Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

25    Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

26    Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

27    compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

28    Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

- 38 -

2 3 / 0

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    736, 745; <u>Sexton v. Superior Court</u> (1997) 58 Cal.App.4th 1403, 1410.)

2    Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

3    request for private information of its employees. Plaintiff simply refuses to address the right of

4    privacy in personnel and financial records guaranteed by the California Constitution and

5    protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

6    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

7    documents and information, including the disclosure of telephone numbers and addresses, as

8    well as wage and tax return information, of Akal employees without their consent. This is in

9    blatant disregard of such employees' right of privacy. Before employment records are disclosed,

10   the propounding party must give notice to the employee and give him a chance to object. (See

11   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

12   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

13   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

14   Cal.App.3d 516, 527-29.)

15   **SPECIAL INTERROGATORY NO. 17:**

16   For each and every EMPLOYEE identified in YOUR response to Special Interrogatory

17   No. 14, list that EMPLOYEE'S starting and ending hourly wage.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

19   Responding Party refers to and incorporates by this reference its General Objections as if

20   set forth in full herein. Responding Party further objects to this interrogatory on the ground that

21   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

22   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

23   light of the fact that no class has been certified in this case, and there is substantial doubt that a

24   class can be certified given that Plaintiff David Loera is likely not an adequate class

25   representative. Responding Party further objects on the ground that this request seeks

26   information that is neither relevant to the subject matter of this action, nor reasonably calculated

27   to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

28   has tens of thousands of employees nation-wide, and given that no class has been certified in this

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1   case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

2   likely not an adequate class representative.

3   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 17:**

4       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

5   service of Akal's November 2, 2006 response to Special Interrogatory No. 17. (See Cal Code of

6   Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

7   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

8   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

9   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

10  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

11  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

12      Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

13  request for private information of its employees. Plaintiff simply refuses to address the right of

14  privacy in personnel and financial records guaranteed by the California Constitution and

15  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

16  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

17  documents and information, including the disclosure of telephone numbers and addresses, as

18  well as wage and tax return information, of Akal employees without their consent. This is in

19  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

20  the propounding party must give notice to the employee and give him a chance to object. (See

21  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

22  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

23  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

24  Cal.App.3d 516, 527-29.)

25  **SPECIAL INTERROGATORY NO. 18:**

26      Identify each and every person or entity by name, last known address, last known phone

27  number, and last known email address responsible for processing and distributing EMPLOYEE

28  paychecks for AKAL EMPLOYEES from April 15, 2002 until the present.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 40 -

233 D

1   **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

2          Responding Party refers to and incorporates by this reference its General Objections as if

3   set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

4   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

5   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

6   light of the fact that no class has been certified in this case, and there is substantial doubt that a

7   class can be certified given that Plaintiff David Loera is likely not an adequate class

8   representative.   Responding Party also objects to this interrogatory on the grounds that it is

9   compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

10  Responding Party further objects on the ground that this request seeks information that is neither

11  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

12  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

13  employees nation-wide, and given that no class has been certified in this case, and there is

14  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

15  class representative.   Responding Party further objects to this Interrogatory to the extent that it

16  seeks information and/or the identity of documents which are protected by Responding party's

17  and Responding Party's clients', employees', or customers' rights of privacy under Article I,

18  Section 1 of the California Constitution, the Constitution of the United States or applicable case

19  law.

20  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 18:**

21          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

22  service of Akal's November 2, 2006 response to Special Interrogatory No. 18.  (See Cal Code of

23  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

24  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

25  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

26  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

27  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

28  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 41 -

234 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

2    request for private information of its employees.  Plaintiff simply refuses to address the right of

3    privacy in personnel and financial records guaranteed by the California Constitution and

4    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

5    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

6    documents and information, including the disclosure of telephone numbers and addresses, as

7    well as wage and tax return information, of Akal  employees without their consent.  This is in

8    blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

9    the propounding party must give notice to the employee and give him a chance to object.  (See

10   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

11   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

12   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

13   Cal.App.3d 516, 527-29.)

14   **SPECIAL INTERROGATORY NO. 19:**

15   Identify each and every person or entity by name, last known address, last known phone

16   number, and last known email address responsible for administering benefits for AKAL from

17   April 15, 2002 to the present.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

19   Responding Party refers to and incorporates by this reference its General Objections as if

20   set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

21   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

22   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

23   light of the fact that no class has been certified in this case, and there is substantial doubt that a

24   class can be certified given that Plaintiff David Loera is likely not an adequate class

25   representative.  Responding Party also objects to this interrogatory on the grounds that it is

26   compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

27   Responding Party further objects on the ground that this request seeks information that is neither

28   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

2  employees nation-wide, and given that no class has been certified in this case, and there is

3  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

4  class representative.   Responding Party further objects to this Interrogatory to the extent that it

5  seeks information and/or the identity of documents which are protected by Responding party's

6  and Responding Party's clients', employees', or customers' rights of privacy under Article I,

7  Section 1 of the California Constitution, the Constitution of the United States or applicable case

8  law.

