1    has tens of thousands of employees nation-wide, and given that no class has been certified in this

2    case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

3    likely not an adequate class representative.

4    **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 26:**

5        Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

6    service of Akal's November 2, 2006 response to Special Interrogatory No. 26. (See Cal Code of

7    Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

8    Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

9    Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

10   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

11   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

12   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

13   **SPECIAL INTERROGATORY NO. 27:**

14       Identify the reasons for each and every change to YOUR company policies from April

15   15, 2002 until the present related to rest breaks, lunch breaks, or other breaks for employees.

16   **RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

17       Responding Party refers to and incorporates by this reference its General Objections as if

18   set forth in full herein. Responding Party further objects to this interrogatory on the ground that

19   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

20   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

21   light of the fact that no class has been certified in this case, and there is substantial doubt that a

22   class can be certified given that Plaintiff David Loera is likely not an adequate class

23   representative. Responding Party further objects on the ground that this request seeks

24   information that is neither relevant to the subject matter of this action, nor reasonably calculated

25   to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

26   has tens of thousands of employees nation-wide, and given that no class has been certified in this

27   case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

28   likely not an adequate class representative.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 54 -

2470

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 27:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Special Interrogatory No. 27. (See Cal Code of Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

**SPECIAL INTERROGATORY NO. 40:**

Identify each and every EMPLOYEE from April 15, 2002 until the present who complained to YOU that he or she was not receiving uninterrupted rest or meal breaks.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

Responding Party refers to and incorporates by this reference its General Objections as if set forth in full herein. Responding Party further objects to this interrogatory on the ground that it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing, in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative. Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.

**NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 40:**

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Special Interrogatory No. 40. (See Cal Code of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 55 -

2 4 8 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

2   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

3   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

4   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

5   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

6   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

7              Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

8   request for private information of its employees.  Plaintiff simply refuses to address the right of

9   privacy in personnel and financial records guaranteed by the California Constitution and

10  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

11  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

12  documents and information, including the disclosure of telephone numbers and addresses, as

13  well as wage and tax return information, of Akal  employees without their consent.  This is in

14  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

15  the propounding party must give notice to the employee and give him a chance to object.  (See

16  Cal. Code. Civ. Proc. § 1985.6(b); Hooser v. Superior Court (2000) 84 Cal. App. 4th 997, 1003-

17  04 (a person has a right to privacy in his personnel records); Perez v. County of Santa Clara

18  (2003) 111 Cal.App.4th 671, 678; see also, Board of Trustees v. Superior Court (1981) 119

19  Cal.App.3d 516, 527-29.)

20  **SPECIAL INTERROGATORY NO. 41:**

21             Identify each and every EMPLOYEE, including their name, last known address, last

22  known phone number, and last known email address, from April 15, 2002 until the present who

23  complained to YOU that he or she was not receiving the appropriate length rest or meal breaks.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 41:**

25             Responding Party refers to and incorporates by this reference its General Objections as if

26  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

27  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

28  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO
COMPEL

1  light of the fact that no class has been certified in this case, and there is substantial doubt that a

2  class can be certified given that Plaintiff David Loera is likely not an adequate class

3  representative.   Responding Party also objects to this interrogatory on the grounds that it is

4  compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

5  Responding Party further objects on the ground that this request seeks information that is neither

6  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

7  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

8  employees nation-wide, and given that no class has been certified in this case, and there is

9  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

10  class representative.

11  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 41:**

12  　　　　Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

13  service of Akal's November 2, 2006 response to Special Interrogatory No. 41.  (See Cal Code of

14  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

15  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

16  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

17  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

18  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

19  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

20  　　　　Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

21  request for private information of its employees.  Plaintiff simply refuses to address the right of

22  privacy in personnel and financial records guaranteed by the California Constitution and

23  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

24  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

25  documents and information, including the disclosure of telephone numbers and addresses, as

26  well as wage and tax return information, of Akal  employees without their consent.  This is in

27  blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

28  the propounding party must give notice to the employee and give him a chance to object. (See

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 57 -

250 D

1   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

2   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

3   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

4   Cal.App.3d 516, 527-29.)

5   **SPECIAL INTERROGATORY NO. 42:**

6       Identify each and every EMPLOYEE from April 15, 2002 until the present who

7   complained to YOU that he or she was not adequately relieved to go to the restroom.

8   **RESPONSE TO SPECIAL INTERROGATORY NO. 42:**

9       Responding Party refers to and incorporates by this reference its General Objections as if

10  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

11  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

12  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

13  light of the fact that no class has been certified in this case, and there is substantial doubt that a

14  class can be certified given that Plaintiff David Loera is likely not an adequate class

15  representative.   Responding Party further objects on the ground that this request seeks

16  information that is neither relevant to the subject matter of this action, nor reasonably calculated

17  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

18  has tens of thousands of employees nation-wide, and given that no class has been certified in this

19  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

20  likely not an adequate class representative.

21  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 42:**

22      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

23  service of Akal's November 2, 2006 response to Special Interrogatory No. 42.  (See Cal Code of

24  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

25  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

26  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

27  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

28  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 58 -

*2 5/ D*

1    736, 745; <u>Sexton v. Superior Court</u> (1997) 58 Cal.App.4th 1403, 1410.)

2        Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

3    request for private information of its employees.  Plaintiff simply refuses to address the right of

4    privacy in personnel and financial records guaranteed by the California Constitution and

5    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

6    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

7    documents and information, including the disclosure of telephone numbers and addresses, as

8    well as wage and tax return information, of Akal  employees without their consent.  This is in

9    blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

10   the propounding party must give notice to the employee and give him a chance to object.  (See

11   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

12   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

13   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

14   Cal.App.3d 516, 527-29.)

**SPECIAL INTERROGATORY NO. 43:**

16       Identify each and every EMPLOYEE from April 15, 2002 until the present who suffered

17   from any kind of injury, including but not limited to heat stroke or dehydration, due to

18   insufficient or untimely relief from other guards necessary in order for the EMPLOYEE to take

19   rest or meal periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 43:**

21       Responding Party refers to and incorporates by this reference its General Objections as if

22   set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

23   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

24   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

25   light of the fact that no class has been certified in this case, and there is substantial doubt that a

26   class can be certified given that Plaintiff David Loera is likely not an adequate class

27   representative.  Responding Party further objects on the ground that this request seeks

28   information that is neither relevant to the subject matter of this action, nor reasonably calculated

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 59 -    252 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

2  has tens of thousands of employees nation-wide, and given that no class has been certified in this

3  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

4  likely not an adequate class representative.

