**Grant Deed**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

COUNTY OF IMPERIAL

hereby GRANT(S) to

THE UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION SERVICE

the following described real property in the
county of Imperial, State of California:

Dated: December 9, 1970

STATE OF CALIFORNIA
COUNTY OF

County of Imperial

Chairman of the Board of
of County of Imperial
California

Harry H. Pree, Clerk of the
Board of Supervisors

FOR NOTARY SEAL OR STAMP

Signature of Notary

Name Typed or Printed of Notary

Title Order No.                    Escrow No.    300 037 F

MAIL TAX STATEMENTS AS DIRECTED ABOVE

424 D



A C K N O W L E D G M E N T

State of California )
) ss.
County of Imperial )

On this 12th day of December 19 78 before me,
_____ Hazel King _____ appears _____ Ralph L. Lanier _____
Chairman of the Board of Supervisors _____
County Clerk and Ex officio Clerk of the Board of Supervisors in
and for the County of Imperial, a political subdivision of the
State of California, known to me to be the Chairman of the Board
of Supervisors and County Clerk and Ex officio Clerk of the Board
of Supervisors of said County, and whose names are subscribed
thereto, and severally acknowledged to me that they executed the
within instrument.

In witness whereof I have hereunto set my hand and affixed my
official seal the day and year in this certificate first above
written.

OFFICIAL SEAL
HAZEL KING
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
IMPERIAL COUNTY
My Commission Expires October 3, 1981

_____
Notary Public in and for said
County and State

425 D



**Grant Deed**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

COUNTY OF IMPERIAL

hereby GRANT(S) to THE UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE

the following described real property in the
county of Imperial State of California:

Description attached hereto and made a part hereof.

December 18, 1970

STATE OF CALIFORNIA

426 D



422 D



428 D



RECORDING REQUESTED BY

Ticor Title Insurance Company
of California

AND WHEN RECORDED MAIL TO

Chief Patrol Agent
U.S. Border Patrol
P.O. Box 60
El Centro, CA 92244

PARCEL 5

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Corporation Grant Deed

44-290-18

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ B EXEMPT
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: (X) City of ___El Centro___, and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

El Centro Pizza, Inc.

a corporation organized under the laws of the State of    California    hereby GRANTS to

This real estate property is being sold to the United States of
America and its Assigns.
the following described real property in the
County of    Imperial                    , State of California:

That portion of tract 50, township 15 south, range 14, S.B.M., County
of Imperial, State of California, According to the official plat
thereof.

This land is being acquired by the United States Department of Justice,
Immigration and Naturalization service for use as a Border Patrol
Station.

See exhibit "A" attached hereto and make a part hereof for complete
legal description.

Subject to:
1. Covenants, Conditions and Restrictions of record.

In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this instru-
ment to be executed by its _____ President and Nancy M. Bernens    Secretary
thereunto duly authorized.
Dated: September 27, 1985

El Centro Pizza, Inc. A California
Corporation

By _____ President

By _____ Secretary

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO } SS.
On September 27, 1985 before me, the under-
signed, a Notary Public in and for said State, personally appeared
TED MILLAN , known
to me to be the _____ President, and
NANCY M. BERNENS , known to me to be
_____ Secretary of the Corporation that executed the
within Instrument, known to me to be the persons who executed the
within Instrument on behalf of the Corporation therein named, and
acknowledged to me that such Corporation executed the within instru-
ment pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

Signature: Sonia L. Lopez

OFFICIAL SEAL
SONIA L. LOPEZ
Notary Public California
Principal Office in the
San Diego County
My Comm Exp Apr 14, 1989

(This area for official notarial seal)

Title Order No. _____ Escrow or Loan No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

429 0

EXHIBIT "A"

THAT PORTION OF TRACT 50, TOWNSHIP 15 SOUTH, RANGE 14 EAST, S.B.M., COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

