**Issue 3:** PLAINTIFF'S SECOND CAUSE OF ACTION FOR FAILURE TO PAY REST BREAK PREMIUM PAY PURSUANT TO CALIFORNIA LAW FAILS AS A MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING THEREON.

| | |
|---|---|
| 43. Plaintiff alleges in his operative complaint, that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')." | 43. First Amended Complaint ¶ 6. |
| 44. Plaintiff explains that the lawsuit "brings no claims under federal law." | 44. First Amended Complaint ¶ 6. |
| 45. The claims brought by Plaintiff concern wage and hour claims, specifically, "whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay; whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and whether | 45. First Amended Complaint, ¶ 9. |

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

4520

- 11 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Akal has failed to keep proper records for the Class members working hours."

46. Plaintiff specifically brings four causes of action against Akal, all of which are based on California law, (1) failure to pay meal period premium pay under Cal. Labor Code § 226.7, (2) failure to pay rest break premium pay under Cal. Labor Code § 226.7, (3) violations of the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200, and (4) penalties under Cal. Labor Code § 2699.

46. First Amended Complaint.

47. Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June 25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003, through May 22, 2004.

47. Order, Decision, or Award of the Labor Commissioner.

48. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

48. Order, Decision, or Award of the Labor Commissioner.

49. Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of

49. Order, Decision, or Award of the Labor Commissioner.

- 12 -

453 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

showing that the State of California had jurisdiction over the El Centro federal facility.

50. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

50. Order, Decision, or Award of the Labor Commissioner.

51. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property."

51. Order, Decision, or Award of the Labor Commissioner.

52. The Labor Commissioner served the Order on July 6, 2005.

52. Order, Decision, or Award of the Labor Commissioner.

53. Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award.

53. Request for Admission, Set One, Request and Response No. 6.

54. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee.

54. Declaration of John Agle, ¶ 4.

55. The El Centro facility is used for the implementation of and enforcement of

55. Declaration of Victor Araiza, ¶¶ 3-6.

454 D

- 13 -

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   the federal government's immigration

2   laws.

3   56.  The El Centro facility was acquired by   56.  Declaration of John Agle, ¶ 5.

4        the Federal Government over time and

5        is made up of five parcels.

6   57.  Parcel 1 of the El Centro facility was   57.  Declaration of John Agle, ¶ 5.

7        acquired by the Federal Government on

8        December 19, 1940, by a Warranty

9        Deed from the City of El Centro.

10   58.  Parcel 2 of the El Centro facility was   58.  Declaration of John Agle, ¶ 5.

11        acquired by the Federal Government on

12        November 3, 1970, by a Grant Deed

13        from the County of Imperial.

14   59.  Parcel 3 of the El Centro facility was   59.  Declaration of John Agle, ¶ 5.

15        acquired by the Federal Government on

16        December 9, 1970, by a Grant Deed

17        from the County of Imperial.

18   60.  Parcel 4 of the El Centro facility was   60.  Declaration of John Agle, ¶ 5.

19        acquired by the Federal Government on

20        December 14, 1970, by a Grant Deed

21        from the County of Imperial.

22   61.  Parcel 5 of the El Centro facility was   61.  Declaration of John Agle, ¶ 5.

23        acquired by the Federal Government on

24        September 27, 1985, by a Corporation

25        Grant Deed from El Centro Pizza, Inc.

26   62.  The El Centro facility is a federal   62.  Declaration of John Agle, ¶¶ 3, 4,

27        enclave under exclusive federal        5; Declaration of Victor Araiza,

28

455 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  jurisdiction.                                   ¶¶ 3-6.

2  63.  Plaintiff   failed   to   provide   any   63.  See Request for Production of

3       evidentiary support for the denial in his       Documents, Set One, Request and

4       discovery responses that the El Centro        Response to No. 19; Request for

5       facility is a federal enclave.                 Admissions, Set One, Request and

6                                                       Response to No. 1; and Form

7                                                       Interrogatories, Set One, Request

8                                                       and Response to No. 17.1.

9  **Issue 4:** PLAINTIFF'S SECOND CAUSE OF ACTION FAILS AS A MATTER OF LAW

10 BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE LABOR

11 COMMISSIONER'S DECISION AND THEREFORE THE LABOR COMMISSIONER'S

12 DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S PRESENT ACTION IS

13 BARRED BY *RES JUDICATA*.

14 64.  Plaintiff   alleges   in   his   operative  64.  First Amended Complaint ¶ 6.

15      complaint, that he and the class are "all

16      current and former prison guards who

17      worked for Akal, at the department of

18      Homeland   Security   Immigration

19      Detention Center in Imperial County,

20      during the period April 15, 2002 to the

21      present (the 'Class Period')."

22 65.  Plaintiff   explains   that   the   lawsuit  65.  First Amended Complaint ¶ 6.

23      "brings no claims under federal law."

24 66.  The claims brought by Plaintiff concern  66.  First Amended Complaint, ¶ 9.

25      wage   and   hour   claims,   specifically,

26      "whether   Class   members   were

27      compelled to work for periods of five or

28

456 b

- 15 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1 more consecutive hours without having
2 at least a one half hour break for meals
3 and without receiving the required
4 premium pay; whether Class members
5 were compelled to work for periods of
6 four or more consecutive hours without
7 having at least a one ten minute rest
8 period and without receiving the
9 required premium pay; and whether
10 Akal has failed to keep proper records
11 for the Class members working hours."

12 67. Plaintiff specifically brings four causes    67. First Amended Complaint.
13 of action against Akal, all of which are
14 based on California law, (1) failure to
15 pay meal period premium pay under
16 Cal. Labor Code § 226.7, (2) failure to
17 pay rest break premium pay under Cal.
18 Labor Code § 226.7, (3) violations of
19 the California Unfair Competition Law
20 ("UCL") under Cal. Bus. & Prof. Code
21 § 17200, and (4) penalties under Cal.
22 Labor Code § 2699.

23 68. Plaintiff filed an initial claim against    68. Order, Decision, or Award of the
24 Akal with the Labor Commissioner's        Labor Commissioner.
25 office on June 25, 2004, alleging
26 identical wage and hour violations for
27 the time period of January 1, 2003,
28

457 0

through May 22, 2004.

69. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

69. Order, Decision, or Award of the Labor Commissioner.

70. Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of showing that the State of California had jurisdiction over the El Centro federal facility.

70. Order, Decision, or Award of the Labor Commissioner.

71. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

71. Order, Decision, or Award of the Labor Commissioner.

72. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property."

72. Order, Decision, or Award of the Labor Commissioner.

73. The Labor Commissioner served the Order on July 6, 2005.

73. Order, Decision, or Award of the Labor Commissioner.

74. Plaintiff failed to appeal the Labor

74. Request for Admission, Set One,

- 17 -

458 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

| | |
|---|---|
| Commissioner's Order, Decision, or Award. | Request and Response No. 6. |
| 75. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee. | 75. Declaration of John Agle, ¶ 4. |
| 76. The El Centro facility is used for the implementation of and enforcement of the federal government's immigration laws. | 76. Declaration of Victor Araiza, ¶¶ 3-6. |
| 77. The El Centro facility was acquired by the Federal Government over time and is made up of five parcels. | 77. Declaration of John Agle, ¶ 5. |
| 78. Parcel 1 of the El Centro facility was acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City of El Centro. | 78. Declaration of John Agle, ¶ 5. |
| 79. Parcel 2 of the El Centro facility was acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of Imperial. | 79. Declaration of John Agle, ¶ 5. |
| 80. Parcel 3 of the El Centro facility was acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of Imperial. | 80. Declaration of John Agle, ¶ 5. |
| 81. Parcel 4 of the El Centro facility was | 81. Declaration of John Agle, ¶ 5. |

459  12

- 18 -

| | |
|---|---|
| | acquired by the Federal Government on December 14, 1970, by a Grant Deed from the County of Imperial. | |
| 82. | Parcel 5 of the El Centro facility was acquired by the Federal Government on September 27, 1985, by a Corporation Grant Deed from El Centro Pizza, Inc. | 82. Declaration of John Agle, ¶ 5. |
| 83. | The El Centro facility is a federal enclave under exclusive federal jurisdiction. | 83. Declaration of John Agle, ¶¶ 3, 4, 5; Declaration of Victor Araiza, ¶¶ 3-6. |
| 84. | Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave. | 84. See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1. |

**Issue 5:** PLAINTIFF'S THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 (THE "UCL" OR "UNFAIR COMPETITION LAW") FAILS AS A MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING THEREON.

| | |
|---|---|
| 85. | Plaintiff alleges in his operative complaint, that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration | 85. First Amended Complaint ¶ 6. |

*Gordon & Rees LLP*
*633 West Fifth Street*
*Suite 4900*
*Los Angeles, CA 90071*

460 D

- 19 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

| | |
|---|---|
| Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')." | |
| 86. Plaintiff explains that the lawsuit "brings no claims under federal law." | 86. First Amended Complaint ¶ 6. |
| 87. The claims brought by Plaintiff concern wage and hour claims, specifically, "whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay; whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and whether Akal has failed to keep proper records for the Class members working hours." | 87. First Amended Complaint, ¶ 9. |
| 88. Plaintiff specifically brings four causes of action against Akal, all of which are based on California law, (1) failure to pay meal period premium pay under Cal. Labor Code § 226.7, (2) failure to pay rest break premium pay under Cal. Labor Code § 226.7, (3) violations of | 88. First Amended Complaint. |

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200, and (4) penalties under Cal. Labor Code § 2699.

89. Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June 25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003, through May 22, 2004.

89. Order, Decision, or Award of the Labor Commissioner.

90. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

90. Order, Decision, or Award of the Labor Commissioner.

91. Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of showing that the State of California had jurisdiction over the El Centro federal facility.

91. Order, Decision, or Award of the Labor Commissioner.

92. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction

92. Order, Decision, or Award of the Labor Commissioner.

- 21 -

"over federal owned property."

93. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property." | 93. Order, Decision, or Award of the Labor Commissioner.

94. The Labor Commissioner served the Order on July 6, 2005. | 94. Order, Decision, or Award of the Labor Commissioner.

95. Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award. | 95. Request for Admission, Set One, Request and Response No. 6.

96. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee. | 96. Declaration of John Agle, ¶ 4.

97. The El Centro facility is used for the implementation of and enforcement of the federal government's immigration laws. | 97. Declaration of Victor Araiza, ¶¶ 3-6.

98. The El Centro facility was acquired by the Federal Government over time and is made up of five parcels. | 98. Declaration of John Agle, ¶ 5.

99. Parcel 1 of the El Centro facility was acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City of El Centro. | 99. Declaration of John Agle, ¶ 5.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

4630

- 22 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

100. Parcel 2 of the El Centro facility was acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of Imperial.

100. Declaration of John Agle, ¶ 5.

101. Parcel 3 of the El Centro facility was acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of Imperial.

101. Declaration of John Agle, ¶ 5.

102. Parcel 4 of the El Centro facility was acquired by the Federal Government on December 14, 1970, by a Grant Deed from the County of Imperial.

102. Declaration of John Agle, ¶ 5.

103. Parcel 5 of the El Centro facility was acquired by the Federal Government on September 27, 1985, by a Corporation Grant Deed from El Centro Pizza, Inc.

103. Declaration of John Agle, ¶ 5.

104. The El Centro facility is a federal enclave under exclusive federal jurisdiction.

104. Declaration of John Agle, ¶¶ 3, 4, 5; Declaration of Victor Araiza, ¶¶ 3-6.

105. Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave.

105. See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1.

/ / /

- 23 -

464 D

**Issue 6:** PLAINTIFF'S FOURTH CAUSE OF ACTION FOR PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 2699 FAILS AS A MATTER OF LAW BECAUSE IT IS UNDISPUTED THAT THE WORK SITE IS A FEDERAL ENCLAVE WITH EXCLUSIVE FEDERAL JURISDICTION OVER WAGE AND HOUR MATTERS ARISING THEREON.

106. Plaintiff alleges in his operative complaint, that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')."

106. First Amended Complaint ¶ 6.

107. Plaintiff explains that the lawsuit "brings no claims under federal law."

107. First Amended Complaint ¶ 6.

108. The claims brought by Plaintiff concern wage and hour claims, specifically, "whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay; whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and whether

108. First Amended Complaint, ¶ 9.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

465 D

- 24 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1

2

Akal has failed to keep proper records

for the Class members working hours."

3

4

5

6

7

8

9

10

11

12

13

109. Plaintiff specifically brings four causes

of action against Akal, all of which are

based on California law, (1) failure to

pay meal period premium pay under

Cal. Labor Code § 226.7, (2) failure to

pay rest break premium pay under Cal.

Labor Code § 226.7, (3) violations of

the California Unfair Competition Law

("UCL") under Cal. Bus. & Prof. Code

§ 17200, and (4) penalties under Cal.

Labor Code § 2699.

109. First Amended Complaint.

14

15

16

17

18

19

110. Plaintiff filed an initial claim against

Akal with the Labor Commissioner's

office on June 25, 2004, alleging

identical wage and hour violations for

the time period of January 1, 2003,

through May 22, 2004.

