GARY J. LORCH (SBN: 119989)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AKAL SECURITY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 08CV0094 DMS AJB<br><br>**AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant AKAL SECURITY, INC.. a New Mexico corporation ("Defendant or Akal"), answers the Second Amended Complaint of Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Labert Rubio, James Barker, Andrew Stanfield, Guillermo Fernandez, for themselves, and on behalf of all others similarly situated and the general public (hereinafter "Plaintiffs"), and provides the following admissions and denials of the factual allegations made in the Second Amended Complaint ("Complaint"), in numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

1

1. The Introduction of the Complaint asserts a legal conclusion and does not require a response.

2. Whether venue is proper is a legal conclusion and does not require a response.

3. Akal lacks sufficient information to admit or deny whether Plaintiff Loera was, at all relevant times, residing and working in the State of California.

4. Akal lacks sufficient information to admit or deny whether Plaintiff Sonico was, at all relevant times, residing and working in the State of California.

5. Akal lacks sufficient information to admit or deny whether Plaintiff Martinez was, at all relevant times, residing and working in the State of California.

6. Akal lacks sufficient information to admit or deny whether Plaintiff Cuen was, at all relevant times, residing and working in the State of California.

7. Akal lacks sufficient information to admit or deny whether Plaintiff Acuna was, at all relevant times, residing and working in the State of California.

8. Akal lacks sufficient information to admit or deny whether Plaintiff Rubio was, at all relevant times, residing and working in the State of California.

9. Akal lacks sufficient information to admit or deny whether Plaintiff Barker was, at all relevant times, residing and working in the State of California.

10. Akal lacks sufficient information to admit or deny whether Plaintiff Stanfield was, at all relevant times, residing and working in the State of California.

11. Akal lacks sufficient information to admit or deny whether Plaintiff Fernandez was, at all relevant times, residing and working in the State of California.

12. Akal admits the allegations in Paragraph 11 of the Complaint.

13. Akal denies the allegations in Paragraph 12 of the Complaint.

14. Whether this Court has jurisdiction of this action is a legal conclusion and does not require a response.

15. Akal denies the allegations in Paragraph 14 of the Complaint.

16. Akal denies the allegations in Paragraph 15 of the Complaint.

17. Akal denies the allegations in Paragraph 16 of the Complaint.

18. Paragraph 17 of the Complaint which alleges numerosity of the proposed class and the purported impracticability of individual claims is a legal conclusion and does not require a response.

19. Paragraph 18 of the Complaint which alleges that the purported claims are typical is a legal conclusion and does not require a response.

20. Paragraph 19 of the Complaint which alleges that common question of fact and law predominate over questions concerning individual class members is a legal conclusion and does not require a response.

21. Paragraph 20 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 20.

22. Paragraph 21 of the Complaint which alleges that certain alleged claims are typical of the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 21.

23. Paragraph 22 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 22.

24. Paragraph 23 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 23.

25. Paragraph 24 of the Complaint which alleges that certain alleged claims are typical of the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 24.

26. Paragraph 25 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 25.

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

1      27.    Paragraph 26 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 26.

28.    Paragraph 27 of the Complaint which alleges that the plaintiffs are proper class representatives is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 27.

29.    Paragraph 28 of the Complaint which alleges that the class action is the superior method for adjudicating the Complaint is a legal conclusion and does not require a response. Akal denies the remaining allegations contained within Paragraph 28.

30.    Paragraph 29 of the Complaint which further alleges that a class action should be maintained based on the risk of inconsistent verdicts or relief is a legal conclusion and does not require a response.

31.    Akal lacks sufficient information to admit or deny whether Plaintiffs and all putative class members worked at security guards for Akal during the period of April 15, 2002 through the present.

32.    Akal denies the allegations in Paragraph 31.

33.    Akal denies the allegations in Paragraph 32.

34.    Akal denies the allegations in Paragraph 33.

35.    Akal denies the allegations in Paragraph 34.

36.    Akal denies the allegations in Paragraph 35.

37.    Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 35, inclusive, and incorporates same by reference here.

38.    Paragraph 37 contains a conclusion of law regarding California wage and hour law and does not require a response. Akal denies the remaining allegations in Paragraph 37.

39.    Akal denies the allegations in Paragraph 38.

40.    Paragraph 39 of the Complaint is an assertion of damages that does

not require a response.

41. Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 39, inclusive, and incorporates same by reference here.

42. Paragraph 41 contains a conclusion of law regarding California wage and hour law and does not require a response. Akal denies the remaining allegations in Paragraph 41.

43. Paragraph 42 of the Complaint is an assertion of damages that does not require a response.

44. Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 42, inclusive, and incorporates same by reference here.

