STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
MARK T. BENNETT, SBN 89061
mbennet@mgfllp.copm
JASON R, THORNTON, SBN 185637
jthornton@mgfllp.com
BERNARD F. KING, SBN 232518
bking@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362


MATTHEW B. BUTLER, SBN 201781
mbutler@mblaw.org
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19ᵀᴴ FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC.,<br>a corporation;<br>and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO:  08cv0094 DMS AJB<br><br>(Removed from Superior Court of California, County of Imperial, Case No. ECU03022)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS<br><br>(28 U.S.C. S 1447(C))<br><br>Date:      March 28, 2008<br>Time:     1:30 p.m.<br>Courtroom:  10 |

/ / / / /

/ / / / /

/ / / / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S' MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

<u>TABLE OF CONTENTS</u>

<u>Page</u>

I  INTRODUCTION...................................................................................1

II  FACTUAL AND PROCEDURAL BACKGROUND..............................1

    A.  The Original And First Amended Complaints..................................1

    B.  The Second Amended Complaint ....................................................3

    C.  Akal's Removal To The Southern District Of California.................3

III  LEGAL AUTHORITY .........................................................................4

IV  AKAL'S REMOVAL IS PROCEDURALLY
    DEFECTIVE BECAUSE IT REMOVED ONLY LOERA'S CLAIMS....5

V  NO FEDERAL QUESTION EXISTS BECAUSE PLAINTIFF'S
    CLAIMS ARE NOT PREEMPTED BY THE LMRA ..............................7

    A.  Section 301 Preemption Does Not Apply To Claims That Are
        Based In State Law And Do Not Require Interpretation Of A CBA7

        1.  State Law Claims That Arise Regardless
            Of The Existence Of A CBA Are Independent
            And Not Automatically Preempted Under Section 301 .........9

        2.  Independent State Law Claims That Do Not Substantially
            Depend On Interpretation Of A CBA Are Not Preempted ..10

    B.  Plaintiffs' Claims For Overtime And Waiting
        Time Penalties Are Not Preempted By Section 301......................11

        1.  Plaintiffs' Claims For Overtime Are
            Based On Independent State Law Grounds
            And Do Not Require Interpretation Of A CBA ...................12

        2.  The Supreme Court Has Already Determined
            A Plaintiff's Claims For Violations Of California
            Labor Code Section 203 Claims Are Not Preempted...........13

VI  AKAL'S REMOVAL IS UNTIMELY .................................................14

    A.  Akal Knew Of The Basis For Its Section 301
        Preemption Argument And Announced It As
        An Affirmative Defense In Its July 28, 2006 Answer ...................15

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

B.     The 30-Day Period Began When Plaintiff
Served His Motion For Leave To Amend With
The Proposed Second Amended Complaint Attached.................. 16

VII    AKAL'S REMOVAL IS PROCEDURALLY DEFECTIVE
BECAUSE AKAL DID NOT COMPLY WITH THE
REQUIREMENTS OF SECTION 1446.................................... 17

A.     Akal Did Not File A Notice of Removal in State Court................. 17

VIII   AKAL'S UNSUPPORTABLE REMOVAL WARRANTS AN
AWARD OF ATTORNEYS' FEES AND COSTS ................................. 17

IX     CONCLUSION ........................................................ 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

1

# TABLE OF AUTHORITIES

2

3

*Cases*

4

*Allis Chalmers Corp. v. Lueck,*
   471 U.S. 202, 212 (1985) ............................................................ 7

5

*Armenta v. Osmose, Inc.,*
   37 Cal. Rptr. 3d, 460 (Cal. Ct. App. 2006) ...................................... 14

6

7

*Balcorta v. Twentieth Century-Fox Film Corp,*
   208 F.3d 1102, 1106 n.6 (2000) .................................................. 18

8

*Bazilla v. Belva Coal Co.,*
   939 F.Supp. 476 (S.D.W.Va. 1996) ............................................. 14

9

10

*Burnside v. Kiewit Pac. Corp.,*
   491 F.3d 1053, 1070 (9th Cir. 2007) .......................................... 7, 8, 9

11

*Caterpillar, Inc. v. Williams,*
   482 U.S. 386, 392 (1987) .......................................................... 4, 5

12

13

*Cramer v. Consol. Freightways, Inc.,*
   255 F.3d 683, 691 (9th Cir. 2001) ....................... 7, 8, 10, 11, 12

14

*Eyak Native Village v. Exxon Corp.,*
   25 F.3d 777, 783 (9th Cir. 1994) ................................................ 15

15

16

*Finley v. Higbee Co.,*
   1 F. Supp. 2d 701 (N.D. Ohio 1997) ........................................... 16

17

*Fristoe v. Reynolds Metals Co.,*
   615 F.2d 1209, 1212 (9th Cir. 1980) ........................................... 17

18

19

*Gaus v. Miles, Inc.,*
   980 F.2d 564 (9th Cir. 1992) ..................................................... 4, 5

20

*Golden Apple Mgmt. Co., v. GEAC Computers, Inc.,*
   990 F. Supp. 1364 (M.D. Ala. 1998) .......................................... 17