9  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 19:**

10  Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

11  service of Akal's November 2, 2006 response to Special Interrogatory No. 19. (See Cal Code of

12  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

13  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

14  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

15  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

16  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

17  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

18  Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

19  request for private information of its employees. Plaintiff simply refuses to address the right of

20  privacy in personnel and financial records guaranteed by the California Constitution and

21  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

22  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

23  documents and information, including the disclosure of telephone numbers and addresses, as

24  well as wage and tax return information, of Akal employees without their consent. This is in

25  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

26  the propounding party must give notice to the employee and give him a chance to object. (See

27  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

28  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

- 43 -

236 D

1    (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

2    Cal.App.3d 516, 527-29.)

3    **SPECIAL INTERROGATORY NO. 20:**

4      Identify each and every person or entity by name, last known address, last known phone

5    number, and last known email address responsible for administering EMPLOYEE vacation, sick

6    and/or personal time off for AKAL from April 15, 2002 to the present.

7    **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

8      Responding Party refers to and incorporates by this reference its General Objections as if

9    set forth in full herein. Responding Party further objects to this interrogatory on the ground that

10    it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

11    in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

12    light of the fact that no class has been certified in this case, and there is substantial doubt that a

13    class can be certified given that Plaintiff David Loera is likely not an adequate class

14    representative. Responding Party also objects to this interrogatory on the grounds that it is

15    compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

16    Responding Party further objects on the ground that this request seeks information that is neither

17    relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

18    admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

19    employees nation-wide, and given that no class has been certified in this case, and there is

20    substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

21    class representative. Responding Party further objects to this Interrogatory to the extent that it

22    seeks information and/or the identity of documents which are protected by Responding party's

23    and Responding Party's clients', employees', or customers' rights of privacy under Article I,

24    Section 1 of the California Constitution, the Constitution of the United States or applicable case

25    law.

26    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 20:**

27      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

28    service of Akal's November 2, 2006 response to Special Interrogatory No. 20. (See Cal Code of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 44 -

237 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

2  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

3  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

4  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

5  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

6  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

7       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

8  request for private information of its employees.  Plaintiff simply refuses to address the right of

9  privacy in personnel and financial records guaranteed by the California Constitution and

10  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

11  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

12  documents and information, including the disclosure of telephone numbers and addresses, as

13  well as wage and tax return information, of Akal  employees without their consent.  This is in

14  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

15  the propounding party must give notice to the employee and give him a chance to object.  (See

16  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

17  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

18  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

19  Cal.App.3d 516, 527-29.)

20  **SPECIAL INTERROGATORY NO. 21:**

21       Identify each and every person or entity by name, last known address, last known phone

22  number, and last known email address who drafted any and all break-related portions of YOUR

23  company policy that was in effect at any time since April 15, 2002.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

25       Responding Party refers to and incorporates by this reference its General Objections as if

26  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

27  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

28  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

- 45 -

238 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   light of the fact that no class has been certified in this case, and there is substantial doubt that a

2   class can be certified given that Plaintiff David Loera is likely not an adequate class

3   representative.   Responding Party also objects to this interrogatory on the grounds that it is

4   compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

5   Responding Party further objects on the ground that this request seeks information that is neither

6   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

7   admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

8   employees nation-wide, and given that no class has been certified in this case, and there is

9   substantial doubt that a class can be certified since Plaintiff David Loera likely not an adequate

10  class representative.   Responding Party further objects to this Interrogatory to the extent that it

11  seeks information and/or the identity of documents which are protected by Responding party's

12  and Responding Party's clients', employees', or customers' rights of privacy under Article I,

13  Section 1 of the California Constitution, the Constitution of the United States or applicable case

14  law.