5  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 43:**

6       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

7  service of Akal's November 2, 2006 response to Special Interrogatory No. 43. (See Cal Code of

8  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

9  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

10  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

11  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

12  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

13  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

14       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

15  request for private information of its employees. Plaintiff simply refuses to address the right of

16  privacy in personnel and financial records guaranteed by the California Constitution and

17  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

18  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

19  documents and information, including the disclosure of telephone numbers and addresses, as

20  well as wage and tax return information, of Akal employees without their consent. This is in

21  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

22  the propounding party must give notice to the employee and give him a chance to object. (See

23  Cal. Code. Civ. Proc. § 1985.6(b); Hooser v. Superior Court (2000) 84 Cal. App. 4th 997, 1003-

24  04 (a person has a right to privacy in his personnel records); Perez v. County of Santa Clara

25  (2003) 111 Cal.App.4th 671, 678; see also, Board of Trustees v. Superior Court (1981) 119

26  Cal.App.3d 516, 527-29.)

27  **SPECIAL INTERROGATORY NO. 44:**

28       Identify each and every EMPLOYEE from April 15, 2002 until the present who

253  D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO
COMPEL

1  complained to YOU about insufficient rest or meal periods causing the EMPLOYEE to suffer

2  some kind of injury, including but not limited to heat stroke or dehydration.

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 44:**

4       Responding Party refers to and incorporates by this reference its General Objections as if

5  set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

6  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

7  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

8  light of the fact that no class has been certified in this case, and there is substantial doubt that a

9  class can be certified given that Plaintiff David Loera is likely not an adequate class

10  representative.   Responding Party further objects on the ground that this request seeks

11  information that is neither relevant to the subject matter of this action, nor reasonably calculated

12  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

13  has tens of thousands of employees nation-wide, and given that no class has been certified in this

14  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

15  likely not an adequate class representative.

16  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 44:**

17       Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

18  service of Akal's November 2, 2006 response to Special Interrogatory No. 44.  (See Cal Code of

19  Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted

20  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory.  Thus,

21  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

22  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

23  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

24  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

25       Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

26  request for private information of its employees.  Plaintiff simply refuses to address the right of

27  privacy in personnel and financial records guaranteed by the California Constitution and

28  protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 61 -

*254 D*

1  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

2  documents and information, including the disclosure of telephone numbers and addresses, as

3  well as wage and tax return information, of Akal employees without their consent. This is in

4  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

5  the propounding party must give notice to the employee and give him a chance to object. (See

6  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

7  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

8  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

9  Cal.App.3d 516, 527-29.)

10  **SPECIAL INTERROGATORY NO. 45:**

11      Identify each and every EMPLOYEE from April 15, 2002 until the present who urinated

12  or defecated while waiting at his or her post for another EMPLOYEE to relieve him or her for an

13  uninterrupted rest or meal period.

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 45:**

15      Responding Party refers to and incorporates by this reference its General Objections as if

16  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

17  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

18  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

19  light of the fact that no class has been certified in this case, and there is substantial doubt that a

20  class can be certified given that Plaintiff David Loera is likely not an adequate class

21  representative. Responding Party further objects on the ground that this request seeks

22  information that is neither relevant to the subject matter of this action, nor reasonably calculated

23  to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party

24  has tens of thousands of employees nation-wide, and given that no class has been certified in this

25  case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is

26  likely not an adequate class representative.

27  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 45:**

28      Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 62 -

2550

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1   service of Akal's November 2, 2006 response to Special Interrogatory No. 45. (See Cal Code of

2   Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

3   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

4   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

5   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

6   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

7   736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

8        Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

9   request for private information of its employees. Plaintiff simply refuses to address the right of

10  privacy in personnel and financial records guaranteed by the California Constitution and

11  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

12  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

13  documents and information, including the disclosure of telephone numbers and addresses, as

14  well as wage and tax return information, of Akal employees without their consent. This is in

15  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

16  the propounding party must give notice to the employee and give him a chance to object. (See

17  Cal. Code. Civ. Proc. § 1985.6(b); Hooser v. Superior Court (2000) 84 Cal. App. 4th 997, 1003-

18  04 (a person has a right to privacy in his personnel records); Perez v. County of Santa Clara

19  (2003) 111 Cal.App.4th 671, 678; see also, Board of Trustees v. Superior Court (1981) 119

20  Cal.App.3d 516, 527-29.)

21  **SPECIAL INTERROGATORY NO. 46:**

22       Identify each and every person, entity, or government agency (including the name, last

23  known address, last known phone number, and last known email address) that YOU have

24  contracted with, either in writing or orally, to provide services in the State of California.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 46:**

26       Responding Party refers to and incorporates by this reference its General Objections as if

27  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

28  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 63 -

256 D

in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in light of the fact that no class has been certified in this case, and there is substantial doubt that a class can be certified given that Plaintiff David Loera is likely not an adequate class representative.   Responding Party also objects to this interrogatory on the grounds that it is compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f). Responding Party further objects on the ground that this request seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of employees nation-wide, and given that no class has been certified in this case, and there is substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate class representative.   Responding Party further objects to this Interrogatory to the extent that it seeks information and/or the identity of documents which are protected by Responding party's and Responding Party's clients', employees', or customers' rights of privacy under Article I, Section 1 of the California Constitution, the Constitution of the United States or applicable case law.

## NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 46:

Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the service of Akal's November 2, 2006 response to Special Interrogatory No. 46. (See Cal Code of Civ. Proc., § 2030.300(c), 1013.)  Akal never served a supplemental response and never granted Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus, Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v. Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th 736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

## SPECIAL INTERROGATORY NO. 47:

Identify each and every property, by street address and city as well as by parcel number, upon which YOU have provide services in the State of California.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

257  D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 47:**

2          Responding Party refers to and incorporates by this reference its General Objections as if

3  set forth in full herein. Responding Party further objects to this interrogatory on the ground that

4  it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

5  in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

6  light of the fact that no class has been certified in this case, and there is substantial doubt that a

7  class can be certified given that Plaintiff David Loera is likely not an adequate class

8  representative.  Responding Party also objects to this interrogatory on the grounds that it is

9  compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

10  Responding Party further objects on the ground that this request seeks information that is neither

11  relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

12  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

13  employees nation-wide, and given that no class has been certified in this case, and there is

14  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

15  class representative.

16  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 47:**

17          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

18  service of Akal's November 2, 2006 response to Special Interrogatory No. 47. (See Cal Code of

19  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

20  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

21  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

22  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

23  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

24  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

25  **SPECIAL INTERROGATORY NO. 50:**

26          For each and every position identified in YOUR response to Special Interrogatory No.

27  45, identify the person by name, last known address, last known phone number, and last known

28  email address who held each position immediately before and immediately after Joaquin

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 65 -

2580

1    Reclosado.

2    **RESPONSE TO SPECIAL INTERROGATORY NO. 50:**

3    Responding Party refers to and incorporates by this reference its General Objections as if

4    set forth in full herein. Responding Party further objects to this interrogatory on the ground that

5    it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

6    in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

7    light of the fact that no class has been certified in this case, and there is substantial doubt that a

8    class can be certified given that Plaintiff David Loera is likely not an adequate class

9    representative. Responding Party also objects to this interrogatory on the grounds that it is

10   compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

11   Responding Party further objects on the ground that this request seeks information that is neither

12   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

13   admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

14   employees nation-wide, and given that no class has been certified in this case, and there is

15   substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

16   class representative. Responding Party further objects to this Interrogatory to the extent that it

17   seeks information and/or the identity of documents which are protected by Responding party's

18   and Responding Party's clients', employees', or customers' rights of privacy under Article I,

19   Section 1 of the California Constitution, the Constitution of the United States or applicable case

20   law.