BEGINNING AT A POINT ON THE WEST LINE OF SAID TRACT 50, WHICH POINT IS 516.7 FEET SOUTH OF THE NORTHWEST CORNER OF SAID TRACT 50; AND WHICH POINT IS ALSO THE SOUTHWEST CORNER OF THE TRACT OF LAND DESCRIBED IN DEED FROM THE COUNTY OF IMPERIAL TO THE CITY OF EL CENTRO DATED JANUARY 2, 1941, AND RECORDED APRIL 10, 1941 IN BOOK 568 PAGE 184 OF OFFICIAL RECORDS; THENCE NORTH 89° 54' EAST AND PARALLEL WITH THE NORTH LINE OF SAID TRACT 50, AND ALONG THE SOUTH LINE OF SAID TRACT, DEEDED TO SAID CITY OF EL CENTRO, ABOVE REFERRED TO, 466.7 FEET TO A POINT, SAID POINT BEING THE SOUTHEAST CORNER OF SAID CITY OF EL CENTRO TRACT; THENCE SOUTH 0° 03' WEST AND PARALLEL WITH THE WEST LINE OF SAID TRACT 50, 130 FEET; THENCE SOUTH 89° 54' WEST AND PARALLEL WITH THE NORTH LINE OF SAID TRACT 50 AND PARALLEL WITH THE SOUTH LINE OF SAID CITY OF EL CENTRO TRACT 466.7 FEET TO THE WEST LINE OF SAID TRACT 50; THENCE NORTH 0° 03' EAST ALONG THE WEST LINE OF SAID TRACT 50 TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION THEREOF CONDEMNED BY THE STATE OF CALIFORNIA BY ORDER RECORDED FEBRUARY 26, 1947 IN BOOK 673 PAGE 319 OF OFFICIAL RECORDS OF IMPERIAL COUNTY.

ALSO EXCEPTING ANY ABUTTER'S RIGHTS OF ACCESS APPURTENANT TO THE REMAINING PORTION OF SAID NORTHWEST QUARTER OF TRACT 50, IN AND TO SAID FREEWAY OVER AND ACROSS THE EASTERLY LINE OF THE ABOVE DESCRIBED EXCEPTION; EXCEPTING AND RESERVING, HOWEVER, TO THE OWNERS OF ABUTTING LANDS, THEIR SUCCESSORS OR ASSIGNS, THE RIGHT OF ACCESS TO SAID FREEWAY OVER AND ACROSS THE EASTERLY LINE OF THE ABOVE DESCRIBED EXCEPTION FOR ONE 30 FOOT SECTION, WHICH SAID SECTION LIES 15 FEET EACH SIDE OF A POINT DIRECTLY OPPOSITE OF ENGINEER'S STATION 20+15 OF SAID SURVEY, AND A 20 FOOT SECTION AS MORE FULLY DESCRIBED IN THE DEED RECORDED OCTOBER 1, 1948 IN BOOK 721 PAGE 553 AND DEED RECORDED JULY 20, 1983 IN BOOK 1197 PAGE 479 AND DEED RECORDED AUGUST 20, 1963 IN BOOK 1169 PAGE 265 OF OFFICIAL RECORDS OF IMPERIAL COUNTY, CALIFORNIA.

430 D

1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5
   Attorneys for Defendant
6  AKAL SECURITY, INC.

7

**ENDORSED**

NOV 05 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF IMPERIAL

10

11  DAVID LOERA, for himself and on behalf of   )   CASE NO. ECU03022
    all others similarly situated and the general   )
12  public,                                      )   *[Assigned to Hon. Christopher W. Yeager,*
                                                 )   *Dept. 7]*
13                        Plaintiffs,            )
                                                 )   **DECLARATION OF VICTOR ARAIZA**
14              v.                               )   **IN SUPPORT OF DEFENDANT AKAL**
                                                 )   **SECURITY, INC.'S MOTION FOR**
15  AKAL SECURITY, INC., a corporation; and      )   **SUMMARY JUDGMENT, OR, IN THE**
    DOES 1-100, inclusive,                       )   **ALTERNATIVE, SUMMARY**
16                                               )   **ADJUDICATION**
                          Defendants.            )
17                                               )
                                                 )   Date:  January 28, 2008
18                                               )   Time:  8:30 a.m.
                                                 )   Dept.: 7
19                                               )
                                                 )   Complaint Filed:   April 27, 2006
20                                               )   Trial Date:        Not Set
                                                 )
21                                               )
                                                 )
22                                               )

23

24       I, VICTOR ARAIZA, do hereby declare as follows:

25       1.      I am an employed by Akal Security, Inc. as its Site Supervisor at the Department

26  of Homeland Security Immigration Detention Center located at 1115 N. Imperial Avenue El

27  Centro, CA 92243 (the "El Centro facility"). I submit this declaration in Support of Defendant's

28  Motion for Summary Judgment or, in the alternative, Motion for Summary Adjudication.

- 1 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

2.    If called to testify, I would testify to the following on personal knowledge, except on those instances in which statements are identified as being made upon information and belief, and as to those statements I believe them to be true.

3.    The El Centro facility is used exclusively for the implementation and enforcement of the federal government's immigration laws.

4.    I am informed and believe that the El Centro facility is owned by the United States Department of Justice.

5.    I am informed and believe that the El Centro facility is exclusively operated by the United States Department of Justice, Immigration and Naturalization Service under the Homeland Security Department.