110. Order, Decision, or Award of the

Labor Commissioner.

20

21

22

111. A Labor Commissioner hearing officer

held a hearing on the matter on May 27,

2005.

111. Order, Decision, or Award of the

Labor Commissioner.

23

24

25

26

27

112. Thereafter, on May 27, 2005, the Labor

Commissioner prepared an Order in

favor of Akal, finding that Plaintiff

recover nothing from Akal because

Plaintiff had not satisfied his burden of

112. Order, Decision, or Award of the

Labor Commissioner.

28

- 25 -

*461  D*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

showing that the State of California had jurisdiction over the El Centro federal facility.

113. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

113. Order, Decision, or Award of the Labor Commissioner.

114. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property."

114. Order, Decision, or Award of the Labor Commissioner.

115. The Labor Commissioner served the Order on July 6, 2005.

115. Order, Decision, or Award of the Labor Commissioner.

116. Plaintiff failed to appeal the Labor Commissioner's Order, Decision, or Award.

116. Request for Admission, Set One, Request and Response No. 6.

117. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee.

117. Declaration of John Agle, ¶ 4.

118. The El Centro facility is used for the implementation of and enforcement of

118. Declaration of Victor Araiza, ¶¶ 3-6.

467 0

- 26 -

the federal government's immigration
laws.

119. The El Centro facility was acquired by    119. Declaration of John Agle, ¶ 5.
the Federal Government over time and
is made up of five parcels.

120. Parcel 1 of the El Centro facility was    120. Declaration of John Agle, ¶ 5.
acquired by the Federal Government on
December 19, 1940, by a Warranty
Deed from the City of El Centro.

121. Parcel 2 of the El Centro facility was    121. Declaration of John Agle, ¶ 5.
acquired by the Federal Government on
November 3, 1970, by a Grant Deed
from the County of Imperial.

122. Parcel 3 of the El Centro facility was    122. Declaration of John Agle, ¶ 5.
acquired by the Federal Government on
December 9, 1970, by a Grant Deed
from the County of Imperial.

123. Parcel 4 of the El Centro facility was    123. Declaration of John Agle, ¶ 5.
acquired by the Federal Government on
December 14, 1970, by a Grant Deed
from the County of Imperial.

124. Parcel 5 of the El Centro facility was    124. Declaration of John Agle, ¶ 5.
acquired by the Federal Government on
September 27, 1985, by a Corporation
Grant Deed from El Centro Pizza, Inc.

125. The El Centro facility is a federal    125. Declaration of John Agle, ¶¶ 3, 4,
enclave    under    exclusive    federal        5; Declaration of Victor Araiza,

469 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

| | |
|---|---|
| jurisdiction. | ¶¶ 3-6. |
| 126. Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave. | 126. See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1. |

**Issue 7:** PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF FAILED TO EXERCISE HIS RIGHT TO APPEAL THE LABOR COMMISSIONER'S DECISION AND THEREFORE THE LABOR COMMISSIONER'S DECISION IS AN ENFORCEABLE JUDGMENT AND PLAINTIFF'S PRESENT ACTION IS BARRED BY *RES JUDICATA*.

| | |
|---|---|
| 127. Plaintiff alleges in his operative complaint, that he and the class are "all current and former prison guards who worked for Akal, at the department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the 'Class Period')." | 127. First Amended Complaint ¶ 6. |
| 128. Plaintiff explains that the lawsuit "brings no claims under federal law." | 128. First Amended Complaint ¶ 6. |
| 129. The claims brought by Plaintiff concern wage and hour claims, specifically, "whether Class members were compelled to work for periods of five or | 129. First Amended Complaint, ¶ 9. |

464 D

- 28 -

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay; whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and whether Akal has failed to keep proper records for the Class members working hours."

130. Plaintiff specifically brings four causes of action against Akal, all of which are based on California law, (1) failure to pay meal period premium pay under Cal. Labor Code § 226.7, (2) failure to pay rest break premium pay under Cal. Labor Code § 226.7, (3) violations of the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200, and (4) penalties under Cal. Labor Code § 2699.

130. First Amended Complaint.

131. Plaintiff filed an initial claim against Akal with the Labor Commissioner's office on June 25, 2004, alleging identical wage and hour violations for the time period of January 1, 2003,

131. Order, Decision, or Award of the Labor Commissioner.

- 29 -

4 70 0

through May 22, 2004.

132. A Labor Commissioner hearing officer held a hearing on the matter on May 27, 2005.

132. Order, Decision, or Award of the Labor Commissioner.

133. Thereafter, on May 27, 2005, the Labor Commissioner prepared an Order in favor of Akal, finding that Plaintiff recover nothing from Akal because Plaintiff had not satisfied his burden of showing that the State of California had jurisdiction over the El Centro federal facility.

133. Order, Decision, or Award of the Labor Commissioner.

134. As part of the Labor Commissioner's "findings of fact," it was noted that the "Defendant testified that the United States government owns the [El Centro] facility and property [and that] [t]he State of California has no jurisdiction over federal owned property."

134. Order, Decision, or Award of the Labor Commissioner.

135. The Labor Commissioner's "Legal Analysis" explained, "[a]ll evidence points to the State of California not having jurisdiction on federally owned property."

135. Order, Decision, or Award of the Labor Commissioner.

136. The Labor Commissioner served the Order on July 6, 2005.

136. Order, Decision, or Award of the Labor Commissioner.

137. Plaintiff failed to appeal the Labor

137. Request for Admission, Set One,

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

4710

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

| | |
|---|---|
| Commissioner's Order, Decision, or Award. | Request and Response No. 6. |
| 138. The United States of America, Department of Justice, Immigration and Naturalization Service under the Homeland Security Department owns the El Centro facility in Fee. | 138. Declaration of John Agle, ¶ 4. |
| 139. The El Centro facility is used for the implementation of and enforcement of the federal government's immigration laws. | 139. Declaration of Victor Araiza, ¶¶ 3-6. |
| 140. The El Centro facility was acquired by the Federal Government over time and is made up of five parcels. | 140. Declaration of John Agle, ¶ 5. |
| 141. Parcel 1 of the El Centro facility was acquired by the Federal Government on December 19, 1940, by a Warranty Deed from the City of El Centro. | 141. Declaration of John Agle, ¶ 5. |
| 142. Parcel 2 of the El Centro facility was acquired by the Federal Government on November 3, 1970, by a Grant Deed from the County of Imperial. | 142. Declaration of John Agle, ¶ 5. |
| 143. Parcel 3 of the El Centro facility was acquired by the Federal Government on December 9, 1970, by a Grant Deed from the County of Imperial. | 143. Declaration of John Agle, ¶ 5. |
| 144. Parcel 4 of the El Centro facility was | 144. Declaration of John Agle, ¶ 5. |

472 P

- 31 -

| | | |
|---|---|---|
| 1 | acquired by the Federal Government on | |
| 2 | December 14, 1970, by a Grant Deed | |
| 3 | from the County of Imperial. | |

145. Parcel 5 of the El Centro facility was acquired by the Federal Government on September 27, 1985, by a Corporation Grant Deed from El Centro Pizza, Inc.

145. Declaration of John Agle, ¶ 5.

146. The El Centro facility is a federal enclave under exclusive federal jurisdiction.

146. Declaration of John Agle, ¶¶ 3, 4, 5; Declaration of Victor Araiza, ¶¶ 3-6.

147. Plaintiff failed to provide any evidentiary support for the denial in his discovery responses that the El Centro facility is a federal enclave.

147. See Request for Production of Documents, Set One, Request and Response to No. 19; Request for Admissions, Set One, Request and Response to No. 1; and Form Interrogatories, Set One, Request and Response to No. 17.1.

Dated:  November 2, 2007

GORDON & REES LLP

By:_____
Stephen E. Ronk
Joshua B. Wagner
Mollie Burks-Thomas
Attorneys for Defendant
AKAL SECURITY, INC.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/3104919v.1

4730

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF DEFENDANT AKAL SECURITY, INC. FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>    Defendants. | CASE NO: ECU03022<br><br>NOTICE OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:    December 18, 2008<br>Time:    8:30 a.m.<br>Dept.:    7<br><br>Complaint Filed:    April 27, 2006<br>Trial Date:    Not Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on December 18, 2008, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 7 of the above-entitled Court, located at 939 West Main Street, El Centro, California, plaintiff David Loera and the proposed additional plaintiffs mentioned herein, will, and hereby do apply to this Court for leave to file a second amended complaint.

1        This motion is based upon the attached memorandum, the declaration of Bernard F.

2    King III and the exhibit attached thereto, the concurrently filed [Proposed] Second Amended

3    Complaint, the pleadings and records on file in this action, and upon such oral and other

4    documentary evidence as may be presented at the time of hearing.

5    DATED:  November 20, 2007              Respectfully submitted,

6                              MARKS, GOLIA & FINCH, LLP

7

8                              By:_____

9                                  JASON R. THORNTON

10                                 BERNARD F. KING III
                             Attorneys for Plaintiff David Loera

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   974.002/BK935.am

27

28                           2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

475 D

1   JASON R. THORNTON, SBN 185637
    BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
2   ATTORNEYS AT LAW
    3900 HARNEY STREET – FIRST FLOOR
3   SAN DIEGO, CALIFORNIA 92110-2825
    TELEPHONE: (619) 293-7000
4   FACSIMILE: (619) 293-7362

5   MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
6   225 BROADWAY, 19TH FLOOR
    SAN DIEGO, CALIFORNIA 92101-5005
7   TELEPHONE: (619) 325-0492
    FACSIMILE: (619) 325-0496

8

9

10  Attorneys for Plaintiff David Loera

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                FOR THE COUNTY OF IMPERIAL

14  DAVID LOERA, for himself and on behalf    | CASE NO:  ECU03022
    of all other similarly situated,
15                                             | MEMORANDUM IN SUPPORT OF
            Plaintiffs,                        | MOTION FOR LEAVE TO FILE A
16                                             | SECOND AMENDED COMPLAINT
17  v.                                         | Assigned to:
                                               | Hon. Christopher W. Yeager, Dept. 7
18  AKAL SECURITY, INC., a corporation;
    And DOES 1-100, inclusive,                 | Date:      December 18, 2007
19                                             | Time:      8:30 a.m.
            Defendants.                        | Dept.:     7
20
                                               | Complaint Filed:   April 27, 2006
21                                             | Trial Date:        Not Set

22  / / / / /

23  / / / / /

24  / / / / /

25  / / / / /

26  / / / / /

27  / / / / /

28

I

## INTRODUCTION

Pursuant to Code of Civil Procedure sections 473 and 576, plaintiff David Loera seeks leave to amend his complaint to add eight additional named plaintiffs and two new causes of action. Defendant Akal Security Inc. ("Akal"), will not be prejudiced by the amendments because no trial date has been set and the parties have not completed discovery.

II

## FACTUAL AND PROCEDURAL BACKGROUND

A.    Plaintiff's Complaint

Plaintiff works as a security guard at the Department of Homeland Security's Immigration and Customs Enforcement Service Processing Center in El Centro, California (hereafter the "Detention Center"). Akal, a private company, operates the Detention Center and employs an average of 180 to 200 security guards. Each day is divided into three shifts of at least eight hours, during which time the guards work at a variety of "posts" throughout the Detention Center.

Until 2005, Akal allowed its security guards only 20 minutes for a meal period. After several guards complained about not having sufficient time to eat their meals, Akal changed its policy. Now, Akal occasionally allows its security guards to take 30 minute "on-duty" meal breaks, which can be cut short at any time. Neither plaintiff nor any other security guard consented in writing to these "on-duty" meal breaks.

Akal's rest break policy is no better. Rather than afford 10 minute rest breaks twice daily, Akal requires its security guards to remain at their posts. Although short "bathroom" breaks are technically permitted, the guards must endure lengthy delays as they wait to be relieved. The harsh effects of this policy are manifest. In some instances, security guards have passed out from heat exhaustion while waiting at outdoor posts. In at least one case, a security guard who requested to use the restroom urinated while waiting for relief.

/ / / / /

2

MARKS, GOLIA &
FINCH, LLP
3800 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1    On April 27, 2006, plaintiff filed this lawsuit on behalf of himself and all other

2    similarly situated employees (the "Class members"). Plaintiff's first two causes of action seek

3    damages for the unpaid premium pay due on account of Akal's failure to adequately provide

4    meal and rest breaks. In his third and fourth causes of action, plaintiff seeks restitution,

5    injunctive relief, and statutory penalties for Akal's numerous violations of the California Labor

6    Code.

7    B.    Facts Giving Rise To The Proposed Amendments

8    In response to plaintiff's discovery requests, Akal refused to provide the names and

9    contact information of the Class members. After hearing plaintiff's motion to compel, the

10   court ordered Akal to reveal the identities of those Class members who did not object to the

11   disclosure. Upon completion of the "opt-out" process in August 2007, numerous Class

12   members contacted plaintiff's counsel, inquiring about the case and asking to join as additional

13   Class representatives. In September and October 2007, plaintiff's counsel met with these

14   individuals about the lawsuit, and evaluated their ability to serve as adequate Class

15   representatives. After finalizing the retainer agreements, Loera and the new plaintiffs reviewed

16   and approved the proposed Second Amended Complaint. (Declaration of Bernard F. King III,

17   ¶¶ 4-10.)