45. Paragraph 44 contains a conclusion of law regarding California wage and hour law and does not require a response. Akal denies the remaining allegations in Paragraph 44.

46. Akal denies the allegations in Paragraph 45.

47. Paragraph 46 contains a conclusion of law regarding California wage and hour law and does not require a response. Akal denies the remaining allegations in Paragraph 46.

48. Paragraph 47 of the Complaint is an assertion of damages that does not require a response.

49. Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 47, inclusive, and incorporates same by reference here.

50. Paragraph 49 contains a conclusion of law regarding California wage and hour law and does not require a response.

51. Paragraph 50 contains a conclusion of law regarding California wage and hour law and does not require a response.

52. Akal denies the allegations in Paragraph 51.

53. Paragraph 52 contains a conclusion of law regarding California wage and hour law and does not require a response.

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

54. Paragraph 53 of the Complaint is an assertion of damages that does not require a response.

55. Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 53, inclusive, and incorporates same by reference here.

56. Akal denies the allegations in Paragraph 56.

57. Akal denies the allegations in Paragraph 57.

58. Paragraph 58 of the Complaint is an assertion of damages that does not require a response.

59. Paragraph 59 of the Complaint is an assertion of damages that does not require a response.

60. Paragraph 60 of the Complaint is an assertion of damages that does not require a response.

61. Akal denies the allegations in Paragraph 61.

62. Akal denies the allegations in Paragraph 62.

63. Akal denies the allegations in Paragraph 63.

64. Akal denies the allegations in Paragraph 64.

65. Paragraph 65 of the Complaint is an assertion of damages that does not require a response.

66. Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 65, inclusive, and incorporates same by reference here.

67. Akal lacks sufficient information to admit or deny the allegations in Paragraph 67.

68. Akal lacks sufficient information to admit or deny the allegations in Paragraph 68.

69. Paragraph 69 of the Complaint is an assertion of damages that does not require a response.

70. Paragraph 70 of the Complaint is an assertion of damages that does not require a response.

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

71. Paragraph 71 of the Complaint is an assertion of damages that does not require a response.

72. The Prayer of the Complaint is a restatement and assertion of damages that does not require a response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. For a first, separate and affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. For a second, separate and affirmative defense, Defendant alleges that the federal court has exclusive jurisdiction over all of the claims asserted by Plaintiffs, due to the fact that all of the conduct alleged in the Complaint occurred on a federal enclave pursuant to *article I, section 8, clause 17 of the United States Constitution.*

### THIRD AFFIRMATIVE DEFENSE

3. For a third, separate and affirmative defense, Defendant alleges that the land upon which all of the claims asserted by Plaintiffs purportedly occurred is land over which the federal government exercises legislative jurisdiction, and to which the laws of the State of California do not apply.

### FOURTH AFFIRMATIVE DEFENSE

4. For a fourth, separate and affirmative defense, Defendant is informed and believes that any recovery on Plaintiffs' Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiffs failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of their employer.

7
AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

## FIFTH AFFIRMATIVE DEFENSE

5. For a fifth, separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred, in whole or in part, because they failed to exhaust their administrative remedies under any applicable Collective Bargaining Agreement or California Labor Code sections 98-98.2, or to the extent that Plaintiffs are exempt from the overtime provisions of the California Labor Code and/or the applicable wage orders of the California Industrial Welfare Commission.

## SIXTH AFFIRMATIVE DEFENSE

6. For a sixth, separate and affirmative defense, Defendant alleges that it has engaged attorneys to represent it in defense of Plaintiffs' unfounded and unreasonable action and Defendant thereby is entitled to an award of its reasonable attorney's fees and costs upon judgment thereon in its favor.

## SEVENTH AFFIRMATIVE DEFENSE

7. For a seventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiffs' Complaint, or any cause of action alleged therein, is barred because Plaintiffs did not have a good faith belief or reasonably based suspicion that Defendant was in violation of any law, including, but not limited to, the California Labor Code.

## EIGHTH AFFIRMATIVE DEFENSE

8. For an eighth, separate and affirmative defense, Defendant alleges that any and all acts, conduct or statements by and/or attributed to it were justified, undertaken in good faith and/or privileged.

## NINTH AFFIRMATIVE DEFENSE

9. For a ninth, separate and affirmative defense, Defendant alleges that it made Plaintiffs aware of their right to and encouraged Plaintiffs to take meals and/or rest periods and accordingly are not liable if Plaintiffs failed to take such meal and/or rest periods.