21

22

*Gregory v. SCIE, LLC,*
   317 F.3d 1050 (9th Cir. 2003) .................................................. 8, 11

23

*Gully v. First Nat'l Bank in Meridian,*
   299 U.S. 109, 112 (1936) ............................................................ 5

24

25

*Hampton v. Union Pac. Ry., Co.,*
   81 F.Supp.2d 703 (E.D. Tex. 1999) ............................................. 17

26

iii

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

2
*Killian v. Union L.P. Gas Systems, Inc.,*
   568 F.Supp. 679, 680 (W.D. Mo. 1983) ................................................ 6

3
*Laughlin v. Kmart Corp.,* 50 F.3d 871
   (10th Cir. 1995) ........................................................................... 5
4

5
*Lingle v. Norge Div. of Magic Chef, Inc.,*
   486 U.S. 399, 408-10 (1998) .................................................... 7, 10

6
*Livadas v. Bradshaw,*
   512 U.S. 107, 123-24 (1994) .................................................. 10, 11
7

8
*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dept. of
   Human Services,*
   876 F.2d 1051 (1st Cir. 1989) ............................................................ 4
9

10
*Martin v. Franklin Capital Corp.,*
   546 U.S. 132, 140 (2005) ................................................................. 18

11
*Moore v. Permanente Med. Group,*
   981 F.2d 443, 447-48 (9th Cir. 1992) ............................................. 18
12

13
*Morschauser v. Am. News. Co.,*
   158 F.Supp. 517, 520 (D.C.N.Y. 1958) .............................................. 6

14
*Neal v. Trugreen Ltd. Partnership,*
   886 F. Supp. 527, 528 (D. Md. 1995) .............................................. 16
15

16
*Smith v. Rae-Venter Law Group,*
   58 P.3d 367, 377 (Cal. 2002) ........................................................... 13

17
*Webster v. Sunnyside Corp.,*
   836 F.Supp. 629 (S.D. Iowa 1993) .................................................. 16
18

19
**Statutes**
20

21
28 U.S.C. § 1441 ................................................................................. 4

22
28 U.S.C. § 1446 ............................................................................... 17

23
28 U.S.C. § 1447(b) ........................................................................... 14

24
28 U.S.C. § 1447(c) ........................................................................... 17

25
28 U.S.C. §1446(b) ........................................................................... 14

26

iv

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

29 U.S.C. § 185 ............................................................................................ 1, 7

California Labor Code Section 203 ................................................................... 13

*Other Authorities*

CAL. CODE REGS., tit. 8, § 13520 (2008) ......................................................... 18

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

I

## INTRODUCTION

The removal of this case by Akal Security, Inc. ("Akal"), is no more than a litigation tactic designed to delay plaintiff from realizing his day in court and recovering damages for Akal's inexcusable violations of California's labor laws. Although acknowledging that plaintiff's claims arise exclusively under California state law, Akal asserts that there is a federal question because plaintiff's state law claims are pre-empted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Akal argues an interpretation of a collective bargaining agreement ("CBA") is needed to adjudicate the claims in this case. Plaintiff's second amended complaint and Supreme Court and Ninth Circuit precedent make it clear that there is no preemption in this case because none of plaintiff's claims rely on or require the interpretation of a CBA.

Removal is a statutory privilege. The panoply of substantive and procedural defects present in Akal's removal indicate it is not entitled to that privilege. Accordingly, plaintiff seeks remand of the action to state court and an award of costs and attorneys' fees incurred in challenging removal.

II

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Original And First Amended Complaints

On April 27, 2006, plaintiff Loera filed this lawsuit on behalf of himself and all other similarly situated employees (the "Class members"). Declaration of Bernard F. King, III ("King decl."), ¶ 3. Plaintiff filed a first amended complaint on June 28, 2006. Plaintiff's First Amended Complaint ("FAC"), attached to King decl. as Exhibit "1." The first two causes of action in plaintiff's first

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

amended complaint sought damages for the unpaid premium pay due on account of Akal's failure to adequately provide meal and rest breaks.  FAC, ¶¶ 18-24; King decl., ¶ 3.  In his third and fourth causes of action, plaintiff sought restitution, injunctive relief, and statutory penalties for Akal's numerous violations of the California Labor Code.  King decl., ¶ 3.  The complaint alleges claims for conduct that is both ongoing and which dates back to April 2002. FAC, ¶¶ 6, 27.  Plaintiff's first amended complaint specifically disclaims any intent to state a claim under federal law.  FAC, ¶ 6.