15  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 21:**

16          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

17  service of Akal's November 2, 2006 response to Special Interrogatory No. 21. (See Cal Code of

18  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

19  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

20  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

21  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

22  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

23  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

24          Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

25  request for private information of its employees.  Plaintiff simply refuses to address the right of

26  privacy in personnel and financial records guaranteed by the California Constitution and

27  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

28  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

2 39 0

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1  documents and information, including the disclosure of telephone numbers and addresses, as

2  well as wage and tax return information, of Akal employees without their consent. This is in

3  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

4  the propounding party must give notice to the employee and give him a chance to object. (See

5  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

6  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

7  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

8  Cal.App.3d 516, 527-29.)

9  **SPECIAL INTERROGATORY NO. 22:**

10      Identify each and every person or entity by name, last known address, last known phone

11  number, and last known email address who drafted changes to YOUR company policy from

12  April 15, 2002 until the present related to rest breaks, lunch breaks, or other breaks for

13  employees.

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

15      Responding Party refers to and incorporates by this reference its General Objections as if

16  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

17  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

18  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

19  light of the fact that no class has been certified in this case, and there is substantial doubt that a

20  class can be certified given that Plaintiff David Loera is likely not an adequate class

21  representative. Responding Party also objects to this interrogatory on the grounds that it is

22  compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

23  Responding Party further objects on the ground that this request seeks information that is neither

24  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

25  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

26  employees nation-wide, and given that no class has been certified in this case, and there is

27  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

28  class representative. Responding Party further objects to this Interrogatory to the extent that it

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

240 D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   seeks information and/or the identity of documents which are protected by Responding party's

2   and Responding Party's clients', employees', or customers' rights of privacy under Article I,

3   Section 1 of the California Constitution, the Constitution of the United States or applicable case

4   law.

5   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 22:**

6          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

7   service of Akal's November 2, 2006 response to Special Interrogatory No. 22. (See Cal Code of

8   Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

9   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

10  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

11  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

12  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

13  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

14         Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

15  request for private information of its employees.  Plaintiff simply refuses to address the right of

16  privacy in personnel and financial records guaranteed by the California Constitution and

17  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

18  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

19  documents and information, including the disclosure of telephone numbers and addresses, as

20  well as wage and tax return information, of Akal  employees without their consent.  This is in

21  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

22  the propounding party must give notice to the employee and give him a chance to object. (See

23  Cal. Code. Civ. Proc. § 1985.6(b); Hooser v. Superior Court (2000) 84 Cal. App. 4th 997, 1003-

24  04 (a person has a right to privacy in his personnel records); Perez v. County of Santa Clara

25  (2003) 111 Cal.App.4th 671, 678; see also, Board of Trustees v. Superior Court (1981) 119

26  Cal.App.3d 516, 527-29.)

27  **SPECIAL INTERROGATORY NO. 23:**

28         Identify each and every person or entity by name, last known address, last known phone

- 48 -

241 D

1  number, and last known email address who prepared all records relating to meal periods from

2  April 15, 2002 until the present.

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

4      Responding Party refers to and incorporates by this reference its General Objections as if

5  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

6  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

7  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

8  light of the fact that no class has been certified in this case, and there is substantial doubt that a

9  class can be certified given that Plaintiff David Loera is likely not an adequate class

10 representative. Responding Party also objects to this interrogatory on the grounds that it is

11 compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

12 Responding Party further objects on the ground that this request seeks information that is neither

13 relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

14 admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

15 employees nation-wide, and given that no class has been certified in this case, and there is

16 substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

17 class representative. Responding Party further objects to this Interrogatory to the extent that it

18 seeks information and/or the identity of documents which are protected by Responding party's

19 and Responding Party's clients', employees', or customers' rights of privacy under Article I,

20 Section 1 of the California Constitution, the Constitution of the United States or applicable case

21 law.

22 **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 23:**

23     Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

24 service of Akal's November 2, 2006 response to Special Interrogatory No. 23. (See Cal Code of

25 Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

26 Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

27 Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

28 compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

*2420*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  _Superior Court_ (1983) 147 Cal.App.3d 681, 685; _Sperber v. Robinson_ (1994) 26 Cal.App.4th

2  736, 745; _Sexton v. Superior Court_ (1997) 58 Cal.App.4th 1403, 1410.)