21   **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 50:**

22   Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

23   service of Akal's November 2, 2006 response to Special Interrogatory No. 50. (See Cal Code of

24   Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

25   Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

26   Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

27   compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

28   Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

259 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    736, 745; <u>Sexton v. Superior Court</u> (1997) 58 Cal.App.4th 1403, 1410.)

2        Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

3    request for private information of its employees.  Plaintiff simply refuses to address the right of

4    privacy in personnel and financial records guaranteed by the California Constitution and

5    protected by California Code of Civil Procedure section 1985.6.  All of Plaintiff's drafted

6    discovery, including the Special Interrogatories and Requests for Production of Documents, seek

7    documents and information, including the disclosure of telephone numbers and addresses, as

8    well as wage and tax return information, of Akal  employees without their consent.  This is in

9    blatant disregard of such employees' right of privacy.  Before employment records are disclosed,

10   the propounding party must give notice to the employee and give him a chance to object.  (See

11   Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

12   04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

13   (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

14   Cal.App.3d 516, 527-29.)

15   **SPECIAL INTERROGATORY NO. 51:**

16        Identify the last known address, last known phone number, and last known email address

17   for Joaquin Reclosado.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 51:**

19        Responding Party refers to and incorporates by this reference its General Objections as if

20   set forth in full herein.  Responding Party further objects to this interrogatory on the ground that

21   it is overly broad and indiscriminate as to time and scope, burdensome, oppressive and harassing,

22   in light of the fact that Responding Party has tens of thousands of employees nation-wide, and in

23   light of the fact that no class has been certified in this case, and there is substantial doubt that a

24   class can be certified given that Plaintiff David Loera is likely not an adequate class

25   representative.   Responding Party also objects to this interrogatory on the grounds that it is

26   compound and conjunctive in violation of Code of Civil Procedure Section 2030.060(f).

27   Responding Party further objects on the ground that this request seeks information that is neither

28   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

*260  D*

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1  admissible evidence, due to, inter alia, the fact that Responding Party has tens of thousands of

2  employees nation-wide, and given that no class has been certified in this case, and there is

3  substantial doubt that a class can be certified since Plaintiff David Loera is likely not an adequate

4  class representative.   Responding Party further objects to this Interrogatory to the extent that it

5  seeks information and/or the identity of documents which are protected by Responding party's

6  and Responding Party's clients', employees', or customers' rights of privacy under Article I,

7  Section 1 of the California Constitution, the Constitution of the United States or applicable case

8  law.

9  **NO REASON EXISTS TO COMPEL FURTHER RESPONSE TO NO. 51:**

10          Plaintiff's motion is untimely because it was not filed within 45 (plus 5) days of the

11  service of Akal's November 2, 2006 response to Special Interrogatory No. 51. (See Cal Code of

12  Civ. Proc., § 2030.300(c), 1013.) Akal never served a supplemental response and never granted

13  Plaintiff an extension of time in which to file a motion to compel as to this Interrogatory. Thus,

14  Plaintiff has waived his right to file a motion to compel and this court lacks jurisdiction to

15  compel any further response. (See Cal Code of Civ. Proc., § 2030.300; Vidal Sassoon, Inc. v.

16  Superior Court (1983) 147 Cal.App.3d 681, 685; Sperber v. Robinson (1994) 26 Cal.App.4th

17  736, 745; Sexton v. Superior Court (1997) 58 Cal.App.4th 1403, 1410.)

18          Even if the motion was timely filed, Akal properly objected to Plaintiff's overbroad

19  request for private information of its employees. Plaintiff simply refuses to address the right of

20  privacy in personnel and financial records guaranteed by the California Constitution and

21  protected by California Code of Civil Procedure section 1985.6. All of Plaintiff's drafted

22  discovery, including the Special Interrogatories and Requests for Production of Documents, seek

23  documents and information, including the disclosure of telephone numbers and addresses, as

24  well as wage and tax return information, of Akal employees without their consent. This is in

25  blatant disregard of such employees' right of privacy. Before employment records are disclosed,

26  the propounding party must give notice to the employee and give him a chance to object. (See

27  Cal. Code. Civ. Proc. § 1985.6(b); *Hooser v. Superior Court* (2000) 84 Cal. App. 4th 997, 1003-

28  04 (a person has a right to privacy in his personnel records); *Perez v. County of Santa Clara*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-68-

26/ D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO COMPEL

1  (2003) 111 Cal.App.4th 671, 678; *see also, Board of Trustees v. Superior Court* (1981) 119

2  Cal.App.3d 516, 527-29.)

3  Dated:  April 24, 2007                               GORDON & REES LLP

4

5                                                       By:

6                                                          Stephen E. Ronk
                                                           Joshua B. Wagner
7                                                          Mollie Burks-Thomas
                                                        Attorneys For Defendant
8                                                       AKAL SECURITY, INC.

9

10

11

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKAL/1039887/110222v.1

2 62 D

DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN OPPOSITION TO MOTION TO
COMPEL

1

<u>PROOF OF SERVICE</u>

2         I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite
3     4900, Los Angeles, CA  90071.  On April 24, 2007, I served the within documents:

4     **DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN
OPPOSITION TO MOTION TO COMPEL**

5

6     ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

7     ☐  by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

8
☐  by placing the document(s) listed above in a sealed envelope with postage thereon
9     fully prepaid, in United States mail in the State of California at Los Angeles,
addressed as set forth below.

10    ☒  by placing a true copy thereof enclosed in a sealed envelope, at a station designated
for collection and processing of envelopes and packages for overnight delivery by
11    FedEx as part of the ordinary business practices of Gordon & Rees LLP described
below, addressed as follows:

12

13    Bernard F. King III
MARKS, GOLIA & FINCH LLP
14    3900 Harney Street
First Floor
15    San Diego, CA  92110-2825
Tel: (619) 293-7000
16    Fax: (619) 293-7362
*Attorneys for Plaintiff*

17
Matthew B. Butler, Esq.
18    NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
19    San Diego, CA  92101-5005
Tel: (619) 325-0492
20    Fax: (619) 325-0496
*Attorneys for Plaintiff*

21        I am readily familiar with the firm's practice of collection and processing correspondence
22    for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
23    motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after the date of deposit for mailing in affidavit.

24        I declare under penalty of perjury under the laws of the State of California that the above
25    is true and correct.