6.    I am informed and believe that the El Centro facility is under the exclusive control of the United States Department of Justice, Immigration and Naturalization Service under the Homeland Security Department.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of October, 2007 in El Centro, California.

VICTOR ARAIZA

432

DECLARATION OF VICTOR ARAIZA IN SUPPORT OF DEFENDANT AKAL SECURITY, INC.'S
MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1 | STEPHEN E. RONK (SBN: 164333)
JOSHUA B. WAGNER (SBN: 199570)
2 | MOLLIE BURKS-THOMAS (SBN: 222112)
GORDON & REES LLP
3 | 633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
4 | Telephone: (213) 576-5000
Facsimile: (213) 680-4470
5
6 | Attorneys for Defendant
AKAL SECURITY, INC.

**ENDORSED**

NOV 05 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              FOR THE COUNTY OF IMPERIAL

10

11 | DAVID LOERA, for himself and on behalf of )    CASE NO. ECU03022
all others similarly situated and the general )
12 | public,                                      )    *[Assigned to Hon. Christopher W. Yeager,*
                                                  )    *Dept. 7]*
13 |                              Plaintiffs,     )
                                                  )    **MEMORANDUM OF POINTS AND**
14 |                    v.                        )    **AUTHORITIES IN SUPPORT OF**
                                                  )    **DEFENDANT AKAL SECURITY,**
15 | AKAL SECURITY, INC., a corporation; and     )    **INC.'S MOTION FOR SUMMARY**
DOES 1-100, inclusive,                           )    **JUDGMENT, OR, IN THE**
16 |                                              )    **ALTERNATIVE, SUMMARY**
                              Defendants.         )    **ADJUDICATION**
17 |                                              )
                                                  )
18 |                                              )    Date:    January 23, 2008
                                                  )    Time:    8::30 a.m.
19 |                                              )    Dept.:   7
                                                  )
20 |                                              )    Complaint Filed:    April 27, 2006
                                                  )    Trial Date:         Not Set
21

22            Defendant Akal Security, Inc. ("Akal Security") submits the following Memorandum of

23    Points and Authorities in support of its Motion for Summary Judgment or, in the alternative,

24    Summary Adjudication of Issues:

25    / / /

26    / / /

27    / / /

28    / / /

433  0

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

I.    **INTRODUCTION**

On April 27, 2006, Plaintiff David Loera, on behalf of himself and others similarly situated and the general public, filed the original complaint and later amended it alleging his former employer Akal violated various California wage and hour laws.  Plaintiff's claims, however, are not actionable because, 1) Plaintiff failed to exercise his right to appeal the Labor Commissioner's decision and therefore the present action is barred by *res judicata*, and 2) the site of the alleged violations is a federal enclave and therefore the California wage and hour laws that Akal allegedly infringed are not applicable.

Plaintiff is a former Akal employee who worked as a prison guard at the Department of Homeland Security Immigration Detention Center in El Centro, California ("El Centro facility"). Plaintiff alleges that Akal failed to provide him with proper meal and rest breaks, as well as failed to keep proper records of his working hours.  Plaintiff initially filed a complaint with the Labor Commissioner concerning these alleged California wage and hour violations and the Labor Commissioner ruled in favor of Akal (finding that the land was a federal enclave and that the California wage and hour laws did not apply).  Plaintiff failed to file an appeal to the Labor Commissioner's order and therefore the Labor Commissioner's order is enforceable as a judgment and the present action is barred by *res judicata*.  Furthermore, all of Plaintiff's allegations of violations are based on California law, not federal law.  The El Centro facility is indisputably on federally owned land and is involved in enforcing federally enacted immigration laws and therefore the facility is under the exclusive jurisdiction of the federal government.  As such, the El Centro facility is a federal enclave and Plaintiff's claims are not actionable.

II.    **STATEMENT OF FACTS**

Plaintiff alleges in his operative complaint (First Amended Complaint), that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')."  (Undisputed Fact "UF" No. 1, 22, 43, 64, 85, 106, and 127.)  Plaintiff explains that the lawsuit "brings no claims under federal law."  (UF No. 2, 23, 44, 65, 86, 107, and 128.)  The claims brought by Plaintiff concern wage and hour claims,

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 2 -

1    specifically, "whether Class members were compelled to work for periods of five or more

2    consecutive hours without having at least a one half hour break for meals and without receiving

3    the required premium pay; whether Class members were compelled to work for periods of four

4    or more consecutive hours without having at least a one ten minute rest period and without

5    receiving the required premium pay; and whether Akal has failed to keep proper records for the

6    Class members working hours." (UF No. 3, 24, 45, 66, 87, 108, and 129.)

7        **A.   Plaintiff's Four Causes of Action**

8        Plaintiff specifically brings four causes of action against Akal, all of which are based on

9    California law, (1) failure to pay meal period premium pay under Cal. Labor Code § 226.7, (2)

10   failure to pay rest break premium pay under Cal. Labor Code § 226.7, (3) violations of the

11   California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200, and (4)

12   penalties under Cal. Labor Code § 2699. (UF No. 4, 25, 56, 67, 88, 109, and 130.)