18   During this time, plaintiff's counsel also discovered that Akal's overtime policy does

19   not provide overtime premium pay when the security guards work shifts longer than eight

20   hours, and that Akal has failed to promptly pay the earned and unpaid wages of its security

21   guards who have quit or been terminated. It was not until after counsel was contacted by Class

22   members, and after Akal belatedly furnished discovery responses, that these two additional

23   Labor Code claims were discovered. (King decl., ¶¶ 7-12.) Plaintiff now seeks to leave to file

24   an amended complaint on account of these factual developments.

25   / / / / /

26   / / / / /

27   / / / / /

28                                    3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

III

THE PROPOSED AMENDMENTS

As noted above, plaintiff Loera seeks to amend his complaint in order to add additional named plaintiffs and two new causes of action.[1]

The additional named plaintiffs are members of the same class of individuals as plaintiff Loera. Those additional plaintiffs are: Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield, and Guillermo Fernandez. ([Proposed] Second Amended Complaint, ¶¶ 3-10.) As a result of the addition of eight plaintiffs, there are changes to the language to incorporate the plural forms of words, such as amending "Plaintiff and Class members" to "Plaintiffs and Class members."

The first additional cause of action is listed in the Second Amended Complaint as Plaintiffs' third cause of action. This claim alleges that, for those security guards who have worked more than eight hours in a workday, Akal failed to pay the required overtime premium pay. ([Proposed] Second Amended Complaint, ¶¶ 43-47.) Because it appears that not all Class members have worked overtime, this claim is brought on behalf of a Subclass consisting of all security guards "who worked over eight hours in one or more workdays without receiving overtime premium pay for all time over eight hours worked on those days." ([Proposed] Second Amended Complaint, ¶ 15.)

The second additional cause of action is listed in the Second Amended Complaint as Plaintiff's fourth cause of action. This claim alleges Akal is liable for waiting time penalties under Labor Code section 203. ([Proposed] Second Amended Complaint, ¶¶ 48-53.) Because section 203 penalties apply only to employees who have stopped working, this claim is brought on behalf of a second Subclass consisting of those security guards who left, or were terminated from their employment at the Detention Center during the Class Period. ([Proposed] Second Amended Complaint, ¶ 16.)

---

[1] The proposed second amended complaint accompanies this motion. For ease of reference, a copy with the changes tracked is attached to the declaration of Bernard F. King III as Exhibit "1."

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

479 D

1   The addition eight new plaintiffs and two new causes of action also required

2   amendments to the class action, UCL, and Labor Code section 2699 allegations.  ([Proposed]

3   Second Amended Complaint, ¶¶14-35; ¶ 56; ¶69.)  Accordingly, the Prayer for Relief, also is

4   amended to reflect the above mentioned changes reflected in the Second Amended Complaint.

5   ([Proposed] Second Amended Complaint, pp.15-17.)

6                                             IV

7               LEAVE TO MAKE THIS AMENDMENT SHOULD
8               BE GRANTED BECAUSE NO PREJUDICE WILL RESULT

9       A.    Amendment Is Liberally Permitted

10      Code of Civil Procedure section 576 gives the court wide latitude to allow a party to

11  amend its pleading.  It provides in pertinent part:

12          Any judge, at any time before or after commencement of trial, in the furtherance
            of justice, and upon such terms as may be proper, may allow the amendment of
13          any pleading or pretrial conference order.

14  (Code Civ. Proc., § 576.)

15      Similarly, Code of Civil Procedure section 473, subdivision (a)(1), authorizes a court to

16  allow a party to amend its complaint to add a new plaintiff or defendant.

17          The court may, in furtherance of justice, and on any terms as may be proper,
            allow a party to amend any pleading or proceeding by adding or striking out the
18          name of any party, or by correcting a mistake in the name of a party, or a
            mistake in any other respect; and may, upon like terms, enlarge the time for
19          answer or demurrer. The court may likewise, in its discretion, after notice to the
            adverse party, allow, upon any terms as may be just, an amendment to any
20          pleading or proceeding in other particulars; and may upon like terms allow an
            answer to be made after the time limited by this code.
21

22  (Code Civ. Proc., § 473, subd. (a)(1).) (emphasis added)

23      Requests for leave to amend are liberally granted.  (See *Nestle v. Santa Monica* (1972)

24  6 Cal.3d 920, 939; *Board of Trustees of Leland Stanford Jr. University v. Super. Ct.* (2007) 149

25  Cal. App. 4th 1154, 1163; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596.)  The policy

26  favoring amendment is so strong that requests are rarely denied:

27  / / / / /

28                                          5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

480 D

1

> "[W]hile a motion to permit an amendment to a pleading to be filed is one
> addressed to the discretion of the court...it is a rare case in which a court will be

2

> justified in refusing a party leave to amend his pleadings so that he may
> properly present his case.... If the motion to amend is timely made and the

3

> granting of the motion will not prejudice the opposing party, it is error to refuse
> permission to amend and when the refusal also results in a party being deprived

4

> of the right to assert a meritorious cause of action or meritorious defense, it is
> not only error, but an abuse of discretion."

5

6 (*Calif. Cas. Gen. Ins. Co. v. Sup. Ct.* (1985) 173 Cal.App.3d 274, 278; *Morgan v. Sup. Ct.* (1959) 172 Cal.App.2d 527, 530.)

7   Here, plaintiff seeks to amend the complaint to add (1) two new causes of action, and

8 (2) eight additional plaintiffs. As the additional plaintiffs are similarly situated members of the

9 proposed Class, the complaint may be amended to add them as Class representatives. (See

10 *Shapell Industries, Inc. v. Superior Court* (2005) 132 Cal.App.4th 1101, 1107-1112 [trial court

11 properly granted leave to amend complaint to include additional class representative.].)

12 Accordingly, the court has authority to grant the proposed amendments. (See e.g., *Kittredge*

13 *Sports Co. v. Superior Court (Marker, U.S.A.)* (1989) 213 Cal.App.3d 1045.)

14   B.   Plaintiff Acted Diligently In Seeking Leave To Amend

15   As noted above, the facts giving rise to the proposed amendments were discovered only

16 after completion of the court ordered opt-out process in August 2007. Prior to that time,

17 plaintiff's counsel had not spoken with, or even known of, the eight additional plaintiffs. By

18 the same token, the claims for overtime pay and waiting time penalties were not discovered

19 until plaintiff's counsel spoke with the myriad of Class members who inquired about the case.

20 Once informed of these additional plaintiffs and claims, plaintiff's counsel acted diligently in

21 drafting the proposed second amended complaint and bringing this matter before the court.

22   C.   The Proposed Amendments Will Not Prejudice Akal

23   Akal will suffer no prejudice from this amendment, because a trial date has not yet been

24 set. Moreover, the discovery process is ongoing and Akal will have ample opportunity to

25 conduct discovery with regards to the amendments. Thus, because there is ample time before

26 trial for Akal to investigate these claims, there is no prejudice to Akal in allowing plaintiff to

27 amend his complaint to add the eight new plaintiffs and the two new causes of action.

28              6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

481 D

V

<u>CONCLUSION</u>

Based on the foregoing, plaintiff respectfully requests leave to file the second amended complaint and that the concurrently filed [Proposed] Second Amended Complaint be deemed the amended pleading, filed and served on Akal on the date this motion is granted.

DATED:  November 20, 2007

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By:_____
JASON R. THORNTON
BERNARD F. KING III
Attorneys for Plaintiff David Loera

974.002/BK933.am

7

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

482 D

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

# MARKS, GOLIA & FINCH, LLP

ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

# NICHOLAS & BUTLER, LLP

225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, | CASE NO: ECU03022 |
| Plaintiffs, | DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, | Assigned to: Hon. Christopher W. Yeager, Dept. 7 |
| Defendants. | Date:   December 18, 2008 Time:   8:30 a.m. Dept.:   7 |
| | Complaint Filed:      April 27, 2006 Trial Date:             Not Set |

I, Bernard F. King III, declare as follows:

1.      I am an attorney admitted to practice before this court and all courts of the State of California and am an associate in the law firm of Marks, Golia & Finch, LLP, counsel of record for plaintiff David Loera. Unless otherwise stated, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify to their accuracy.

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

483 D

2.     Plaintiff originally filed his complaint against defendant Akal Security, Inc. ("Akal"), on April 27, 2006, alleging causes of action for failure to pay premium wages for lost meal breaks, failure to pay premium wages for missed rest breaks, violations of provisions of the UCL, and penalties under Labor Code, section 2699.

3.     Plaintiff filed his first amended complaint on June 28, 2006.

4.     On June 13, 3007, this court entered its order granting Plaintiff's motion to compel discovery and ordered Akal to produce various categories of documents and provide further discovery responses regarding the Class members.

5.     The court's June 13, 2007, order also required Akal to engage in an "opt out" procedure that would provide the Class members with notice of the disclosure and would give them an opportunity to object.

6.     Prior to the opt out process plaintiff's counsel was unaware of the additional eight plaintiffs, who are named in the Second Amended Complaint, ("Additional Named Plaintiffs") and their interest in serving as Class representatives.

7.     Following the opt out, which was concluded on or about July 31, 2007, Class members began contacting our office with inquiries about the case. Their support for this case was overwhelming, and many Class members asked to join the action as additional Class representatives.

8.     In September and October 2007, co-counsel and I met with several individuals and evaluated their ability to serve as adequate Class representatives.

9.     Thereafter, the Additional Named Plaintiffs entered into contracts for legal services with counsel.

10.     Approval of the Second Amended Complaint from plaintiff and the Additional Named Plaintiffs has only recently been obtained. Attached hereto as Exhibit "1" is a copy of the Proposed Second Amended Complaint with the changes tracked.

/ / / / /

2

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

484 0

1        11.     Neither I, nor co-counsel, knew of any cause of action for failure to pay

2 premium wages for overtime until the Additional Named Plaintiffs were discovered and Akal

3 belatedly began producing documents, in October 2007.

4        12.     Neither I, nor co-counsel, knew of any class member with a cause of action for

5 waiting time penalties until the Additional Named Plaintiffs spoke with us about the case.

6 Prior to speaking with these individuals, this claim was not raised because plaintiff Loera has

7 remained at his job continuously throughout the Class period.

8        13.     Akal will suffer no prejudice from this amendment, because a trial date has not

9 yet been set and the parties are still engaging in discovery.

10       I declare under penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct to the best of my knowledge and belief. Executed this 20th day of

12 November 2007, in San Diego, California.

13

14                            BERNARD F. KING III

15

16

17

18

19

20

21

22

23

24

25

26    974.002/BK934.am

27

28                           3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 283-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

485 D

Exhibit "1"

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232516
**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, PAUL SONICO, LUIS MARTINEZ, LEO CUEN, SEAN ACUNA, ALBERT RUBIO, JAMES BARKER, ANDREW STANFIELD, GUILLERMO FERNANDEZ  for themselves and on behalf of all others similarly situated and the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO: ECU03022<br><br>[PROPOSED] SECOND AMENDED COMPLAINT FOR:<br><br>(1)    FAILURE TO PAY MEAL PERIOD<br>        PREMIUM PAY;<br>(2)    FAILURE TO PAY REST BREAK<br>        PREMIUM PAY;<br>(3)    FAILURE TO PAY OVERTIME<br>        PREMIUM PAY;<br>(4)    WAITING-TIME PENALTIES<br>        UNDER LABOR CODE SECTION<br>        203;<br>(5)    VIOLATIONS OF THE UCL; AND<br>(6)    PENALTIES UNDER<br>        CALIFORNIA LABOR CODE<br>        SECTION 2699<br><br>[PLAINTIFF DEMANDS TRIAL BY JURY]<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 1<br><br>Complaint Filed:    April 27, 2006<br>Trial Date:        Not Set |

[PROPOSED] SECOND AMENDED COMPLAINT

486 D

I

### INTRODUCTION

The public policy of California declares:

It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

II

### GENERAL ALLEGATIONS

1.    Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2.    Plaintiff David Loera is, and at all times mentioned was, an individual residing and working in the State of California.

3.    Plaintiff Paul Sonico is, and at all times mentioned was, an individual residing and working in the State of California.

4.    Plaintiff Luis Martinez is, and at all times mentioned was, an individual residing and working in the State of California.

5.    Plaintiff Leo Cuen is, and at all times mentioned was, an individual residing and working in the State of California.

6.    Plaintiff Sean Acuna is, and at all times mentioned was, an individual residing and working in the State of California.

7.    Plaintiff Albert Rubio is, and at all times mentioned was, an individual residing

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 263-7000

SECOND AMENDED COMPLAINT

Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed

487 D

and working in the State of California.

8.    Plaintiff James Barker is, and at all times mentioned was, an individual residing and working in the State of California.

9.    Plaintiff Andrew Stanfield is, and at all times mentioned was, an individual residing and working in the State of California.

10.    Plaintiff Guillermo Fernandez is, and at all times mentioned was, an individual residing and working in the State of California.