///

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

**TENTH AFFIRMATIVE DEFENSE**

10. For a tenth, separate and affirmative defense, Defendant alleges that any alleged emotional, mental and/or physical injury suffered by Plaintiffs was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiffs themselves.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. For an eleventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred because the alleged damages were not proximately caused by any conduct of Defendant as alleged or otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

12. For a twelfth, separate and affirmative defense, Defendant alleges that any damages otherwise recoverable by Plaintiffs are barred and/or limited by Plaintiffs' failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. For a thirteenth, separate and affirmative defense, Defendant alleges that it is entitled to a setoff for amounts Plaintiffs owe Defendant for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. For a fourteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, including, *inter alia*, section 335.1 and 340 of the California Code of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. For a fifteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' employer maintained policies prohibiting discrimination and

retaliation and had in place an effective complaint procedure. Had Plaintiffs made proper use of that procedure and had he complied with those policies, he could have avoided all or part of the damages claimed in this action. Accordingly, Plaintiffs' claims are barred in whole or in part by the doctrine of avoidable consequences.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. For a sixteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred by their failure to timely and properly exhaust the administrative remedy set forth in the Collective Bargaining Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. For a seventeenth, separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because, based on the hours he worked, Plaintiffs are not entitled to overtime compensation and/or meal and rest period penalties under the California Labor Code and/or the applicable wage orders of the California Industrial Welfare Commission. Defendant's conduct was not willful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. For an eighteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' Complaint, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver and unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

19. For an nineteenth, separate and affirmative defense, Defendant alleges that accommodating plaintiffs would have been an undue hardship by presenting a significant difficulty or expense.

### TWENTIETH AFFIRMATIVE DEFENSE

20. For a twentieth, separate and affirmative defense, Defendant alleges that any recovery on Plaintiffs' Complaint, or any cause of action alleged therein, is barred because Plaintiffs failed to act in good faith towards and deal fairly with

Defendant. The resulting injuries and damages, if any, sustained by Plaintiffs was proximately caused by and attributed to Plaintiffs' bad faith and misconduct in dealing with Defendant and its employees and authorized agent in their participation in the events alleged therein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.  For a twenty-first, separate and affirmative defense, Defendant is informed and believes that Plaintiffs are barred from pursuing these claims in court because they are subject to mandatory and final binding arbitration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.  For a twenty-second, separate and affirmative defense, Defendant alleges that the cause of action for alleged unfair business practices under California Business and Professions Code section 17200 et seq., and the equitable remedies therein sought, are barred in light of the fact that Plaintiffs have an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  For a twenty-third, separate and affirmative defense, Defendant alleges that the cause of action for alleged unfair business practices under California Business and Professions Code section 17200 et seq., and the equitable remedies therein sought, are barred in light of the fact that the plaintiffs have not suffered, and will not suffer, irreparable harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  For a twenty-fourth, separate and affirmative defense, Defendant alleges that Plaintiffs do not have standing to bring the cause of action for alleged unfair business practices under California Business and Professions Code section 17200 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.  For a twenty-fifth, separate and affirmative defense, Defendant alleges that its business practices are not unfair within the meaning of Business and

1 | Professions Code, section 17200. The utility of any such practice outweighs any potential harm.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. For a twenty-sixth, separate and affirmative defense, Defendant alleges that this action does not and cannot qualify for certification as a class action based upon applicable law, and the Plaintiffs are not proper or appropriate class representatives. Also, Plaintiffs lack standing to sue on behalf of the representative class under applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant alleges that the claims herein have been subject of, and are exclusively governed by, the Collective Bargaining Agreement of the putative class.

### TWENTY-EIGHTEENTH AFFIRMATIVE DEFENSE

28. Defendant alleges that because Plaintiffs' Complaint is couched in conclusory terms, Defendant reserves its right to amend or add additional affirmative defenses as they become known.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief whatsoever from Akal Security, Inc. and respectfully requests judgment in its favor dismissing the Second Amended Complaint with prejudice; an award of such costs and attorneys' fees as may be allowed by law; and such further relief as the Court deems appropriate.

Dated: January 24, 2008

GORDON & REES LLP

By: /S/ Gary J. Lorch
Gary J. Lorch
Kevin W. Alexander
Attorneys for Defendant
AKAL SECURITY, INC.

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071. On **January 24, 2008**, I served the within documents:

**AKAL SECURITY, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Bernard F. King III
MARKS, GOLIA & FINCH LLP
3900 Harney Street, First Floor
San Diego, CA 92110-2825
Tel: (619) 293-7000
Fax: (619) 293-7362
*Attorneys for Plaintiffs*

Matthew B. Butler, Esq.
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA 92101-5005
Tel: (619) 325-0492
Fax: (619) 325-0496
*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 24, 2008** at Los Angeles, California.

/S/ Kimberly M. Davison