Akal filed its initial answer to the first amended complaint on July 28, 2006.  Akal's Answer to FAC ("Answer"), attached to King decl., as Exhibit "2." In that answer, Akal asserts the possibility of overtime claims and the relevance of a collective bargaining agreement between Akal and the Security, Police and Fire Professionals of America, Amalgamated Local #165:

> "…Defendant alleges that Plaintiff's claims are barred in whole or in part, because they failed to exhaust their administrative remedies under any applicable Collective Bargaining Agreement or to the extent that Plaintiff is exempt from the overtime provisions of the California Labor Code and/or applicable wage orders of the California Industrial Welfare Commission.
> …
> Defendant alleges that Plaintiff's claims are barred by his failure to timely and properly exhaust the administrative remedy set forth in the collective bargaining agreement.
> …
> Defendant alleges that Plaintiff's claims are barred, in whole or in part, because based on the hours he worked, Plaintiff is not entitled to overtime compensation and/or meal and rest period penalties under the Claifornia Labor Code and/or the applicable wage orders of the California Industrial Welfare Commission…"

Answer, ¶¶ 6, 17, 18.

/ / / / /

2

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

B.    The Second Amended Complaint

On November 21, 2007, plaintiff Loera filed a motion for leave to file a second amended complaint. Plaintiff's Motion for Leave to File a Second Amended Complaint, attached to King decl. as Exhibit "3." The second amended complaint added Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield, and Guillermo Fernandez as additional named plaintiffs. Second Amended Complaint ("SAC"), ¶¶ 3-10, included in Exhibit "3" to King decl., at pp. 59-74. These plaintiffs are members of the same class as the original plaintiff Loera. The second amended complaint also added additional causes of action for failure to pay daily overtime premium pay to employees who worked more than eight (8) hours in a work day and for waiting time penalties under California Labor Code section 203. SAC, ¶¶ 43-53. Loera, however, does not assert a claim under Section 203 because Akal still employs him. Again, plaintiff's second amended complaint specifically disclaims any intent to state a claim under federal law. SAC, ¶¶ 14-16.

Along with the motion, plaintiff served Akal with a copy of its proposed second amended complaint. Plaintiff's Motion for Leave to File Second Amended Complaint, attached to King decl. as Exhibit "3." On December 18, 2007, Judge Yeager of the California Superior Court, Imperial County, granted plaintiff leave to file his second amended complaint. King decl., ¶ 4. The second amended complaint was filed on December 18, 2007. King decl., ¶ 4.

C.    Akal's Removal To The Southern District Of California

On January 16, 2008, Akal filed its notice of removal in the District Court for the Southern District of California. King decl., ¶ 5. Akal's notice of removal only references plaintiff David Loera in its caption, and refers to the claims of

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  plaintiff in the singular form.  Akal's Notice of Removal, attached to King decl.

2  as Exhibit "4," ¶¶ 4-5 ("…Plaintiff's Second Amended Complaint…"); ¶ 7

3  ("Plaintiff's Third and Fourth Causes of Action…").  According to the Court's

4  records, Loera is the only plaintiff before this Court.

5       In its notice of removal, Akal only alleges as the basis for removal that it

6  and the Security, Police and Fire Professionals of America, Amalgamated Local

7  #165, entered into a Collective Bargaining Agreement ("El Centro CBA").

8  Akal's Notice of Removal, ¶ 7.  The agreement attached to the removal notice

9  shows it was only valid from October 31, 2003 through December 30, 2006.  No

10  agreement was attached for the time period preceding October 31, 2003 or

11  following December 30, 2006, even though Plaintiff's complaint alleges

12  violations that occurred during those time periods.  As of the date of this motion,

13  Akal has yet to file any notice of filing notice of removal with the state court,

14  notwithstanding Akal's assertion that it was filing such a notice in its notice of

15  removal.  King decl., ¶ 5; Akal's Notice of Removal, ¶ 10.

III

LEGAL AUTHORITY

18       Whenever there is <u>any</u> doubt as to the defendant's right to removal, the

19  federal court should remand the action.  *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th

20  Cir. 1992).  Removal of a state court action is only proper where the action could

21  have been filed originally in federal court.  28 U.S.C. § 1441; *Caterpillar, Inc. v.*

22  *Williams*, 482 U.S. 386, 392 (1987).  If a court lacks subject matter jurisdiction, it

23  has no discretion but to remand the action.  *See Maine Ass'n of Interdependent*

24  *Neighborhoods v. Comm'r, Maine Dept. of Human Services,* 876 F.2d 1051 (1st

25  Cir. 1989).

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    Whether a case involves a federal question, and thus vests subject matter

2  jurisdiction in federal court, depends on the nature of the claims asserted from the

3  face of the plaintiff's complaint. *Caterpillar,* 482 U.S. at 392. Accordingly, a

4  federal question exists only where a right or immunity created by the

5  Constitution or laws of the United States is an essential element of the plaintiff's

6  cause of action. *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112 (1936).

7    There is a strong presumption against removal jurisdiction. *Gaus,* 980

8  F.2d at 566. Akal bears the burden of demonstrating that removal is proper. *See*

9  *id*. Where the grounds for removal are not clear from the face of the complaint,

10  the notice of removal must allege the underlying facts supporting its assertion

11  that the action is removable. *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir.

12  1995). Thus, if the grounds for removal are not clear from the face of the

13  complaint and the defendant has failed to articulate the grounds for removal in its

14  notice of removal, the action must be remanded.