3       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

4  request for private information of its employees. Plaintiff simply refuses to address the right of

5  privacy in personnel and financial records guaranteed by the California Constitution and

6  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

7  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

8  documents and information, including the disclosure of telephone numbers and addresses, as

9  well as wage and tax return information, of Akal employees without their consent. This is in

10  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

11  the propounding party must give notice to the employee and give him a chance to object. (See

12  Cal. Code. Civ. Proc. § 1985.6(b); _Hooser v. Superior Court_ (2000) 84 Cal. App. 4th 997, 1003-

13  04 (a person has a right to privacy in his personnel records); _Perez v. County of Santa Clara_

14  (2003) 111 Cal.App.4th 671, 678; _see also, Board of Trustees v. Superior Court_ (1981) 119

15  Cal.App.3d 516, 527-29.)

16  **SPECIAL INTERROGATORY NO. 24:**

17       Identify each and every person or entity by name, last known address, last known phone

18  number, and last known email address who prepared all records relating to rest periods from

19  April 15, 2002 until the present.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

21       Responding Party refers to and incorporates by this reference its General Objections as if

22  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

23  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

24  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

25  light of the fact that no class has been certified in this case, and there is substantial doubt that a

26  class can be certified given that Plaintiff David Loera is likely not an adequate class

27  representative. Responding Party also objects to this interrogatory on the grounds that it is

28  compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

- 50 -

243 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   Responding Party further objects on the ground that this request seeks information that is neither

2   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

3   admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

4   employees nation-wide, and given that no class has been certified in this case, and there is

5   substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

6   class representative.   Responding Party further objects to this Interrogatory to the extent that it

7   seeks information and/or the identity of documents which are protected by Responding party's

8   and Responding Party's clients', employees', or customers' rights of privacy under Article I,

9   Section 1 of the California Constitution, the Constitution of the United States or applicable case

10  law.

11  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 24:**

12       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

13  service of Akal's November 2, 2006 response to Special Interrogatory No. 24.  (See Cal Code of

14  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

15  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

16  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

17  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

18  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

19  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

20       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

21  request for private information of its employees.  Plaintiff simply refuses to address the right of

22  privacy in personnel and financial records guaranteed by the California Constitution and

23  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

24  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

25  documents and information, including the disclosure of telephone numbers and addresses, as

26  well as wage and tax return information, of Akal  employees without their consent.  This is in

27  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

28  the propounding party must give notice to the employee and give him a chance to object. (See

1  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

2  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

3  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

4  Cal.App.3d 516, 527-29.)

5  **SPECIAL INTERROGATORY NO. 25:**

6          Identify each and every supervisor or EMPLOYEE of AKAL SECURITY, INC., if any,

7  who was charged with making sure that YOUR EMPLOYEES received uninterrupted rest and

8  meal periods from April 15, 2002 until the present.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

10          Responding Party refers to and incorporates by this reference its General Objections as if

11  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

12  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

13  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

14  light of the fact that no class has been certified in this case, and there is substantial doubt that a

15  class can be certified given that Plaintiff David Loera is likely not an adequate class

16  representative. Responding Party further objects on the ground that this request seeks

17  information that is neither relevant to the subject matter of this action, nor reasonably calculated

18  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

19  has tens of thousands of employees nation-wide, and given that no class has been certified in this

20  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

21  likely not an adequate class representative.

22  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 25:**

23          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

24  service of Akal's November 2, 2006 response to Special Interrogatory No. 25. (See Cal Code of

25  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

26  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

27  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

28  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

245 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

2    736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

3         Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

4    request for private information of its employees.  Plaintiff simply refuses to address the right of

5    privacy in personnel and financial records guaranteed by the California Constitution and

6    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

7    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

8    documents and information, including the disclosure of telephone numbers and addresses, as

9    well as wage and tax return information, of  Akal  employees without their consent.  This is in

10   blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

11   the propounding party must give notice to the employee and give him a chance to object.  (See

12   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

13   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

14   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

15   Cal.App.3d 516, 527-29.)

16   **SPECIAL INTERROGATORY NO. 26:**

17        Identify the date of each and every change to YOUR company policy from April 15,

18   2002 until the present related to rest breaks, lunch breaks, or other breaks for employees.

19   **RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

20        Responding Party refers to and incorporates by this reference its General Objections as if

21   set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

22   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

23   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

24   light of the fact that no class has been certified in this case, and there is substantial doubt that a

25   class can be certified given that Plaintiff David Loera is likely not an adequate class

26   representative.  Responding Party further objects on the ground that this request seeks

27   information that is neither relevant to the subject matter of this action, nor reasonably calculated

28   to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

*Gordon & Rees LLP*
*633 West Fifth Street*
*Suite 4900*
*Los Angeles, CA 90071*

- 53 -

246 D