26        Executed on April 24, 2007, at Los Angeles, California.

27    *Sandy Halvorsen*

28    Sandy Halvorsen

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

263  D

## PROOF OF SERVICE

1

2       I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite
3    4900, Los Angeles, CA 90071. On April 24, 2007, I served the within documents:

4    **DEFENDANT AKAL SECURITY, INC.'S SEPARATE STATEMENT IN
OPPOSITION TO MOTION TO COMPEL**

5

6    ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

7    ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

8    ☐   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in United States mail in the State of California at Los Angeles,
9        addressed as set forth below.

10   ☒   by placing a true copy thereof enclosed in a sealed envelope, at a station designated
for collection and processing of envelopes and packages for overnight delivery by
11       FedEx as part of the ordinary business practices of Gordon & Rees LLP described
below, addressed as follows:

12

13   Bernard F. King III
MARKS, GOLIA & FINCH LLP
14   3900 Harney Street
First Floor
15   San Diego, CA 92110-2825
Tel: (619) 293-7000
16   Fax: (619) 293-7362
*Attorneys for Plaintiff*

17

18   Matthew B. Butler, Esq.
NICHOLAS & BUTLER, LLP
19   225 Broadway, 19th Floor
San Diego, CA 92101-5005
Tel: (619) 325-0492
20   Fax: (619) 325-0496
*Attorneys for Plaintiff*

21       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
22   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
23   meter date is more than one day after the date of deposit for mailing in affidavit.

24       I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

25

26       Executed on April 24, 2007, at Los Angeles, California.

27                                              _Sandy Halvorsen_
                                                Sandy Halvorsen

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

ENDORSED
APR 24 2007
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESES
DEPUTY

264 D

STEPHEN J. SCHULTZ, SBN 90187
JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>Defendants. | CASE NO: ECU03022<br><br>REPLY IN SUPPORT OF MOTION TO COMPEL<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:        May 7, 2007<br>Time:       8:30 a.m.<br>Dept.:       7<br><br>Complaint Filed:     April 27, 2006<br>Trial Date:             Not Set |

I

## INTRODUCTION

In opposing plaintiff's motion to compel, defendant Akal Security, Inc. ("Akal"), admits that it refused to respond to plaintiff's discovery despite numerous assurances that it would supplement its deficient responses in order to avoid any motion to compel. Nevertheless, Akal relies on meritless procedural objections and contradictory excuses in an attempt to distract this court from its failure to provide plaintiff with basic discovery responses.

REPLY IN SUPPORT OF MOTION TO COMPEL

265  D

1   This legal gamesmanship should not be tolerated, and this court should order Akal to provide

2   full and complete responses to plaintiff's special interrogatories and inspection demands.

3                                              II

4               AKAL'S PROCEDURAL ARGUMENTS ARE WITHOUT MERIT

5        Akal argues that it has no obligation to respond to plaintiff's discovery because of two

6   procedural objections.  First, Akal argues that plaintiff's motion is untimely.  Second, Akal

7   argues that plaintiff's motion failed to comply with California Rule of Court 3.1112(c).

8   Neither of these arguments are meritorious.

9        A.      Plaintiff's Motion Is Timely

10       Akal argues that plaintiff's motion is "untimely by approximately five months"

11  (Opposition, p. 2, ln 7-8.)  This claim is disingenuous as Akal agreed to extend plaintiff's

12  deadline to file this motion.

13       In a letter dated December 22, 2006, Akal expressly agreed to extend the deadline on

14  any motion to compel.

15           We are diligently working with our client to obtain the supplemental
             information and avoid motion practice.  We will, of course, provide you with a
16           60 day extension in which to file any motion to compel.
     (King decl., ¶7, Ex. 3, p. 2.)
17

18       Akal's agreement thus extended the deadline to file a motion to compel to February 20,

19  2007.  During this time, plaintiff made extensive efforts to meet and confer with Akal

20  regarding these discovery responses.  (See King decl., ¶¶7-11.)  Akal assured plaintiff that it

21  wished to avoid any discovery motions and that it would serve supplemental discovery

22  remedying its previous responses during the first weeks of February.  (King decl., ¶9, Ex. 5

23  ["We are in the process of preparing further supplemental discovery responses, which you

24  should received within the next week."].)  On February 20, 2007, plaintiff still had not received

25  Akal's supplemental responses  and called opposing counsel before filing his motion to

26  compel.  (King decl., ¶10.)  Akal's counsel stated that it was finally serving its supplemental

27  responses that day.  In reliance on Akal's representation that it was supplementing its

28                                              2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

REPLY IN SUPPORT OF MOTION TO COMPEL

266  D

1    discovery responses that day, plaintiff's counsel agreed to postpone its motion to compel until

2    it had a chance to review these responses. (King decl., ¶10.)  In an email dated February 20,

3    2007, plaintiff confirmed that Akal's supplemental responses would further extend the deadline

4    to file any motion to compel.

> As you noted that your client has served supplemental responses, and that such responses are in the mail, we understand that the service of these responses further extends any deadline to file a motion to compel.

(King decl, ¶10, Ex. 6.)

8        In addition to the fact that Akal expressly agreed to extend the deadline to file a motion

9    to compel, the Code specifically states that the service of any supplemental response extends

10   the deadline to file a motion to compel.

> Unless notice of this motion is given within 45 days of the service of the response, <u>or any supplemental response</u>, or on or before any specific later date to which the propounding party and the responding party have agreed in writing, the propounding party waives any right to compel a further response to the interrogatories.

(Code Civ. Proc., § 2030.300, subd. (c).)  (emphasis added)

15       Accordingly, because the deadline was extended by both the parties' agreement and the

16   express language of the statute, Akal's argument that plaintiff's motion to compel is untimely

17   should be rejected.

18       **B.**   <u>Plaintiff's Motion Complies With CRC Rule 3.1112(c)</u>

19       Akal next argues that plaintiff's motion fails to comply with CRC Rule 3.1112(c)

20   which "only permits combining of motions where the caption specifies the items of relief

21   sought."

22       Akal's reliance on CRC Rule 3.1112 is misplaced.  The actual text of the rule states as

23   follows:

> (a) <u>Motions - required papers</u>

> Unless otherwise provided by the rules in this division, the papers filed in support of a motion must consist of at least the following:

> (1) A notice of hearing on the motion;
> (2) The motion itself; and

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

267 D

(3) A memorandum in support of the motion or demurrer.

(b) Other papers

Other papers may be filed in support of a motion, including declarations, exhibits, appendices, and other documents or pleadings.

(c) Form of motion papers

The papers filed under (a) and (b) may either be filed as separate documents or combined in one or more documents if the party filing a combined pleading specifies these items separately in the caption of the combined pleading.

(California Rules of Cour, Rule 3.1112.)

Thus, it is clear from the rule that subdivision (c) simply requires that the papers supporting the motion may be filed separately, or may be filed as one document provided that all papers in the document are identified in the caption. Here, plaintiff has filed his supporting documents separately and the need to specify each supporting document in the caption is therefore not necessary. Accordingly, Akal's reliance on this rule as grounds for denying plaintiff's motion should be rejected.