13       **B.   Labor Commissioner Action**

14       Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June

15   25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003,

16   through May 22, 2004. (UF No. 5, 26, 57, 78, 89, 110, and 131.) A Labor Commissioner

17   hearing officer held a hearing on the matter on May 27, 2005. (UF No. 6, 27, 58, 79, 90, 111,

18   and 132.) Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of

19   Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his

20   burden of showing that the State of California had jurisdiction over the El Centro federal facility.

21   (UF No. 7, 28, 59, 80, 91, 112, and 133.) As part of the Labor Commissioner's "findings of

22   fact," it was noted that the "Defendant testified that the United States government owns the [El

23   Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal

24   owned property." (UF No. 8, 29, 60, 81, 92, 113, and 134.) Furthermore, the Labor

25   Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not

26   having jurisdiction on federally owned property." (UF No. 9, 30, 61, 82, 93, 114, and 135.) The

27   Labor Commissioner served the Order on July 6, 2005. (UF No. 10, 31, 62, 83, 94, 115, and

28   136.) Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award. (UF No.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 3 -

435   D

1    11, 32, 63, 84, 95, 116, and 137.)

2    **C.   Federal Jurisdiction**

3    The United States of America, Department of Justice, Immigration and Naturalization

4    Service under the Homeland Security Department owns the El Centro facility in Fee.  (UF No.

5    12, 33, 64, 85, 96, 117, and 138.)  The El Centro facility is used for the implementation of and

6    enforcement of the federal government's immigration laws.  (UF No. 13, 34, 65, 86, 97, 118, and

7    139.)

8    The El Centro facility was acquired by the Federal Government over time and is made up

9    of five parcels.  (UF No. 14, 35, 66, 87, 98, 119, and 140.)  Parcel 1 of the El Centro facility was

10   acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City

11   of El Centro.  (UF No. 15, 36, 67, 88, 99, 120, and 141.)  Parcel 2 of the El Centro facility was

12   acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of

13   Imperial.  (UF No. 16, 37, 68, 89, 100, 121, and 142.)  Parcel 3 of the El Centro facility was

14   acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of

15   Imperial.  (UF No. 17, 38, 69, 90, 101, 122, and 143.)  Parcel 4 of the El Centro facility was

16   acquired by the Federal Government on December 14, 1970, by a Grant Deed from the County

17   of Imperial.  (UF No. 18, 39, 70, 91, 102, 123, and 144.)  Parcel 5 of the El Centro facility was

18   acquired by the Federal Government on September 27, 1985, by a Corporation Grant Deed from

19   El Centro Pizza, Inc.  (UF No. 19, 40, 71, 92, 103, 124, and 145.)

20   The El Centro facility is a federal enclave under exclusive federal jurisdiction.  (UF No.

21   20, 41, 72, 93, 104, 125, and 146.)  Plaintiff failed to provide any evidentiary support for the

22   denial in his discovery responses that the El Centro facility is a federal enclave.  (UF No. 21, 42,

23   73, 94, 105, 126, and 147.)

24   **III.   ARGUMENT**

25   **A.   Summary Judgment Standard**

26   The California Supreme Court explained that the "purpose of the law of summary

27   judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to

28   determine whether, despite their allegations, trial is in fact necessary to resolve their dispute."

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

- 4 -

436

1  *Aguilar v. Atlantic Richfield Co.*, 25 Cal.4th 826, 843 (2001). The court further acknowledged

2  that the 1992 and 1993 amendments to California's summary judgment statute changed the law

3  dramatically, with the intent of moving California's summary judgment procedure closer to

4  federal procedure and to liberalize the granting of such motions. *Id.* at 847-48.

5      A court must grant summary judgment where "no triable issue as to any material fact"

6  exists and "the moving party is entitled to a judgment as a matter of law." Cal. Code Civ. Proc. §

7  437c(c). A cause of action has no merit where the defendant proves that one or more elements of

8  the purported claim "cannot be separately established," or that there is a complete defense to that

9  cause of action. Cal. Civ. Proc. Code § 437c(o)(1) & (2).