11.    Plaintiffs' are informed and believe defendant Akal Security, Inc. ("Akal") is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of New Mexico, and doing business in the County of Imperial, State of California.

12.    Plaintiffs do not know the true names and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sue them by fictitious names. Plaintiffs are informed and believe DOES 1 through 100, inclusive, are in some way responsible for the events and Plaintiffs' damages described in this complaint. Plaintiffs will seek leave to amend this complaint when the true names and capacities of these defendants have been ascertained.

III

JURISDICTION

13.    This Court has jurisdiction over this action for damages, restitution, injunctive relief and penalties pursuant to, among other provisions, California Labor Code sections 203, 226.7, 510, 512, 558, 1194 and 2698, et seq., IWC Wage Order No. 4 and California unfair competition laws ("UCL"), set forth in sections 17203 and 17205 of the California Business & Professions Code.

IV

CLASS ALLEGATIONS

14.    Plaintiff's Plaintiffs' causes of action are brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(819) 293-7000

[ ] SECOND AMENDED COMPLAINT

4880

section 382. Plaintiffs brings this action on behalf of ~~himself~~themselves and all members of the Class ("the Class"). The Class that Plaintiffs represents is defined as follows: all current and former ~~prison~~security guards who worked for Akal, or its predecessor, at the Department of Homeland Security ~~Immigration Detention Center~~facility formally referred to as the Immigration and Customs Enforcement Service Processing Center in Imperial County (the "Detention Center"), during the period April 15, 2002 to the present (the "Class Period"). Plaintiffs brings no claims under federal law. On information and belief, more than two-thirds (2/3) of the Class members are, when this action was filed and continuing to date, residents of the state of California, and, at the very least, more than one-third (1/3) of the Class members are residents of the State of California.

15. Plaintiffs Loera, Sonico, Martinez, Cuen, Acuna, Rubio, Barker, Stanfield and Fernandez ("Subclass I plaintiffs") bring additional claims on behalf of themselves and a Subclass ("Subclass I"). Subclass I is defined as follows: all current and former security guards who worked for Akal, or its predecessor, at the Detention Center at any time during the Class Period and who worked over eight hours in one or more workdays without receiving overtime premium pay for all time over eight hours worked on those days. Subclass I plaintiffs and all Subclass I members are concurrently members of the Class. Subclass I plaintiffs bring no claims under federal law. On information and belief, more than two-thirds (2/3) of Subclass I members are, when this action was filed and continuing to date, residents of the state of California, and at the very least, more than one-third (1/3) of Subclass I members are residents of the state of California.

16. Plaintiff Rubio ("Subclass II plaintiff"), brings additional claims on behalf of himself and a second Subclass ("Subclass II"). Subclass II is defined as follows: all current and former security guards who worked for Akal, or its predecessor, at the Detention Center at any time during the Class Period and left, or were terminated from, their employment with Akal, or its predecessor, during the Class Period. Subclass II plaintiff and all Subclass II members are concurrently members of the Class. Subclass II plaintiff brings no claims under

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

489 0

1  federal law. On information and belief, more than two-thirds (2/3) of Subclass II members are,
2  when this action was filed and continuing to date, residents of the state of California, and at the
3  very least, more than one-third (1/3) of Subclass II members are residents of the state of
4  California.

5      16.17.  The members of the Class, Subclass I, and Subclass II for whose benefit the
6  action is brought are so numerous that joinder of all eClass members is impracticable.
7  Plaintiffs believes that there are over 300three hundred members of the Class, over 200
8  members of Subclass I, and over 75 members of Subclass II, although the exact numbers of
9  individual members of the Class, Subclass I, and Subclass II are presently unknown, and can
10  only be ascertained through appropriate discovery. The identities of all Class, Subclass I, and
11  Subclass II Class members can be readily ascertained by reference to Akal's records.

12      18.  Plaintiffs' claims are typical of the claims of Class members, because Plaintiffs
13  and each member of the Class worked for Akal without being provided the required meal
14  periods and rest breaks as mandated by California law, and were subjected uniformly to other
15  unlawful conduct by Akal.

16      17.19.  There are questions of fact and law common to the Class that predominate over
17  any questions affecting only individual Class members.

18      18.20.  Among the questions of fact common to the Class are the following:

19      a.  whether Class members were compelled to work for periods of five or
20          more consecutive hours without having at least a one half hour break for
21          meals and without receiving the required premium pay;

22      b.  whether Class members were compelled to work for periods of four or
23          more consecutive hours without having at least a one ten minute rest
24          period and without receiving the required premium pay; and

25      c.  whether Akal has failed to keep proper records for the Class members
26          working hours; and

27      d.  whether Akal has failed to provide the Class members with wage

28                                      5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Formatted: Bullets and Numbering

Formatted: Numbered + Level: 1 +
Numbering Style: 1, 2, 3, ... + Start at: 1 +
Alignment: Left + Aligned at: 0.5" + Tab after
0.75" + Indent at: 0", Tab stops: Not at

Formatted: Bullets and Numbering

490 D

deduction statements that accurately reflect the gross and net wages earned for each pay period.

~~19.~~ 21. Subclass I plaintiffs' claims are typical of the claims of Subclass I members, because Subclass I plaintiffs and each member of Subclass I, worked over eight hours in one or more workdays and was not paid overtime premium pay for the time over eight hours worked on those days.

22. There are also questions of fact and law common to Subclass I that predominate over any questions affecting only individual Subclass I members.

23. Among the questions of fact common to Subclass I are the following:

a. whether Akal maintains a policy of not paying overtime premium pay for work performed in excess of eight hours in a workday in violation of California law; and

b. whether Akal failed to pay Subclass I members overtime premium pay for work performed in excess of eight hours in a workday.

~~20. Plaintiff's claims are typical of the claims of Class members, because Plaintiff and each member of the Class worked for Akal without being provided with the required meal periods and rest breaks as mandated by California law, and were subjected uniformly to other unlawful conduct by Akal.~~

24. Subclass II plaintiffs' claims are typical of the claims of Subclass II members, because Subclass II plaintiffs and each member of Subclass II were not promptly paid their wages and unpaid wages at the time they left their employment at the Detention Center ~~worked over eight hours in one or more workdays without receiving overtime premium pay for all time over eight hours worked on those days.~~

25. There are likewise questions of fact and law common to Subclass II that predominate over any questions affecting only individual Subclass II members.

26. Among the questions of fact common to Subclass II are the following:

a. whether Akal failed to pay Subclass II members their earned and unpaid

6

[PROPOSED] SECOND AMENDED COMPLAINT

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

wages at the time of discharge or, for those Subclass II members who
voluntarily left their employment, within 72 hours from the time they
gave notice of their intention to quit; and

   b.   whether Akal failed to pay Subclass II members their earned and unpaid
wages within 30 days from the time of discharge or, for those Subclass
II members who voluntarily left their employment, within 72 hours from
the time they gave notice of their intention to quit.

~~21. Plaintiff's claims are typical of the claims of Class members, because Plaintiff and~~
~~each member of the Class worked for Akal without being provided with the required meal~~
~~periods and rest breaks as mandated by California law, and were subjected uniformly to other~~
~~unlawful conduct by Akal.~~

   ~~22.~~ Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff ~~is~~ are committed to the
vigorous prosecution of this action.  Plaintiffs, Subclass I plaintiffs and Subclass II
plaintiff~~Plaintiff~~ ha~~ve~~s no unique claims, ~~has~~ have no conflicts of interest with other Class
members, Subclass I members or Subclass II members and ~~has~~ have retained competent
counsel experienced in the prosecution of Class actions.  Accordingly, Plaintiffs, Subclass I
plaintiffs and Subclass II plaintiff~~Plaintiff~~ ~~is~~ are ~~an~~ adequate representative~~s~~ of the Class,
Subclass I and Subclass II and will fairly and adequately protect the interests of the Class,
Subclass I and Subclass II.

   27.

   ~~23.~~28.  A Class action is superior to other available methods for the fair and efficient
adjudication of the controversy.  In light of the amount of damage suffered by individual Class,
Subclass I and Subclass II~~Class~~ members, individual actions by Class, Subclass I and Subclass
II~~Class~~ members are impracticable and a class action is the only practicable method by which
the Class, Subclass I and Subclass II~~Class~~ members can achieve redress from Akal and prevent
Akal from retaining millions of dollars of its ill-gotten gains.  Individual actions would present
a risk of inconsistent adjudications, even though each Class, Subclass I and Subclass II~~Class~~

7

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 233-7000

~~[PROPOSED]~~ SECOND AMENDED COMPLAINT

492 D

1  member has an effectively identical claim of right against Akal. Because the Class, Subclass I

2  and Subclass II~~Class~~ claims can be proven almost entirely through Akal's own documents and

3  witnesses, this case entails no circumstances which will make it difficult to manage as a Class

4  action. Individual damages may be calculated from the information maintained in Akal's

5  records, so that the cost of administering any recovery can be minimized.

6      ~~24.~~29. This action may also be maintained as a class action because:

7          a.   the prosecution of separate actions by or against individual members of

8              the Class, Subclass I and Subclass II~~class~~ would create a risk of:

9                  i.   inconsistent or varying adjudications with respect to individual

10                     members of the Class, Subclass I and Subclass II~~class~~ which

11                     would establish incompatible standards of conduct for the party

12                     opposing the Class, Subclass I and Subclass II~~class~~, or

13                 ii.  adjudications with respect to individual members of the Class,

14                     Subclass I and Subclass II~~class~~ which would as a practical matter

15                     be dispositive of the interests of the other members not parties to

16                     the adjudications or substantially impair or impede their ability

17                     to protect their interests; or

18         ~~e.~~b.   the party opposing the Class, Subclass I and Subclass II~~class~~ has acted

19             or refused to act on grounds generally applicable to the Class, Subclass I

20             and Subclass II~~class~~, thereby making appropriate final injunctive relief

21             or corresponding declaratory relief with respect to the Class, Subclass I

22             and Subclass II~~class~~ as a whole.

23     ~~25.~~30. ~~Plaintiff and Class members~~Plaintiffs and Class members work or have worked

24 as security guards for Akal during the Class Period, at the Detention Center in El Centro,

25 California.

26     ~~26.~~31. During the Class Period, ~~Plaintiff and Class members~~plaintiffs and Class

27 members were required by Akal to work for continuous periods of five hours or greater

28                                      8

SECOND AMENDED COMPLAINT

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

Formatted: Indent: Left: 1", Hanging: 0.5", Numbered + Level: 1 + Numbering Style: a, b, c, ... + Start at: 2 + Alignment: Left + Aligned at: 1" + Tab after: 1.25" + Indent at: 1.25", Tab stops: Not at 1.25"

Formatted: Bullets and Numbering

493 D

1  without having at least a one-half hour meal break in compliance with, and as mandated by, the

2  California Labor Code and IWC Wage Order No. 4. Despite having denied ~~Plaintiff and Class~~

3  ~~members~~plaintiffs and Class members of these meal breaks, Akal failed to compensate

4  ~~Plaintiff and Class members~~plaintiffs and Class members with the requisite premium pay as set

5  forth in the California Labor Code.

6      ~~27.~~32. During the Class Period, ~~Plaintiff and Class members~~plaintiffs and Class

7  members were required by Akal to work for continuous periods of four hours or greater

8  without having at least a ten minute rest period in compliance with, and as mandated by, the

9  California Labor Code and IWC Wage Order No. 4. Despite having denied ~~Plaintiff and Class~~

10  ~~members~~plaintiffs and Class members of these rest periods, Akal failed to compensate the

11  ~~Plaintiff and Class members~~plaintiffs and Class members with the requisite premium pay as set

12  forth in the California Labor Code.

13      ~~28.~~33. During the Class Period, Subclass I plaintiffs and Subclass I members each

14  worked in excess of eight hours in one or more workdays. In violation of the California Labor

15  Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the

16  full amount of overtime premium pay for their work on these days.

17      ~~29.~~34. During the Class Class Period, Subclass II plaintiff and each Subclass II

18  member left, or was terminated from, his or her employment with Akal during the Class

19  Period. At the time that Subclass II plaintiff and Subclass II members left, or were terminated

20  from, their employment, they had not been paid the full amount of wages they had earned

21  during their employment. In violation of the California Labor Code, Akal failed to pay

22  Subclass II plaintiff and Subclass II members their earned and unpaid wages at the time of

23  discharge or, for those Subclass II members who voluntarily left their employment, within 72

24  hours from the time they gave notice of their intention to quit.

25      ~~30.~~35. During the Class Period the Class Period, plaintiffs are informed and believe

26  Akal failed to provide ~~Plaintiff and Class members~~Plaintiffs and Class members with accurate

27  wage deduction statements showing the actual hours worked and wage earned ~~gross and net~~

28                                9

MARKS, GOLIA & FINCH, LLP 3000 Harney Street First Floor San Diego, CA 92110 (619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Formatted: Bullets and Numbering

494 D

wages actually earned by Plaintiff and Class members,Plaintiffs and Class members.

### FIRST CAUSE OF ACTION

(Failure to Pay Meal Period Premium Pay –
On behalf of Plaintiff and Class Members Plaintiffs and Class members Against Akal and
DOES 1 through 100)

31.36.  Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1 through 25-35.29 above.