15                    IV

16        AKAL'S REMOVAL IS PROCEDURALLY
      DEFECTIVE BECAUSE IT REMOVED ONLY LOERA'S CLAIMS

17

18    Despite the fact that the second amended complaint filed in state court

19  included the claims of eight other plaintiffs, Akal only removed Loera's claim.

20  Plaintiff Loera is the only individual named in the caption of Akal's notice of

21  removal. Furthermore, the notice of removal only refers to the claims of plaintiff

22  Loera. Akal's Notice of Removal, ¶¶ 4-5 ("…Plaintiff's Second Amended

23  Complaint…"), ¶ 7 ("Plaintiff's Third and Fourth Causes of Action…").

24    A defendant's failure to remove the <u>entire</u> case renders the notice of

25  removal defective. *Morschauser v. Am. News. Co.*, 158 F.Supp. 517, 520

26                    5

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO: 08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1   (D.C.N.Y. 1958); *see Killian v. Union L.P. Gas Systems, Inc.*, 568 F.Supp. 679,

2   680 (W.D. Mo. 1983) ("it is highly doubtful that an action may be removed

3   piecemeal").  In *Morschauser*, 1,340 employees filed suit against the defendant

4   for unpaid vacation and severance pay.  The defendant removed the claims of

5   247 of the plaintiff-employees to federal court.  Plaintiffs filed a motion to

6   remand and argued that removal of only 247 plaintiffs' claims was improper

7   because only an entire action may be removed.  Finding that "it is relatively clear

8   that the statute requires the entire case to be removed in the first instance," the

9   district court granted the motion to remand.  *Id.* at p. 520

10      The defendant asked the court to order the removal of the remaining

11  plaintiffs' claims to federal court.  *Morschauser,* 158 F.Supp. at 520-21.  In

12  rejecting this suggestion, the District Court noted:

> Defendant's second argument cuts two ways and, we believe, more
> strongly against it than for it.  Were defendant's construction
> adopted the discretion as to what part of a case would be in the
> district court, and what part in the State court, would lie with the
> removing party and not with the court, contrary to the express
> language of the statute.
>                    *        *        *
> Having been improperly removed, we conclude the only course open
> to the court is to remand, unless it has the power to order the
> remaining part of the case into this court.  Defendant's consent
> cannot confer on the court the power to do so.  Plaintiffs' suggestion
> that if the court deny its motion to remand it should remove the
> entire case under § 1441(c) is based on the erroneous assumption
> that this section confers such a power.  From its terms it
> contemplates no such power.  No other section of the removal
> provisions provides this power and even if it did it would raise a
> serious constitutional question.

*Morschauser,* 158 F.Supp. at 520-21.

For the same reasons, Akal's removal is defective because it only removed

the portion of the action pertaining to plaintiff Loera.  Accordingly, remand

should be granted.

6

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

V

## NO FEDERAL QUESTION EXISTS BECAUSE
## PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY THE LMRA

Akal's sole basis for removal is that the overtime and waiting period penalty claims are preempted by Section 301 of the LMRA, 29 U.S.C. § 185 ("Section 301"). Preemption under Section 301 is not lightly inferred and is not invoked when the dispute involves minimum labor standards. *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1070 (9th Cir. 2007) ("the Supreme Court has termed Section 301 preemption but an 'acorn,' not a 'mighty oak' "). Indeed, Section 301 was never intended to and "does not grant parties to a CBA the ability to contract for what is illegal under state law." *Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 212 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *cert. denied*, 534 U.S. 1078 (2002).

A. Section 301 Preemption Does Not Apply To Claims That Are
   Based In State Law And Do Not Require Interpretation Of A CBA

Section 301 provides that federal courts have jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization…." While, Section 301 makes federal law the exclusive law for interpreting a CBA, it does not authorize parties to use a CBA to ignore their state's minimum labor standards. *See Allis Chalmers Corp.*, 471 U.S. at 212. Section 301 does not preempt claims based on substantive state laws that are not substantially dependent on interpretation of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408-10 (1998) ("…as long as the state law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes"); *Gregory v. SCIE, LLC,* 317 F.3d

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1   1050 (9th Cir. 2003) ("§ 301 does not preempt a claim alleging state law

2   substantive rights that apply without regard to a CBA and can be resolved

3   without interpreting a CBA"); *Cramer*, 255 F.3d at 691 ["if the claim may be

4   litigated without reference to the rights and duties established in a CBA…it is not

5   preempted"). In *Cramer,* the Ninth Circuit focused the analytical framework this

6   Court must apply in deciding whether it has removal jurisdiction over this case.

7   The Ninth Circuit stated:

8       If the plaintiff's claim cannot be resolved without interpreting the
        applicable CBA-as for example, in *Allis-Chalmers*, where the suit
9       involved an employer's alleged failure to comport with its
        contractually established duties—it is preempted.  Alternatively, if
10      the claim may be litigated without reference to the rights and duties
        established in a CBA-as, for example, in *Lingle*, where the plaintiff
11      was able to litigate her retaliation suit under state law witout
        reference to the CBA-it is not preempted. The plaintiff's claim is the
12      touchstone for this analysis; the need to interpret the CBA must
        inhere in the nature o fthe plaintiff's claim.  If the claim is plainly
13      based on state law, §301 preemption is not mandated simply because
        the defendant refers to the CBA in mounting a defense.
14      …