III

AKAL'S PURPORTED PRIVACY OBJECTION
DOES NOT PRECLUDE PLAINTIFF'S LAWFUL DISCOVERY

Akal continues to rely on its privacy objection as grounds for refusing to comply with any of the subject discovery requests. While Akal does acknowledge that the recent decision in *Belaire West Landscaping, Inc. v. Superior Court*, "does permit a plaintiff to obtain pre-certification names and contact information for putative class members,"[1] Akal offers two arguments for why this rule should not be applied to plaintiff. First, Akal argues that plaintiff's request are overbroad because they pertain to "all of Akal's current and former employees throughout the nation." (Opposition, p. 9, ln 10-11.) Second, Akal argues that plaintiff has an obligation to "give notice to the employee and give him a chance to object." (Opposition, p. 6, ln 13-15.)

---

[1] Opposition, page 9, line 16 – 18.

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

REPLY IN SUPPORT OF MOTION TO COMPEL

269D

1    Akal's first argument is premised on false facts. Plaintiff's discovery requests

2  unambiguously limit the definition of employee to Akal's employees in California. (See

3  Separate Statement, p. 2, ln 10-14; p. 26, ln 10-14.) Clearly, plaintiff does not request

4  information regarding Akal's employees nationwide. As information regarding Akal's

5  California employees is directly relevant to plaintiff's claims, Akal's argument that plaintiff

6  must now "resubmit valid discovery" should be rejected.

7    Akal's second argument that plaintiff has an obligation to "give notice to the employee

8  and give him a chance to object" is simply absurd. How can plaintiff notify the subject

9  employees if Akal refuses to disclose their names and contact information? Obviously, it is

10  Akal who has the obligation to notify the affected employees. Plaintiff does not disagree that

11  Akal employees should be given an opportunity to object to any disclosures which would

12  constitute a serious invasion of privacy. However, Akal has the obligation of notifying them of

13  their right to object. Since Akal is clearly unwilling to do so, this court should order Akal to

14  submit an opt-out letter notifying any employees of their right to object to plaintiff's discovery.

15  Once approved by the court, Akal should be ordered to send the opt-out letter to all affected

16  employees and should be ordered to provide responsive information for all employees who do

17  not object to the disclosure.

18  / / / / /

19  / / / / /

20  / / / / /

21  / / / / /

22  / / / / /

23  / / / / /

24  / / / / /

25  / / / / /

26  / / / / /

27  / / / / /

28                                      5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

REPLY IN SUPPORT OF MOTION TO COMPEL

269 D

IV.

<u>CONCLUSION</u>

The purpose of self-executing discovery is to eliminate gamesmanship and unnecessary motion practice by encouraging the parties to resolve their disputes through a meaningful meet and confer process. Akal's opposition does nothing but illustrate its procedural gamesmanship and its unabashed willingness to burden this court with frivolous objections.

This court should grant plaintiff's motion and should order Akal to respond to the subject discovery. For those responses which require disclosure of employee information, Akal should be ordered to provide the affected employees with a court approved letter notifying them of the requested disclosures and providing them with an opportunity to object.

DATED: April 30, 2007                    Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By:_____
          STEPHEN J. SCHULTZ
          JASON R. THORNTON
          BERNARD F. KING III Attorneys for
          Plaintiff David Loera

974.002/BK643.am

6

REPLY IN SUPPORT OF MOTION TO COMPEL

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

270 D

STEPHEN J. SCHULTZ, SBN 90187
JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br>     Defendants. | CASE NO: ECU03022 <br><br> PROOF OF SERVICE VIA FACSIMILE AND BY MAIL <br><br> TIME OF TRANSMISSION: <br><br> _____ P.M. <br><br> Assigned to: <br> Hon. Christopher W. Yeager, Dept. 7 <br><br> Date:    May 7, 2007 <br> Time:   8:30 a.m. <br> Dept.:  7 <br><br> Complaint Filed:   April 27, 2006 <br> Trial Date:       Not Set |

I, Ada Meraz declare that:

I am over the age of eighteen years and not a party to the action; I am employed in the County of San Diego, California; where the transmission/mailing occurs; and my business address is 3900 Harney Street, First Floor, San Diego, California 92110-2825, Facsimile (619) 293-7362. I further declare that I am readily familiar with the business' practice for collection

PROOF OF SERVICE VIA FACSIMILE AND BY MAIL

271 D

1    and processing of correspondence for mailing with the United States Postal Service pursuant to

2    which practice the correspondence will be deposited with the United States Postal Service this

3    same day in the ordinary course of business.  I caused to be served via facsimile the following

4    document(s):  REPLY IN SUPPORT OF MOTION TO COMPEL, and by placing a copy

5    thereof in a separate envelope for each addressee listed as follows:

6    Stephen E. Ronk, Esq.            ATTORNEYS FOR DEFENDANT AKAL
     Joshua B. Wagner, Esq.          SECURITY, INC.

7    Mollie Burks-Thomas, Esq.
     Gordon & Rees, LLP

8    633 West Fifth Street
     Suite 4900

9    Los Angeles, California  90071
     Telephone:    (213) 576-5000

10    Facsimile:    (213) 680-4470

11         I then sealed the envelope(s) and, with the postage thereon fully prepaid, either

12    deposited it/each in the United States Postal Service or placed it/each for collection and

13    mailing on April 30, 2007, at San Diego, California, following ordinary business practices.

14         I declare under penalty of perjury under the laws of the State of California that the

15    foregoing is true and correct.

16         Executed on April 30, 2007.

17

18                   _____
                      Ada Meraz

19

20

21

22

23

24

25

26

27    974.002/Proof.am

28                              2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

PROOF OF SERVICE VIA FACSIMILE AND BY MAIL

272 D

1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5
   Attorneys for Defendant
6  AKAL SECURITY, INC.