10      Here, the evidence is conclusive that Plaintiff failed to properly appeal the Labor

11  Commissioner's Order and the premises where the alleged wage and hour violations took place

12  is a federal enclave and the California laws upon which Plaintiff relies do not apply. Therefore,

13  Akal's motion for summary judgment, or in the alternative summary adjudication, should be

14  granted.

15      **B.**    **Issues # 2, 4, and 7: Plaintiff Failed to Appeal the Labor Commissioner's**
                    **Order and Therefore the Present Action is Barred by *Res Judicata***

16

17      Plaintiff's claims for meal and rest period violations as well as his claim for penalties

18  based on the alleged meal and rest period violations fail because he did not appeal the Labor

19  Commissioner's Order. If no party takes an appeal to a Labor Commissioner's decision, then the

20  Labor Commissioner's decision will be deemed a judgment, final immediately and enforceable

21  as a judgment in a civil action. *Post v. Palo/Haklar & Assoc.*, 23 Cal. 4th 942, 947. Therefore,

22  the Labor Commissioner's decision in favor of Akal is enforceable on the present action and

23  Plaintiff's claims are barred by *res judicata*.

24      On June 25, 2004, Plaintiff filed an action with the California Labor Commissioner

25  against Akal alleging meal and rest period violations from January 1, 2003, through May 22,

26  2004. On May 27, 2005, a hearing was conducted in San Diego, California before the hearing

27  officer designated by the Labor Commissioner. On May 27, 2005, the Labor Commissioner

28  issued an Order, Decision, or Award in favor of Akal, stating that Plaintiff recover nothing from

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 5 -

437 D

1  Akal because Plaintiff had not satisfied his burden of showing that the State of California had

2  jurisdiction over the El Centro federal facility.  (Order, Decision, or Award of the Labor

3  Commissioner).  As part of the Labor Commissioner's "findings of fact," it was noted that the

4  "Defendant testified that the United States government owns the [El Centro] facility and property

5  [and that] [t]he State of California has no jurisdiction over federal owned property." (Order,

6  Decision, or Award of the Labor Commissioner).  Furthermore, the Labor Commissioner's

7  "Legal Analysis" explained, "[a]ll evidence points to the State of California not having

8  jurisdiction on federally owned property." (Order, Decision, or Award of the Labor

9  Commissioner).  The Labor Commissioner served the Order on July 6, 2005.  Plaintiff failed to

10  appeal the Labor Commissioner's Order, Decision, or Award.

11      A party may appeal a Labor Commissioner's order, however, it must do so within ten

12  days, otherwise the order is deemed a judgment and enforceable as such.  Pursuant to Labor

13  Code section 98.2(a), "[w]ithin 10 days after service of notice of an order, decision, or award the

14  parties may seek review by filing an appeal to the superior court, where the appeal shall be heard

15  de novo." "If no party takes an appeal, the [C]ommissioner's decision will be deemed a

16  judgment, final immediately and enforceable as a judgment in a civil action." *Post v.*

17  *Palo/Haklar & Assoc.*, 23 Cal. 4th 942, 947.

18      Here, Plaintiff failed to appeal the Labor Commissioner's Order, and as such the Order is

19  "enforceable as a judgment in a civil action." Therefore, Plaintiff's current action fails because it

20  has already been adjudicated by the Labor Commissioner's Order and is barred by *res judicata*.

21  Akal's Motion for Summary Adjudication should be granted against Plaintiff's First, Second,

22  and Fourth Causes of Action.

C.  **Issues # 1, 3, 5, and 6:  The El Centro Facility is a Federal Enclave Applying Exclusive Federal Jurisdiction and Therefore Plaintiff's California Causes of Action Fail**

25      Plaintiff brings this action against Akal for alleged California state violations that took

26  place at the El Centro facility.  The El Centro facility, however, is property owned solely and

27  exclusively by the federal government in Fee and is an immigration facility handling

28  immigration enforcement issues that are exclusively within federal jurisdiction.  As such, the El

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

- 6 -

438 17

1   Centro facility is a federal enclave applying exclusive federal jurisdiction and therefore

2   Plaintiff's claims for relief under California law fail.

3       In this action, Plaintiff asserts claims for (1) failure to pay meal period premium pay

4   under Cal. Labor Code § 226.7, (2) failure to pay rest break premium pay under Cal. Labor Code

5   § 226.7, (3) violations of the California Unfair Competition Law ("UCL") under Cal. Bus. &

6   Prof. Code § 17200, and (4) penalties under Cal. Labor Code § 2699. The El Centro facility is a

7   federal enclave and therefore these California laws are not applicable.