32.California law requires an employer to pay an additional one hour of compensation for each meal period the employer fails to provide.  Employees are entitled to an uninterrupted meal period, during which employees are relieved of all duties, of at least thirty minutes for each five-hour work period.  Plaintiff and Class members Plaintiffs and Class members have consistently worked over five hours in a workday without a meal period.

37.

33.38.  Defendant failed to provide Plaintiff and Class members Plaintiffs and Class members with timely meal breaks of not less than thirty minutes for each five-hour period worked as required by California law.

34.39.  Plaintiff and Class members Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed meal break, interest, applicable penalties, attorneys' fees and costs.

### SECOND CAUSE OF ACTION

(Failure to Pay Rest Break Premium Pay –
On behalf of Plaintiff and Class Members Plaintiffs and Class members Against Akal and
DOES 1 through 100)

35.40.  Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1 through 29-39.35 above.

36.41.  California law requires an employer to pay an additional one hour of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten minute rest break for every four hour period worked.  Plaintiff and Class

10

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

Formatted: Bullets and Numbering
Formatted: Auto Para Numbering
Formatted: Bullets and Numbering
Formatted: Bullets and Numbering

members~~Plaintiffs and Class members~~ have consistently worked over four hour periods per day with no rest breaks.

~~27.~~42. ~~Plaintiff and Class members~~Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
(Failure to Pay Overtime Premium Pay –
On behalf of Subclass I ~~P~~plaintiffs and Subclass I ~~m~~Members Against Akal and DOES 1
through 100)

~~38.~~43. Subclass I plaintiff~~s~~ incorporates by reference each and every allegation contained in Paragraphs 1 through ~~29~~42 above.

~~39.~~44. California law requires an employer to pay each employee premium pay at a rate of one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday.

~~40.~~45. During the Class Period, Subclass I plaintiffs and Subclass I members each worked in excess of eight hours in one or more workdays.

~~41.~~46. In violation of the California Labor Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for their work on these days.

~~42.~~47. Subclass I plaintiffs and Subclass I members are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
(Recovery of Waiting-Time Penalties [Labor Code, § 203] –
On behalf of Subclass II plaintiffs and Subclass II members Against Akal and DOES 1 through
100)

48. Subclass II plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 47 above.

49. Pursuant to Labor Code section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

11

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

~~[PROPOSED]~~ SECOND AMENDED COMPLAINT

**Formatted:** Bullets and Numbering

**Formatted:** Bullets and Numbering

50.    Pursuant to Labor Code section 202, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

51.    Akal failed to pay the earned and unpaid wages of all Subclass II plaintiffs and Subclass II members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

52.    Pursuant to Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

53.    Accordingly, Subclass II plaintiffs and Subclass II members are entitled to recover waiting-time penalties under Labor Code section 203 in an amount equal to 30 times the daily wage of each Subclass II plaintiff and Subclass II member.

**FIFTH CAUSE OF ACTION**

(Violations of the UCL – On behalf of ~~Plaintiff and Class Members~~Plaintiffs and Class members
Against Akal and DOES 1 through 100)

~~43.~~54.    Plaintiffs incorporates each and every allegation contained in Paragraphs 1 through ~~33~~53 above.

~~44.~~55.    The UCL prohibits business practices which are "unlawful."

~~45.~~56.    Akal has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to:

12

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0.75" + Indent at: 0", Tab stops: Not at

Formatted: Bullets and Numbering

a.  Compelling ~~Plaintiff and Class members~~plaintiffs and Class members to work for periods of five or more consecutive hours without having at least a one half hour break for meals;

b.  Compelling ~~Plaintiff and Class members~~plaintiffs and Class members to work for periods of four or more consecutive hours without having at least a one ten minute rest period;

c.  Failing to pay plaintiffs and Class members their premium wages earned while working without the legally mandated meal and rest breaks;

d.  Failing to pay Subclass I plaintiffs and Subclass I members the full amount of premium wages earned during workdays in excess of eight hours;

e.  Failing to pay Subclass II plaintiffs and Subclass II members the full amount of their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit;

f.  Failing to provide accurate and itemized wage statements required under California law;

g.  Failing to prepare and maintain all records required under California law; and

h.  Failing to post required notices at the workplace.

~~46.~~57. The unlawful business practices described above have proximately caused monetary damages to ~~Plaintiff and Class Members~~plaintiffs and Class members and to the general public.

~~47.~~58. Pursuant to the UCL, ~~Plaintiff and Class members~~plaintiffs and Class members are entitled to restitution of money or property acquired by Akal by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

~~48.~~59. Pursuant to the UCL, plaintiffs, Class members and the general public are

13

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 283-7000

Formatted: Bullets and Numbering

498 D

1  entitled to injunctive relief against Akal's ongoing continuation of such unlawful business

2  practices.

3      49.60.  If an injunction does not issue enjoining Akal from engaging in the unlawful

4  business practices described above, ~~Plaintiff and Class Members~~plaintiffs and Class members

5  and the general public will be irreparably injured, the exact extent, nature and amount of such

6  injury being impossible to ascertain.

7      50.61.  Plaintiffs have no plain, speedy, and adequate remedy at law.

8      51.62.  Akal, if not enjoined by this Court, will continue to engage in the unlawful

9  business practices described above in violation of the UCL, in derogation of the rights of

10  ~~Plaintiff and Class Members~~plaintiffs and Class members and of the general public.

11      52.63.  Plaintiff's' success in this action will result in the enforcement of important

12  rights affecting the public interest by conferring a significant benefit upon the general public.

13      53.64.  Private enforcement of these rights is necessary as no public agency has pursued

14  their enforcement.  There is a financial burden incurred in pursuing this action, and it would be

15  against the interests of justice to require the payment of attorneys' fees from any recovery in

16  this action.

17      54.65.  ~~Plaintiff and Class members~~Plaintiffs and Class members are therefore entitled

18  to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure

19  section 1021.5.

20          ~~FOURTH FIFTH~~ SIXTH CAUSE OF ACTION

21  (Penalties Under California Labor Code Section 2699 – On behalf of ~~Plaintiff and Class~~
22  ~~Members~~Plaintiffs and Class members Against Akal and DOES 1 through 100)

23      55.66.  Plaintiffs incorporates each and every allegation contained in Paragraphs 1

24  through 44 65 above.

25      56.67.  On April 7, 2006, counsel for plaintiff sent letters to the California Labor and

26  Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

27      ~~57. On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and~~

28                  14

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

SECOND AMENDED COMPLAINT

1  ~~Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.~~

2      ~~58.~~ 68.  Counsel for plaintiff~~s~~ ~~has~~ have received written notice from the California

3  Labor and Workforce Development Agency stating that it does not intend to investigate the

4  violations set forth in the April ~~17~~ 7, 200~~6~~7 letter.  Pursuant to California Labor Code section

5  2699.3, subdivision (a)(2)(A), plaintiff~~s~~ ~~is~~ are entitled to commence this action for penalties.

6      ~~59.~~ 69.  As a result of the acts alleged above, plaintiff~~s~~ seeks penalties under California

7  Labor Code section 2699 because of Akal's violation of numerous provisions of the California

8  Labor Code including, but not limited to, the following:  Labor Code, §§ 201, 202, 203, 204,

9  207, 208, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1198, 1199 and the

10  provisions of Industrial Welfare Commission Wage Order No. 4. ~~.~~

11      ~~60.~~ 70.  Pursuant to California Labor Code section 2699, plaintiff~~s~~ ~~is~~ are entitled to be

12  awarded twenty-five (25 %) percent of all penalties due under California law, in addition to

13  interest, attorneys' fees and costs.

14      71.      The Court should award seventy-five (75 %) percent of the penalties due under

15  California law to the State of California.

16                                PRAYER

17      WHEREFORE, Plaintiff~~s~~ and ~~the~~ Class members pray for judgment against Akal, as

18  follows:

19  FOR THE FIRST CAUSE OF ACTION:

20      1.      For an order certifying the ~~case~~ Class and appointing ~~Plaintiff and his~~ Plaintiffs

21  and their

22          counsel to represent the Class;

23      2.      For compensatory damages according to proof;

24      3.      For enhanced damages and penalties as permitted under

25          California law;

26      4.      For pre-judgment interest;

27      5.      For costs of suit; and

28                                  15

MARKS, GOLIA &
FINCH, LLP
3600 Harney Street
First Floor
San Diego, CA 92110
(619) 283-7000

[ ] SECOND AMENDED COMPLAINT

Formatted: Auto Para Numbering

500 D

6.     For reasonable attorneys' fees.

FOR THE SECOND CAUSE OF ACTION:

1.     For an order certifying the Class and appointing ~~Plaintiff and his~~ Plaintiffs and their counsel to represent the Class;

2.     For compensatory damages according to proof;

3.     For enhanced damages and penalties as permitted under California law;

4.     For pre-judgment interest;

5.     For costs of suit; and

6.     For reasonable attorneys' fees.

FOR THE THIRD CAUSE OF ACTION:

1.     For an order certifying Subclass I and appointing Subclass I plaintiffs and their counsel to represent Subclass I;

2.     For compensatory damages according to proof;

3.     For enhanced damages and penalties as permitted under California law;

4.     For pre-judgment interest;

5.     For costs of suit; and

6.     For reasonable attorneys' fees.

FOR THE FOURTH CAUSE OF ACTION:

1.     For an order certifying Subclass II and appointing Subclass II plaintiff and his counsel to represent Subclass II;

2.     For waiting-time penalties pursuant to Labor Code section 203;

3.     For pre-judgment interest;

4.     For costs of suit; and

5.     For reasonable attorneys' fees.

FOR THE FIFTH CAUSE OF ACTION:

1.     For an order certifying the Class and appointing ~~plaintiffs~~ Plaintiffs and their counsel to represent the Class;

16

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

Formatted: Not All caps

501 D

2.      For disgorgement of all monies which Akal has illegally gained;

3.      For restitution according to proof at trial;

4.      For an order enjoining Akal from any further acts and practices which violate
        the UCL; and

5.      For attorneys' fees and costs.

FOR THE ~~FOURTH~~ SIXTH CAUSE OF ACTION:

1.      For penalties as permitted under California law;

2.      For prejudgment interest;

3.      For costs of suit; and

4.      For reasonable attorneys' fees.

ON ALL CAUSES OF ACTION:

1.      For reasonable attorneys' fees;

2.      For costs of suit incurred herein;

3.      For such other and further relief as this Court may deem just and proper; and

4.      For interest on all monies due.

DATED: November 20, 2007                Respectfully submitted,

                                        MARKS, GOLIA & FINCH, LLP


                                        By:_____
                                           JASON R. THORNTON
                                           BERNARD F. KING III
                                        Attorneys for Plaintiffs David Loera, Paul
                                        Sonico, Luis Martinez, Leo Cuen, Sean
                                        Acuna, Albert Rubio, James Barker, Andrew
                                        Stanfield and Guillermo Fernandez

974.002/BK767.1.am

MARKS, GOLIA &
FINCH, LLP
3800 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT



1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street
   Suite 4900
4  Los Angeles, CA  90071
   Telephone: (213) 576-5000
5  Facsimile: (213) 680-4470

6  Attorneys for Defendant
   AKAL SECURITY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF IMPERIAL

10

11 DAVID LOERA, for himself and on behalf of  )   CASE NO. ECU03022
   all others similarly situated and the general )
   public                                        )   *[Assigned to Hon. Christopher W. Yeager,*
12                                               )   *Dept. 7]*
                       Plaintiffs,               )
13                                               )   **DEFENDANT AKAL SECURITY,**
              v.                                 )   **INC.'S OPPOSITION TO PLAINTIFF'S**
14                                               )   **MOTION FOR LEAVE TO FILE A**
   AKAL SECURITY, INC., a corporation; and      )   **SECOND AMENDED COMPLAINT;**
15 DOES 1-100, inclusive                         )
                                                 )   **DECLARATION OF MOLLIE BURKS-**
16                     Defendants.               )   **THOMAS IN SUPPORT THEREOF**
                                                 )
17                                               )   Date:  December 18, 2007
                                                 )   Time:  8:30 a.m.
18                                               )   Dept.: 7
                                                 )
19                                               )   Complaint Filed:    April 27, 2006
                                                 )
20

21      Defendant AKAL SECURITY, INC., a New Mexico corporation, ("Defendant") hereby

22 submit the following brief in Opposition to Plaintiffs' Motion for Leave To File a Second

   Amended Complaint.
23 ///

24 ///

25 ///

26 ///

27 ///

28

                                      -1-
   DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
                         SECOND AMENDED COMPLAINT

503 D

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1

I.    **INTRODUCTION**

2        As set forth below, in April of 2006, Plaintiff David Loera ("Plaintiff")brought the

3  present wage and hour class action complaint alleging: (1) failure to pay meal period premium

4  pay; (2) failure to pay rest break premium pay; (3) violations of the UCL; and (4) unfair

5  Penalties Under California Labor Code section 2699.  This case is in essence a wage and hour

6  claim for failure to provide meal and rest breaks.  In anticipation of filing their original

7  complaint eighteen months ago, Plaintiff's counsel presumably discussed with his client – at that

8  time David Loera – both the hours worked and the wages paid to Loera as an employee of Akal.