15      Moreover, alleging a hypothetical connection between the claim and
        the terms of the CBA is not enough to preempt the claim:
16      adjudication of the claim must require interpretation of a provision
        of the CBA.  A creative linkage between the subject matter of the
17      claim and the wording of a CBA provision is insufficient; rather, the
        proffered interpretation must reach a reasonable level of credibility.
18      The argument does not become credible simply because the could
        may have to consult the CBA to evaluate it; "look[ing[ to" the CBA
19      merely to discern that none of its terms is reasonably in dispute does
        not require preemption.

20

21  *Id.* at 691-92 (footnotes and citations omitted).

22      The Ninth Circuit again thoroughly examined the extensive case law

23  surrounding Section 301 preemption in *Burnside,* 491 F.3d at 1058.  In *Burnside*,

24  the plaintiffs filed a complaint against their employer for failure to pay overtime

25  wages, violation of California's Business and Professions Code, and conversion.

26                                      8

27
    _____

    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
28  MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
    U.S.C. S 1447(C))

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

    CASE NO:  08 CV 0094 DMS AJB

1    *Id.*  The defendant employer removed the case to federal court on the basis the

2    case arose under Section 301 because a CBA covered the employees.  *Id.*  The

3    Ninth Circuit examined the preemption issue in two steps: first, it inquired

4    whether the cause of action involved a right conferred upon the employee as a

5    matter of state law; second, it asked whether the claim was substantially

6    dependent upon an analysis of a CBA.  *Id.* at 1059.

7             1.    State Law Claims That Arise Regardless
                     Of The Existence Of A CBA Are Independent
8                     And Not Automatically Preempted Under Section 301

9             A right that is created by state law, does not apply only to unionized

10    employees, and which exists regardless of any CBA, is an independent right and

11    not preempted by Section 301.  *See Burnside,* 491 F.3d 1053.  In determining

12    whether a claim is independent of a CBA, courts look at the legal character of the

13    claim, not the facts involved.  *Id.* at 1060.  The employer in *Burnside* argued that

14    the state law right was not independent of the CBA because the employees

15    waived their state law rights through the CBA.  *Id.* at 1063-65.  Rejecting this

16    contention, the Ninth Circuit stated:

17             [A]s a matter of pure logic, a right that inheres unless it is waived
              exists independently of the document that would include the waiver,
18             were there a waiver. The right arises from state law, not from the
              CBA, and is vested in the employees directly, not through the
19             medium of the CBA.

20    *Id.* at 1064.  Applying this reasoning, the court held the state law claim for

21    uncompensated hours worked by the employees was independent of the CBA

22    because the right to compensation existed regardless of any CBA.  *Id.* at 1070.

23    / / / / /

24    / / / / /

25    / / / / /

26                                        9

27    ─────────────────────────────────────────────────────────
      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
28    MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
      U.S.C. S 1447(C))

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

                                        CASE NO:  08 CV 0094 DMS AJB

2.    Independent State Law Claims That Do Not Substantially Depend On Interpretation Of A CBA Are Not Preempted

Where a claim is based on rights independent of a CBA, it will not be preempted unless resolution of the claim requires the interpretation of a CBA. *Lingle*, 486 U.S. 399.  In *Lingle,* an employee brought a claim for retaliatory discharge under an Illinois state statute.  *Id.* at 407.  To prevail under the Illinois statute, the employee would have to prove that she was discharged and that the employer's motive in discharging her was to discourage her from exercising her rights to workers compensation.  *Id.* In holding that Section 301 did not preempt the state law claim, the Supreme Court stated:

> Each of these purely factual questions pertains to conduct of the employee and the conduct and motivation of the employer.  Neither of the elements requires a court to interpret any term of a collective-bargaining agreement…Thus, the state-law remedy in this case is "independent" of the collective bargaining agreement in the sense of "independent" that matters for § 301 preemption purposes: resolution of the state law claim does not require construing the collective bargaining agreement.

*Id.*  Thus, under this analysis, if the elements of a state law claim may be proven without reference to a CBA, those claims are not preempted by Section 301.  *Id.*

Moreover, absent a necessary dispute over its interpretation, "the bare fact [the CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw,* 512 U.S. 107, 123-24 (1994); *Cramer*, 255 F.3d at 693 ("we may look to a CBA to determine whether a plaintiff's claim necessarily implicates its terms without 'interpreting' the agreement as that work is used in the context of § 301 preemption").

/ / / / /

/ / / / /

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    For a claim to require that an agreement be interpreted, there must

2  necessarily be some dispute as to the meaning of terms in the agreement.