7

**ENDORSED**

NOV 05 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF IMPERIAL

10

11  DAVID LOERA, for himself and on behalf of    ) CASE NO. ECU03022
    all others similarly situated and the general )
12  public,                                        ) *[Assigned to Hon. Christopher W. Yeager,*
                                                   ) *Dept. 7]*
13                          Plaintiffs,            )
                                                   ) **NOTICE OF MOTION AND MOTION**
14              v.                                 ) **OF DEFENDANT AKAL SECURITY,**
                                                   ) **INC. FOR SUMMARY JUDGMENT,**
15  AKAL SECURITY, INC., a corporation; and        ) **OR, IN THE ALTERNATIVE**
    DOES 1-100, inclusive,                         ) **SUMMARY ADJUDICATION**
16                                                 )
                            Defendants.            )
17                                                 ) Date:   January 23, 2008
                                                   ) Time:   8:30 a.m.
18                                                 ) Dept.:  7
                                                   )
19                                                 ) Complaint Filed:   April 27, 2006
                                                   ) Trial Date:        Not Set
20

21

22      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      **PLEASE TAKE NOTICE THAT** on January 23, 2008, at 8:30 a.m., or as soon

24  thereafter as the matter may be heard in Department 7 of the above-entitled Court, located at 939

25  West Main Street, El Centro, California 92243-2842 defendant   Akal Security, Inc. ("Akal")

26  will, and hereby does, move the Court for summary judgment, or in the alternative, summary

27  adjudication of the following issues pursuant to subdivision (f) of section 437c of the California

28  Code of Civil Procedure:

                                        273   D
                                     - 1 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   Issue 1:   PLAINTIFF'S FIRST CAUSE OF ACTION FOR FAILURE TO PAY

2   MEAL PERIOD PREMIUM PAY PURSUANT TO CALIFORNIA LAW FAILS AS A

3   MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A

4   FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND

5   HOUR MATTERS ARISING THEREON;

6   (Statement of Undisputed Facts Nos. 1 through 21)

7   Issue 2:   PLAINTIFF'S FIRST CAUSE OF ACTION FAILS AS A MATTER OF

8   LAW BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE

9   LABOR   COMMISSIONER'S   DECISION   AND   THEREFORE   THE   LABOR

10   COMMISSIONER'S DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S

11   PRESENT ACTION IS BARRED BY *RES JUDICATA*;

12   (Statement of Undisputed Facts Nos. 22 through 42)

13   Issue 3:   PLAINTIFF'S SECOND CAUSE OF ACTION FOR FAILURE TO PAY

14   REST BREAK PREMIUM PAY PURSUANT TO CALIFORNIA LAW FAILS AS A

15   MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A

16   FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND

17   HOUR MATTERS ARISING THEREON;

18   (Statement of Undisputed Facts Nos. 43 through 63)

19   Issue 4:   PLAINTIFF'S SECOND CAUSE OF ACTION FAILS AS A MATTER

20   OF LAW BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE

21   LABOR   COMMISSIONER'S   DECISION   AND   THEREFORE   THE   LABOR

22   COMMISSIONER'S DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S

23   PRESENT ACTION IS BARRED BY *RES JUDICATA*;

24   (Statement of Undisputed Facts Nos. 64 through 84)

25   Issue 5:   PLAINTIFF'S THIRD CAUSE OF ACTION FOR VIOLATION OF

26   CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 (THE "UCL" OR

27   "UNFAIR COMPETITION LAW") FAILS AS A MATTER OF LAW BECAUSE IT IS

28   UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH EXCLUSIVE

1  FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING THEREON;

2  (Statement of Undisputed Facts Nos. 85 through 105)

3      Issue 6:    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR PENALTIES

4  UNDER CALIFORNIA LABOR CODE SECTION 2699 FAILS AS A MATTER OF LAW

5  BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH

6  EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING

7  THEREON;

8  (Statement of Undisputed Facts Nos. 106 through 126)

9      Issue 7:    PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS AS A MATTER

10  OF LAW BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE

11  LABOR    COMMISSIONER'S    DECISION    AND    THEREFORE    THE    LABOR

12  COMMISSIONER'S DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S

13  PRESENT ACTION IS BARRED BY *RES JUDICATA*.

14  (Statement of Undisputed Facts Nos. 127 through 147.)

15      This Motion is based on this Notice of Motion and Motion; the attached Memorandum of

16  Points and Authorities; the Separate Statement of Undisputed Material Facts; the Declarations of

17  Joshua B. Wagner, John Agle and Victor Araiza; the complete files and records of this action;

18  and any further evidence that may be presented upon oral argument.

19  Dated:  November 2, 2007          GORDON & REES LLP

20

21  By: _____

22          Stephen E. Ronk
            Joshua B. Wagner
23          Mollie Burks-Thomas
            Attorneys for Defendant
24          AKAL SECURITY, INC.

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/3104924v.1

- 3 -

2750

STEPHEN E. RONK (SBN: 164333)
JOSHUA B. WAGNER (SBN: 199570)
MOLLIE BURKS-THOMAS (SBN: 222112)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AKAL SECURITY, INC.

**ENDORSED**

NOV 05 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

DAVID LOERA, for himself and on behalf of )  CASE NO. ECU03022
all others similarly situated and the general )
public,                                       )  *[Assigned to Hon. Christopher W. Yeager,*
                                              )  *Dept. 7]*
                          Plaintiffs,         )
                                              )  **DECLARATION OF JOSHUA**
            v.                                )  **WAGNER IN SUPPORT OF**
                                              )  **DEFENDANT AKAL SECURITY,**
AKAL SECURITY, INC., a corporation; and       )  **INC.'S MOTION FOR SUMMARY**
DOES 1-100, inclusive,                        )  **JUDGMENT, OR, IN THE**
                                              )  **ALTERNATIVE, SUMMARY**
                          Defendants.         )  **ADJUDICATION**
                                              )
                                              )  Date:   January 23, 2008
                                              )  Time:   8:30 a.m.
                                              )  Dept.:  7
                                              )
                                              )  Complaint Filed:    April 27, 2006
                                              )  Trial Date:         Not Set

I, JOSHUA B. WAGNER, do hereby declare as follows:

1.       I am an attorney at law licensed to practice before all the courts in the State of

California. I am a partner with the law firm of Gordon & Rees LLP, attorneys of record for

Defendant, AKAL SECURITY, INC. I submit this declaration in Support of Defendant's

Motion for Summary Judgment or, in the alternative, Motion for Summary Adjudication.

2.       If called to testify, I would testify to the following on personal knowledge, except

*Gordon & Rees LLP*
*633 West Fifth Street*
*Suite 4900*
*Los Angeles, CA 90071*

1  on those instances in which statements are identified as being made upon information and belief,

2  and as to those statements I believe them to be true.

3      3.    Attached hereto as Exhibit "A" to my Declaration is a true and correct copy of

4  Plaintiff's First Amended Complaint in this matter.

5      4.    Attached hereto as Exhibit "B" to my Declaration is a true and correct copy of

6  The Labor Commissioner's Order, Decision, or Award pertaining to Plaintiff's Complaint to the

7  Labor Commissioner.

8      5.    Attached hereto as Exhibit "C" to my Declaration is a true and correct copy of

9  Defendant's Request for Admission, Set One, and Plaintiff's Response to those Requests.

10      6.    Attached hereto as Exhibit "D" to my Declaration is a true and correct copy of

11  Defendant's Request for Production of Documents, Set One, and Plaintiff's Response to those

12  Requests.

13      7.    Attached hereto as Exhibit "E" to my Declaration is a true and correct copy of

14  Defendant's Form Interrogatory Requests, Set One, and Plaintiff's Response to those Requests.

15      I declare under penalty of perjury of the laws of the State of California that the foregoing

16  is true and correct.