8       **1.    The El Centro Facility is a Federal Enclave**

9       A federal enclave is land over which the federal government exercises legislative

10  jurisdiction. *Kelly v. Lockheed Martin Services Group*, 25 F.Supp.2d 1, 3 (D.Puerto Rico 1998).

11  The federal power over such enclaves emanates from Article I, Section 8, Clause 17 of the

12  United States Constitution, which gives Congress the power "[t]o exercise exclusive Legislation

13  in all Cases whatsoever" over the District of Columbia and "to exercise like Authority over all

14  Places purchased by the Consent of the Legislature of the State in which the Same shall be, for

15  the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." An

16  enclave is created when the federal government obtains land within a state with the state's

17  consent. *Paul v. United States*, 371 U.S. 245, 264-265 (1963). Unlike those situations where the

18  United States has a mere proprietary interest in a piece of land, the voluntary cession of land by a

19  state to the federal government is an actual transfer of sovereignty. *Vincent v. General Dynamics*

20  *Corp.*, 427 F.Supp. 786, 795 (N.D.Tex.1977); see also *People v. Crusilla*, 77 Cal.App.4th 141,

21  148-150 (1999).

22      Here, it is undisputed that the federal government under the Homeland Security

23  Department owns the El Centro facility in Fee and has owned it as such beginning in 1940. The

24  City of El Centro, Imperial County, and El Centro Pizza deeded the property to the federal

25  government without retaining any interest other than the typical easement rights. There is also

26  no dispute that the El Centro facility is under exclusive federal jurisdiction as it is an

27  immigration center applying and enforcing federal immigration law. Plaintiff failed to provide

28  any evidentiary support for the denial in his discovery responses that the El Centro facility is a

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-7-

439 D

1  federal enclave. As such, the El Centro facility is a federal enclave under exclusive federal

2  jurisdiction.

### 2. Plaintiff's California Claims are not Applicable to the El Centro Facility

When an area becomes a federal enclave, Congress assumes the power of legislation over

that area. Federal law thus applies, although not "every vestige of the laws of the former

sovereignty must vanish." *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99 (1940). State law

which is in effect at the time of the cession, and which is not inconsistent with federal law, will

continue to apply within the enclave unless it is abrogated by Congress. *Id.*; see also *Pacific

Coast Dairy v. Dept. of Agriculture*, 318 U.S. 285, 294-296 (1943). State law which did not

exist at the time of cession will also extend to the enclave when the state regulation has been

expressly permitted by Congress. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 & fn. 1

(1988). Accordingly, Plaintiff is limited to asserting claims authorized by: (1) federal law; (2)

California law not in conflict with federal law that existed when the El Centro facility became a

federal enclave; and (3) subsequently enacted state law to the extent authorized by Congress.

Recently enacted California labor laws have not been applied to federal enclaves. In

*George v. UXB International, Inc.*, 1996 WL 241624 (N.D.Cal. (1996)), a U.S. District Court in

Northern California ruled that Industrial Welfare Commission Wage Orders and the California

Labor Code did not apply to employees of a federal contractor at Fort Ord in Monterey,

California because Fort Ord was a federal enclave [the United States formally accepted exclusive

jurisdiction over Fort Ord in 1944 and the California Wage Order proscribing daily overtime

requirements was adopted in 1977]. A California Federal District Court found that both FEHA

and the Janitor Act were "without force in Moffett Field, a federal enclave." *Powell v. Tessada

& Associates, Inc.*, 2005 WL 578103 (N.D.Cal. (2005)). Again, the Court recognized that at the

time of the transfer of sovereignty of Moffett Field to the federal government, neither FEHA nor

the Janitor Act existed, and as neither had been expressly approved by Congress they were

inapplicable. (*Id.* at 2.)

In the present case, the El Centro facility became a federal enclave in 1940 upon the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

*440 D*

- 8 -

1  federal government's initial acquisition of the parcels.  The UCL was enacted almost 40 years

2  afterwards, in 1977.  Furthermore, Labor Code sections 226.7 and 2699 only recently became

3  effective; January 1, 2001, and August 11, 2004, respectively and none of these California laws

4  have been authorized by Congress.  Plaintiff fails to bring valid claims under either federal law,

5  or California laws that were in existence prior to the El Centro facility becoming a federal

6  enclave, or California laws that were subsequently enacted and authorized by Congress.

7  Therefore, all of Plaintiff's cause of action must fail and Akal's motion for summary judgment

8  should be granted.