9  Or, as Plaintiffs' Motion suggests, perhaps not.

10       Plaintiffs, in their Motion For Leave to File a Second Amended Complaint, suddenly

11  assert that it was not until recently that they became aware that Plaintiff David Loera also may

12  have a claim against Akal for failure to pay overtime compensation.

13       In fact, back in April 2006, Plaintiff David Loera filed a meal and rest break premium

14  pay class action against Defendant.  It strains credulity for Plaintiffs' counsel to contend that they

15  were not aware of their client's work schedule until a month or so ago.  In reality, Plaintiff is

16  trying to resuscitate this lawsuit and subvert adjudication of Akal's pending motion for summary

17  judgment challenging the current complaint on both substantive and procedural grounds.  There

18  is simply no justification for amending this claim at this late hour.

19       Counsel has an obligation to conduct due diligence and investigate a plaintiff's claims

20  before filing a complaint.  Yet, eighteen (18) months after filing Loera's class action lawsuit for

21  meal period and rest break premium pay pursuant to Labor Code Section 226.7, they now admit

22  that they did not even know the hours their client worked until recently.  **This is particularly**

23  **galling considering that documents relating to Plaintiff David Loera's work schedule and**

24  **hours worked were produced by Akal in November 2006.**  While Plaintiff's seek to excuse

25  their belated attention to this litigation by casting blame on the *Belaire-West* privacy opt-out

26  process and Akal's deference thereto in the orderly production of records for the putative class, it

27  is nonetheless undisputed that Plaintiffs' counsel had access to speak with their client and review

28  his time and attendance and payroll records for over a year.

-2-

1    If the overtime and waiting time penalty claims *only* apply to the newly proposed

2   plaintiffs, then these claims cannot, as a matter of law, relate back to the original complaint filed

3   by David Loera, and the amendment should not be allowed on that basis. First, there is nothing

4   in the original complaint that would put Akal on notice that overtime and/or waiting-time penalty

5   claims existed against it. Moreover, Akal would be extremely prejudiced if leave to amend is

6   granted, since injecting the overtime and waiting time penalty claims into the lawsuit greatly

7   expands the applicable claims period for these causes of action.

8    As argued in detail below, the Court should deny Plaintiffs' Motion with respect to the

9   newly asserted third and fourth causes of action.

10   **II.    FACTUAL STATEMENT**

11    Plaintiff David Loera alleges in his operative First Amended Complaint, that he and the

12   class are "all current and former prison guards who worked for Akal, at the department of

13   Homeland Security Immigration Detention Center in Imperial County, during the period April

14   15, 2002 to the present (the 'Class Period')." The claims currently pending by Plaintiff Loera

15   concern Akal's alleged failure to pay premium pay for meal periods and rest breaks, specifically,

16   "whether Class members were compelled to work for periods of five or more consecutive hours

17   without having at least a one half hour break for meals and without receiving the required

18   premium pay; whether Class members were compelled to work for periods of four or more

19   consecutive hours without having at least a one ten minute rest period and without receiving the

20   required premium pay; and whether Akal has failed to keep proper records for the Class

21   members working hours."

22   **III.   PROCEDURAL POSTURE**

23    On April 27, 2006 Plaintiff David Loera, on behalf of himself and similarly situated

24   individuals, filed a complaint for: (1) failure to pay meal period premium pay; (2) failure to pay

25   rest break premium pay; (3) violations of the UCL; and (4) unfair Penalties Under California

26   Labor Code section 2699. There are no facts alleged in either the original or First Amended

27   Complaint regarding overtime or waiting time penalties.

28    In response to Plaintiff's First Set of Requests for Production, which were served on Akal

-3-

505 D

DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1 | Security in or about September of 2006, Defendant Akal Security, Inc., after obtaining a brief

2 | extension to respond to the discovery requests, timely served its Responses to Plaintiff's first sets

3 | of Special Interrogatories, and Requests for Production of Documents on November 2, 2006.

4 | (Burks-Thomas Decl. ¶¶ 3-4.)  At that same time, Akal served nearly 200 pages of documents

5 | responsive to Plaintiff's Requests for Production. (Burks-Thomas Decl. ¶ 4.)  Included within

6 | that production were Plaintiff Loera's timekeeper reports, which summarized the hours worked

7 | by Plaintiff Loera, and paid by Akal, from January 1, 2003 through October 1, 2006.  (Burks-

8 | Thomas Decl. ¶ 5.) Akal also produced, in March of 2007, Plaintiff David Loera's shift logs for

9 | the same timeframe, from which counsel for Plaintiff could easily compare Plaintiff's hours

10 | worked and paid to determine any available overtime claim. (Burks-Thomas Decl. ¶ 6.)  In

11 | addition, Mr. Loera presumably knew his work schedule and hours worked since well before this

12 | action was commenced in April of 2006.

13 |      On November 2, 2007, Akal filed a Motion for Summary Judgment in this case, which is

14 | currently scheduled for hearing on January 23, 2008. (Burks-Thomas Decl. ¶ 7.)

15 | **IV.    LEGAL ANALYSIS**

16 |      **A.    Plaintiffs' Request for Leave to File to the Amended Complaint Asserting**

17 |              **New Causes of Action Must Be Denied Because of Their Unexplained Delay.**

18 |      If the conduct of the party shows long unexplained and unexcused delay, and particularly

19 | where it is indicative of bad faith or the delay would necessitate continuance, denial has been

20 | upheld. (*Landis v. Superior Court* (1965) 232 Cal.App.2d 548, 554-55.)  A long deferred

21 | presentation of the proposed amendment without a showing of excuse for the delay warrants

22 | denial of leave to amend.  (*Leader v. Health Indus. of America, Inc.* (2001) 89 Cal.App.4th 603,

23 | 613; *City of Stanton v. Cox* (1989) 207 Cal.App.3d 1557, 1564.)  Leave to amend may be granted

24 | provided that there is no prejudice to the opposing party, "such as delay in trial, loss of critical

25 | evidence, or added costs of preparation." (*Solit v. Tokai Bank, Ltd. New York Branch* (1999) 68

26 | Cal.App.4th 1435, 1448; *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 412.)  Courts may

27 | consider the unfair surprise to the opposing party in denying leave to amend. (*Mesler v. Bragg*

28 | *Management Co.* (1985) 39 Cal.3d 290, 296-97.)

-4-

50612

1    In *City of Stanton*, the plaintiff waited eighteen months before seeking leave to amend.

2  The Court of Appeal affirmed the trial court's denial, noting that: "[a] party who waits 18

3  months before attempting to amend, and then does so only after trial has commenced, and who

4  offers no excuse for the failure, can hardly complain when the request to amend is denied." A

5  party should not be permitted an amendment that raises a new cause of action or a new defense.

6  (*Lewis & Queen v. S. Edmondson & Sons* (1952) 113 Cal.App.2d 705, 711.) Accordingly, a

7  party must be diligent in seeking leave to amend. (*Rogers v. Ulrich* (1975) 52 Cal.App.3d 894,

8  899.)

9    In this case, Plaintiff David Loera has been unreasonably and inexcusably dilatory in his

10 failure to assert his newly alleged Third Cause of Action for Failure to Pay Overtime Premium

11 Pay.  Plaintiff's counsel has known for over one year the hours worked by David Loera, as

12 Defendant produced Mr. Loera's time keeping reports and shift logs over one year ago on

13 November 2, 2006.  In March of 2007, Defendant produced Mr. Loera's shift logs, from which

14 Plaintiff could have easily compared with the timekeeper reports to determine any overtime

15 worked.  In addition, Mr. Loera presumably knew his work schedule and hours worked since

16 well before this action was commenced in April of 2006.

17    There is no valid reason why Mr. Loera did not assert this cause of action in the original

18 Complaint, nor is there a valid reason that he did not seek to allege this claim until almost

19 eighteen (18) months **after** he filed this lawsuit.  Accordingly, Plaintiffs' motion for leave to file

20 a Second Amended Complaint asserting a Third Cause of Action for Overtime should be denied.

21 **B.**    **If the Newly Asserted Claims for Overtime and Waiting Time Penalties *Only* Apply**

22      **To The Proposed Plaintiffs, Such Claims Do Not Relate Back To the Original**

23      **Complaint and Leave to Amend Should Be Denied.**

24    An amended complaint relates back to the original complaint if it: (1) rests on the same

25 general set of facts as the original complaint and (2) refers to the same accident and the same

26 injuries as the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.)  An

27 amended pleading that adds a new plaintiff will not relate back to the filing of the original

28 complaint if the new party seeks to enforce an independent right or to impose greater liability

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-5-                                              *5070*

1  against the defendants. (*Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533-534.)  In a

2  class action, an amendment to add a new plaintiff who is a member of an expanded class, will

3  relate back to the date of the original complaint only when: "1) the original complaint gave the

4  defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does

5  not unfairly prejudice the defendant; and 3) there is an identity of interests between the original

6  and newly proposed plaintiff. [Citation.]"  (*In re Syntex Corp. Securities Litigation* (9th

7  Cir.1996) 95 F.3d 922, 935 [amended complaint failed when it alleged that the new class

8  members bought stock as a result of different disclosures and statements from those alleged in

9  the original complaint].)

10     Here, the claims of the newly proposed plaintiffs for failure to pay overtime and waiting-

11  time penalties meet none of the requirements set forth in *Bartalo* or *Syntex*.  Nothing in the

12  original Complaint gives Akal any notice of a potential overtime or waiting-time penalty claim.

13  Moreover, Akal will suffer extreme prejudice if the amendments are allowed to relate back to the

14  filing date of the original complaint, as it will be exposed to a greatly expanded claims period.

15  Accordingly, Plaintiffs' motion with respect to the newly proposed Third and Fourth Causes of

16  Action should be denied.

17  **IV.    CONCLUSION**

18     Based upon the foregoing, Akal respectfully requests that Plaintiffs' Motion with respect

19  to the newly asserted Third and Fourth Causes of Action for Overtime Pay and Waiting-Time

20  Penalties be denied with prejudice.

21

22  Dated:  December 5, 2007                   Respectfully Submitted.

23                                           GORDON & REES LLP

24

25  By: _____
                                            Stephen E. Ronk
26                                          Joshua B. Wagner
                                            Mollie Burks-Thomas
27                                          Attorneys for Defendant
                                            AKAL SECURITY, INC.

28

-6-

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## DECLARATION OF MOLLIE BURKS-THOMAS

I, MOLLIE BURKS-THOMAS, do hereby declare:

1.    I am an attorney at law, licensed to practice before all Courts of this state, and an associate of the law firm of Gordon & Rees LLP, counsel of record for Defendant Akal Security, Inc. ("Akal") in the above-mentioned action.

2.    I have personal knowledge of the matters contained herein, and could competently testify thereto if called as a witness.

3.    In September of 2006, Plaintiff served Akal with his initial round of written of discovery, which included, *inter alia*, Plaintiff's First Sets of Special Interrogatories, and Requests for Production of Documents.

4.    After obtaining an extension to respond to the discovery requests, Akal timely served its Responses to Plaintiff's First Sets of Special Interrogatories, and Requests for Production of Documents on November 2, 2006.

5.    At that same time, Akal produced some 200 pages of responsive documents. Included within that production were Plaintiff Loera's timekeeper reports (bearing the bates-stamped numbers Akal/ Loera 0096-0115), which summarized the hours worked by Plaintiff Loera from January 1, 2003 through October 1, 2006.

6.    In March of 2007, Akal also produced Plaintiff's shift logs (bearing the bates-stamped numbers Akal/ Loera 0337-1277), from which counsel for Plaintiff could easily compare Plaintiff's hours worked and paid to determine any available overtime claim.

7.    On November 2, 2007, Akal filed a Motion for Summary Judgment in this case, which is currently scheduled for hearing on January 23, 2008.

Executed this 5th day of December, 2007, at Los Angeles, California.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Mollie Burks-Thomas

*Gordon & Rees LLP*
*633 West Fifth Street*
*Suite 4900*
*Los Angeles, CA 90071*

AKAL/1039887/5243973v.1
AKAL/1039887/5243973v.1

-7-

5 0 9 0

1

## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is: 633 West Fifth Street, Suite 4900, Los Angeles,
3   CA 90071. **December 5, 2007,** I served the within documents: **DEFENDANT AKAL
SECURITY, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A**
4   **SECOND AMENDED COMPLAINT**

5

6   | ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
7   | ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below. |
8   |   | |
9   | ☐ | by causing such document(s) listed above to be personally served the document(s) listed above to the person(s) at the address(es) set forth below. |
10

11

12   Matthew B. Butler, Esq.                 Bernard F. King III
     NICHOLAS & BUTLER, LLP              MARKS, GOLIA & FINCH LLP
13   225 Broadway, 19th Floor             3900 Harney Street, First Floor
     San Diego, CA 92101-5005           San Diego, CA 92110-2825
14   Tel: (619) 325-0492/Fax: (619) 325-0496   Tel: (619) 293-7000/Fax: (619) 293-7362
     *Attorneys for Plaintiff*                    *Attorneys for Plaintiff*
15

16          I am readily familiar with the firm's practice of collection and processing correspondence
17   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
18   motion of the party served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after the date of deposit for mailing in affidavit.