3  *Cramer,* 255 F.3d at 683 (no preemption unless claim "necessarily requires the

4  court to interpret an existing provision of a CBA that can reasonably be said to be

5  relevant to the resolution of the dispute").  *See Livadas,* 512 U.S. at 124-25;

6  *Gregory*, 317 F.3d at 1053.  Where the claim involves an issue that is only

7  theoretically subject to a CBA and does not require interpretation, there is no

8  Section 301 preemption.  *Cramer,* 255 F.3d at 696.  Therefore, where the

9  elements of the claim do not require the court to interpret any disputed terms of a

10  CBA, that claim is not preempted.

11    B.    Plaintiffs' Claims For Overtime And Waiting
          Time Penalties Are Not Preempted By Section 301

12

13    In its Notice of Removal, Akal asserts, without further explanation, that the

14  third and fourth causes of action present federal questions because "adjudication

15  of these cases of action requires interpretation of the CBA…."  Notice of

16  Removal, ¶ 7.  Akal then cites to the grievance procedure in the El Centro CBA

17  that limits the scope of the grievance procedure to "a claimed violation,

18  misinterpretation, or misapplication of any provision of this Agreement or the

19  Challenge of any disciplinary action taken against a Union employee."  Notice of

20  Removal, ¶ 8.

21    Notably, and contrary to Akal's framing of plaintiff's claims, the

22  complaint does not allege or refer to <u>any</u> violations, misinterpretations or

23  misapplications of the El Centro CBA, nor does it make <u>any</u> reference to the El

24  Centro CBA.

25  / / / / /

26    11

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

2

   1. Plaintiffs' Claims For Overtime Are
    Based On Independent State Law Grounds
    And Do Not Require Interpretation Of A CBA

3    In *Gregory,* an employee brought a state court action alleging that he was

4 not paid premium wages for overtime work.  317 F.3d 1050.  The Ninth Circuit

5 found interpretation of the CBA was not necessary because the issue was not,

6 "how the overtime rates [we]re calculated, but whether the result of the

7 calculation complies with California law." *Id.* at 1053.  Accordingly, the court

8 held that the state law claim alleging the CBA violated California law was not

9 preempted by the LMRA.  *Id*. at 1053-54; *see also Cramer*, 255 F.3d at 692 ("a

10 court may look to the CBA to determine whether it contains a clear and

11 unmistakable waiver of state law rights without triggering § 301 preemption").

12    Similar to the claims in *Gregory*, the instant claims against Akal do not

13 require the court to <u>interpret</u> a CBA.  Although there may be a CBA for some,

14 but not all, of the periods of time at issue in this case, <u>the parties do not dispute</u>

15 <u>the meaning of the terms</u> in the El Centro CBA.  The agreement clearly lays out a

16 structure for overtime payment which only pays premium wages where an

17 employee works more than 40 hours in a week.  There are no allegations that

18 Akal violated this provision of the El Centro CBA.

19    No interpretation of the El Centro CBA is required to prove the overtime

20 claim.  Plaintiffs will need only to present wage statements and timekeeping

21 records to show they worked more than eight hours in a day and were not paid

22 overtime for those hours.  Those payroll records will also show how much

23 plaintiffs were paid an hour.  The amounts employees were paid for hours

24 worked and the hours the employees worked can be gleaned from the

25 timekeeping and paycheck records.

26

          12

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    Thus, just as in *Gregory*, the only dispute here is whether the manner in

2    which overtime was calculated violates a minimum California labor standard.

3    There is no Section 301 preemption.

4            2.      The Supreme Court Has Already Determined
                   A Plaintiff's Claims For Violations Of California

5                       Labor Code Section 203 Claims Are Not Preempted

6    California courts have continually affirmed the concept, that "the prompt

7    payment of wages due an employee is a fundamental public policy of

8    [California]." *Smith v. Rae-Venter Law Group*, 58 P.3d 367, 377 (Cal. 2002).

9        As noted above, Akal is attempting to remove the action only as to Loera.

10   Loera is still employed at Akal and, thus, has not alleged any Section 203

11   violations in his complaint.  Loera's non-existent claims cannot be the basis for

12   preemption and removal.

13       Even assuming the removal notice is interpreted to remove the claims of

14   all plaintiffs, Akal's proposition that plaintiffs' claims for Section 203 waiting

15   time penalties are preempted by Section 301 is directly contradicted by the

16   Supreme Court in *Livadas*.  In *Livadas*, the employee challenged the California

17   Labor Commissioner's decision that Section 301 preempted her waiting period

18   claims under State Law because she was covered by a CBA.  512 U.S. 107.  The

19   United States Supreme Court held that her claims were independent of any CBA

20   and did not require interpretation of a CBA.  *Id.* at 123-25.  Although a CBA

21   existed, there was no preemption because "the primary text for determining

22   whether Livadas was entitled to a penalty was not the [CBA], but a calendar."

23   *Id.* at 124.

24       In order to succeed on their Labor Code Section 203 claims, plaintiffs will

25   need to demonstrate that at the time of their separation from Akal's employment

26                                   13

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

1  they were owed wages and that Akal willfully failed to pay the amount owed. A

2  "willful" for purposes of Labor Code section 203, is defined by state law, not the

3  El Centro CBA. A willful failure to pay wages occurs where an "employer

4  intentionally fails to pay wages to an employee when those wages are due." CAL.