17      Executed this ____ day of November, 2007 in Los Angeles, California.

18

19  JOSHUA WAGNER

20

21

22

23

24

25

26

27

28

AKAL/1039887/5163519v.1

277 D

DECLARATION OF JOSHUA WAGNER IN SUPPORT OF DEFENDANT AKAL SECURITY, INC.'S
MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

JASON R. THORNTON, SBN 165637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>           Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>           Defendants. | CASE NO:  ECU03022<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1)  FAILURE TO PAY MEAL PERIOD PREMIUM PAY;<br>(2)  FAILURE TO PAY REST BREAK PREMIUM PAY;<br>(3)  VIOLATIONS OF THE UCL; AND<br>(4)  PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 2699<br><br>[PLAINTIFF DEMANDS TRIAL BY JURY]<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 1<br><br>Complaint Filed:     April 27, 2006<br>Trial Date:            Not Set |

/ / / / /

/ / / / /

/ / / / /

**VIA FAX**

FIRST AMENDED COMPLAINT

279  D

## INTRODUCTION

The public policy of California declares:

It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

## GENERAL ALLEGATIONS

1. Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2. Plaintiff David Loera ("Plaintiff") is, and at all times mentioned was, an individual residing and working in the State of California.

3. Plaintiff is informed and believes defendant Akal Security, Inc. ("Akal") is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of New Mexico, and doing business in the County of Imperial, State of California.

4. Plaintiff does not know the true names and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sue them by fictitious names. Plaintiff is informed and believes DOES 1 through 100, inclusive, are in some way responsible for the events and Plaintiff's damages described in this complaint. Plaintiff will seek leave to amend this complaint when the true names and capacities of these defendants have been ascertained.

/ / / / /

/ / / / /

/ / / / /

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

279  D

<u>JURISDICTION</u>

5.    This Court has jurisdiction over this action for damages, restitution, injunctive relief and penalties pursuant to, among other provisions, California Labor Code sections 226.7 and 512, and sections 17203 and 17205 of the UCL (California Business & Professions Code sections 17203 and 17205).

<u>CLASS ALLEGATIONS</u>

6.    Plaintiff's causes of action are brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382. Plaintiff brings this action on behalf of himself and all members of the Class ("the Class"). The Class that Plaintiff represents is defined as follows: all current and former prison guards who worked for Akal, at the Department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the "Class Period"). Plaintiff brings no claims under federal law. On information and belief, more than two-thirds (2/3) of the Class members are, when this action was filed and continuing to date, residents of the state of California, and, at the very least, more than one-third (1/3) of the Class members are residents of the State of California.

7.    The members of the Class for whose benefit the action is brought are so numerous that joinder of all Class members is impracticable. Plaintiff believes that there are over three hundred members of the Class, although the exact number of individual Class members is presently unknown, and can only be ascertained through appropriate discovery. The identities of all Class members can be readily ascertained by reference to Akal's records.

8.    There are questions of fact and law common to the Class that predominate over any questions affecting only individual Class members.

9.    Among the questions of fact common to the Class are the following:

a.    whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay;

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

280    D

b.    whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and

c.    whether Akal has failed to keep proper records for the Class members working hours.

10.    Plaintiff's claims are typical of the claims of Class members, because Plaintiff and each member of the Class worked for Akal without being provided with the required meal periods and rest breaks as mandated by California law, and were subjected uniformly to other unlawful conduct by Akal.

11.    Plaintiff is committed to the vigorous prosecution of this action. Plaintiff has no unique claims, has no conflict of interest with other Class members and has retained competent counsel experienced in the prosecution of Class actions. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

12.    A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. In light of the amount of damage suffered by individual Class members, individual actions by Class members are impracticable and a Class action is the only practicable method by which the Class members can achieve redress from Akal and prevent Akal from retaining millions of dollars of its ill-gotten gains. Individual actions would present a risk of inconsistent adjudications, even though each Class member has an effectively identical claim of right against Akal. Because the Class claims can be proven almost entirely through Akal's own documents and witnesses, this case entails no circumstances which will make it difficult to manage as a Class action. Individual damages may be calculated from the information maintained in Akal's records, so that the cost of administering any recovery can be minimized.

/ / / / /

/ / / / /

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

4

FIRST AMENDED COMPLAINT

281    D

13. This action may also be maintained as a class action because:

    a.    the prosecution of separate actions by or against individual members of the class would create a risk of:

        i.    inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

        ii.    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

    b.    the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

14. Plaintiff and Class members work or have worked as prison guards for Akal during the Class Period, at the Department of Homeland Security Immigration Detention Center in El Centro, California.

15. During the past four years, Plaintiff and Class members were required by Akal to work for continuous periods of five hours or greater without having at least a one-half hour meal break. Despite having denied Plaintiff and Class members of these meal breaks, Akal failed to compensate the Plaintiff and Class members with the requisite premium pay as set forth in the California Labor Code.

16. During the past four years, Plaintiff and Class members were required by Akal to work for continuous periods of four hours or greater without having at least a ten minute rest period. Despite having denied Plaintiff and Class members of these rest periods, Akal failed to

/ / / / /

5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego  CA 92110
(619) 299-7000

FIRST AMENDED COMPLAINT

282   D

1   compensate the Plaintiff and Class members with the requisite premium pay as set forth in the

2   California Labor Code.

3       17.    During the past four years, Plaintiff is informed and believes Akal failed to

4   provide Plaintiff and Class members with accurate wage deduction statements showing the

5   actual hours worked by Plaintiff and Class members.

**FIRST CAUSE OF ACTION**

6

7   (Failure to Pay Meal Period Premium Pay –
   On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

8

9       18.    Plaintiff incorporates by reference each and every allegation contained in

10   Paragraphs 1 through 17 above.

11       19.    California law requires an employer to pay an additional one hour of

12   compensation for each meal period the employer fails to provide. Employees are entitled to an

13   uninterrupted meal period, during which employees are relieved of all duties, of at least thirty

14   minutes for each five-hour work period. Plaintiff and Class members have consistently worked

15   over five hours in a workday without a meal period.

16       20.    Defendant failed to provide Plaintiff and Class members with timely meal

17   breaks of not less than thirty minutes for each five-hour period worked as required by

18   California law.

19       21.    Plaintiff and Class members are entitled to recover an amount equal to one hour

20   of wages per missed meal break, interest, applicable penalties, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

21

22   (Failure to Pay Rest Break Premium Pay –
   On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

23

24       22.    Plaintiff incorporates by reference each and every allegation contained in

25   Paragraphs 1 through 21 above.

26       23.    California law requires an employer to pay an additional one hour of

27   compensation for each rest period the employer fails to provide. Employees are entitled to a

28

6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 283-7000

**FIRST AMENDED COMPLAINT**

2830

1  paid ten minute rest break for every four hour period worked. Plaintiff and Class members

2  have consistently worked over four hour periods per day with no rest breaks.