9  **IV.    CONCLUSION**

10        Based on the foregoing, Akal respectfully requests that the Court grant its Motion for

11  Summary Judgment.  In the alternative, Akal requests that its Motion for Summary Adjudication

12  of Issues be granted as prayed.

13  Dated:  November 2, 2007                    GORDON & REES LLP

14

15                                             By:
                                                  Stephen E. Ronk

16                                                Joshua B. Wagner
                                                  Mollie Burks-Thomas

17                                                Attorneys for Defendant
                                                  AKAL SECURITY, INC.

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/3104922v.1

441 D

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1  | STEPHEN E. RONK (SBN: 164333)
2  | JOSHUA B. WAGNER (SBN: 199570)
   | MOLLIE BURKS-THOMAS (SBN: 222112)
   | GORDON & REES LLP
3  | 633 West Fifth Street, Suite 4900
   | Los Angeles, CA 90071
4  | Telephone: (213) 576-5000
   | Facsimile: (213) 680-4470
5  |
   | Attorneys for Defendant
6  | AKAL SECURITY, INC.

**ENDORSED**

NOV 05 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MONICA PEREZ
DEPUTY

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>                              Plaintiffs,<br><br>          v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1-100, inclusive,<br><br>                              Defendants. | CASE NO. ECU03022<br><br>*[Assigned to Hon. Christopher W. Yeager, Dept. 7]*<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:   January 23, 2008<br>Time:  8:30 a.m.<br>Dept.:  7<br><br>Complaint Filed:   April 27, 2006<br>Trial Date:          Not Set |

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

        Pursuant to California Code of Civil Procedure section 437c, Defendant Akal Security, Inc. hereby submits its Separate Statement of Undisputed Material Facts together with supporting evidence in support of its Motion for Summary Judgment or in the Alternative Summary Adjudication of issues.

/ / /

442 D

- 1 -

**Issue 1:** PLAINTIFF'S FIRST CAUSE OF ACTION FOR FAILURE TO PAY MEAL PERIOD PREMIUM PAY PURSUANT TO CALIFORNIA LAW FAILS AS A MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING THEREON.

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff David Loera ("Plaintiff") alleges in his operative complaint (First Amended Complaint), that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')." | 1. First Amended Complaint ¶ 6. |
| 2. Plaintiff explains that the lawsuit "brings no claims under federal law." | 2. First Amended Complaint ¶ 6. |
| 3. The claims brought by Plaintiff concern wage and hour claims, specifically, "whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay; whether Class members were compelled to work for periods of | 3. First Amended Complaint, ¶ 9. |

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

443 D

-2-

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and whether Akal has failed to keep proper records for the Class members working hours."

4. Plaintiff specifically brings four causes of action against Akal, all of which are based on California law, (1) failure to pay meal period premium pay under Cal. Labor Code § 226.7, (2) failure to pay rest break premium pay under Cal. Labor Code § 226.7, (3) violations of the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200, and (4) penalties under Cal. Labor Code § 2699.

4. First Amended Complaint.

5. Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June 25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003, through May 22, 2004.

5. Order, Decision, or Award of the Labor Commissioner.

6. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

6. Order, Decision, or Award of the Labor Commissioner.

7. Thereafter, on May 27, 2005, the Labor

7. Order, Decision, or Award of the

444 b

- 3 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of showing that the State of California had jurisdiction over the El Centro federal facility.

Labor Commissioner.

8. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

8. Order, Decision, or Award of the Labor Commissioner.

9. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property."

9. Order, Decision, or Award of the Labor Commissioner.

10. The Labor Commissioner served the Order on July 6, 2005.

10. Order, Decision, or Award of the Labor Commissioner.

11. Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award.

11. Request for Admission, Set One, Request and Response No. 6.

12. The United States of America, Department of Justice, Immigration and Naturalization Service under the

12. Declaration of John Agle, ¶ 4.

445 D

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Homeland Security Department owns the El Centro facility in Fee.

13. The El Centro facility is used for the implementation of and enforcement of the federal government's immigration laws.

13. Declaration of Victor Araiza, ¶¶ 3-6.

14. The El Centro facility was acquired by the Federal Government over time and is made up of five parcels.

14. Declaration of John Agle, ¶ 5.

15. Parcel 1 of the El Centro facility was acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City of El Centro.

15. Declaration of John Agle, ¶ 5.

16. Parcel 2 of the El Centro facility was acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of Imperial.

16. Declaration of John Agle, ¶ 5.

17. Parcel 3 of the El Centro facility was acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of Imperial.

17. Declaration of John Agle, ¶ 5.

18. Parcel 4 of the El Centro facility was acquired by the Federal Government on December 14, 1970, by a Grant Deed from the County of Imperial.