19          I declare under penalty of perjury under the laws of the State of California that the above
20   is true and correct.

21          Executed on **December 5, 2007,** at Los Angeles, California.

22

23   _Shirley Berrymon_

24   Shirley Berrymon

25

26

27

28

5/0 D

STEPHEN E. RONK (SBN: 164333)
JOSHUA B. WAGNER (SBN: 199570)
MOLLIE BURKS-THOMAS (SBN: 222112)
GORDON & REES LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AKAL SECURITY, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public<br><br>Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1-100, inclusive<br><br>Defendants. | CASE NO. ECU03022<br><br>*[Assigned to Hon. Christopher W. Yeager, Dept. 7]*<br><br>**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT;**<br><br>**DECLARATION OF MOLLIE BURKS-THOMAS IN SUPPORT THEREOF**<br><br>Date: December 18, 2007<br>Time: 8:30 a.m.<br>Dept.: 7<br><br>Complaint Filed:    April 27, 2006 |

Defendant AKAL SECURITY, INC., a New Mexico corporation, ("Defendant") hereby

submit the following brief in Opposition to Plaintiffs' Motion for Leave To File a Second

Amended Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

*511 D*

DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## I.   INTRODUCTION

As set forth below, in April of 2006, Plaintiff David Loera ("Plaintiff")brought the present wage and hour class action complaint alleging: (1) failure to pay meal period premium pay; (2) failure to pay rest break premium pay; (3) violations of the UCL; and (4) unfair Penalties Under California Labor Code section 2699.  This case is in essence a wage and hour claim for failure to provide meal and rest breaks.  In anticipation of filing their original complaint eighteen months ago, Plaintiff's counsel presumably discussed with his client – at that time David Loera – both the hours worked and the wages paid to Loera as an employee of Akal.  Or, as Plaintiffs' Motion suggests, perhaps not.

Plaintiffs, in their Motion For Leave to File a Second Amended Complaint, suddenly assert that it was not until recently that they became aware that Plaintiff David Loera also may have a claim against Akal for failure to pay overtime compensation.

In fact, back in April 2006, Plaintiff David Loera filed a meal and rest break premium pay class action against Defendant.  It strains credulity for Plaintiffs' counsel to contend that they were not aware of their client's work schedule until a month or so ago.  In reality, Plaintiff is trying to resuscitate this lawsuit and subvert adjudication of Akal's pending motion for summary judgment challenging the current complaint on both substantive and procedural grounds.  There is simply no justification for amending this claim at this late hour.

Counsel has an obligation to conduct due diligence and investigate a plaintiff's claims before filing a complaint.  Yet, eighteen (18) months after filing Loera's class action lawsuit for meal period and rest break premium pay pursuant to Labor Code Section 226.7, they now admit that they did not even know the hours their client worked until recently.  **This is particularly galling considering that documents relating to Plaintiff David Loera's work schedule and hours worked were produced by Akal in November 2006.**  While Plaintiff's seek to excuse their belated attention to this litigation by casting blame on the *Belaire-West* privacy opt-out process and Akal's deference thereto in the orderly production of records for the putative class, it is nonetheless undisputed that Plaintiffs' counsel had access to speak with their client and review his time and attendance and payroll records for over a year.

1       If the overtime and waiting time penalty claims *only* apply to the newly proposed

2  plaintiffs, then these claims cannot, as a matter of law, relate back to the original complaint filed

3  by David Loera, and the amendment should not be allowed on that basis.  First, there is nothing

4  in the original complaint that would put Akal on notice that overtime and/or waiting-time penalty

5  claims existed against it.  Moreover, Akal would be extremely prejudiced if leave to amend is

6  granted, since injecting the overtime and waiting time penalty claims into the lawsuit greatly

7  expands the applicable claims period for these causes of action.

8       As argued in detail below, the Court should deny Plaintiffs' Motion with respect to the

9  newly asserted third and fourth causes of action.

10  **II.    FACTUAL STATEMENT**

11       Plaintiff David Loera alleges in his operative First Amended Complaint, that he and the

12  class are "all current and former prison guards who worked for Akal, at the department of

13  Homeland Security Immigration Detention Center in Imperial County, during the period April

14  15, 2002 to the present (the 'Class Period')."  The claims currently pending by Plaintiff Loera

15  concern Akal's alleged failure to pay premium pay for meal periods and rest breaks, specifically,

16  "whether Class members were compelled to work for periods of five or more consecutive hours

17  without having at least a one half hour break for meals and without receiving the required

18  premium pay; whether Class members were compelled to work for periods of four or more

19  consecutive hours without having at least a one ten minute rest period and without receiving the

20  required premium pay; and whether Akal has failed to keep proper records for the Class

21  members working hours."

22  **III.    PROCEDURAL POSTURE**

23       On April 27, 2006 Plaintiff David Loera, on behalf of himself and similarly situated

24  individuals, filed a complaint for:  (1) failure to pay meal period premium pay; (2) failure to pay

25  rest break premium pay; (3) violations of the UCL; and (4) unfair Penalties Under California

26  Labor Code section 2699.   There are no facts alleged in either the original or First Amended

27  Complaint regarding overtime or waiting time penalties.

28       In response to Plaintiff's First Set of Requests for Production, which were served on Akal

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-3-

1   Security in or about September of 2006, Defendant Akal Security, Inc., after obtaining a brief

2   extension to respond to the discovery requests, timely served its Responses to Plaintiff's first sets

3   of Special Interrogatories, and Requests for Production of Documents on November 2, 2006.

4   (Burks-Thomas Decl. ¶¶ 3-4.)   At that same time, Akal served nearly 200 pages of documents

5   responsive to Plaintiff's Requests for Production. (Burks-Thomas Decl. ¶ 4.)  Included within

6   that production were Plaintiff Loera's timekeeper reports, which summarized the hours worked

7   by Plaintiff Loera, and paid by Akal, from January 1, 2003 through October 1, 2006.  (Burks-

8   Thomas Decl. ¶ 5.)  Akal also produced, in March of 2007, Plaintiff David Loera's shift logs for

9   the same timeframe, from which counsel for Plaintiff could easily compare Plaintiff's hours

10   worked and paid to determine any available overtime claim. (Burks-Thomas Decl. ¶ 6.)  In

11   addition, Mr. Loera presumably knew his work schedule and hours worked since well before this

12   action was commenced in April of 2006.

13          On November 2, 2007, Akal filed a Motion for Summary Judgment in this case, which is

14   currently scheduled for hearing on January 23, 2008. (Burks-Thomas Decl. ¶ 7.)

15   **IV.    LEGAL ANALYSIS**

16          **A.      Plaintiffs' Request for Leave to File to the Amended Complaint Asserting**

17                    **New Causes of Action Must Be Denied Because of Their Unexplained Delay.**

18          If the conduct of the party shows long unexplained and unexcused delay, and particularly

19   where it is indicative of bad faith or the delay would necessitate continuance, denial has been

20   upheld. (*Landis v. Superior Court* (1965) 232 Cal.App.2d 548, 554-55.)  A long deferred

21   presentation of the proposed amendment without a showing of excuse for the delay warrants

22   denial of leave to amend.  (*Leader v. Health Indus. of America, Inc.* (2001) 89 Cal.App.4th 603,

23   613; *City of Stanton v. Cox* (1989) 207 Cal.App.3d 1557, 1564.)  Leave to amend may be granted

24   provided that there is no prejudice to the opposing party, "such as delay in trial, loss of critical

25   evidence, or added costs of preparation." (*Solit v. Tokai Bank, Ltd. New York Branch* (1999) 68

26   Cal.App.4th 1435, 1448; *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 412.)  Courts may

27   consider the unfair surprise to the opposing party in denying leave to amend. (*Mesler v. Bragg*

28   *Management Co.* (1985) 39 Cal.3d 290, 296-97.)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

-4-                                                                                5/4 D

DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    In *City of Stanton*, the plaintiff waited eighteen months before seeking leave to amend.

2  The Court of Appeal affirmed the trial court's denial, noting that: "[a] party who waits 18

3  months before attempting to amend, and then does so only after trial has commenced, and who

4  offers no excuse for the failure, can hardly complain when the request to amend is denied." A

5  party should not be permitted an amendment that raises a new cause of action or a new defense.

6  (*Lewis & Queen v. S. Edmondson & Sons* (1952) 113 Cal.App.2d 705, 711.) Accordingly, a

7  party must be diligent in seeking leave to amend. (*Rogers v. Ulrich* (1975) 52 Cal.App.3d 894,

8  899.)

9    In this case, Plaintiff David Loera has been unreasonably and inexcusably dilatory in his

10  failure to assert his newly alleged Third Cause of Action for Failure to Pay Overtime Premium

11  Pay. Plaintiff's counsel has known for over one year the hours worked by David Loera, as

12  Defendant produced Mr. Loera's time keeping reports and shift logs over one year ago on

13  November 2, 2006. In March of 2007, Defendant produced Mr. Loera's shift logs, from which

14  Plaintiff could have easily compared with the timekeeper reports to determine any overtime

15  worked. In addition, Mr. Loera presumably knew his work schedule and hours worked since

16  well before this action was commenced in April of 2006.

17    There is no valid reason why Mr. Loera did not assert this cause of action in the original

18  Complaint, nor is there a valid reason that he did not seek to allege this claim until almost

19  eighteen (18) months **after** he filed this lawsuit. Accordingly, Plaintiffs' motion for leave to file

20  a Second Amended Complaint asserting a Third Cause of Action for Overtime should be denied.

21  **B.  If the Newly Asserted Claims for Overtime and Waiting Time Penalties *Only* Apply**

22    **To The Proposed Plaintiffs, Such Claims Do Not Relate Back To the Original**

23    **Complaint and Leave to Amend Should Be Denied.**

24    An amended complaint relates back to the original complaint if it: (1) rests on the same

25  general set of facts as the original complaint and (2) refers to the same accident and the same

26  injuries as the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.) An

27  amended pleading that adds a new plaintiff will not relate back to the filing of the original

28  complaint if the new party seeks to enforce an independent right or to impose greater liability

-5-

1  against the defendants. (*Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533-534.) In a

2  class action, an amendment to add a new plaintiff who is a member of an expanded class, will

3  relate back to the date of the original complaint only when: "1) the original complaint gave the

4  defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does

5  not unfairly prejudice the defendant; and 3) there is an identity of interests between the original

6  and newly proposed plaintiff. [Citation.]" (*In re Syntex Corp. Securities Litigation* (9th

7  Cir.1996) 95 F.3d 922, 935 [amended complaint failed when it alleged that the new class

8  members bought stock as a result of different disclosures and statements from those alleged in

9  the original complaint].)

10      Here, the claims of the newly proposed plaintiffs for failure to pay overtime and waiting-

11  time penalties meet none of the requirements set forth in *Bartalo* or *Syntex*. Nothing in the

12  original Complaint gives Akal any notice of a potential overtime or waiting-time penalty claim.

13  Moreover, Akal will suffer extreme prejudice if the amendments are allowed to relate back to the

14  filing date of the original complaint, as it will be exposed to a greatly expanded claims period.

15  Accordingly, Plaintiffs' motion with respect to the newly proposed Third and Fourth Causes of

16  Action should be denied.

17  **IV.   CONCLUSION**

18      Based upon the foregoing, Akal respectfully requests that Plaintiffs' Motion with respect

19  to the newly asserted Third and Fourth Causes of Action for Overtime Pay and Waiting-Time

20  Penalties be denied with prejudice.

21

22  Dated: December 5, 2007

23  Respectfully Submitted.

GORDON & REES LLP

24

25  By:_____
        Stephen E. Ronk
26      Joshua B. Wagner
        Mollie Burks-Thomas
27      Attorneys for Defendant
        AKAL SECURITY, INC.

28

-6-

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## DECLARATION OF MOLLIE BURKS-THOMAS

I, MOLLIE BURKS-THOMAS, do hereby declare:

1.      I am an attorney at law, licensed to practice before all Courts of this state, and an associate of the law firm of Gordon & Rees LLP, counsel of record for Defendant Akal Security, Inc. ("Akal") in the above-mentioned action.

2.      I have personal knowledge of the matters contained herein, and could competently testify thereto if called as a witness.

3.      In September of 2006, Plaintiff served Akal with his initial round of written of discovery, which included, *inter alia*, Plaintiff's First Sets of Special Interrogatories, and Requests for Production of Documents.

4.      After obtaining an extension to respond to the discovery requests, Akal timely served its Responses to Plaintiff's First Sets of Special Interrogatories, and Requests for Production of Documents on November 2, 2006.

5.      At that same time, Akal produced some 200 pages of responsive documents. Included within that production were Plaintiff Loera's timekeeper reports (bearing the bates-stamped numbers Akal/ Loera 0096-0115), which summarized the hours worked by Plaintiff Loera from January 1, 2003 through October 1, 2006.

6.      In March of 2007, Akal also produced Plaintiff's shift logs (bearing the bates-stamped numbers Akal/ Loera 0337-1277), from which counsel for Plaintiff could easily compare Plaintiff's hours worked and paid to determine any available overtime claim.

7.      On November 2, 2007, Akal filed a Motion for Summary Judgment in this case, which is currently scheduled for hearing on January 23, 2008.

Executed this 5th day of December, 2007, at Los Angeles, California.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

_____
Mollie Burks-Thomas

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/5243973v.1

-7-

5/7 0

DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1

<u>PROOF OF SERVICE</u>

2       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 633 West Fifth Street, Suite 4900, Los Angeles,
3   CA 90071. **December 5, 2007,** I served the within documents: **DEFENDANT AKAL SECURITY, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A**
4   **SECOND AMENDED COMPLAINT**

5

6   | ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
7   |---|---|
8   | ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below. |
9   | ☐ | by causing such document(s) listed above to be personally served the document(s) listed above to the person(s) at the address(es) set forth below. |

10

11

12   Matthew B. Butler, Esq.         Bernard F. King III
     NICHOLAS & BUTLER, LLP     MARKS, GOLIA & FINCH LLP
13   225 Broadway, 19th Floor        3900 Harney Street, First Floor
     San Diego, CA 92101-5005      San Diego, CA 92110-2825
14   Tel: (619) 325-0492/Fax: (619) 325-0496     Tel: (619) 293-7000/Fax: (619) 293-7362
     *Attorneys for Plaintiff*             *Attorneys for Plaintiff*
15

16       I am readily familiar with the firm's practice of collection and processing correspondence
17   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
18   motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

19       I declare under penalty of perjury under the laws of the State of California that the above
20   is true and correct.

21       Executed on **December 5, 2007**, at Los Angeles, California.

22

23                     _____
24                        Shirley Berrymon

25

26

27

28

5180

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518
LAURA E. BEATTY, SBN 251540

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br> Defendants. | CASE NO:  ECU03022 <br><br> REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT <br><br> Assigned to: <br> Hon. Christopher W. Yeager, Dept. 7 <br><br> Date:      December 18, 2007 <br> Time:     8:30 a.m. <br> Dept.:     7 <br><br> Complaint Filed:     April 27, 2006 <br> Trial Date:              Not Set |

I

## INTRODUCTION

In its opposition defendant Akal Security, Inc. ("Akal"), does not oppose the

amendment of the complaint to include the Additional Named Plaintiffs.  Rather, Akal only

opposes the addition of the third and fourth causes of action.  (Defendant's Opposition to

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

519 D

1   Plaintiff's Motion for Leave to File Second Amended Complaint, p. 3.)  Akal opposes the

2   amendments on the grounds that: 1) plaintiff unreasonably delayed in seeking to amend the

3   complaint to include the third cause of action; and  2) the third and fourth causes of action

4   should not relate back to the initial complaint.  (Defendant's Opposition to Plaintiff's Motion

5   for Leave to File Second Amended Complaint, p. 4-6.)

6          There is a "[s]trong policy in favor of liberal allowance of amendments." (*Messer v.*

7   *Bragg Management Co.* (1985) 39 Cal 3d 290, 296.)  Given this strong policy favoring

8   amendments, Akal's opposition lacks merit and disguises yet another strained attempt to avoid

9   liability for its violations of California's labor laws.

10                                         II

11                    PLAINTIFF'S MOTION FOR LEAVE TO AMEND
                    THE COMPLAINT TO ADD A CLAIM FOR UNPAID OVERTIME
12                  IS TIMELY AND THE AMENDMENT WILL NOT PREJUDICE AKAL

13         Akal's opposition to the third cause of action stated in plaintiff's second amended

14   complaint centers around its contention that plaintiff unreasonably delayed in seeking to amend

15   his complaint.  However, delay, without prejudice is not enough to warrant denial of leave to

16   amend a complaint.  (See *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761.)  As one

17   court noted:

18          We have been unable to find any case in which denial was upheld where the
           sole basis on which the court relied was lack of diligence at a stage in the
19          proceeding where pretrial or trial had not been set.

20   (*Landis v. Super. Court* (1965) 232 Cal.App.2d 548, 557.)  Accordingly, leave to amend is

21   denied on the basis of unreasonable delay mainly where the amendments are proposed either

22   during or immediately prior to trial.  (See *City of Stanton v. Cox* (1989) 207 Cal.App.3d 1557

23   [leave to amend requested after trial commenced]; *Rogers v. Ulrich* (1975) 52 Cal.App.3d 894,

24   899 [leave to amend requested immediately prior to trial.] *Lewis & Queen v. Edmondson &*

25   *Sons* (1952) 113 Cal.App.2d 705, 710-711 [leave to amend requested on morning case was

26   called for trial].)

27

28

                                            2

ARKS, GOLIA &
FINCH, LLP
00 Harney Street
First Floor
Diego, CA 92110
(619) 293-7000

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

5 2 0 0

1    Notably missing from Akal's opposition is any showing that it would be prejudiced if

2    plaintiff is allowed to file its amended complaint. Greater liability is the only prejudice that

3    Akal would suffer by allowing plaintiff to amend his complaint; unfortunately for Akal, it is

4    "unreasonable to deny the [Plaintiff] the right to amend where the only apparent hardship to

5    the defendants is that they will have to defend." (*Landis v. Super. Court,* supra, 232

6    Cal.App.2d at p. 557.)

7    Furthermore, contrary to Akal's contention, plaintiff did not unreasonably delay in

8    pursuing his claims for unpaid overtime wages. Prior to speaking with the Additional Named

9    Plaintiffs, plaintiff Loera and his counsel were unaware of the claim for failure to pay overtime

10   wages. (Declaration of Bernard F. King, ¶¶ 11.) Plaintiff Loera initially retained his current

11   counsel to pursue his claims for meal and rest break violations – not unpaid overtime.

12   (Declaration of Bernard F. King, ¶ 11.) Moreover, the records indicate that Loera did not have

13   a claim for unpaid overtime until October 2006. (Declaration of Bernard F. King, ¶ 11.) The

14   records produced by Akal only showed data from January 2003 through October 1, 2006. The

15   data from the period in which plaintiff Loera's overtime claim arose was not produced until

16   September 2007. Thus, Akal's claim that plaintiff's counsel had this data prior to September

17   2007 is unfounded.

18   Only after speaking with the additional plaintiffs and analyzing Akal's time records,

19   did it become apparent that Akal was not only systematically violating the meal and rest

20   provisions of California's wage and hour regulations, but it was also systematically failing to

21   pay its employees premium overtime wages. Within two months of becoming aware these

22   claims, plaintiff filed his motion for leave to amend. Given the need to add the Additional

23   Named Plaintiffs, analyze the time records produced by Akal, and evaluate the Additional

24   Named Plaintiffs' ability to serve as adequate representatives, this motion for leave to amend

25   was timely.

26   / / / / /

27

28

3

₣RKS, GOLIA &
FINCH, LLP
)0 Harney Street
First Floor
Diego, CA 92110
519) 293-7000

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

521  O

III

## RELATION BACK IS NOT AT ISSUE IN THIS MOTION

Akal also alleges the third and fourth causes of action for unpaid premium overtime wages and waiting time penalties, respectively, should not be allowed to relate back to the original complaint. Whether the amendments relate back has no bearing on whether leave to amend should be granted. (See *Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 760.) Should Akal wish to challenge the allegations of applicable dates, the proper procedure would be to file a demurrer or a motion to strike once the second amended complaint has been filed.[1] (See *ibid.*)

IV

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests leave to file the second amended complaint and that the [Proposed] Second Amended Complaint, filed on November 21, 2007, be deemed the amended pleading, filed and served on Akal on the date this motion is granted.

DATED:  December 10, 2007                          Respectfully submitted,

                                                   MARKS, GOLIA & FINCH, LLP


                                                   By: _____
                                                       JASON R. THORNTON
                                                       BERNARD F. KING III
                                                       LAURA E. BEATTY
                                                       Attorneys for Plaintiff David Loera


974.002/LEB2.am

---

[1] Although relation back is not currently a substantive issue before this court, the amendments in question do relate back because they involve the same general set of facts and allege the same injuries as the original complaint. (See *Goldman v. Wilsey Foods, Inc.* (1985) 216 Cal.App.3d 1085, 1094-1095.) The federal case cited by Akal is not binding on this court and is distinguishable because it deals with an amendment which expanded a class. (See *In re Syntex Securities litigation* (9th Cir. 1996) 95 F.3d 922, 935.) Here, the additional claims in plaintiff's [proposed] Second Amended Complaint, create additional subclasses from the original operative facts and class descriptions and do not expand the class description.

4

MARKS, GOLIA &
FINCH, LLP
300 Harney Street
First Floor
n Diego, CA 92110
(619) 293-7000

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

522 0

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518
LAURA E. BEATTY, SBN 251540

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362


MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>      Defendants. | CASE NO: ECU03022<br><br>DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:   December 18, 2007<br>Time:  8:30 a.m.<br>Dept.:  7<br><br>Complaint Filed:   April 27, 2006<br>Trial Date:       Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

523 0

1    I, Bernard F. King III, declare as follows:

2       1.    I am an attorney admitted to practice before this court and all courts of the State

3    of California and am an associate in the law firm of Marks, Golia & Finch, LLP, counsel of

4    record for plaintiff David Loera.  Unless otherwise stated, I have personal knowledge of the

5    facts stated below and, if called as a witness, I could and would testify to their accuracy.

6       2.    Plaintiff originally filed his complaint against defendant Akal Security, Inc.

7    ("Akal"), on April 27, 2006, alleging causes of action for failure to pay premium wages for lost

8    meal breaks,  failure to pay premium wages for missed rest breaks, violations of provisions of

9    the UCL, and penalties under Labor Code,  section 2699.

10      3.    Plaintiff filed his first amended complaint on June 28, 2006.

11      4.    On June 13, 3007, this court entered its order granting Plaintiff's motion to

12   compel discovery and ordered Akal to produce various categories of documents and provide

13   further discovery responses regarding the Class members.

14      5.    The court's June 13, 2007, order also required Akal to engage in an "opt out"

15   procedure that would provide the Class members with notice of the disclosure and would give

16   them an opportunity to object.

17      6.    Prior to the opt out process plaintiff's counsel was unaware of the additional

18   eight plaintiffs, who are named in the Second Amended Complaint, ("Additional Named

19   Plaintiffs") and their interest in serving as Class representatives.

20      7.    Following the opt out, which was concluded on or about July 31, 2007, Class

21   members began contacting our office with inquiries about the case.  Their support for this case

22   was overwhelming, and many Class members asked to join the action as additional Class

23   representatives.

24      8.    In September and October 2007, co-counsel and I met with several individuals

25   and evaluated their ability to serve as adequate Class representatives.

26   / / / / /

27

28                                                   2

MARKS, GOLIA &
FINCH, LLP
300 Harney Street
First Floor
n Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

5240

9.    Thereafter, the Additional Named Plaintiffs entered into contracts for legal services with counsel.

10.    Plaintiff Loera filed his motion for leave to file a second amended complaint on November 21, 2007.

11.    Neither I, nor co-counsel, knew of any cause of action for failure to pay premium wages for overtime until the Additional Named Plaintiffs were discovered and Akal belatedly began producing documents, in October 2007. Prior to speaking with these individuals, this claim was not raised because plaintiff Loera did not express any concerns to either myself, or co-counsel regarding Akal's failure to pay overtime, and plaintiff Loera's employment records for his time worked through October 1, 2006, did not show a claim for failure to pay premium overtime wages.

12.    Neither I, nor co-counsel, knew of any class member with a cause of action for waiting time penalties until the Additional Named Plaintiffs spoke with us about the case. Prior to speaking with these individuals, this claim was not raised because plaintiff Loera has remained at his job continuously throughout the Class period.

13.    Akal will suffer no prejudice from this amendment, because a trial date has not yet been set and the parties are still engaging in discovery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed this _10th_ day of December 2007, in San Diego, California.

_____
BERNARD F. KING III

974.002/LEB3.am

3

MARKS, GOLIA &
FINCH, LLP
100 Harney Street
First Floor
n Diego  CA 92110
(619) 293-7000

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| DAVID LOERA; PAUL SONICO; LUIS MARTINEZ; LEO CUEN; SEAN ACUNA; ALBERT RUBIO; JAMES BARKER; ANDREW STANFIELD; GUILLERMO FERNANDEZ | AKAL SECURITY FILED |

FILED
**08 CV 0094 DMS AJB**
2008 JAN 16 AM 11: 02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **IMPERIAL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **RIO ARRIBA COUNTY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jason R. Thornton (SBN: 185637)
Bernard F. King III (SBN: 232518)
MARKS, GOLIA & FINCH LLP
3900 Harney Street - First Floor
San Diego, CA 92110

Attorneys (If Known)
Gary J. Lorch (SBN: 119989)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, California 90071

## I. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 185

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/15/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146477 AMOUNT $350 1/16/08 BM APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146477    - BH**

**January 16, 2008
11:03:36**

**Civ Fil Non-Pris**
USAO #.: 08CV0094 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC# 6612

**Total->  $350.00**

FROM: LOERA V. AKAL SECURITY
      CIVIL FILING