5  CODE REGS., tit. 8, § 13520 (2008); *Armenta v. Osmose, Inc.*, 37 Cal. Rptr. 3d,

6  460 (Cal. Ct. App. 2006). "[T]he employer's refusal to pay need not be based on

7  a deliberate evil purpose to defraud workmen of wages which the employer

8  knows to be due." *Id.* at 469. Once plaintiffs demonstrate a willful failure to

9  pay, their damages will be calculated by adding a penalty for the number of days

10  they were owed, but did not receive their wages. There is no need to interpret a

11  CBA to resolve this claim.

VI

AKAL'S REMOVAL IS UNTIMELY

14        Notwithstanding the fact that there is no basis for federal jurisdiction,

15  Akal's removal is also untimely because it was aware of the facts giving rise to

16  its Section 301 preemption argument more than 30 days prior to filing of its

17  notice for removal. Under 28 U.S.C. §1446(b), a party wishing to remove an

18  action must file its notice of removal within thirty days of the initial complaint or,

19  where the initial complaint was not removable, "within thirty days after receipt

20  by the defendant, through service or otherwise, of a copy of an amended

21  pleading, motion, order or other paper from which it may first be ascertained that

22  the case is one which is or has become removable…" A notice of removal that is

23  not filed within this 30 day period is procedurally defective and constitutes

24  grounds for remand under 28 U.S.C. § 1447(b). *Bazilla v. Belva Coal Co.*, 939

25  F.Supp. 476 (S.D.W.Va. 1996).

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

A.    Akal Knew Of The Basis For Its Section 301
Preemption Argument And Announced It As
An Affirmative Defense In Its July 28, 2006 Answer

A party's knowledge of the nature of a plaintiff's claims and their possible connection to federal issues may be evidenced by their responsive pleadings. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 777, 783 (9th Cir. 1994). Where a party asserts affirmative defenses that indicate it contemplated an argument as grounds for removal, the 30-day time period for removal begins to run from the time of that answer. *See id.* In *Eyak Native Village*, the court found that the defendant was aware of its possible grounds for removal early in the action when it asserted federal preemption as an affirmative defense in its answer. *Id.* Although the statement in the answer was broad, the Ninth Circuit found "the answer indicate[d] that [the defendant] was aware at that time of the nature of the plaintiffs' claims and their possible connection to [a federal question]." *Id.* Accordingly, the Ninth Circuit held that since the notice for removal was filed sixteen months after the answer, the removal was untimely. *See id.*

Akal filed its initial answer on July 28, 2006. Two of Akal's affirmative defenses are based upon the alleged failure to exhaust the CBA's grievance proceure. (Answer, ¶¶ 6, 17.) Indeed, in the affirmative defenses Akal links a Loera overtime claim to the failure to exhaust the CBA's grievance resolution procedure. (Answer, ¶¶ 6, 18.) Akal's answer filed in July 2006 is proof that it believed the CBA controlled the resolution of Loera's claim. Thus, the evidence shows Akal knew of the facts surrounding its current preemption argument seventeen months prior to January 16, 2008 when it filed its notice for removal.

/ / / / /

/ / / / /

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

      B.    The 30-Day Period Began When Plaintiff
Served His Motion For Leave To Amend With

2

            The Proposed Second Amended Complaint Attached

3         Even if Akal's answer does not demonstrate its knowledge of the facts

4    giving rise to its LMRA preemption argument, at the latest, the 30-day time

5    period began running on November 21, 2007 when Plaintiff filed its motion for

6    leave to amend its second complaint.  The 30-day time period begins to run on

7    the date the defendant becomes aware of the grounds for removal.  As one court

8    explained:

9           Removal is appropriate "within thirty days after receipt by the

10         defendant ... of a ... motion, order or other paper from which it may
first be ascertained that the case is one which is or has become

11         removable." [citation].  The removable action itself need not have
been filed before a petition for removal is timely. [citation.] The

12         right to remove a case is triggered when a motion is filed in the state
proceeding, [citation], which allows a defendant to intelligently

13         ascertain the removability of the action[citation].

14    *Neal v. Trugreen Ltd. Partnership*, 886 F. Supp. 527, 528 (D. Md. 1995).  Where

15    proposed amendments to a complaint give rise to grounds for removal, courts

16    require the notice of removal be filed within 30 days of the plaintiff's filing of a

17    motion for leave to amend the complaint.  *Webster v. Sunnyside Corp.*, 836

18    F. Supp. 629 (S.D. Iowa 1993).  *But see Finley v. Higbee Co*., 1 F. Supp. 2d 701

19    (N.D. Ohio 1997) (acknowledging a split as to when the 30-day period begins for

20    amendments to complaints through motion process).

21         Under *Webster*, the 30-day period during which Akal could file its notice

22    of removal began to run when Plaintiffs filed it motion for leave to amend on

23    November 21, 2007.  The 30-day period expired on December 21, 2007.  As

24    Akal did not file its notice of removal until January 16, 2008, its notice of

25    removal is untimely.

26

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

VII

AKAL'S REMOVAL IS
PROCEDURALLY DEFECTIVE BECAUSE AKAL
DID NOT COMPLY WITH THE REQUIREMENTS OF SECTION 1446

Removal is a statutory privilege and, as such, a party wishing to remove a case must comply with all of the procedural requirements mandated by the statutes. *Golden Apple Mgmt. Co.*, *v. GEAC Computers, Inc.*, 990 F. Supp. 1364 (M.D. Ala. 1998). Where a party fails to comply with all of the procedural requirements, and the plaintiff makes a timely objection, the procedural defects defeat removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)

A.     Akal Did Not File A Notice of Removal in State Court

In order to remove a case, the defendant must initially complete three basic steps: (1) file notice of removal in state court; (2) give written notice of removal to all adverse parties; and (3) file copies of the notice of removal with the state court. 28 U.S.C. § 1446; *Hampton v. Union Pac. Ry.*, *Co.*, 81 F.Supp.2d 703 (E.D. Tex. 1999). As of the date of this motion, Akal has not filed any documents giving the state court notice of the attempted removal. King decl., ¶ 5. Since Akal has not filed its notice with the state court, it has failed to comply with a statutorily mandated step to effect removal. Consequently, this procedural defect defeats removal and the action should be remanded.

VIII

AKAL'S UNSUPPORTABLE REMOVAL
WARRANTS AN AWARD OF ATTORNEYS' FEES AND COSTS

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1   fees, incurred as a result of the removal."  Bad faith is not required to justify an

2   award of attorneys' fees, which lies within the discretion of the district court.

3   *Balcorta v. Twentieth Century-Fox Film Corp*, 208 F.3d 1102, 1106 n.6 (2000);

4   *Moore v. Permanente Med. Group*, 981 F.2d 443, 447-48 (9th Cir. 1992).  Fees

5   should be awarded whenever an award would promote deterrence of "removals

6   sought for the purpose of prolonging litigation and imposing costs on the

7   opposing party."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005).

8   This deterrence is accomplished by awarding fees whenever a party lacked a

9   reasonable basis for seeking removal.  *Id.* at 141.  *See Balcorta*, 208 F.3d at 1112

10  (upholding award of attorneys' fees as part of remand order where court

11  remanded finding there was no LMRA preemption).

12      Akal's removal petition was not objectively reasonable for several reasons:

13  First, Akal failed to remove the entire action which by itself necessitates remand.

14  Second, removal of this case is squarely precluded by Supreme Court and Ninth

15  Circuit case law, as is revealed by anything more than a cursory glance at the

16  case law regarding preemption under Section 301, and is readily discernible from

17  the Supreme Court's opinion in *Livadas* and the Ninth Circuit's decisions in

18  *Balcorta*, *Cramer, Burnside,* and *Gregory*.  The rules from those decisions are

19  clear.  Third, Akal's notice of removal was untimely filed and contained

20  numerous procedural defects which defeat removal.

21      An award of attorneys' fees is therefore appropriate.  Plaintiffs submit with

22  this motion a declaration and invoices documenting the fees and costs they have

23  incurred as a result of removal.  (King decl., ¶¶ 6-11.)  Plaintiffs expect to incur

24  additional costs in its efforts to reply to any opposition by defendant and

25  / / / / /

26                                      18

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  prosecute this motion through oral argument.  Accordingly, plaintiffs will submit

2  further declarations and invoices with any reply to defendant's opposition and as

3  necessary at the time of oral argument.

4                                          IX

5                                    CONCLUSION

6         For the aforementioned reasons, removal is improper.  Accordingly,

7  plaintiff respectfully requests that this action be remanded to the Superior Court

8  of Imperial County, State of California, and that Akal be ordered to pay the

9  attorneys' fees and costs incurred as a result of its removal.

10  DATED:  February 4, 2008                MARKS, GOLIA & FINCH, LLP

11

12                                          By:  /S/ Mark T. Bennett., Esq.
                                            E-mail:  mbennett@mgfllp.com
13                                              BERNARD F. KING III
                                            E-mail:  bking@mgfllp.com
14                                              STEPHEN J. SCHULTZ
                                            E-mail:  sschultz@mgfllp.com
15                                              JASON R. THORNTON
                                            E-mail:  jthornton@mgfllp.com
16                                          Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25  974.002a/LEB16. am

26                                          19

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
   MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
   U.S.C. S 1447(C))

                                            CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that this document has been filed

4    electronically on this 4th day of February 2008 and is available for viewing and

5    downloading to the ECF registered counsel of record:

6    <u>Via Electronic Service/ECF:</u>

7    Gary J. Lorch, Esq.
     glorch@gordonrees.com
8

9    DATED:  February 4, 2008        MARKS, GOLIA & FINCH, LLP

10                                   By:  /S/Mark T. Bennett, Esq.
                                     E-mail:  mbennett@mgfllp.com
11                                   Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        20

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28
U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000