3      24.    Plaintiff and Class members are entitled to recover an amount equal to one hour

4  of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

5  <u>THIRD CAUSE OF ACTION</u>

6  (Violations of the UCL – On behalf of Plaintiff and Class Members<br>Against Akal and DOES 1 through 100)

7

8      25.    Plaintiff incorporates each and every allegation contained in Paragraphs 1

9  through 24 above.

10      26.    The UCL prohibits business practices which are "unlawful."

11      27.    Akal has committed, and upon information and belief continues to commit,

12  ongoing unlawful business practices within the meaning of the UCL, including, but not limited

13  to:

14      a.    Compelling Plaintiff and Class members to work for periods of five or

15  more consecutive hours without having at least a one half hour break for meals;

16      b.    Compelling Plaintiff and Class members to work for periods of four or

17  more consecutive hours without having at least a one ten minute rest period;

18      c.    Failing to post required notices at the workplace;

19      d.    Failing to provide accurate and itemized wage statements required under

20      California law; and

21      e.    Failing to prepare and maintain all records required under California

22      law.

23      28.    The unlawful business practices described above have proximately caused

24  monetary damages to Plaintiff and Class Members and to the general public.

25      29.    Pursuant to the UCL, Plaintiff and Class members are entitled to restitution of

26  money or property acquired by Akal by means of such unlawful business practices, in amounts

27  not yet known, but to be ascertained at trial.

28

7

MARKS, GOLIA &<br>FINCH, LLP<br>3900 Harney Street<br>First Floor<br>San Diego, CA 92110<br>(619) 293-7000

FIRST AMENDED COMPLAINT

284  D

30.    Pursuant to the UCL, Plaintiff, Class members and the general public are entitled to injunctive relief against Akal's ongoing continuation of such unlawful business practices.

31.    If an injunction does not issue enjoining Akal from engaging in the unlawful business practices described above, Plaintiff and Class Members and the general public will be irreparably injured, the exact extent, nature and amount of such injury being impossible to ascertain.

32.    Plaintiffs have no plain, speedy, and adequate remedy at law.

33.    Akal, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and Class Members and of the general public.

34.    Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

35.    Private enforcement of these rights is necessary as no public agency has pursued their enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

36.    Plaintiff and Class members are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

### FOURTH CAUSE OF ACTION

(Penalties Under California Labor Code Section 2699 – On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

37.    Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 36 above.

38.    On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

/ / / / /

8

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

285  D

39. On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

40. Counsel for Plaintiff has received written notice from the California Labor and Workforce Development Agency stating that it does not intend to investigate the violations set forth in the April 15, 2005 letter. Pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), Plaintiff is entitled to commence this action for penalties.

41. As a result of the acts alleged above, Plaintiff seeks penalties under California Labor Code section 2699 because of Akal's violation of numerous provisions of the California Labor Code.

42. Pursuant to California Labor Code section 2699, Plaintiff is entitled to be awarded twenty-five (25 %) percent of all penalties due under California law, in addition to interest, attorneys' fees and costs.

43. The Court should award seventy-five (75 %) percent of the penalties due under California law to the State of California.

## PRAYER

WHEREFORE, Plaintiff and the Class members pray for judgment against Akal, as follows:

FOR THE FIRST CAUSE OF ACTION:

1. For an order certifying the case and appointing Plaintiff and his counsel to represent the Class;

2. For compensatory damages according to proof;

3. For enhanced damages and penalties as permitted under California law;

4. For pre-judgment interest;

5. For costs of suit; and

6. For reasonable attorneys' fees.

/ / / / /

9

MARKS, GOLIA &
FINCH, LLP
3800 Harney Street
First Floor
San Diego, CA 82110
(619) 293-7000

FIRST AMENDED COMPLAINT

296   D

| LABOR COMMISSIONER, STATE OF CALIFORNIA<br>Department of Industrial Relations<br>Division of Labor Standards Enforcement<br>7575 Metropolitan Drive, Ste. 210<br>San Diego, CA 92108<br>Tel: (619) 220-5451   Fax: (619) 767-2020 | For Court Use Only: |
|---|---|
| Plaintiff:   **David R. Loera** | |
| | **Court Number** |
| Defendant:   **Akal Security, Incorporated, a New Mexico Corporation** | |

| State Case Number<br>**10 - 54558    LA** | **ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER** |
|---|---|

1. The above-entitled matter came on for hearing before the Labor Commissioner of the State of California as follows:

**DATE: May 27, 2005** ☐ **CONTINUED TO**

**CITY: 7575 Metropolitan Dr., Ste. 210,  San Diego,  CA  92108**

2. IT IS ORDERED THAT:  **Plaintiff take nothing by virtue of his/her complaint.**

$ _____ for wages  **(with lawful deductions)**

$ _____ Reimbursable business expenses

$ _____0.00_____ for interest pursuant to Labor Code Section 98.1

$ _____ for additional wages accrued pursuant to Labor Code Section 203 as a penalty<br>*and that same shall not be subject to payroll or other deductions.*

$ _____ for recovery on dishonored payroll check

$ _____ other compensation(specify)

$ _____0.00_____ **TOTAL AMOUNT OF AWARD**

3.  The herein Order, Decision or Award is based upon the Findings of Fact, Legal Analysis and Conclusions attached hereto and incorporated herein by reference.

4.  The parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the appropriate court* within ten (10) days of service of this document.  Service of this document can be accomplished either by first class mail or by personal delivery and is effective upon mailing or at the time of personal delivery.  If service on the parties is made by mail, the (10) day appeal period shall be extended by five (5) days.  For parties served outside of California, the period of extension is longer(See Code of Civil Procedure Section 1013).  In case of appeal, the necessary filing fee must be paid by  the appellant and appellant must, immediately upon filing an appeal with the appropriate court, serve a copy of the appeal request upon the Labor Commissioner.  If an appeal is filed by a corporation, a non-lawyer agent of the corporation may file the Notice of Appeal with the appropriate court, but the corporation must be represented in any subsequent trial by an attorney, licensed to practice in the State of California.  Labor Code Section 98.2(b) provides that if the parties seeking review by filing an appeal to the court are unsuccessful in such appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other party to the appeal and assess such amount as a cost upon the party filing the appeal.  **PLEASE TAKE NOTICE that Labor Code Section 98.2 (b) requires that when an employer files an appeal of an Order, Decision or Award of the Labor Commissioner, the employer shall post a bond or undertaking with the court in the amount of the ODA and the employer shall provide written notice to the other parties and the Labor Commissioner of the undertaking.  Labor Code Section 98.2 (b) also requires that the bond contain certain other conditions.**

*  Superior Court of Imperial County
939 West Main Street
El Centro, CA 92243

**LABOR COMMISSIONER, STATE OF CALIFORNIA**

BY: *Victor Rojas*

Victor Rojas          HEARING OFFICER

**DATED: May 27, 2005**

DLSE 535 (REV 6/89)          ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER          L.C. 98

297 D