18. Declaration of John Agle, ¶ 5.

19. Parcel 5 of the El Centro facility was acquired by the Federal Government on

19. Declaration of John Agle, ¶ 5.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

446 D

- 5 -

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

September 27, 1985, by a Corporation
Grant Deed from El Centro Pizza, Inc.

| | | | |
|---|---|---|---|
| 20. | The El Centro facility is a federal enclave under exclusive federal jurisdiction. | 20. | Declaration of John Agle, ¶¶ 3, 4, 5; Declaration of Victor Araiza, ¶¶ 3-6. |
| 21. | Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave. | 21. | See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1. |

**Issue 2:** PLAINTIFF'S FIRST CAUSE OF ACTION FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE LABOR COMMISSIONER'S DECISION AND THEREFORE THE LABOR COMMISSIONER'S DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S PRESENT ACTION IS BARRED BY *RES JUDICATA*.

| **UNDISPUTED MATERIAL FACT** | | **SUPPORTING EVIDENCE** | |
|---|---|---|---|
| 22. | Plaintiff alleges in his operative complaint, that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')." | 22. | First Amended Complaint ¶ 6. |
| 23. | Plaintiff explains that the lawsuit | 23. | First Amended Complaint ¶ 6. |

4470

1  "brings no claims under federal law."

2  24.  The claims brought by Plaintiff concern    24.  First Amended Complaint, ¶ 9.

3  wage and hour claims, specifically,

4  "whether Class members were

5  compelled to work for periods of five or

6  more consecutive hours without having

7  at least a one half hour break for meals

8  and without receiving the required

9  premium pay; whether Class members

10  were compelled to work for periods of

11  four or more consecutive hours without

12  having at least a one ten minute rest

13  period and without receiving the

14  required premium pay; and whether

15  Akal has failed to keep proper records

16  for the Class members working hours."

17  25.  Plaintiff specifically brings four causes    25.  First Amended Complaint.

18  of action against Akal, all of which are

19  based on California law, (1) failure to

20  pay meal period premium pay under

21  Cal. Labor Code § 226.7, (2) failure to

22  pay rest break premium pay under Cal.

23  Labor Code § 226.7, (3) violations of

24  the California Unfair Competition Law

25  ("UCL") under Cal. Bus. & Prof. Code

26  § 17200, and (4) penalties under Cal.

27  Labor Code § 2699.

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-7-

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

26. Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June 25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003, through May 22, 2004.

26. Order, Decision, or Award of the Labor Commissioner.

27. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

27. Order, Decision, or Award of the Labor Commissioner.

28. Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of showing that the State of California had jurisdiction over the El Centro federal facility.

28. Order, Decision, or Award of the Labor Commissioner.

29. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

29. Order, Decision, or Award of the Labor Commissioner.

30. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not

30. Order, Decision, or Award of the Labor Commissioner.

444 D

- 8 -

having jurisdiction on federally owned property."

31. The Labor Commissioner served the Order on July 6, 2005.

31. Order, Decision, or Award of the Labor Commissioner.

32. Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award.

32. Request for Admission, Set One, Request and Response No. 6.

33. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee.

33. Declaration of John Agle, ¶ 4.

34. The El Centro facility is used for the implementation of and enforcement of the federal government's immigration laws.

34. Declaration of Victor Araiza, ¶¶ 3-6.

35. The El Centro facility was acquired by the Federal Government over time and is made up of five parcels.

35. Declaration of John Agle, ¶ 5.

36. Parcel 1 of the El Centro facility was acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City of El Centro.

36. Declaration of John Agle, ¶ 5.

37. Parcel 2 of the El Centro facility was acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of Imperial.

37. Declaration of John Agle, ¶ 5.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

450  D

- 9 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

38. Parcel 3 of the El Centro facility was acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of Imperial.

38. Declaration of John Agle, ¶ 5.

39. Parcel 4 of the El Centro facility was acquired by the Federal Government on December 14, 1970, by a Grant Deed from the County of Imperial.

39. Declaration of John Agle, ¶ 5.

40. Parcel 5 of the El Centro facility was acquired by the Federal Government on September 27, 1985, by a Corporation Grant Deed from El Centro Pizza, Inc.

40. Declaration of John Agle, ¶ 5.

41. The El Centro facility is a federal enclave under exclusive federal jurisdiction.

41. Declaration of John Agle, ¶¶ 3, 4, 5; Declaration of Victor Araiza, ¶¶ 3-6.

42. Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave.

42. See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1.

/ / /

/ / /

/ / /

/ / /

/ / /

451 D

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION