STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgflip.com
MARK T. BENNETT, SBN 89061
mbennet@mgflip.coom
JASON R. THORNTON, SBN 185637
lthornton@mgflip.com
BERNARD F. KING, SBN 232518
bking@mgflip.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
mbutler@mblaw.org

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>        Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO:  08cv0094 DMS AJB<br><br>(Removed from Superior Court of California, County of Imperial, Case No. ECU03022)<br><br>DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS<br><br>Date:        March 28, 2008<br>Time:        1:30 p.m.<br>Courtroom:  10 |

/ / / / /

/ / / / /

/ / / / /

1

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

1    I, Bernard F. King, III, declare as follows:

2    1.    I am an attorney admitted to practice before all courts of this State

3  and the District Court for the Southern District of California. I am an associate in

4  the firm of Marks, Golia & Finch, LLP, counsel of record for plaintiffs David

5  Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James

6  Barker, Andrew Stanfield, and Guillermo Fernandez. Unless otherwise stated, all

7  facts testified to are within my personal knowledge and, if called as a witness, I

8  could and would competently testify to them.

9    2.    I have been practicing law for the last four years, the majority of

10  which has been devoted to labor and employment litigation.

11    3.    On April 27, 2006, plaintiff Loera filed this lawsuit on behalf of

12  himself and all other similarly situated employees (the "Class members") for the

13  unpaid premium pay due on account of Akal Security Inc.'s ("Akal's"), failure to

14  adequately provide meal and rest breaks. Loera also sought restitution, injunctive

15  relief, and statutory penalties for Akal's numerous violations of the California

16  Labor Code. Plaintiff's first amended complaint was filed on June 28, 2006. A

17  true and correct copy of the first amended complaint is attached to this

18  declaration as Exhibit "1." On July 28, 2006, Akal filed its answer to Plaintiff's

19  first amended complaint. A true and correct copy of Akal's answer is attached to

20  this declaration as Exhibit "2."

21    4.    On November 21, 2007, plaintiff filed a motion for leave to file a

22  second amended complaint. Along with the motion, plaintiff served Akal with a

23  copy of its proposed second amended complaint. A true and correct copy of the

24  documents served on Akal, including the second amended complaint, and the

25  proof of service are attached to this declaration as Exhibit "3." On December 18,

26    2

27  DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S
28  MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND
COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  2007, Judge Yeager of the California Superior Court, Imperial County, granted

2  the motion for leave to file a second amended complaint. The second amended

3  complaint was filed on December 18, 2007.

4        5.    Akal filed its notice of removal in this Court on January 16, 2008. A

5  true and correct copy of the notice of removal is attached to this declaration as

6  Exhibit "4." On February 4, 2008, I called the clerk at the Superior Court of

7  California for the County of Imperial. During this phone call, the clerk told me

8  that Akal has not filed a notice of removal for this case in that court.

9        6.    My hourly rate from the inception of this case through present, was

10  and is $300 per hour. This rate is similar to that generally charged by attorneys

11  in San Diego with similar experience and specialties and was approved as

12  reasonable by the Honorable Christopher Yeager, Judge of the Superior Court,

13  County of Imperial at a May 7, 2007 hearing on plaintiff's motion to compel and

14  request for attorneys fees. Judge Yeager later confirmed this finding in his order

15  granting plaintiff's motion. True and correct copies of the court reporter's

16  transcript from this hearing and the court's order are attached to this declaration

17  as Exhibits "5" and "6," respectively.

18        7.    True and correct redacted copies of Marks, Golia & Finch's invoices

19  for legal services rendered in this case are attached as Exhibit "7." The

20  attorneys' fees reflected in Exhibit "7" were computed based upon the following

21  hourly billing rates for attorneys at Marks, Golia & Finch, LLP.

22            Bernard F. King, III ($300/hr)

23            Laura E. Beatty ($155/hr)

24  / / / / /

25  / / / / /

26                    3

27  DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S

28  MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND
    COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    These rates were set depending on the expertise and experience of

2  individual attorneys.

3    8.    I have personally reviewed all of Marks, Golia & Finch's invoices

4  regarding the fees incurred as a result of removal.  The total amount of attorneys'

5  fees expended as a result of Akal's removal is $8,739.  True and correct copies of

6  Marks, Golia & Finch's invoices supporting this amount are attached to this

7  declaration as Exhibit "7."

8    9.    The fees and costs incurred in preparation of plaintiff's reply brief

9  and, if necessary, oral argument of this motion have yet to be calculated or

10  entered into the billing system of Marks, Golia & Finch.  Therefore, plaintiff will

11  submit a supplemental declaration describing these amounts at the time of

12  plaintiff's reply to Akal's opposition to this motion.

13    10.    The legal services rendered by the attorneys and law clerks, as

14  reflected by the request for attorneys' fees, were reasonable and necessary to

15  properly address the improper removal of the action in light of all circumstances.

16  No services were unnecessary and the lowest billable rates were employed at

17  every opportunity.

18  / / / / /

19  / / / / /

20  / / / / /

21  / / / / /

22  / / / / /

23  / / / / /

24  / / / / /

25  / / / / /

26                                         4

27  DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S
28  MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND
    COSTS

    CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

11.    Accordingly, Plaintiff seeks a total award of $8,739.00 in attorneys' fees and costs incurred as a result of removal. This amount is comprised of attorneys' fees of $8,739 and costs in the amount of $0. This total amount will be increased to reflect any further work performed in connection with this motion for remand. Plaintiff's attorneys' fees are allowed pursuant to 28 U.S.C. § 1447(c).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 4th day of February, 2008 in San Diego, California.

BERNARD F. KING III
E-mail:  bking@mgflp.com

974.002a/LEB19.am

5

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 4th day of February 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Gary J. Lorch, Esq.
glorch@gordonrees.com

DATED:  February 4, 2008

MARKS, GOLIA & FINCH, LLP

By:  /S/Mark T. Bennett, Esq.
E-mail:  mbennett@mgfllp.com
Attorneys for Plaintiffs

6

DECLARATION OF BERNARD F. KING III IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

# TABLE OF CONTENTS

                                                                                        Page

1.    Plaintiff's First Amended Complaint.................................................. 6

2.    Akal's Answer To Plaintiff's First Amended Complaint................................. 20

3.    Plaintiff's Motion For Leave To File A Second Amended Complaint............ 28

4.    Akal's Notice Of Removal ......................................................................... 77

5.    Transcript Of May 7, 2007 Hearing In Superior Court Of
      California For Imperial County On Plaintiff's Motion To Compel
      And Request For Attorneys Fee ...................................................... 83

6.    Judge Yeager's June 13, 2007 Order Awarding Plaintiff Attorneys Fees ....... 114

7.    Marks, Golia & Finch LLP Invoices For Attorneys Fees
      Incurred As A Result Of Removal.................................................. 118

# EXHIBIT "1"

EXHIBIT "1"

4+ 414.002

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7352

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496





Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public, | CASE NO: ECU03022 |
| Plaintiffs, | FIRST AMENDED COMPLAINT FOR:<br><br>(1)   FAILURE TO PAY MEAL PERIOD PREMIUM PAY;<br>(2)   FAILURE TO PAY REST BREAK PREMIUM PAY;<br>(3)   VIOLATIONS OF THE UCL; AND<br>(4)   PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 2699 |
| v. | |
| AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, | |
| Defendants. | |

[PLAINTIFF DEMANDS TRIAL BY JURY]

Assigned to:
Hon. Christopher W. Yeager, Dept. 1

Complaint Filed:    April 27, 2006
Trial Date:         Not Set

/ / / / /

/ / / / /

/ / / / /

# VIA FAX

**Page 000006**
**Exhibit 1**

FIRST AMENDED COMPLAINT

## INTRODUCTION

The public policy of California declares:

It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

## GENERAL ALLEGATIONS

1. Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2. Plaintiff David Loera ("Plaintiff") is, and at all times mentioned was, an individual residing and working in the State of California.

3. Plaintiff is informed and believes defendant Akal Security, Inc. ("Akal") is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of New Mexico, and doing business in the County of Imperial, State of California.

4. Plaintiff does not know the true names and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sue them by fictitious names. Plaintiff is informed and believes DOES 1 through 100, inclusive, are in some way responsible for the events and Plaintiff's damages described in this complaint. Plaintiff will seek leave to amend this complaint when the true names and capacities of these defendants have been ascertained.

/ / / / /

/ / / / /

/ / / / /

MARKS, GOLIA & FINCH, LLP
00 Harney Street
First Floor
Diego, CA 92110
619) 293-7000

FIRST AMENDED COMPLAINT

2

<u>JURISDICTION</u>

5.    This Court has jurisdiction over this action for damages, restitution, injunctive relief and penalties pursuant to, among other provisions, California Labor Code sections 226.7 and 512, and sections 17203 and 17205 of the UCL (California Business & Professions Code sections 17203 and 17205).

<u>CLASS ALLEGATIONS</u>

6.    Plaintiff's causes of action are brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382. Plaintiff brings this action on behalf of himself and all members of the Class ("the Class"). The Class that Plaintiff represents is defined as follows: all current and former prison guards who worked for Akal, at the Department of Homeland Security Immigration Detention Center in Imperial County, during the period April 15, 2002 to the present (the "Class Period"). Plaintiff brings no claims under federal law. On information and belief, more than two-thirds (2/3) of the Class members are, when this action was filed and continuing to date, residents of the state of California, and, at the very least, more than one-third (1/3) of the Class members are residents of the State of California.

7.    The members of the Class for whose benefit the action is brought are so numerous that joinder of all Class members is impracticable. Plaintiff believes that there are over three hundred members of the Class, although the exact number of individual Class members is presently unknown, and can only be ascertained through appropriate discovery. The identities of all Class members can be readily ascertained by reference to Akal's records.

8.    There are questions of fact and law common to the Class that predominate over any questions affecting only individual Class members.

9.    Among the questions of fact common to the Class are the following:

    a.    whether Class members were compelled to work for periods of five or more consecutive hours without having at least a one half hour break for meals and without receiving the required premium pay;

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

3

**Page 000008**
**Exhibit 1**

b.   whether Class members were compelled to work for periods of four or more consecutive hours without having at least a one ten minute rest period and without receiving the required premium pay; and

c.   whether Akal has failed to keep proper records for the Class members working hours.

10.   Plaintiff's claims are typical of the claims of Class members, because Plaintiff and each member of the Class worked for Akal without being provided with the required meal periods and rest breaks as mandated by California law, and were subjected uniformly to other unlawful conduct by Akal.

11.   Plaintiff is committed to the vigorous prosecution of this action. Plaintiff has no unique claims, has no conflict of interest with other Class members and has retained competent counsel experienced in the prosecution of Class actions. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

12.   A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. In light of the amount of damage suffered by individual Class members, individual actions by Class members are impracticable and a Class action is the only practicable method by which the Class members can achieve redress from Akal and prevent Akal from retaining millions of dollars of its ill-gotten gains. Individual actions would present a risk of inconsistent adjudications, even though each Class member has an effectively identical claim of right against Akal. Because the Class claims can be proven almost entirely through Akal's own documents and witnesses, this case entails no circumstances which will make it difficult to manage as a Class action. Individual damages may be calculated from the information maintained in Akal's records, so that the cost of administering any recovery can be minimized.

/ / / / /

/ / / / /

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

4

13. This action may also be maintained as a class action because:

    a. the prosecution of separate actions by or against individual members of the class would create a risk of:

        i. inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

        ii. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

    b. the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

14. Plaintiff and Class members work or have worked as prison guards for Akal during the Class Period, at the Department of Homeland Security Immigration Detention Center in El Centro, California.

15. During the past four years, Plaintiff and Class members were required by Akal to work for continuous periods of five hours or greater without having at least a one-half hour meal break. Despite having denied Plaintiff and Class members of these meal breaks, Akal failed to compensate the Plaintiff and Class members with the requisite premium pay as set forth in the California Labor Code.

16. During the past four years, Plaintiff and Class members were required by Akal to work for continuous periods of four hours or greater without having at least a ten minute rest period. Despite having denied Plaintiff and Class members of these rest periods, Akal failed to

/ / / / /

5

**Page 000010**
**Exhibit 1**

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

1  compensate the Plaintiff and Class members with the requisite premium pay as set forth in the

2  California Labor Code.

3      17.    During the past four years, Plaintiff is informed and believes Akal failed to

4  provide Plaintiff and Class members with accurate wage deduction statements showing the

5  actual hours worked by Plaintiff and Class members.

6              FIRST CAUSE OF ACTION

7                (Failure to Pay Meal Period Premium Pay –
8     On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

9      18.    Plaintiff incorporates by reference each and every allegation contained in

10  Paragraphs 1 through 17 above.

11      19.    California law requires an employer to pay an additional one hour of

12  compensation for each meal period the employer fails to provide.  Employees are entitled to an

13  uninterrupted meal period, during which employees are relieved of all duties, of at least thirty

14  minutes for each five-hour work period.  Plaintiff and Class members have consistently worked

15  over five hours in a workday without a meal period.

16      20.    Defendant failed to provide Plaintiff and Class members with timely meal

17  breaks of not less than thirty minutes for each five-hour period worked as required by

18  California law.

19      21.    Plaintiff and Class members are entitled to recover an amount equal to one hour

20  of wages per missed meal break, interest, applicable penalties, attorneys' fees and costs.

21              SECOND CAUSE OF ACTION

22                (Failure to Pay Rest Break Premium Pay –
23     On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

24      22.    Plaintiff incorporates by reference each and every allegation contained in

25  Paragraphs 1 through 21 above.

26      23.    California law requires an employer to pay an additional one hour of

27  compensation for each rest period the employer fails to provide.  Employees are entitled to a

28                                  6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

**Page 000011**

**Exhibit 1**

1  paid ten minute rest break for every four hour period worked.  Plaintiff and Class members

2  have consistently worked over four hour periods per day with no rest breaks.

3       24.    Plaintiff and Class members are entitled to recover an amount equal to one hour

4  of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

5                              THIRD CAUSE OF ACTION

6       (Violations of the UCL – On behalf of Plaintiff and Class Members
                         Against Akal and DOES 1 through 100)
7

8       25.    Plaintiff incorporates each and every allegation contained in Paragraphs 1

9  through 24 above.

10      26.    The UCL prohibits business practices which are "unlawful."

11      27.    Akal has committed, and upon information and belief continues to commit,

12  ongoing unlawful business practices within the meaning of the UCL, including, but not limited

13  to:

14           a.    Compelling Plaintiff and Class members to work for periods of five or

15  more consecutive hours without having at least a one half hour break for meals;

16           b.    Compelling Plaintiff and Class members to work for periods of four or

17  more consecutive hours without having at least a one ten minute rest period;

18           c.    Failing to post required notices at the workplace;

19           d.    Failing to provide accurate and itemized wage statements required under

20               California law; and

21           e.    Failing to prepare and maintain all records required under California

22               law.

23      28.    The unlawful business practices described above have proximately caused

24  monetary damages to Plaintiff and Class Members and to the general public.

25      29.    Pursuant to the UCL, Plaintiff and Class members are entitled to restitution of

26  money or property acquired by Akal by means of such unlawful business practices, in amounts

27  not yet known, but to be ascertained at trial.

28
MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000
                                          7

FIRST AMENDED COMPLAINT

**Page 000012**
**Exhibit 1**

30.    Pursuant to the UCL, Plaintiff, Class members and the general public are entitled to injunctive relief against Akal's ongoing continuation of such unlawful business practices.

31.    If an injunction does not issue enjoining Akal from engaging in the unlawful business practices described above, Plaintiff and Class Members and the general public will be irreparably injured, the exact extent, nature and amount of such injury being impossible to ascertain.

32.    Plaintiffs have no plain, speedy, and adequate remedy at law.

33.    Akal, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and Class Members and of the general public.

34.    Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

35.    Private enforcement of these rights is necessary as no public agency has pursued their enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

36.    Plaintiff and Class members are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

FOURTH CAUSE OF ACTION

(Penalties Under California Labor Code Section 2699 – On behalf of Plaintiff and Class Members Against Akal and DOES 1 through 100)

37.    Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 36 above.

38.    On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

8

FIRST AMENDED COMPLAINT

Page 000013
Exhibit 1

39.     On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

40.     Counsel for Plaintiff has received written notice from the California Labor and Workforce Development Agency stating that it does not intend to investigate the violations set forth in the April 15, 2005 letter. Pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), Plaintiff is entitled to commence this action for penalties.

41.     As a result of the acts alleged above, Plaintiff seeks penalties under California Labor Code section 2699 because of Akal's violation of numerous provisions of the California Labor Code.

42.     Pursuant to California Labor Code section 2699, Plaintiff is entitled to be awarded twenty-five (25 %) percent of all penalties due under California law, in addition to interest, attorneys' fees and costs.

43.     The Court should award seventy-five (75 %) percent of the penalties due under California law to the State of California.

<u>PRAYER</u>

WHEREFORE, Plaintiff and the Class members pray for judgment against Akal, as follows:

<u>FOR THE FIRST CAUSE OF ACTION:</u>

    1.     For an order certifying the case and appointing Plaintiff and his counsel to represent the Class;

    2.     For compensatory damages according to proof;

    3.     For enhanced damages and penalties as permitted under California law;

    4.     For pre-judgment interest;

    5.     For costs of suit; and

    6.     For reasonable attorneys' fees.

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

9

FIRST AMENDED COMPLAINT

**FOR THE SECOND CAUSE OF ACTION:**

    1.     For an order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

    2.     For compensatory damages according to proof;

    3.     For enhanced damages and penalties as permitted under California law;

    4.     For pre-judgment interest;

    5.     For costs of suit; and

    6.     For reasonable attorneys' fees.

**FOR THE THIRD CAUSE OF ACTION:**

    1.     For an order certifying the Class and appointing plaintiffs and their counsel to represent the Class;

    2.     For disgorgement of all monies which Akal has illegally gained;

    3.     For restitution according to proof at trial;

    4.     For an order enjoining Akal from any further acts and practices which violate the UCL; and

    5.     For attorneys' fees and costs.

**FOR THE FOURTH CAUSE OF ACTION:**

    1.     For penalties as permitted under California law;

    2.     For prejudgment interest;

    3.     For costs of suit; and

    4.     For reasonable attorneys' fees.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

FIRST AMENDED COMPLAINT

**Page 000015**
**Exhibit 1**

<u>ON ALL CAUSES OF ACTION</u>:

    1.    For reasonable attorneys' fees;

    2.    For costs of suit incurred herein;

    3.    For such other and further relief as this Court may deem just and proper; and

    4.    For interest on all monies due.

DATED: June 27, 2006

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
JASON R. THORNTON
BERNARD F. KING III
Attorneys for Plaintiff David Loera

974.002/BK396.am

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

11

FIRST AMENDED COMPLAINT

**Page 000016
Exhibit 1**

MARKS, GOLIA & FINCH, LLP
3900 HARNEY STREET, SUITE 100
SAN DIEGO  CA  92110-2825
619-293-7000                    Ref. No.      : 0825355-02
Attorney for : PLAINTIFF        Atty. File No. : 974.002

**ENDORSED**

JUL 2 4 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESEZ
DEPUTY

SUPERIOR COURT OF CA., COUNTY OF IMPERIAL
IMPERIAL JUDICIAL DISTRICT

PLAINTIFF        : DAVID LOERA                     Case No.: ECU03022
DEFENDANT        : AKAL SECURITY                   **PROOF OF SERVICE**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR
        PACKET; SUMMONS; CIVIL CASE COVER SHEET

3.    a. Party served    :    AKAL SECURITY, INC., a Corporation
                              AUTHORIZED AGENT FOR SERVICE OF PROCESS: TONY PEREZ
      b. Person served   :    SYLVIA BARRERA, RECEPTIONIST
                              (PERSON APPARENTLY IN CHARGE)

4.    Address where the party was served 12145 MORA DRIVE        UNIT 4 & 5
                              SANTA FE SPRINGS, CA  90670    (Residence)

5.    I served the party
      b. **by substituted service.** On June 28, 2006  at  02:50 PM  I left the documents listed in item 2
         with or in the presence of   SYLVIA BARRERA, RECEPTIONIST,
                              PERSON APPARENTLY IN CHARGE
         (1) **(business)**  a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served.  I informed him or her of the general nature of the papers.
         (4) a **declaration of mailing**  is attached.
         (5) I attach a **declaration of diligence**  stating actions taken first to attempt personal service.

6.    The "Notice to the person served" (on the summons) was completed as follows:
      c. on behalf of:           AKAL SECURITY, INC., a Corporation
                                 AUTHORIZED AGENT FOR SERVICE OF PROCESS: TONY PEREZ
         under [xx] CCP 416.10  (corporation)

7.    **Person who served papers**
      a. PABLO ORTIZ                         d. Fee for service: $112.00
      b. KNOX ATTORNEY SERVICE, INC.         e. I am:
         2250 Fourth Avenue                     (3) a registered California process server
         San Diego, California  92101              (i)   an employee
      c. 619-233-9700                             (ii)  Registration No. 152
                                                  (iii) County: San Diego

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 29, 2006                    Signature: _____
                                                   PABLO ORTIZ

**Page 000017**

**Exhibit 1**

Jud. Coun. form, rule 982.9
JC Form POS 010 (Rev. July 1, 2004)           **PROOF OF SERVICE**

MARKS, GOLIA & FINCH, LLP
3900 HARNEY STREET, SUITE 100
SAN DIEGO  CA  92110-2825
619-293-7000
Attorney for : PLAINTIFF

Ref. No.        : 0825355-02
Atty. File No.  : 974.002

ENDORSED

JUL 2 4 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESES
DEPUTY

SUPERIOR COURT OF CA., COUNTY OF IMPERIAL
IMPERIAL JUDICIAL DISTRICT

PLAINTIFF      : DAVID LOERA
DEFENDANT      : AKAL SECURITY

Case No.: ECU03022
**DECLARATION OF MAILING**

RE:   AKAL SECURITY, INC., a Corporation
      AUTHORIZED AGENT FOR SERVICE OF PROCESS: TONY PEREZ

I am a citizen of the United States and am employed in the County of SAN DIEGO, State of California. I am over 18 years of age and not a party to this action.  My business address is
**2250 FOURTH AVENUE, SAN DIEGO CA 92101**

On June 28, 2006 I served the within documents:

      FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR
      PACKET; SUMMONS; CIVIL CASE COVER SHEET

On the party in said action, by mailing a true copy thereof (by first-class mail, postage prepaid), enclosed in a sealed envelope at the mail collection site at my place of employment, addressed to the following:

      AKAL SECURITY, INC., a Corporation
      AUTHORIZED AGENT FOR SERVICE OF PROCESS:  TONY PEREZ
      12145 MORA DRIVE        UNIT 4 & 5
      SANTA FE SPRINGS, CA  90670

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 28, 2006 at SAN DIEGO, California.

Signature: _____  **Page 000018**
           ROBERT C. BORAMBO  **Exhibit 1**

DECLARATION OF MAILING

MARKS, GOLIA & FINCH, LLP
3900 HARNEY STREET, SUITE 100
SAN DIEGO  CA  92110-2825
619-293-7000          Ref. No.      : 0825355-02
Attorney for : PLAINTIFF          Atty. File No.  : .974.002

**ENDORSED**

JUL 2 4 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY MARIA MENESES
DEPUTY

SUPERIOR COURT OF CA., COUNTY OF IMPERIAL
IMPERIAL JUDICIAL DISTRICT

PLAINTIFF          : DAVID LOERA
DEFENDANT          : AKAL SECURITY

Case No.: ECU03022
**DECLARATION REGARDING DILIGENCE**

I received the within process on 06/28/06.  After due and diligent effort I have been unable to effect personal service on the within named party at the following address(es):

Party served          AKAL SECURITY, INC., a Corporation
                      AUTHORIZED AGENT FOR SERVICE OF PROCESS:  TONY PEREZ

Residence  ;      12145 MORA DRIVE UNIT 4 & 5, SANTA FE SPRINGS  CA  90670

Attempts to effect service are as follows:

06/28/06 02:50P  Attempted service-effected substitute service

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  June 29, 2006

Signature: _____
                PABLO ORTIZ

**Page 000019**
**Exhibit 1**

Jud. Coun. form, rule 982.9

DECLARATION RE DILIGENCE

# EXHIBIT "2"

G+ 974.002

1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street
   Suite 4900
4  Los Angeles, CA  90071
   Telephone: (213) 576-5000
5  Facsimile: (213) 680-4470

6  Attorneys for Defendant
   AKAL SECURITY, INC.

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF IMPERIAL

9

10

11 DAVID LOERA, for himself and on behalf of  )  CASE NO. ECU03022
   all others similarly situated and the general  )
12 public                                       )  [Assigned to Hon. Christopher W. Yeager,
                                                 )  Dept. 1]
13              Plaintiffs,                      )
                                                 )  DEFENDANT AKAL SECURITY,
14        v.                                     )  INC.'S ANSWER TO PLAINTIFF'S
                                                 )  UNVERIFIED COMPLAINT
15 AKAL SECURITY, INC., a corporation; and      )
   DOES 1-100, inclusive                        )
16                                              )
                                                 )  Complaint Filed:    April 27, 2006
17              Defendants.                      )  Trial Date:          Not Set

18

19        Defendant AKAL SECURITY, INC., a New Mexico corporation, ("Defendant"), for

20 itself alone and for no other defendants, answers the Complaint for Damages as follows:

21        1.      Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies

22 generally and specifically each and every allegation contained in the Complaint, and further

23 denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other

24 amount, at all.

25 ///

26 ///

27 ///

28 ///

-1-

**Page 000020**
**Exhibit 2**

DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

*(left margin, vertical text)* Gordon & Rees LLP  633 West Fifth Street  Suite 4900  Los Angeles, CA  90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2.     For a first, separate and affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

3.     For a second, separate and affirmative defense, Defendant alleges that the federal court has exclusive jurisdiction over all of the claims asserted by Plaintiff, due to the fact that all of the conduct alleged in the Complaint occurred on a federal enclave pursuant to *article I, section 8, clause 17 of the United States Constitution.*.

### THIRD AFFIRMATIVE DEFENSE

4.     For a third, separate and affirmative defense, Defendant alleges that the land upon which all of the claims asserted by Plaintiff purportedly occurred is land over which the federal government exercises legislative jurisdiction, and to which the laws of the State of California do not apply.

### FOURTH AFFIRMATIVE DEFENSE

5.     For a fourth, separate and affirmative defense, Defendant is informed and believes that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of their employer.

### FIFTH AFFIRMATIVE DEFENSE

6.     For a fifth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because they failed to exhaust their administrative remedies under any applicable Collective Bargaining Agreement or California Labor Code sections 98-98.2, or to the extent that Plaintiff is exempt from the overtime provisions of the California Labor Code and/or the applicable wage orders of the California Industrial Welfare Commission.

**Page 000021**

**Exhibit 2**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## SIXTH AFFIRMATIVE DEFENSE

7. For a sixth, separate and affirmative defense, Defendant alleges that it has engaged attorneys to represent it in defense of Plaintiff's unfounded and unreasonable action and Defendant thereby is entitled to an award of its reasonable attorney's fees and costs upon judgment thereon in its favor.

## SEVENTH AFFIRMATIVE DEFENSE

8. For a seventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because Plaintiff's did not have a good faith belief or reasonably based suspicion that Defendant was in violation of any law, including, but not limited to, the California Labor Code.

## EIGHTH AFFIRMATIVE DEFENSE

9. For an eighth, separate and affirmative defense, Defendant alleges that any and all acts, conduct or statements by and/or attributed to it were justified, undertaken in good faith and/or privileged.

## NINTH AFFIRMATIVE DEFENSE

10. For a ninth, separate and affirmative defense, Defendant alleges that it made Plaintiff aware of his right to and encouraged Plaintiff to take meals and/or rest periods and accordingly are not liable if Plaintiff failed to take such meal and/or rest periods.

## TENTH AFFIRMATIVE DEFENSE

11. For a tenth, separate and affirmative defense, Defendant alleges that any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiff himself.

## ELEVENTH AFFIRMATIVE DEFENSE

12. For an eleventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the alleged damages were not proximately caused by any conduct of Defendant as alleged or otherwise.

**Page 000022**
**Exhibit 2**

DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## TWELFTH AFFIRMATIVE DEFENSE

13. For a twelfth, separate and affirmative defense, Defendant alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. For a thirteenth, separate and affirmative defense, Defendant alleges that it is entitled to a setoff for amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which he were not entitled and/or did not earn.

## FOURTEENTH AFFIRMATIVE DEFENSE

15. For a fourteenth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including, *inter alia*, section 335.1 and 340 of the California Code of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

16. For a fifteenth, separate and affirmative defense, Defendant alleges that Plaintiff's employer maintained policies prohibiting discrimination and retaliation and had in place an effective complaint procedure. Had Plaintiff made proper use of that procedure and had he complied with those policies, he could have avoided all or part of the damages claimed in this action. Accordingly, Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. For a sixteenth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred by his failure to timely and properly exhaust the administrative remedy set forth in the Collective Bargaining Agreement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. For a seventeenth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because, based on the hours he worked, Plaintiff is not entitled to overtime compensation and/or meal and rest period penalties under the California Labor Code and/or the applicable wage orders of the California Industrial

-4-

DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Page 000028
Exhibit 2

1  Commission. Defendant's conduct was not willful.

2  ### EIGHTEENTH AFFIRMATIVE DEFENSE

3      19.    For an eighteenth, separate and affirmative defense, Defendant alleges that

4  Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of

5  laches, estoppel, waiver and unclean hands.

6  ### NINETEENTH AFFIRMATIVE DEFENSE

7      20.    For an nineteenth, separate and affirmative defense, Defendant alleges that

8  accommodating plaintiff would have been an undue hardship by presenting a significant

9  difficulty or expense.

10  ### TWENTIETH AFFIRMATIVE DEFENSE

11      21.    For a twentieth, separate and affirmative defense, Defendant alleges that any

12  recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because

13  Plaintiff failed to act in good faith towards and deal fairly with Defendant. The resulting injuries

14  and damages, if any, sustained by Plaintiff was proximately caused by and attributed to

15  Plaintiff's bad faith and misconduct in dealing with Defendant and its employees and authorized

16  agent in their participation in the events alleged therein.

17  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

18      22.    For a twenty-first, separate and affirmative defense, Defendant is informed and

19  believes that Plaintiff is barred from pursuing these claims in court because they are subject to

20  mandatory and final binding arbitration.

21  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

22      23.    For a twenty-second, separate and affirmative defense, Defendant alleges that the

23  cause of action for alleged unfair business practices under California Business and Professions

24  Code section 17200 et seq., and the equitable remedies therein sought, are barred in light of the

25  fact that Plaintiff has an adequate remedy at law.

26  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

27      24.    For a twenty-third, separate and affirmative defense, Defendant alleges that the

28  cause of action for alleged unfair business practices under California Busi

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Page 000024

Exhibit 2

1    Code section 17200 et seq., and the equitable remedies therein sought, are barred in light of the

2    fact that the plaintiff has not suffered, and will not suffer, irreparable harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

4        25.    For a twenty-fourth, separate and affirmative defense, Defendant alleges that

5    Plaintiff does not have standing to bring the cause of action for alleged unfair business practices

6    under California Business and Professions Code section 17200 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

8        26.    For a twenty-fifth, separate and affirmative defense, Defendant alleges that its

9    business practices are not unfair within the meaning of Business and Professions Code, section

10    17200. The utility of any such practice outweighs any potential harm.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12        27.    For a twenty-sixth, separate and affirmative defense, Defendant alleges that this

13    action does not and cannot qualify for certification as a class action based upon applicable law,

14    and the Plaintiff is not proper or appropriate class representatives. Also, Plaintiff lacks standing

15    to sue on behalf of the representative class under applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17        28.    Defendant alleges that because Plaintiff's Complaint is couched in conclusory

18    terms, Defendant reserves its right to amend or add additional affirmative defenses as they

19    become known.

20    **WHEREFORE**, Defendant prays for the following relief:

21        1.    That Plaintiff take nothing by reason of his Complaint and that this action be

22    dismissed in its entirety and with prejudice;

23        2.    That judgment be entered in favor of Defendant, on all causes of action;

24        3.    That Defendant recover its costs of suit incurred herein as well as attorneys' fees

25    to the extent permitted by law; and

26    / / /

27    / / /

28    / / /

*Gordon & Rees LLP*
*633 West Fifth Street*
*Suite 4900*
*Los Angeles, CA 90071*

**Page 000025**
**Exhibit 2**

1        4.      That Defendant be awarded such other and further relief as the Court may deem

2    just and proper.

3

4    Dated: July 27, 2006                         GORDON & REES LLP

5

6                                       By:_____

7                                       Stephen E. Ronk
                                   Joshua B. Wagner

8                                       Mollie Burks-Thomas
                                   Attorneys for Defendant
                                   AKAL SECURITY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

AKAL\1039887\G6379.1

-7-

DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a party
3 to the within action. My business address is: 633 West Fifth Street, Suite 4900, Los Angeles,
CA 90071. On July 28, 2006, I served the within documents:

4 **DEFENDANT AKAL SECURITY, INC.'S ANSWER TO PLAINTIFF'S
5 UNVERIFIED COMPLAINT**

6     ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

7     ☒ by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in United States mail in the State of California at Los Angeles,
8         addressed as set forth below.

9     ☐ by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

10

11     Jason R. Thornton, Esq.
Bernard F. King III, Esq.
12     Marks, Golia & Finch, LLP
3900 Harney Street, First Floor
13     San Diego, CA 92110-2825

14     Matthew B. Butler, Esq.
Nicholas & Butler, LLP
15     225 Broadway, 19th Floor
San Diego, CA 92101-5005

16

17     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
18 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
19 meter date is more than one day after the date of deposit for mailing in affidavit.

20     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

21

22     Executed on July 28, 2006, at Los Angeles, California.

23

24

25     _Sandy Halvorsen_
Sandy Halvorsen

26

27

28

**Page 000027**
**Exhibit 2**

# EXHIBIT "3"

EXHIBIT "3"

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 252516

MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3500 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

NICHOLAS & BUTLER, LLP
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496



Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, | CASE NO: ECU03022 |
| Plaintiffs, | NOTICE OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, | Assigned to: Hon. Christopher W. Yeager, Dept. 7 |
| Defendants. | Date:    December 18, 2008<br>Time:    8:30 a.m.<br>Dept.:    7 |
| | Complaint Filed:    April 27, 2006<br>Trial Date:    Not Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on December 18, 2008, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 7 of the above-entitled Court, located at 939 West Main Street, El Centro, California, plaintiff David Loera and the proposed additional plaintiffs mentioned herein, will, and hereby do apply to this Court for leave to file a second amended complaint.

Page 000028
Exhibit 3

NOTICE OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1    This motion is based upon the attached memorandum, the declaration of Bernard F.

2   King III and the exhibit attached thereto, the concurrently filed [Proposed] Second Amended

3   Complaint, the pleadings and records on file in this action, and upon such oral and other

4   documentary evidence as may be presented at the time of hearing.

5   DATED: November 20, 2007                    Respectfully submitted,

6                                               MARKS, GOLIA & FINCH, LLP

7

8                                               By:_____

9                                                   JASON R. THORNTON
                                                    BERNARD F. KING III
10                                                  Attorneys for Plaintiff David Loera

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   974.002/BK935.am

28

NOTICE OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

:S, GOLIA &
CH, LLP
larney Street
ral Floor
po, CA 92110
) 293-7000

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

# MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

# NICHOLAS & BUTLER, LLP
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, | CASE NO:  ECU03022 |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, | Assigned to: Hon. Christopher W. Yeager, Dept. 7 |
| Defendants. | Date:        December 18, 2007<br>Time:        8:30 a.m.<br>Dept.:        7 |
| | Complaint Filed:     April 27, 2006<br>Trial Date:          Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

—

Page 000030
Exhibit 3

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

NOV 21 2007

1

I

2                                    INTRODUCTION

3        Pursuant to Code of Civil Procedure sections 473 and 576, plaintiff David Loera seeks

4    leave to amend his complaint to add eight additional named plaintiffs and two new causes of

5    action. Defendant Akal Security Inc. ("Akal"), will not be prejudiced by the amendments

6    because no trial date has been set and the parties have not completed discovery.

7                                           II

8                  FACTUAL AND PROCEDURAL BACKGROUND

9        A.    Plaintiff's Complaint

10       Plaintiff works as a security guard at the Department of Homeland Security's

11   Immigration and Customs Enforcement Service Processing Center in El Centro, California

12   (hereafter the "Detention Center"). Akal, a private company, operates the Detention Center

13   and employs an average of 180 to 200 security guards. Each day is divided into three shifts of

14   at least eight hours, during which time the guards work at a variety of "posts" throughout the

15   Detention Center.

16       Until 2005, Akal allowed its security guards only 20 minutes for a meal period. After

17   several guards complained about not having sufficient time to eat their meals, Akal changed its

18   policy. Now, Akal occasionally allows its security guards to take 30 minute "on-duty" meal

19   breaks, which can be cut short at any time. Neither plaintiff nor any other security guard

20   consented in writing to these "on-duty" meal breaks.

21       Akal's rest break policy is no better. Rather than afford 10 minute rest breaks twice

22   daily, Akal requires its security guards to remain at their posts. Although short "bathroom"

23   breaks are technically permitted, the guards must endure lengthy delays as they wait to be

24   relieved. The harsh effects of this policy are manifest. In some instances, security guards

25   have passed out from heat exhaustion while waiting at outdoor posts. In at least one case, a

26   security guard who requested to use the restroom urinated while waiting for relief.

27   / / / / /

28                                          2                      Page 000031

45, GOLIA &
NCH, LLP
irst Floor
go, CA 92110
-1) 293-7000

Exhibit 3
MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1   On April 27, 2006, plaintiff filed this lawsuit on behalf of himself and all other

2   similarly situated employees (the "Class members").  Plaintiff's first two causes of action seek

3   damages for the unpaid premium pay due on account of Akal's failure to adequately provide

4   meal and rest breaks.  In his third and fourth causes of action, plaintiff seeks restitution,

5   injunctive relief, and statutory penalties for Akal's numerous violations of the California Labor

6   Code.

7       B.    Facts Giving Rise To The Proposed Amendments

8   In response to plaintiff's discovery requests, Akal refused to provide the names and

9   contact information of the Class members.  After hearing plaintiff's motion to compel, the

10  court ordered Akal to reveal the identities of those Class members who did not object to the

11  disclosure.  Upon completion of the "opt-out" process in August 2007, numerous Class

12  members contacted plaintiff's counsel, inquiring about the case and asking to join as additional

13  Class representatives.  In September and October 2007, plaintiff's counsel met with these

14  individuals about the lawsuit, and evaluated their ability to serve as adequate Class

15  representatives.  After finalizing the retainer agreements, Loera and the new plaintiffs reviewed

16  and approved the proposed Second Amended Complaint.  (Declaration of Bernard F. King III,

17  ¶¶ 4-10.)

18  During this time, plaintiff's counsel also discovered that Akal's overtime policy does

19  not provide overtime premium pay when the security guards work shifts longer than eight

20  hours, and that Akal has failed to promptly pay the earned and unpaid wages of its security

21  guards who have quit or been terminated.  It was not until after counsel was contacted by Class

22  members, and after Akal belatedly furnished discovery responses, that these two additional

23  Labor Code claims were discovered.  (King decl., ¶¶ 7-12.)  Plaintiff now seeks to leave to file

24  an amended complaint on account of these factual developments.

25  / / / / /

26  / / / / /

27  / / / / /

28

S, GOLIA &
CH, LLP
larney Street
rst Floor
po, CA 92110
) 283-7000

3

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

III

THE PROPOSED AMENDMENTS

As noted above, plaintiff Loera seeks to amend his complaint in order to add additional named plaintiffs and two new causes of action.[1]

The additional named plaintiffs are members of the same class of individuals as plaintiff Loera. Those additional plaintiffs are: Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield, and Guillermo Fernandez. ([Proposed] Second Amended Complaint, ¶¶ 3-10.) As a result of the addition of eight plaintiffs, there are changes to the language to incorporate the plural forms of words, such as amending "Plaintiff and Class members" to "Plaintiffs and Class members."

The first additional cause of action is listed in the Second Amended Complaint as Plaintiffs' third cause of action. This claim alleges that, for those security guards who have worked more than eight hours in a workday, Akal failed to pay the required overtime premium pay. ([Proposed] Second Amended Complaint, ¶¶ 43-47.) Because it appears that not all Class members have worked overtime, this claim is brought on behalf of a Subclass consisting of all security guards "who worked over eight hours in one or more workdays without receiving overtime premium pay for all time over eight hours worked on those days." ([Proposed] Second Amended Complaint, ¶ 15.)

The second additional cause of action is listed in the Second Amended Complaint as Plaintiff's fourth cause of action. This claim alleges Akal is liable for waiting time penalties under Labor Code section 203. ([Proposed] Second Amended Complaint, ¶¶ 48-53.) Because section 203 penalties apply only to employees who have stopped working, this claim is brought on behalf of a second Subclass consisting of those security guards who left, or were terminated from their employment at the Detention Center during the Class Period. ([Proposed] Second Amended Complaint, ¶ 16.)

---

[1] The proposed second amended complaint accompanies this motion. For ease of reference, a copy with the changes tracked is attached to the declaration of Bernard F. King III as Exhibit "1."

ARKS, GOLIA &
FINCH, LLP
10 Horney Street
First Floor
Diego, CA 92110
319) 293-7000

4

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Page 000033

Exhibit 3

1  The addition eight new plaintiffs and two new causes of action also required

2  amendments to the class action, UCL, and Labor Code section 2699 allegations. ([Proposed]

3  Second Amended Complaint, ¶ ¶14-35; ¶ 56; ¶69.) Accordingly, the Prayer for Relief, also is

4  amended to reflect the above mentioned changes reflected in the Second Amended Complaint.

5  ([Proposed] Second Amended Complaint, pp.15-17.)

6                                          IV

7            LEAVE TO MAKE THIS AMENDMENT SHOULD
8            BE GRANTED BECAUSE NO PREJUDICE WILL RESULT

9       A.    Amendment Is Liberally Permitted

10      Code of Civil Procedure section 576 gives the court wide latitude to allow a party to

11  amend its pleading. It provides in pertinent part:

12      Any judge, at any time before or after commencement of trial, in the furtherance
        of justice, and upon such terms as may be proper, may allow the amendment of
13      any pleading or pretrial conference order.

14  (Code Civ. Proc., § 576.)

15      Similarly, Code of Civil Procedure section 473, subdivision (a)(1), authorizes a court to

16  allow a party to amend its complaint to add a new plaintiff or defendant.

17      The court may, in furtherance of justice, and on any terms as may be proper,
        allow a party to amend any pleading or proceeding by adding or striking out the
18      name of any party, or by correcting a mistake in the name of a party, or a
        mistake in any other respect; and may, upon like terms, enlarge the time for
19      answer or demurrer. The court may likewise, in its discretion, after notice to the
        adverse party, allow, upon any terms as may be just, an amendment to any
20      pleading or proceeding in other particulars; and may upon like terms allow an
        answer to be made after the time limited by this code.
21

22  (Code Civ. Proc., § 473, subd. (a)(1).) (emphasis added)

23      Requests for leave to amend are liberally granted. (See *Nestle v. Santa Monica* (1972)

24  6 Cal.3d 920, 939; *Board of Trustees of Leland Stanford Jr. University v. Super. Ct.* (2007) 149

25  Cal. App. 4th 1154, 1163; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596.) The policy

26  favoring amendment is so strong that requests are rarely denied:

27  / / / / /

28

.RKS, GOLIA &
FINCH, LLP
0 Harney Street
First Floor
Diego, CA 92110
19) 293-7000

5

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

"[W]hile a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court...it is a rare case in which a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.... If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and when the refusal also results in a party being deprived of the right to assert a meritorious cause of action or meritorious defense, it is not only error, but an abuse of discretion."

(*Calif. Cas. Gen. Ins. Co. v. Sup. Ct.* (1985) 173 Cal.App.3d 274, 278; *Morgan v. Sup. Ct.* (1959) 172 Cal.App.2d 527, 530.)

Here, plaintiff seeks to amend the complaint to add (1) two new causes of action, and (2) eight additional plaintiffs. As the additional plaintiffs are similarly situated members of the proposed Class, the complaint may be amended to add them as Class representatives. (See *Shapell Industries, Inc. v. Superior Court* (2005) 132 Cal.App.4th 1101, 1107-1112 [trial court properly granted leave to amend complaint to include additional class representative.].) Accordingly, the court has authority to grant the proposed amendments. (See e.g., *Kittredge Sports Co. v. Superior Court (Marker, U.S.A.)* (1989) 213 Cal.App.3d 1045.)

B.     Plaintiff Acted Diligently In Seeking Leave To Amend

As noted above, the facts giving rise to the proposed amendments were discovered only after completion of the court ordered opt-out process in August 2007. Prior to that time, plaintiff's counsel had not spoken with, or even known of, the eight additional plaintiffs. By the same token, the claims for overtime pay and waiting time penalties were not discovered until plaintiff's counsel spoke with the myriad of Class members who inquired about the case. Once informed of these additional plaintiffs and claims, plaintiff's counsel acted diligently in drafting the proposed second amended complaint and bringing this matter before the court.

C.     The Proposed Amendments Will Not Prejudice Akal

Akal will suffer no prejudice from this amendment, because a trial date has not yet been set. Moreover, the discovery process is ongoing and Akal will have ample opportunity to conduct discovery with regards to the amendments. Thus, because there is ample time before trial for Akal to investigate these claims, there is no prejudice to Akal in allowing plaintiff to amend his complaint to add the eight new plaintiffs and the two new causes of action.

.RKS, GOLIA &
FINCH, LLP
0 Harney Street
First Floor
Diego, CA 92110
19) 293-7000

**Page 000035**
**Exhibit 3**

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

V

CONCLUSION

Based on the foregoing, plaintiff respectfully requests leave to file the second amended complaint and that the concurrently filed [Proposed] Second Amended Complaint be deemed the amended pleading, filed and served on Akal on the date this motion is granted.

DATED: November 20, 2007

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
    JASON R. THORNTON
    BERNARD F. KING III
    Attorneys for Plaintiff David Loera

974.002/BK933.am

7

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Page 000036
Exhibit 3

S. GOLIA &
CH, LLP
arney Street
st Floor
go, CA 92110
-293-7000

JASON R. T.. .NTON, SBN 185637
BERNARD F. KING III, SBN 232511
MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3900 HARNEY STREET - FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE (619) 293-7000
FACSIMILE (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
NICHOLAS & BUTLER, LLP
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE (619) 325-0492
FACSIMILE (619) 325-0496



NOV 21 2007

SUPERIOR COURT
IMPERIAL COUNTY
JOSE M. GUILLEN, CLERK
BY IRMA DE LA ROSA
DEPUTY

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br> Defendants. | CASE NO: ECU03022 <br><br> DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT <br><br> Assigned to: <br> Hon. Christopher W. Yeager, Dept. 7 <br><br> Date:  December 18, 2008 <br> Time:  8:30 a.m. <br> Dept.: 7 <br><br> Complaint Filed:    April 27, 2006 <br> Trial Date:         Not Set |

I, Bernard F. King III, declare as follows:

1.     I am an attorney admitted to practice before this court and all courts of the State of California and am an associate in the law firm of Marks, Golia & Finch, LLP, counsel of record for plaintiff David Loera.  Unless otherwise stated, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify to their accuracy.

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Page 000037
Exhibit 3

2.    Plaintiff originally filed his complaint against defendant Akal Security, Inc. ("Akal"), on April 27, 2006, alleging causes of action for failure to pay premium wages for lost meal breaks, failure to pay premium wages for missed rest breaks, violations of provisions of the UCL, and penalties under Labor Code, section 2699.

3.    Plaintiff filed his first amended complaint on June 28, 2006.

4.    On June 13, 3007, this court entered its order granting Plaintiff's motion to compel discovery and ordered Akal to produce various categories of documents and provide further discovery responses regarding the Class members.

5.    The court's June 13, 2007, order also required Akal to engage in an "opt out" procedure that would provide the Class members with notice of the disclosure and would give them an opportunity to object.

6.    Prior to the opt out process plaintiff's counsel was unaware of the additional eight plaintiffs, who are named in the Second Amended Complaint, ("Additional Named Plaintiffs") and their interest in serving as Class representatives.

7.    Following the opt out, which was concluded on or about July 31, 2007, Class members began contacting our office with inquiries about the case. Their support for this case was overwhelming, and many Class members asked to join the action as additional Class representatives.

8.    In September and October 2007, co-counsel and I met with several individuals and evaluated their ability to serve as adequate Class representatives.

9.    Thereafter, the Additional Named Plaintiffs entered into contracts for legal services with counsel.

10.    Approval of the Second Amended Complaint from plaintiff and the Additional Named Plaintiffs has only recently been obtained. Attached hereto as Exhibit "1" is a copy of the Proposed Second Amended Complaint with the changes tracked.

/ / / / /

2

GOLIA &
H, LLF
ney Sireet
Floor
CA 92110
93-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Page 000038
Exhibit 3

11.    Neither I, nor co-counsel, knew of any cause of action for failure to pay premium wages for overtime until the Additional Named Plaintiffs were discovered and Akal belatedly began producing documents, in October 2007.

12.    Neither I, nor co-counsel, knew of any class member with a cause of action for waiting time penalties until the Additional Named Plaintiffs spoke with us about the case. Prior to speaking with these individuals, this claim was not raised because plaintiff Loera has remained at his job continuously throughout the Class period.

13.    Akal will suffer no prejudice from this amendment, because a trial date has not yet been set and the parties are still engaging in discovery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed this 20th day of November 2007, in San Diego, California.

BERNARD F. KING III

974.002/BK934.am

3

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Exhibit 3

GOLIA &
H, LLP
rney Street
: Floor
. CA 92110
93-7000

Exhibit "1"

Page 000040
Exhibit 3

ABBOT THORNTON, BAR 168897
BERNARD KING III, BAR 235818

MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3900 HARNEY STREET - FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2835
TELEPHONE (619) 283-7000
FACSIMILE (619) 283-7002

MATTHEW E BUTLER, BAR 204374
NICHOLAS & BUTLER, LLP
225 BROADWAY, 16TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE (619) 325-0492
FACSIMILE (619) 325-0496

Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| DAVID LOERA, PAUL SONICO, LUIS MARTINEZ, LEO CUEN, SEAN ACUNA, ALBERT RUBIO, JAMES BARKER, ANDREW STANFIELD, GUILLERMO FERNANDEZ for themselves and on behalf of all others similarly situated and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br> Defendants. | CASE NO: ECU03022 <br><br> [PROPOSED] SECOND AMENDED COMPLAINT FOR: <br><br> (1)  FAILURE TO PAY MEAL PERIOD PREMIUM PAY; <br> (2)  FAILURE TO PAY REST BREAK PREMIUM PAY; <br> (3)  FAILURE TO PAY OVERTIME PREMIUM PAY; <br> (4)  WAITING-TIME PENALTIES UNDER LABOR CODE SECTION 203; <br> (5)  VIOLATIONS OF THE UCL; AND <br> (6)  PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 2699 <br><br> [PLAINTIFF DEMANDS TRIAL BY JURY] <br><br> Assigned to: <br> Hon. Christopher W. Yeager, Dept. 1 <br><br> Complaint Filed:    April 27, 2006 <br> Trial Date:    Not Set |

SECOND AMENDED COMPLAINT

Page 000041
Exhibit 3

I

## INTRODUCTION

The public policy of California declares:

> It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

II

## GENERAL ALLEGATIONS

1.    Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2.    Plaintiff David Loera is, and at all times mentioned was, an individual residing and working in the State of California.

3.    Plaintiff Paul Sonico is, and at all times mentioned was, an individual residing and working in the State of California.

4.    Plaintiff Luis Martinez is, and at all times mentioned was, an individual residing and working in the State of California.

5.    Plaintiff Leo Cuen is, and at all times mentioned was, an individual residing and working in the State of California.

6.    Plaintiff Sean Acuna is, and at all times mentioned was, an individual residing and working in the State of California.

7.    Plaintiff Albert Rubio is, and at all times mentioned was, an individual residing

2

SECOND AMENDED COMPLAINT

Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed
Field Code Changed

1   and working in the State of California.

2       8.      Plaintiff James Barker is. and at all times mentioned was. an individual residing

3   and working in the State of California.

4       9.      Plaintiff Andrew Stanfield is. and at all times mentioned was. an individual

5   residing and working in the State of California.

6       10.     Plaintiff Guillermo Femandez is. and at all times mentioned was. an individual

7   residing and working in the State of California

8       11.     Plaintiffs- are informed and believe.defendant Akal Security. Inc. ("Akal") is.

9   and at all times mentioned was. a corporation organized and existing under and by virtue of the

10  laws of the State of New Mexico, and doing business in the County of Imperial, State of

11  California.

12      12.     Plaintiffs do not know the true names and capacities of defendants sued as

13  DOES 1 through 100. inclusive, and therefore sue them by fictitious names.  Plaintiffs are

14  informed and believe DOES 1 through 100. inclusive, are in some way responsible for the

15  events and Plaintiffs' damages described in this complaint.  Plaintiffs will seek leave to amend

16  this complaint when the true names and capacities of these defendants have been ascertained.

III

JURISDICTION

17
18
19      13.     This Court has jurisdiction over this action for damages, restitution. injunctive

20  relief and penalties pursuant to. among other provisions. California Labor Code sections 203.

21  226.7. 510. 512. 558. 1194 and 2698, et seq.. IWC Wage Order No. 4 and California unfair

22  competition laws ("UCL"), set forth in sections 17203 and 17205 of the California Business &

23  Professions Code.

IV

CLASS ALLEGATIONS

24
25
26      14.     ~~Plaintiff's~~ Plaintiffs' causes of action are brought and may properly be

27  maintained as a class action pursuant to the provisions of California Code of Civil Procedure

28

3

S. GOLD, A.
'CH. LLE
BFM9 Sbee'
11 Foar
PA. CA. 62114
283-7035

section 382. Plaintiff~ bring~ this action on behalf of ~~himself~~ themselves and all members of

the Class ("the Class"). The Class that Plaintiff~ represents is defined as follows:  all current

and former ~~prison~~ security guards who worked for Akal, or its predecessor, at the Department

of Homeland Security ~~Immigration Detention Center~~ facility formally referred to as the

~~Immigration and Customs Enforcement~~ Service Processing Center in Imperial County (the

~~Detention Center~~), during the period April 15, 2002 to the present (the "Class Period").

Plaintiff~ bring~ no claims under federal law.  On information and belief, more than two-thirds

(2/3) of the Class members are, when this action was filed and continuing to date, residents of

the state of California, and, at the very least, more than one-third (1/3) of the Class members

are residents of the State of California.

15.    Plaintiffs Loera, Sonico, Martinez, Cuen, Acuna, Rubio, Barker, Stanfield and

Fernandez ("Subclass I plaintiffs") bring additional claims on behalf of themselves and a

Subclass ("Subclass I").  Subclass I is defined as follows: all current and former security

guards who worked for Akal, or its predecessor, at the Detention Center at any time during the

Class Period and who worked over eight hours in one or more workdays without receiving

overtime premium pay for all time over eight hours worked on those days.  Subclass I plaintiffs

and all Subclass I members are concurrently members of the Class.  Subclass I plaintiffs bring

no claims under federal law.  On information and belief, more than two-thirds (2/3) of Subclass

I members are, when this action was filed and continuing to date, residents of the state of

California, and at the very least, more than one-third (1/3) of Subclass I members are residents

of the state of California.

16.    Plaintiff Rubio ("Subclass II plaintiff"), brings additional claims on behalf of

himself and a second Subclass ("Subclass II").  Subclass II is defined as follows:  all current

and former security guards who worked for Akal, or its predecessor, at the Detention Center at

any time during the Class Period and left, or were terminated from, their employment with

Akal, or its predecessor, during the Class Period.  Subclass II plaintiff and all Subclass II

members are concurrently members of the Class.  Subclass II plaintiff brings no claims under

4

AKE, GOLD & RICH, LLP
Imperary Street
East Floor
~~ego~~, CA 92110
(6) 293-7000

Page 000044
Exhibit 3

1    certa. law. On information and belief, more than two-thirds (2/3) of Subclass II members are,

2    when this action was filed and continuing to date, residents of the state of California, and at the

3    very least, more than one-third (1/3) of Subclass II members are residents of the state of

4    California.

5        17. The members of the Class, Subclass I, and Subclass II for whose benefit the

6    action is brought are so numerous that joinder of all class members is impracticable.

7    Plaintiffs believes that there are over _____ _____ members of the Class, over 200

8    members of Subclass I, and over 75 members of Subclass II, although the exact numbers of

9    individual members of the Class, Subclass I, and Subclass II are presently unknown, and can

10   only be ascertained through appropriate discovery. The identities of all Class, Subclass I, and

11   Subclass II Class members can be readily ascertained by reference to Akal's records.

12       18. Plaintiffs' claims are typical of the claims of Class members, because Plaintiffs

13   and each member of the Class worked for Akal without being provided the required meal

14   periods and rest breaks as mandated by California law, and were subjected uniformly to other

15   unlawful conduct by Akal.

16       17. 19. There are questions of fact and law common to the Class that predominate over

17   any questions affecting only individual Class members.

18       14. 20. Among the questions of fact common to the Class are the following:

19       a.    whether Class members were compelled to work for periods of five or

20             more consecutive hours without having at least a one half hour break for

21             meals and without receiving the required premium pay;

22       b.    whether Class members were compelled to work for periods of four or

23             more consecutive hours without having at least a one ten minute rest

24             period and without receiving the required premium pay; and

25       c.    whether Akal has failed to keep proper records for the Class members

26             working hours; and

27       d.    whether Akal has failed to provide the Class members with wage

28

5

Page 000045
Exhibit 3

1  deduction statements that accurately reflect the gross and net wages

2  earned for each pay period.

3  ....  Subclass I plaintiffs' claims are typical of the claims of Subclass I members,

4  because Subclass I plaintiffs and each member of Subclass I, worked over eight hours in one or

5  more workdays and was not paid overtime premium pay for the time over eight hours worked

6  on those days.

7  22.  There are also questions of fact and law common to Subclass I that predominate

8  over any questions affecting only individual Subclass I members.

9  23.  Among the questions of fact common to Subclass I are the following:

10  a.  whether Akal maintains a policy of not paying overtime premium pay

11  for work performed in excess of eight hours in a workday in violation of

12  California law; and

13  b.  whether Akal failed to pay Subclass I members overtime premium pay

14  for work performed in excess of eight hours in a workday.

15  20. Plaintiff's claims are typical of the claims of Class members, because Plaintiff and

16  each member of the Class worked for Akal without being provided with the required meal

17  periods and rest breaks as mandated by California law, and were subjected uniformly to other

18  unlawful conduct by Akal.

19  24.  Subclass II plaintiffs' claims are typical of the claims of Subclass II members,

20  because Subclass II plaintiff, and each member of Subclass II, were not properly paid their

21  ~~... ...~~

22  ~~... worked over eight hours in one or more...  ...when reflecting overtime premium~~

23  ~~pay for the time over eight hours worked on those days.~~

24  25.  There are likewise questions of fact and law common to Subclass II that

25  predominate over any questions affecting only individual Subclass II members.

26  26.  Among the questions of fact common to Subclass II are the following:

27  a.  whether Akal failed to pay Subclass II members their earned and unpaid

28

6

Formatted: Bullets and Numbering

Formatted: PleadingText, Indent: Left: 1", Hanging: 0.5"

Formatted: Bullets and Numbering

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 0.75" + Indent at: 0", Tab stops: Not at

Formatted: Bullets and Numbering

Formatted: PleadingText, Indent: Left: 1", Hanging: 0.5"

wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit; and

i.    whether Akal failed to pay Subclass II members their earned and unpaid wages within 30 days from the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit.

~~24.Plaintiff's claims are typical of the claims of Class members, because Plaintiff and each member of the Class worked for Akal without being provided with the required meal periods and rest breaks as mandated by California law, and were subjected uniformly to other unlawful conduct by Akal.~~

~~25.~~Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff is are committed to the vigorous prosecution of this action. Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff plaintiff has ve no unique claims, has have no conflicts of interest with other Class members. Subclass I members or Subclass II members and has have retained competent counsel experienced in the prosecution of Class actions. Accordingly, Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff Plaintiff is are an adequate representatives of the Class, Subclass I and Subclass II and will fairly and adequately protect the interests of the Class, Subclass I and Subclass II.

~~--~~

~~26.~~ A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. In light of the amount of damage suffered by individual Class, Subclass I and Subclass II Class members, individual actions by Class, Subclass I and Subclass II Class members are impracticable and a class action is the only practicable method by which the Class, Subclass I and Subclass II Class members can achieve redress from Akal and prevent Akal from retaining millions of dollars of its ill-gotten gains. Individual actions would present a risk of inconsistent adjudications, even though each Class, Subclass I and Subclass II Class

7

SECOND AMENDED COMPLAINT

1  member has an effectively identical claim of right against Akal. Because the Class, Subclass I

2  and Subclass II ~~sub~~ claims can be proven almost entirely through Akal's own documents and

3  witnesses, this case entails no circumstances which will make it difficult to manage as a Class

4  action. Individual damages may be calculated from the information maintained in Akal's

5  records, so that the cost of administering any recovery can be minimized.

6      ~~2.~~29. This action may also be maintained as a class action because:

7          a.    the prosecution of separate actions by or against individual members of

8                the Class, Subclass I and Subclass II ~~class~~ would create a risk of:

9                i.    inconsistent or varying adjudications with respect to individual

10                     members of the Class, Subclass I and Subclass II ~~class~~ which

11                     would establish incompatible standards of conduct for the party

12                     opposing the Class, Subclass I and Subclass II ~~class~~, or

13                ii.   adjudications with respect to individual members of the Class,

14                     Subclass I and Subclass II ~~class~~ which would as a practical matter

15                     be dispositive of the interests of the other members not parties to

16                     the adjudications or substantially impair or impede their ability

17                     to protect their interests; or

18          ~~c.~~b.    the party opposing the Class, Subclass I and Subclass II ~~class~~ has acted

19                or refused to act on grounds generally applicable to the Class, Subclass I

20                and Subclass II ~~class~~, thereby making appropriate final injunctive relief

21                or corresponding declaratory relief with respect to the Class, Subclass I

22                and Subclass II ~~class~~ as a whole.

23      ~~25.~~30. ~~Plaintiff and Class members~~Plaintiffs and Class members work or have worked

24  as security guards for Akal during the Class Period, at the Detention Center in El Centro,

25  California.

26      ~~26.~~31. During the Class Period, ~~Plaintiff and Class members~~plaintiffs and Class

27  members were required by Akal to work for continuous periods of five hours or greater

28

8

RICE, GOLIA &
RILICH, LLP
1 Kearny Street
First Floor
Napa, CA 92116
(619) 233-7000

Formatted: Indent: Left: 1", Hanging: 0.5", Numbered + Level: 1 + Numbering Style: a, b, c, ... + Start at: 2 + Alignment: Left + Aligned at: 1" + Tab after: 1.25" + Indent at: 1.25", Tab stops: Not at 1.25"

Formatted: Bullets and Numbering

1  without having at least a one-half hour meal break in compliance with, and as mandated by, the

2  California Labor Code and IWC Wage Order No. 4.  Despite having denied ~~Plaintiff and Class~~

3  ~~member or~~plaintiffs and Class members of these meal breaks, Akal failed to compensate

4  ~~Plaintiff and Class member or~~plaintiffs and Class member with the requisite premium pay as set

5  forth in the California Labor Code.

6       ~~22.~~ 23. During the Class Period, ~~Plaintiff and Class member~~plaintiffs and Class

7  members were required by Akal to work for continuous periods of four hours or greater

8  without having at least a ten minute rest period in compliance with, and as mandated by, the

9  California Labor Code and IWC Wage Order No. 4.  Despite having denied ~~Plaintiff and Class~~

10 ~~member~~plaintiffs and Class members of these rest periods, Akal failed to compensate the

11 ~~Plaintiff and Class members~~plaintiffs and Class members with the requisite premium pay as set

12 forth in the California Labor Code.

13       During the Class Period, Subclass I plaintiffs and Subclass I members each

14 worked in excess of eight hours in one or more workdays.  In violation of the California Labor

15 Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the

16 full amount of overtime premium pay for their work on these days.

17       ___ During the ___ Period, Subclass II plaintiff and each Subclass II

18 member left, or was terminated from, his or her employment with Akal during the Class

19 Period.  At the time that Subclass II plaintiff and Subclass II members left, or were terminated

20 from their employment, they had not been paid the full amount of wages they had earned

21 during their employment.  In violation of the California Labor Code, Akal failed to pay

22 Subclass II plaintiff and Subclass II members their earned and unpaid wages at the time of

23 discharge or, for those Subclass II members who voluntarily left their employment, within 72

24 hours from the time they gave notice of their intention to quit.

25       ~~24.~~25. During ~~the Class Period the Class Period~~, plaintiffs are informed and believe

26 Akal failed to provide ~~Plaintiff and Class members~~Plaintiffs and Class members with accurate

27 wage deduction statements showing the ~~actual hours worked and wage earned, gross and net~~

Formatted: Bullets and Numbering

9

Page 000049
Exhibit 3

1    ~~Plaintiff and Class members~~ Plaintiffs and Class members.

2                        FIRST CAUSE OF ACTION

3                    (Failure to Pay Meal Period Premium Pay—

4    On behalf of ~~Plaintiff and Class Members~~ Plaintiff and Class member Against Akal and
                        DOES 1 through 100)

5

6        ~~31.~~ 36. Plaintiffs incorporates by reference each and every allegation contained in

7    Paragraphs 1 through ~~31~~ 35 above.

8        ~~32.~~ California law requires an employer to pay an additional one hour of compensation

9    for each meal period the employer fails to provide.  Employees are entitled to an uninterrupted

10   meal period, during which employees are relieved of all duties, of at least thirty minutes for

11   each five-hour work period.  ~~Plaintiff and Class members~~ Plaintiffs and Class members have

12   consistently worked over five hours in a workday without a meal period.

13       37.

14       ~~33.~~ 38. Defendant failed to provide ~~Plaintiff and Class members~~ Plaintiffs and Class

15   members with timely meal breaks of not less than thirty minutes for each five-hour period

16   worked as required by California law.

17       ~~34.~~ 39. ~~Plaintiff and Class members~~ Plaintiffs and Class members are entitled to recover

18   an amount equal to one hour of wages per missed meal break, interest, applicable penalties,

19   attorneys' fees and costs.

20                        SECOND CAUSE OF ACTION

21                    (Failure to Pay Rest Break Premium Pay—

22   On behalf of ~~Plaintiff and Class Members~~ Plaintiffs and Class members Against Akal and
                        DOES 1 through 100)

23       ~~35.~~ 40. Plaintiffs incorporates by reference each and every allegation contained in

24   Paragraphs 1 through ~~29~~ 39, 13 above.

25       ~~36.~~ 41.  California law requires an employer to pay an additional one hour of

26   compensation for each rest period the employer fails to provide.  Employees are entitled to a

27   paid ten minute rest break for every four hour period worked.  ~~Plaintiff and Class~~

28

                                    10

RICE GOCH LL.
TRICH, LLP
Pretineo Street
Pasa Robles
wago, CA 92115
(619) 23-7005

Formatted: Bullets and Numbering

Formatted: Auto Para Numbering

Formatted: Bullets and Numbering

Formatted: Bullets and Numbering

Page 000050
Exhibit 3

1    ~~the same.~~ Plaintiffs and Class member have consistently worked over four hour periods per day

2    with no rest breaks.

3        ~~42.~~ ~~Plaintiff and Class member~~ Plaintiffs and Class member are entitled to recover

4    an amount equal to one hour of wages per missed rest break, interest, applicable penalties,

5    attorneys' fees and costs.

6                    THIRD CAUSE OF ACTION
                 (Failure to Pay Overtime Premium Pay –
7    ~~On behalf of~~ Subclass I plaintiff, and Subclass I ~~members~~ Against Akal and DOES 1
                        through 100)

8

9        ~~43.~~ 43. Subclass I plaintiff, incorporates by reference each and every allegation

10   contained in Paragraphs 1 through 42 above.

11       ~~44.~~ 44. California law requires an employer to pay each employee premium pay at a

12   rate of one and a half times the employee's regular hourly wage for each hour (or fraction

13   thereof) that an employee works in excess of eight hours in a workday.

14       ~~.~~ During the Class Period, Subclass I plaintiffs and Subclass I members each

15   worked in excess of eight hours in one or more workdays.

16       ~~.~~ In violation of the California Labor Code, Akal did not pay, and Subclass I

17   plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for

18   their work on these days.

19       ~~.~~ Subclass I plaintiffs and Subclass I members are entitled to recover the full

20   amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

21                   FOURTH CAUSE OF ACTION
              (Recovery of Waiting-Time Penalties [Labor Code, § 203] –
22   On behalf of Subclass II plaintiff, and Subclass II members Against Akal and DOES 1 through
                        100)

23

24       48. Subclass II plaintiff, incorporate by reference each and every allegation

25   contained in Paragraphs 1 through 47 above.

26       49. Pursuant to Labor Code section 201, "[i]f an employer discharges an employee,

27   the wages earned and unpaid at the time of discharge are due and payable immediately."

28

    E. OCHOA &
    CHU, LLP
    Main Street
    11 Floor
    a, CA 92110
    293-7000
                                11

    ~~.~~ SECOND AMENDED COMPLAINT

Formatted: Bullets and Numbering

Formatted: Bullets and Numbering

50. Pursuant to Labor Code, section 202, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due, and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

51. ____ failed to pay the earned and unpaid wages of all Subclass II plaintiffs and Subclass II members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

52. Pursuant to Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Section: 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

53. Accordingly, Subclass II plaintiffs and Subclass II members are entitled to recover waiting-time penalties under Labor Code section 203 in an amount equal to 30 times the daily wage of each Subclass II plaintiff and Subclass II member.

FIFTH CAUSE OF ACTION

(Violations of the UCL – On behalf of ~~Plaintiff and Class Members~~Plaintiffs and Class member
Against Akal and DOES 1 through 100)

~~44.~~54. Plaintiff₂ incorporates each and every allegation contained in Paragraphs 1 through ~~32~~53 above.

~~44.~~55. The UCL prohibits business practices which are "unlawful."

~~44.~~56. Akal has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to:

12

SECOND AMENDED COMPLAINT

RICE, GLOUA [...]
FRICH, LLP
2 Hanney Street
First Floor
[...], CA 92116
(16) 260-7000

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after 0.75" + Indent at: 0", Tab stops: Not at

Formatted: Bullets and Numbering

a.   Compelling ~~Plaintiff and Class members~~plaintiffs and Class members to work for periods of five or more consecutive hours without having at least a one half hour break for meals;

b.   Compelling ~~Plaintiff and Class members~~plaintiffs and Class members to work for periods of four or more consecutive hours without having at least a one ten minute rest period;

c.   Failing to pay plaintiffs and Class members their premium wages earned while working without the legally mandated meal and rest breaks;

d.   Failing to pay Subclass I plaintiffs and Subclass I members the full amount of premium wages earned during workdays in excess of eight hours;

e.   Failing to pay Subclass II plaintiffs and Subclass II members the full amount of their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit;

f.   Failing to provide accurate and itemized wage statements required under California law;

g.   Failing to prepare and maintain all records required under California law; and

h.   Failing to post required notices at the workplace.

~~46.~~57.   The unlawful business practices described above have proximately caused monetary damages to ~~Plaintiff and Class Members~~plaintiffs and Class members and to the general public.

~~47.~~58.   Pursuant to the UCL, ~~Plaintiff and Class members~~plaintiffs and Class members are entitled to restitution of money or property acquired by Akal by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

~~48.~~59.   Pursuant to the UCL, plaintiffs, Class members and the general public are

13

Page 000053
Exhibit 3

Formatted: Bullets and Numbering

entitled to injunctive relief against Akal's ongoing continuation of such unlawful business
practices.

    ~~41.66.~~ If an injunction does not issue enjoining Akal from engaging in the unlawful
business practices described above, ~~Plaintiff and Class Members~~plaintiffs and Class members
and the general public will be irreparably injured, the exact extent, nature and amount of such
injury being impossible to ascertain.

    ~~50.~~ Plaintiffs have no plain, speedy, and adequate remedy at law.

    ~~51.62.~~ Akal, if not enjoined by this Court, will continue to engage in the unlawful
business practices described above in violation of the UCL, in derogation of the rights of
~~Plaintiff and Class Members~~plaintiffs and Class members and of the general public.

    ~~52.63.~~ Plaintiff~~s'~~ success in this action will result in the enforcement of important
rights affecting the public interest by conferring a significant benefit upon the general public.

    ~~53.64.~~ Private enforcement of these rights is necessary as no public agency has pursued
their enforcement. There is a financial burden incurred in pursuing this action, and it would be
against the interests of justice to require the payment of attorneys' fees from any recovery in
this action.

    ~~54.65.~~ ~~Plaintiff and Class members~~Plaintiffs and Class members are therefore entitled
to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure
section 1021.5.

~~FOURTH~~ ~~FIFTH~~ CAUSE OF ACTION

    (Penalties Under California Labor Code Section 2699 – On behalf of ~~Plaintiff and Class~~
    ~~Members~~Plaintiffs and Class members Against Akal and DOES 1 through 100)

    ~~55.66.~~ Plaintiffs incorporates each and every allegation contained in Paragraphs 1
through ~~44~~-65 above.

    ~~56.67.~~ On April 7, 2006, counsel for plaintiff sent letters to the California Labor and
Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

    ~~57. On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and~~

Formatted: Bullets and Numbering

14

~~Provisions for Prohibition Against Labor Task Pursuant to California Labor Code section 2698.3.~~

5.4.0. Counsel for plaintiff~~s~~ ha~~s~~ have received written notice from the California Labor and Workforce Development Agency stating that it does not intend to investigate the violations set forth in the April __, 200__ letter. Pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), plaintiff~~ is~~ are entitled to commence this action for penalties.

5.4.6.0. As a result of the acts alleged above, plaintiff~~s~~ seeks penalties under California Labor Code section 2699 because of Akal's violation of numerous provisions of the California Labor Code including, but not limited to, the following: Labor Code, §§ 201, 202, 203, 204, 207, 208, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1198, 1199 and the provisions of Industrial Welfare Commission Wage Order No. 4.

6.4.7.0. Pursuant to California Labor Code section 2699, plaintiff~~s is~~ are entitled to be awarded twenty-five (25 %) percent of all penalties due under California law, in addition to interest, attorneys' fees and costs.

7. The Court should award seventy-five (75 %) percent of the penalties due under California law to the State of California.

PRAYER

WHEREFORE, Plaintiff~~s~~ and ~~the~~ Class members pray for judgment against Akal, as follows:

FOR THE FIRST CAUSE OF ACTION:

1.    For an order certifying the ~~case~~ Class and appointing ~~Plaintiff and his~~ Plaintiffs and their counsel to represent the Class;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

15

SECOND AMENDED COMPLAINT

KB, GIGLIA &
ECH, LLP
Harkins Street
4th Floor
>gi, CA 92111
(260-7000)

Page 000055
Exhibit 3

Formatted: Auto Para Numbering

6.     For reasonable attorneys' fees.

FOR THE SECOND CAUSE OF ACTION:

1.     For an order certifying the Class and appointing ~~Plaintiff and his~~ Plaintiffs and their counsel to represent the Class;

2.     For compensatory damages according to proof;

3.     For enhanced damages and penalties as permitted under California law;

4.     For pre-judgment interest;

5.     For costs of suit; and

6.     For reasonable attorneys' fees.

FOR THE THIRD CAUSE OF ACTION:

1.     For an order certifying Subclass I and appointing Subclass I plaintiffs and their counsel to represent Subclass I;

2.     For compensatory damages according to proof;

3.     For enhanced damages and penalties as permitted under California law;

4.     For pre-judgment interest;

5.     For costs of suit; and

6.     For reasonable attorneys' fees.

FOR THE FOURTH CAUSE OF ACTION:

1.     For an order certifying Subclass II and appointing Subclass II plaintiff and his counsel to represent Subclass II;

2.     For waiting-time penalties pursuant to Labor Code section 203;

3.     For pre-judgment interest;

4.     For costs of suit; and

5.     For reasonable attorneys' fees.

FOR THE FIFTH CAUSE OF ACTION:

1.     For an order certifying the Class and appointing ~~plaintiffs~~ Plaintiffs and their counsel to represent the Class;

16

SECOND AMENDED COMPLAINT

K&L GATES &
HERU, LLP
Harbor Street
4th Floor
San. CA 92110
(2 262-7660

Formatted: Not All caps

2.    For disgorgement of all monies which Akal has illegally gained;

3.    For restitution according to proof at trial;

4.    For an order enjoining Akal from any further acts and practices which violate the UCL; and

5.    For attorneys' fees and costs.

FOR THE ~~THIRTEENTH~~ SIXTH CAUSE OF ACTION:

1.    For penalties as permitted under California law;

2.    For prejudgment interest;

3.    For costs of suit; and

4.    For reasonable attorneys' fees.

ON ALL CAUSES OF ACTION:

1.    For reasonable attorneys' fees;

2.    For costs of suit incurred herein;

3.    For such other and further relief as this Court may deem just and proper; and

4.    For interest on all monies due.

DATED: November 20, 2007

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
JASON R. THORNTON
BERNARD F. KING III
Attorneys for Plaintiffs David Loera, Paul
Sonico, Luis Martinez, Leo Cuen, Sean
Acuna, Albert Rubio, James Barker, Andrew
Stanfield and Guillermo Fernandez

974.002/BK767.1.am

17

SECOND AMENDED COMPLAINT

11/21/07

1  JASON R. HORNTON, SBN 165837
   BERNARD F. KING III, SEN 232518

2  MARKS. GOLIA & FINCH, LLP
   ATTORNEYS AT LAW
3  3900 HARNEY STREET – FIRST FLOOR
   SAN DIEGO. CALIFORNIA 92110-2825
4  TELEPHONE. (619) 293-7000
   FACSIMILE (619) 293-7362

5  MATTHEW B. BUTLER, SBN 201781

6  NICHOLAS & BUTLER, LLP
   225 BROADWAY 19TH FLOOR
7  SAN DIEGO. CALIFORNIA 92101-5005
   TELEPHONE (619) 325-0492
8  FACSIMILE (619) 325-0496

ENDORSED
NOV 21 2007
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY IRMA DE LA ROSA
DEPUTY

9

10  Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna,
11  Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13               FOR THE COUNTY OF IMPERIAL

14  DAVID LOERA, PAUL SONICO, LUIS        CASE NO: ECU03022
    MARTINEZ, LEO CUEN, SEAN ACUNA,
15  ALBERT RUBIO. JAMES BARKER,          [PROPOSED] SECOND AMENDED
    ANDREW STANFIELD, GUILLERMO          COMPLAINT FOR:
16  FERNANDEZ for themselves and on behalf
    of all others similarly situated and the   (1)   FAILURE TO PAY MEAL PERIOD
17  general public,                                    PREMIUM PAY;
                                          (2)   FAILURE TO PAY REST BREAK
18                                               PREMIUM PAY;
           Plaintiffs,                    (3)   FAILURE TO PAY OVERTIME
19                                               PREMIUM PAY;
    v.                                    (4)   WAITING-TIME PENALTIES
20                                               UNDER LABOR CODE SECTION
    AKAL SECURITY, INC., a corporation;         203;
21  And DOES 1-100, inclusive,            (5)   VIOLATIONS OF THE UCL; AND
                                          (6)   PENALTIES UNDER
22         Defendants.                          CALIFORNIA LABOR CODE
                                                SECTION 2699
23

24                                        [PLAINTIFF DEMANDS TRIAL BY
                                          JURY]
25
                                          Assigned to:
26                                        Hon. Christopher W. Yeager, Dept. 1

27                                        Complaint Filed:    April 27, 2006
                                          Trial Date:         Not Set
28
                                                 Page 000058
    [PROPOSED] SECOND AMENDED COMPLAINT     Exhibit 3

11/21/07

JASON F. THORNTON  SBN 185637
BERNARD F. KING III  SBN 232515
**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3500 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE (619) 293-7000
FACSIMILE (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE (619) 325-0492
FACSIMILE (619) 325-0496

Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, PAUL SONICO, LUIS MARTINEZ, LEO CUEN, SEAN ACUNA, ALBERT RUBIO, JAMES BARKER, ANDREW STANFIELD, GUILLERMO FERNANDEZ for themselves and on behalf of all others similarly situated and the general public.<br><br>Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>Defendants. | CASE NO: ECU03022<br><br>[PROPOSED] SECOND AMENDED COMPLAINT FOR:<br><br>(1) FAILURE TO PAY MEAL PERIOD PREMIUM PAY;<br>(2) FAILURE TO PAY REST BREAK PREMIUM PAY;<br>(3) FAILURE TO PAY OVERTIME PREMIUM PAY;<br>(4) WAITING-TIME PENALTIES UNDER LABOR CODE SECTION 203;<br>(5) VIOLATIONS OF THE UCL; AND<br>(6) PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 2699<br><br>[PLAINTIFF DEMANDS TRIAL BY JURY]<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 1<br><br>Complaint Filed:  April 27, 2006<br>Trial Date:  Not Set |

[PROPOSED] SECOND AMENDED COMPLAINT

Page 000059
Exhibit 3

I

INTRODUCTION

The public policy of California declares:

It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

II

GENERAL ALLEGATIONS

1.    Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2.    Plaintiff David Loera is, and at all times mentioned was, an individual residing and working in the State of California.

3.    Plaintiff Paul Sonico is, and at all times mentioned was, an individual residing and working in the State of California.

4.    Plaintiff Luis Martinez is, and at all times mentioned was, an individual residing and working in the State of California.

5.    Plaintiff Leo Cuen is, and at all times mentioned was, an individual residing and working in the State of California.

6.    Plaintiff Sean Acuna is, and at all times mentioned was, an individual residing and working in the State of California.

7.    Plaintiff Albert Rubio is, and at all times mentioned was, an individual residing and working in the State of California.

RKS, GOLIA & FINCH, LLP
Harney Street
First Floor
Diego, CA 92110
619 263-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Page 000060
Exhibit 3

8.    Plaintiff James Barker is. and at all times mentioned was. an individual residing and working in the State of California.

9.    Plaintiff Andrew Stanfield is. and at all times mentioned was, an individual residing and working in the State of California.

10.    Plaintiff Guillermo Fernandez is. and at all times mentioned was. an individual residing and working in the State of California.

11.    Plaintiffs are informed and believe defendant Akal Security, Inc. ("Akal") is. and at all times mentioned was. a corporation organized and existing under and by virtue of the laws of the State of New Mexico. and doing business in the County of Imperial, State of California.

12.    Plaintiffs do not know the true names and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sue them by fictitious names.  Plaintiffs are informed and believe DOES 1 through 100, inclusive, are in some way responsible for the events and Plaintiffs' damages described in this complaint.  Plaintiffs will seek leave to amend this complaint when the true names and capacities of these defendants have been ascertained.

III

JURISDICTION

13.    This Court has jurisdiction over this action for damages, restitution, injunctive relief and penalties pursuant to. among other provisions. California Labor Code sections 203, 226.7, 510, 512, 558, 1194 and 2698. et seq., IWC Wage Order No. 4 and California unfair competition laws ("UCL"). set forth in sections 17203 and 17205 of the California Business & Professions Code.

IV

CLASS ALLEGATIONS

14.    Plaintiffs' causes of action are brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382. Plaintiffs bring this action on behalf of themselves and all members of the Class ("the Class").

3

KE, GOLIA I.
IMCH, LLP
Harney Street
First Floor
ego, CA 82110
9), 285-7000

**Page 000061**
**Exhibit 3**

1 The Class that Plaintiffs represent is defined as follows: all current and former security guards

2 who worked for Akal, or its predecessor, at the Department of Homeland Security facility

3 formally referred to as the Immigration and Customs Enforcement Service Processing Center

4 in Imperial County (the "Detention Center"), during the period April 15, 2002 to the present

5 (the "Class Period"). Plaintiffs bring no claims under federal law. On information and belief,

6 more than two-thirds (2/3) of the Class members are, when this action was filed and continuing

7 to date, residents of the state of California, and, at the very least, more than one-third (1/3) of

8 the Class members are residents of the State of California.

9   15. Plaintiffs Loera, Sonico, Martinez, Cuen, Acuna, Rubio, Barker, Stanfield and

10 Fernandez ("Subclass I plaintiffs") bring additional claims on behalf of themselves and a

11 Subclass ("Subclass I"). Subclass I is defined as follows: all current and former security

12 guards who worked for Akal, or its predecessor, at the Detention Center at any time during the

13 Class Period and who worked over eight hours in one or more workdays without receiving

14 overtime premium pay for all time over eight hours worked on those days. Subclass I plaintiffs

15 and all Subclass I members are concurrently members of the Class. Subclass I plaintiffs bring

16 no claims under federal law. On information and belief, more than two-thirds (2/3) of Subclass

17 I members are, when this action was filed and continuing to date, residents of the state of

18 California, and at the very least, more than one-third (1/3) of Subclass I members are residents

19 of the state of California.

20   16. Plaintiff Rubio ("Subclass II plaintiff"), brings additional claims on behalf of

21 himself and a second Subclass ("Subclass II"). Subclass II is defined as follows: all current

22 and former security guards who worked for Akal, or its predecessor, at the Detention Center at

23 any time during the Class Period and left, or were terminated from, their employment with

24 Akal, or its predecessor, during the Class Period. Subclass II plaintiff and all Subclass II

25 members are concurrently members of the Class. Subclass II plaintiff brings no claims under

26 federal law. On information and belief, more than two-thirds (2/3) of Subclass II members are,

27 when this action was filed and continuing to date, residents of the state of California, and at the

28

4

RKS, GOLIA &
INCH, LLP
Harney Street
First Floor
Hego, CA 52110
5) 293-7005

[PROPOSED] SECOND AMENDED COMPLAINT

Page 000062
Exhibit 3

1   very least, more than one-third (1/3) of Subclass II members are residents of the state of

2   California.

3        17.    The members of the Class, Subclass I, and Subclass II for whose benefit the

4   action is brought are so numerous that joinder of all Class members is impracticable.  Plaintiffs

5   believe that there are over 300 members of the Class, over 200 members of Subclass I, and

6   over 75 members of Subclass II, although the exact numbers of individual members of the

7   Class, Subclass I, and Subclass II are presently unknown, and can only be ascertained through

8   appropriate discovery.  The identities of all Class, Subclass I, and Subclass II members can be

9   readily ascertained by reference to Akal's records.

10        18.    Plaintiffs' claims are typical of the claims of Class members, because Plaintiffs

11   and each member of the Class worked for Akal without being provided the required meal

12   periods and rest breaks as mandated by California law, and were subjected uniformly to other

13   unlawful conduct by Akal.

14        19.    There are questions of fact and law common to the Class that predominate over

15   any questions affecting only individual Class members.

16        20.    Among the questions of fact common to the Class are the following:

17           a.    whether Class members were compelled to work for periods of five or

18              more consecutive hours without having at least a one half hour break for

19              meals and without receiving the required premium pay;

20           b.    whether Class members were compelled to work for periods of four or

21              more consecutive hours without having at least a one ten minute rest

22              period and without receiving the required premium pay;

23           c.    whether Akal has failed to keep proper records for the Class members

24              working hours; and

25           d.    whether Akal has failed to provide the Class members with wage

26              deduction statements that accurately reflect the gross and net wages

27              earned for each pay period.

28

RKS, GOLIA &
FINCH, LLP
) Harney Street
First Floor
Diego, CA 92110
(51) 263-7000

[PROPOSED] SECOND AMENDED COMPLAINT

21.     Subclass I plaintiffs' claims are typical of the claims of Subclass I members, because Subclass I plaintiffs and each member of Subclass I, worked over eight hours in one or more workdays and was not paid overtime premium pay for the time over eight hours worked on those days.

22.     There are also questions of fact and law common to Subclass I that predominate over any questions affecting only individual Subclass I members.

23.     Among the questions of fact common to Subclass I are the following:

    a.     whether Akal maintains a policy of not paying overtime premium pay for work performed in excess of eight hours in a workday in violation of California law; and

    b.     whether Akal failed to pay Subclass I members overtime premium pay for work performed in excess of eight hours in a workday.

24.     Subclass II plaintiff's claims are typical of the claims of Subclass II members, because Subclass II plaintiff and each member of Subclass II were not promptly paid their earned and unpaid wages at the time they left their employment at the Detention Center..

25.     There are likewise questions of fact and law common to Subclass II that predominate over any questions affecting only individual Subclass II members.

26.     Among the questions of fact common to Subclass II are the following:

    a.     whether Akal failed to pay Subclass II members their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit; and

    b.     whether Akal failed to pay Subclass II members their earned and unpaid wages within 30 days from the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit.

27.     Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff are committed to the

6

E, GOLIA &
CH, LLP
torney Street
rst Floor
go, CA 82110
1253-7000

**Page 000064**
**Exhibit 3**

1  vigorous prosecution of this action. Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff
2  have no unique claims, have no conflicts of interest with other Class members, Subclass I
3  members or Subclass II members and have retained competent counsel experienced in the
4  prosecution of Class actions. Accordingly, Plaintiffs, Subclass I plaintiffs and Subclass II
5  plaintiff are adequate representatives of the Class, Subclass I and Subclass II and will fairly
6  and adequately protect the interests of the Class, Subclass I and Subclass II.

7          28.     A Class action is superior to other available methods for the fair and efficient
8  adjudication of the controversy. In light of the amount of damage suffered by individual Class,
9  Subclass I and Subclass II members, individual actions by Class, Subclass I and Subclass II
10 members are impracticable and a class action is the only practicable method by which the
11 Class, Subclass I and Subclass II members can achieve redress from Akal and prevent Akal
12 from retaining millions of dollars of its ill-gotten gains. Individual actions would present a risk
13 of inconsistent adjudications, even though each Class, Subclass I and Subclass II member has
14 an effectively identical claim of right against Akal. Because the Class, Subclass I and Subclass
15 II claims can be proven almost entirely through Akal's own documents and witnesses, this case
16 entails no circumstances which will make it difficult to manage as a Class action. Individual
17 damages may be calculated from the information maintained in Akal's records, so that the cost
18 of administering any recovery can be minimized.

19         29.     This action may also be maintained as a class action because:
20                 a.      the prosecution of separate actions by or against individual members of
21                         the Class, Subclass I and Subclass II would create a risk of:
22                         i.      inconsistent or varying adjudications with respect to individual
23                                 members of the Class, Subclass I and Subclass II which would
24                                 establish incompatible standards of conduct for the party
25                                 opposing the Class, Subclass I and Subclass II, or
26                         ii.     adjudications with respect to individual members of the Class,
27                                 Subclass I and Subclass II which would as a practical matter be

28

RKS GOLIA &
FINCH, LLP
3 Harney Street
First Floor
Diego, CA 92110
(6) 263-7000

[PROPOSED] SECOND AMENDED COMPLAINT

**Page 000065**
**Exhibit 3**

dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests: or

b.    the party opposing the Class. Subclass I and Subclass II has acted or refused to act on grounds generally applicable to the Class. Subclass I and Subclass II, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class, Subclass I and Subclass II as a whole.

30.    Plaintiffs and Class members work or have worked as security guards for Akal during the Class Period, at the Detention Center in El Centro, California.

31.    During the Class Period, plaintiffs and Class members were required by Akal to work for continuous periods of five hours or greater without having at least a one-half hour meal break in compliance with, and as mandated by, the California Labor Code and IWC Wage Order No. 4. Despite having denied plaintiffs and Class members of these meal breaks, Akal failed to compensate plaintiffs and Class members with the requisite premium pay as set forth in the California Labor Code.

32.    During the Class Period, plaintiffs and Class members were required by Akal to work for continuous periods of four hours or greater without having at least a ten minute rest period in compliance with, and as mandated by, the California Labor Code and IWC Wage Order No. 4. Despite having denied plaintiffs and Class members of these rest periods, Akal failed to compensate the plaintiffs and Class members with the requisite premium pay as set forth in the California Labor Code.

33.    During the Class Period, Subclass I plaintiffs and Subclass I members each worked in excess of eight hours in one or more workdays. In violation of the California Labor Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for their work on these days.

/ / / / /

8

[PROPOSED] SECOND AMENDED COMPLAINT

IKS, GOLIA, &
INCK, LLP
Harney Street
First Floor
iego, CA 92110
512 85-7000

34.   During the Class Period. Subclass II plaintiff and each Subclass II member left. or was terminated from. his or her employment with Akal during the Class Period. At the time that Subclass II plaintiff and Subclass II members left, or were terminated from, their employment. they had not been paid the full amount of wages they had earned during their employment. In violation of the California Labor Code, Akal failed to pay Subclass II plaintiff and Subclass II members their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit.

35.   During the Class Period , plaintiffs are informed and believe Akal failed to provide Plaintiffs and Class members with accurate wage deduction statements showing the actual hours worked and wages earned Plaintiffs and Class members.

<u>FIRST CAUSE OF ACTION</u>

(Failure to Pay Meal Period Premium Pay –
On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

36.   Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 35 above.

37.   California law requires an employer to pay an additional one hour of compensation for each meal period the employer fails to provide. Employees are entitled to an uninterrupted meal period, during which employees are relieved of all duties, of at least thirty minutes for each five-hour work period. Plaintiffs and Class members have consistently worked over five hours in a workday without a meal period.

38.   Defendant failed to provide Plaintiffs and Class members with timely meal breaks of not less than thirty minutes for each five-hour period worked as required by California law.

39.   Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed meal break, interest, applicable penalties, attorneys' fees and costs.

/ / / / /

9

KS. GOLIA &
NCH. LLP
Harney Street
irst Floor
ego. CA. 92110
1) 255-7000

[PROPOSED] SECOND AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

(Failure to Pay Rest Break Premium Pay –
On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

40.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 39 above.

41.     California law requires an employer to pay an additional one hour of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten minute rest break for every four hour period worked.  Plaintiffs and Class members have consistently worked over four hour periods per day with no rest breaks.

42.     Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

(Failure to Pay Overtime Premium Pay –
On behalf of Subclass I Plaintiffs and Subclass I Members Against Akal and DOES 1 through 100)

43.     Subclass I plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 42 above.

44.     California law requires an employer to pay each employee premium pay at a rate of one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday.

45.     During the Class Period, Subclass I plaintiffs and Subclass I members each worked in excess of eight hours in one or more workdays.

46.     In violation of the California Labor Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for their work on these days.

47.     Subclass I plaintiffs and Subclass I members are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

10

[PROPOSED] SECOND AMENDED COMPLAINT

IKS, GOLIA &
INCH, LLP
Harney Street
First Floor
ego, CA 92110
81 293-7000

**FOURTH CAUSE OF ACTION**
(Recovery of Waiting-Time Penalties [Labor Code, § 203] –
On behalf of Subclass II plaintiff and Subclass II members
Against Akal and DOES 1 through 100)

48.     Subclass II plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 47 above.

49.     Pursuant to Labor Code section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

50.     Pursuant to Labor Code section 202, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

51.     Akal failed to pay the earned and unpaid wages of Subclass II plaintiff and Subclass II members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

52.     Pursuant to Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

53.     Accordingly, Subclass II plaintiff and Subclass II members are entitled to recover waiting-time penalties under Labor Code section 203 in an amount equal to 30 times the daily wage of Subclass II plaintiff and each Subclass II member.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

11

[PROPOSED] SECOND AMENDED COMPLAINT

RKE, GOLIA &
FINCH, LLP
0 Harney Street
First Floor
Diego, CA 92110
(51) 293-7000

**Page 000069**
**Exhibit 3**

## FIFTH CAUSE OF ACTION

(Violations of the UCL – On behalf of Plaintiffs and Class members
Against Akal and DOES 1 through 100)

54.    Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 53 above.

55.    The UCL prohibits business practices which are "unlawful."

56.    Akal has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to:

a.    Compelling plaintiffs and Class members to work for periods of five or more consecutive hours without having at least a one half hour break for meals;

b.    Compelling plaintiffs and Class members to work for periods of four or more consecutive hours without having at least a one ten minute rest period;

c.    Failing to pay plaintiffs and Class members their premium wages earned while working without the legally mandated meal and rest breaks;

d.    Failing to pay Subclass I plaintiffs and Subclass I members the full amount of premium wages earned during workdays in excess of eight hours;

e.    Failing to pay Subclass II plaintiffs and Subclass II members the full amount of their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit;

f.    Failing to provide accurate and itemized wage statements required under California law;

/ / / / /

IKS, GOLIA &
INCH, LLP
Harney Street
First Floor
San, CA 92110
(619) 283-7600

12

**Page 000070**
**Exhibit 3**

g.    Failing to prepare and maintain all records required under California law; and

h.    Failing to post required notices at the workplace.

57.    The unlawful business practices described above have proximately caused monetary damages to plaintiffs and Class members and to the general public.

58.    Pursuant to the UCL, plaintiffs and Class members are entitled to restitution of money or property acquired by Akal by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

59.    Pursuant to the UCL, plaintiffs, Class members and the general public are entitled to injunctive relief against Akal's ongoing continuation of such unlawful business practices.

60.    If an injunction does not issue enjoining Akal from engaging in the unlawful business practices described above, plaintiffs and Class members and the general public will be irreparably injured, the exact extent, nature and amount of such injury being impossible to ascertain.

61.    Plaintiffs have no plain, speedy, and adequate remedy at law.

62.    Akal, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of plaintiffs and Class members and of the general public.

63.    Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

64.    Private enforcement of these rights is necessary as no public agency has pursued their enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

65.    Plaintiffs and Class members are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

RKS, GOLIA &
FINCH, LLP
3 Harney Street
First Floor
Dept. CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Page 000071
Exhibit 3

1

<u>SIXTH CAUSE OF ACTION</u>

2

(Penalties Under California Labor Code Section 2699 – On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

3

4      66.    Plaintiffs incorporate each and every allegation contained in Paragraphs 1

5    through 65 above.

6      67.    On April 7, 2006, counsel for plaintiff sent letters to the California Labor and

7    Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

8      68.    Counsel for plaintiffs have received written notice from the California Labor

9    and Workforce Development Agency stating that it does not intend to investigate the violations

10    set forth in the April 7, 2006 letter.  Pursuant to California Labor Code section 2699.3,

11    subdivision (a)(2)(A), plaintiffs are entitled to commence this action for penalties.

12      69.    As a result of the acts alleged above, plaintiffs seek penalties under California

13    Labor Code section 2699 because of Akal's violation of numerous provisions of the California

14    Labor Code including, but not limited to, the following:  Labor Code, §§ 201, 202, 203, 204,

15    207, 208, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1198, 1199 and the

16    provisions of Industrial Welfare Commission Wage Order No. 4.

17      70.    Pursuant to California Labor Code section 2699, plaintiffs are entitled to be

18    awarded twenty-five (25 %) percent of all penalties due under California law, in addition to

19    interest, attorneys' fees and costs.

20      71.    The Court should award seventy-five (75 %) percent of the penalties due under

21    California law to the State of California.

22

<u>PRAYER</u>

23    WHEREFORE, Plaintiffs and Class members pray for judgment against Akal, as

24    follows:

25    <u>FOR THE FIRST CAUSE OF ACTION</u>:

26      1.    For an order certifying the Class and appointing Plaintiffs and their

27    counsel to represent the Class;

28

14

**Page 000072**
**Exhibit 3**

K.S. GOLIA &
NCH, LLP
Harney Street
irst Floor
ego, CA 92110
3) 295-7000

[PROPOSED] SECOND AMENDED COMPLAINT

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE SECOND CAUSE OF ACTION:

1.    For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE THIRD CAUSE OF ACTION:

1.    For an order certifying Subclass I and appointing Subclass I plaintiffs and their counsel to represent Subclass I;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE FOURTH CAUSE OF ACTION:

1.    For an order certifying Subclass II and appointing Subclass II plaintiff and his counsel to represent Subclass II;

2.    For waiting-time penalties pursuant to Labor Code section 203;

3.    For pre-judgment interest;

[PROPOSED] SECOND AMENDED COMPLAINT

ARKS, GOLIA &
FINCH, LLP
00 Harney Street
First Floor
Diego, CA 92110
815) 233-7000

**Page 000073
Exhibit 3**

4.    For costs of suit; and

5.    For reasonable attorneys' fees.

FOR THE FIFTH CAUSE OF ACTION:

1.    For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    For disgorgement of all monies which Akal has illegally gained;

3.    For restitution according to proof at trial;

4.    For an order enjoining Akal from any further acts and practices which violate the UCL; and

5.    For attorneys' fees and costs.

FOR THE SIXTH CAUSE OF ACTION:

1.    For penalties as permitted under California law;

2.    For prejudgment interest;

3.    For costs of suit; and

4.    For reasonable attorneys' fees.

ON ALL CAUSES OF ACTION:

1.    For reasonable attorneys' fees;

2.    For costs of suit incurred herein;

3.    For such other and further relief as this Court may deem just and proper; and

4.    For interest on all monies due.

DATED: November 20, 2007

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
JASON R. THORNTON
BERNARD F. KING III
Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

974.002/BK767.1.[finaljam

16

[PROPOSED] SECOND AMENDED COMPLAINT

RKS, GOLIA &
INCH, LLP
First Floor
iego. CA 92116
51 263-7000

**Page 000074**
**Exhibit 3**

U+ 974.002

JASON R. JRNTON SBN 185637
BERNARD F. KING III SBN 232518
MARKS, GOLIA & FINCH, LLP
ATTORNEYS AT LAW
3900 HARNEY STREET - FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 253-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201761
NICHOLAS & BUTLER, LLP
225 BROADWAY, 16TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated, | CASE NO: ECU03022 |
| Plaintiffs, | PROOF OF SERVICE BY MAIL |
| v. | Assigned to: Hon. Christopher W. Yeager, Dept. 7 |
| AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, | Date:    December 18, 2007 Time:    8:30 a.m. Dept.:    7 |
| Defendants. | Complaint Filed:    April 27, 2006 Trial Date:    Not Set |

I, Ada Meraz, declare that:

I am over the age of eighteen years and not a party to the action; I am employed in the

County of San Diego, California; where the mailing occurs; and my business address is 3900

Harney Street, First Floor, San Diego, California 92110-2825. I further declare that I am

readily familiar with the business' practice for collection and processing of correspondence for

mailing with the United States Postal Service pursuant to which practice the correspondence

will be deposited with the United States Postal Service this same day in the ordinary course of

**Page 000075**
**Exhibit 3**

PROOF OF SERVICE BY MAIL

1  business. I caused to be served the following document(s): (1) NOTICE OF MOTION FOR

2  LEAVE TO FILE A SECOND AMENDED COMPLAINT; (2) MEMORANDUM IN

3  SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; (3)

4  DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO

5  FILE A SECOND AMENDED COMPLAINT; and (4) SECOND AMENDED COMPLAINT,

6  by placing a copy thereof in a separate envelope for each addressee listed as follows:

7  Stephen E. Ronk, Esq.                    ATTORNEYS FOR DEFENDANT AKAL
   Joshua B. Wagner, Esq.                   SECURITY, INC.
8  Mollie Burks-Thomas, Esq.
   Gordon & Rees, LLP
9  633 West Fifth Street
   Suite 4900
10 Los Angeles, California 90071
   Telephone:   (213) 576-5000
11 Facsimile:    (213) 680-4470

12     I then sealed the envelope(s) and, with the postage thereon fully prepaid, either

13 deposited it/each in the United States Postal Service or placed it/each for collection and

14 mailing on November 20, 2007, at San Diego, California, following ordinary business

15 practices.

16     I declare under penalty of perjury under the laws of the State of California that the

17 foregoing is true and correct.

18     Executed on November 20, 2007.

19

20                                    _____
                                          Ada Meraz

21

22

23

24

25

26  974.002/Proof.am

27

28                                          2

KS, GOLIA &
NCH, LLP
Harney Street
irst Floor
ago, CA 92110
I) 293-7000

PROOF OF SERVICE BY MAIL

# EXHIBIT "4"

EXHIBIT "4"

GARY J. LORCH (SBN: 119989)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AKAL SECURITY, INC.

FILED

2008 JAN 16  AM 11: 01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAVID LOERA, for himself and on
behalf of all others similarly situated and
the general public,

                Plaintiffs,

        v.

AKAL SECURITY, INC., a corporation;
and DOES 1-100, inclusive,

                Defendants.

CASE NO.

'08 CV U 0 9 4 DMS AJB

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §
1441(b) FEDERAL QUESTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant AKAL SECURITY, INC. ("Akal")
hereby removes to this court the state court action described below.

    1.    Pursuant to Local Rule 8-1, this identifies the statutory bases for
federal jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1331.
The applicable federal statute is the Labor Management Relations Act (29 U.S.C.
§185) ("LMRA") in that this is a suit for an alleged violation of a contract between

1

Page 000077

Exhibit 4

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    an employer and a member of a labor organization. A copy of the Summons and

2    Complaint, as well as the operative Second Amended Complaint filed in this action

3    in Imperial County Superior Court is attached.

4        2.    This civil action is one which may be removed to this Court by

5    defendant Akal Security, Inc. ("Akal") pursuant to the provisions of 28 U.S.C.

6    §1441(b) as it presents a federal question.

7        3.    On April 27, 2006, the subject action was filed in the Superior Court

8    of the State of California in and for the County of Imperial, entitled *David Loera,*

9    *et al. v. Akal Security, Inc. et al.,* as Case Number ECU03022, "Class Action

10   Complaint for Damages," in which Plaintiff alleged Causes of Action for Failure to

11   Pay Meal Break Premium Pay, Failure to Pay Rest Break Premium Pay, Violations

12   of The UCL, and Penalties Under California Labor Code Section 2699. True and

13   correct copies of the Summons and Complaint, Civil Case Cover Sheet, and ADR

14   packet are attached hereto as Exhibit "A" and are incorporated herein by this

15   reference.

16       4.    On December 18, 2007 Plaintiff's Second Amended Complaint was

17   deemed filed and served. Plaintiff's Second Amended Complaint, for the first time

18   alleged Causes of Action for Failure to Pay Overtime and related Waiting-Time

19   Penalties. A true and correct copy of Plaintiff's Second Amended Complaint is

20   attached hereto as Exhibit "B" and is incorporated herein by this reference.

21       5.    This Notice for Removal is timely filed. Service of Plaintiff's Second

22   Amended Complaint was effectuated on Defendant Akal Security, Inc., pursuant to

23   California Code of Civil Procedure section 471.5(a), on December 18, 2007.

24   Defendant Akal was therefore in receipt of the Summons and Complaint on that

25   date. *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119

26   S.Ct. 1322, 1399 (1999).

27       6.    Venue is proper in this Court. A civil action arises in the county in

28   which a substantial part of the events or omissions which give rise to the claim

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) Exhibit 4

1  occurred. This Notice of Removal is being filed in the division of U.S. District

2  Court for the Southern District of California located in the County of San Diego, as

3  the Southern District of California embraces the County where the state court

4  action was pending, *i.e.*, Imperial County.

5        7.    This Court has original subject matter jurisdiction over the instant

6  action pursuant to the LMRA, which preempts and displaces any state law claim

7  that is (1) based directly on rights created by a collective bargaining agreement, or

8  (2) substantially dependent on an interpretation of a collective bargaining

9  agreement. *See* 29 U.S.C. § 185. Plaintiff's Third and Fourth Causes of Action

10  allege claims for Failure to Pay Overtime Premium Pay and Waiting-Time

11  Penalties Under Labor Code Section 203. Adjudication of these causes of action

12  requires interpretation of the Collective Bargaining Agreement ("CBA") between

13  Akal Security, Inc., and the Security, Police, and Fire Professionals of America –

14  Amalgamated Local #165, which is attached hereto as Exhibit "C" and are

15  incorporated herein by this reference.

16        8.    The CBA states that the grievance procedure set forth in the

17  agreement is the means for the resolution of worker's and Union grievances or

18  claims against the employer. Article 5 of the Agreement defines a "grievance" as

19  "a claimed violation, misinterpretation, or misapplication of any provision of this

20  Agreement, or the challenge of any disciplinary action taken against a Union

21  Employee . . ." See Article 5.1 of exhibit "1" to Exhibit "C" of this Notice of

22  Removal.

23        9.    In addition, to the Summons, Complaint Notice of Case Assignment

24  and ADR packet which are attached hereto as Exhibit "A", true and correct copies

25  of the remainder of the Imperial County Superior Court file comprising of:

26  Plaintiff David Loera's First Amended Complaint; Defendant Akal Security, Inc.'s

27  Answer to Plaintiff's First Amended Complaint; Notice of Plaintiff David Loera's

28  Motion to Compel; Declaration of Bernard F. King III In Support of Plaintiff

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   David Loera's Motion to Compel; Memorandum of Points and Authorities in

2   Support of Plaintiff David Loera's Motion to Compel; Separate Statement in

3   Support of Plaintiff David Loera's Motion to Compel; Defendant Akal Security

4   Inc.'s Separate Statement In Opposition to Plaintiff David Loera's Motion to

5   Compel; Plaintiff David Loera's Reply in Support of Motion to Compel, Notice of

6   Motion and Motion of Defendant Akal Security, Inc. For Summary Judgment, or,

7   in the Alternative Summary Adjudication; Declaration of Joshua Wagner is

8   Support of Defendant Akal Security, Inc.'s Motion for Summary Judgment, or, in

9   the alternative, Summary Adjudication; Declaration of John Agle in Support of

10  Defendant Akal Security Inc.'s Motion for Summary Judgment, or, in the

11  Alternative, Summary Adjudication; Declaration of Victor Araiza in Support of

12  Defendant Akal Security, Inc.'s Motion of Summary Judgment, or, in the

13  Alternative, Summary Adjudication; Memorandum of points and Authorities in

14  Support of Defendant Akal Security, Inc.'s Motion for Summary Judgment, or, in

15  the Alternative, Summary Adjudication; Separate Statement of Undisputed

16  Material Facts in Support of Motion of Defendant Akal Security, Inc. for Summary

17  Judgment, or, in the Alternative, Summary Adjudication; Plaintiff David Loera's

18  Notice of Motion and Motion for Leave to File a Second Amended Complaint;

19  Memorandum in Support of Plaintiff David Loera's Motion for Leave to File a

20  Second Amended Complaint; Declaration of Bernard F. King III in Support of

21  Plaintiff David Loera's Motion for Leave to File a Second Amended Complaint;

22  Defendant Akal Security, Inc.'s Opposition to Plaintiff David Loera's Motion for

23  Leave to File a Second Amended Complaint; Reply to Defendant Akal Security

24  Inc.'s Opposition to Plaintiff's Motion for Leave to File a Second Amended

25  Complaint; and Declaration of Bernard F. King III In Support of Reply to

26  Defendant Akal Security Inc.'s Opposition to Plaintiff's Motion for Leave to File a

27  Second Amended Complaint is attached hereto as Exhibit "D".

28       10.   A copy of this Notice of Removal, including exhibits, is being filed

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)Exhibit 4

1 | with the Clerk of the Superior Court of the State of California in and for the
2 | County of Imperial.

3 |     11.    A copy of this Notice of Removal, including exhibits, is being served
4 | on counsel for Plaintiff.

5 |
6 | Dated: January 14, 2008                    GORDON & REES LLP
7 |
8 |                                            By:
9 |                                            Gary J. Lorch
                                               Attorneys for Defendant
10 |                                           AKAL SECURITY, INC.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*LOERA v. AKAL SECURITY, INC.*
*CASE NO.*

## TABLE OF CONTENTS

| EXHIBIT | DESCRIPTION | PAGE |
|---------|-------------|------|
| A | Summons and Complaint, Civil Case Cover Sheet, and ADR packet | 1 |
| B | Second Amended Complaint | 17 |
| C | Collective Bargaining Agreement ("CBA") between Akal Security, Inc., and the Security, Police, and Fire Professionals of America – Amalgamated Local #165 | 33 |
| D | Remainder of the Imperial County Superior Court file for Case Number ECU03022 | 64 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/53080764

# EXHIBIT "5"

EXHIBIT "5"

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            IN AND FOR THE COUNTY OF IMPERIAL

3   DEPARTMENT 7          HON. CHRISTOPHER W. YEAGER, PRESIDING

4

5   DAVID LOERA, for himself and   )
    on behalf of all others        )
6   similarly situated and the     )
    general public,                )
7                                  )
                  Plaintiffs,      )   CASE NO. ECU03022
8                                  )
        vs.                        )
9                                  )
    AKAL SECURITY, INC., a         )
10  corporation; and DOES 1-100,   )   Motion Hearing - Compel
    inclusive,                     )
11                                 )
                  Defendants.      )
12  _____ )

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                 MONDAY, MAY 7, 2007

17

18

19

20

21

22                 Reported by:
                   Peggy A. Brock, CSR NO. 10633
23                 Official Reporter
                   P.O. Box 2522
24                 El Centro, California 92244-2522
                   (760) 482-4235

25

COPY

```
 1   APPEARANCES:

 2       For the Plaintiffs:

 3                   MARKS, GOLIA & FINCH, LLP
                     BY:  BERNARD F. KING, III, ESQ.
 4                   3900 Harney Street, First Floor
                     San Diego, California 92110
 5                   (619) 293-7000

 6       For the Defendants:

 7                   GORDON & REES LLP
                     BY:  JOSHUA B. WAGNER, ESQ.
 8                   633 West Fifth Street, 49th Floor
                     Los Angeles, California 90071
 9                   (213) 576-5000

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 000084

Exhibit 5

2

```
1              EL CENTRO, CALIFORNIA - MONDAY, MAY 7, 2007

2                          8:49 a.m.

3         THE COURT:  David Loera versus Akal Security.

4         MR. KING:  Good morning, your Honor.  Bernard King on

5    behalf of plaintiff, David Loera.

6         MR. WAGNER:  Good morning, your Honor.  Josh Wagner on

7    behalf of defendant, Akal Security.

8         THE COURT:  Welcome to you both.  Gentlemen, we are

9    here on a motion to compel.  The Court has reviewed not

10   only all the paperwork but all of the discovery requests

11   individually.  They are numerous, and one of the arguments

12   is that they are overly burdensome.  They are a lot of

13   work, but the Court's tentative would be to grant the

14   motion to compel responses.

15             I think that it would be appropriate, however, in

16   view of the privacy considerations, for counsel to

17   formulate an opt-out letter for approval by the Court in

18   order to protect those employees who do not wish to have

19   this information exposed in a lawsuit.

20             And further the Court finds that the sanctions as

21   requested in the amount of $2,100 appear to be

22   appropriate, and I would include that in my tentative.

23   And I'll hear from counsel.

24        MR. WAGNER:  On behalf of Akal Security, your Honor,

25   with respect to the granting of the motion, the primary
```

Page 000085

Exhibit 5

3

1    concern -- we don't have an issue in light of the Belaire

2    West decision that came out on April 9th of formulating an

3    opt-out notice as to the putative classes defined in the

4    complaint, which is paragraph 6, all current and former

5    employees at the El Centro Immigration and Detention

6    facility from April 15, 2002 to the present.

7         The problem is that the discovery as propounded

8    by the plaintiff asks for payroll data, policies,

9    contracts relating to the employees -- of all Akal

10   Security employees in the State of California and, on

11   certain requests, nationwide.  There are currently

12   8,000 -- the class, if this case were certified, is

13   perhaps 250, 300 people.  There are currently 8,000

14   employees of Akal Security in California.

15        The scope of the discovery as currently framed

16   would require us probably to provide information that

17   Belaire West noticed to perhaps 15-, 16-, 17,000 people,

18   if you are looking at all current and former employees in

19   the State of California between April 2002 and the

20   present.

21        There is no relationship at all between employees

22   in a commercial contract in L.A. County working at Olive

23   View Hospital in the valley at 8, 9, $10 an hour, who

24   don't carry a gun, and those armed guards at the El Centro

25   facility who are unionized, who have a very specific

1    facility, and who are named in the complaint as the

2    putative class.  So that's our primary concern, is that

3    the discovery be limited to the putative class.

4        THE COURT:  Counsel?

5        MR. KING:  Your Honor, I don't have a problem with

6    what counsel is proposing in general.  What I would say is

7    that some of our requests that seek information about

8    other facilities, other Akal facilities in California, do

9    not deal specifically with individual -- all individual

10   employees but the policies in place at those particular

11   locations.

12       It's especially important in this case because

13   one of Akal's contentions is that it doesn't have to

14   comply with certain California regulations because it is

15   on federal property.  And it's important for us to see how

16   it applies certain labor policies in other installations

17   that are also on federal property to determine whether or

18   not they are consistent with their treatment under the

19   California Labor Code.

20       As opposed to all of the 8,000 California

21   employees, parenthetically -- our requests are limited to

22   only California employees.  But as to all 8,000 California

23   employees, I'm fine with limiting it to security guards.

24   I think that would be directly relevant to the case, and I

25   have no problem with limiting it in that fashion.

Page 000087
Exhibit 5

5

1    MR. WAGNER:  Your Honor, we are a security guard

2    company.  I mean, we are talking about taking what is a

3    small class action of 200 to 400 people and magnifying it.

4    And much of these requests appear to be a fishing

5    expedition for them to file all their class actions.

6            If you look at requests 46 and 47, they are

7    asking for the contracts and addresses of other facilities

8    at which we have workers.  They are looking for payroll

9    records and personal information of employees outside the

10   class.  Their home numbers, their e-mail addresses of

11   people who wrote policies for facilities outside of class.

12   And it's so -- one, it's incredibly burdensome, and it's

13   just so out of proportion with what would ever be

14   certified as a class in this case.

15   THE COURT:  Counsel, what I'm hearing from you is that

16   your focus is on the 250 to 300 employees at the local

17   facility, but you want to gain information about similar

18   facilities within California as far as their policies are

19   concerned; is that correct?

20   MR. KING:  That's correct, your Honor.

21   THE COURT:  All right.  Then that would mean as to

22   individual employees, including an opt-out letter, that

23   would be limited to these local employees.  Would that be

24   right?

25   MR. KING:  That's correct, your Honor.  To the extent

1    that we would be requesting specific private information

2    about individuals' names, contact info, employment, wages

3    and personnel files, yes, that would be correct.

4          However, it is important that we have some sort

5    of identification as to the general nature of the other

6    facilities in terms of how many employees are there, what

7    kind is it, is it on federal property, are they doing

8    similar type of work.  That is directly relevant, your

9    Honor.

10    THE COURT:  Okay.  So if I understand correctly,

11    because it appears there may be a little misunderstanding

12    there, as to requests regarding individual employees, the

13    request is limited to the local facility.  However, as to

14    policies and procedures which may reflect in a number of

15    ways whether or not this company is following its own

16    policies in this instance, those would not be limited to

17    this one local facility but instead include other similar

18    facilities within California.

19          Now, as -- is it Mr. Wagner?

20    MR. WAGNER:  Yes.

21    THE COURT:  Okay.  As Mr. Wagner has pointed out, they

22    are all similar in the sense that they are a security

23    guard company, and therefore they are all going

24    to qualify.

25    MR. WAGNER:  We would not oppose producing policies

Page 000089
Exhibit 5

7

1  and procedures relating to other facilities in California

2  that we deem to be federal enclaves.  Not the specific

3  employee information of other such facilities but the

4  policies and procedures that reflect practices of Akal at

5  those facilities, if that would serve as a reasonable

6  compromise.

7      MR. KING:  Well, it kind of defeats the purpose

8  because what we need to determine is whether or not the

9  legal determination of a federal enclave that Akal is

10 making is correct.  For them to redact or limit themselves

11 based on their own interpretation, I think it would

12 prejudice our right to have full examination of relevant

13 facts.

14     MR. WAGNER:  But I don't understand how it's relevant

15 to this class action.  If, for example -- it doesn't

16 happen, but for example, if Akal determined that another

17 facility was -- if Akal was not complying with California

18 law at the Ninth Circuit courthouse in Los Angeles that

19 was not a federal enclave, how is that relevant to Akal's

20 decision to treat the El Centro facility as a federal

21 enclave?

22     THE COURT:  That's an excellent question, and for me

23 to answer that question would be for me to substitute my

24 tactical sense regarding a case of which I know very

25 little for the tactical decisions of counsel for the

Page 000090

Exhibit 5

8

1    plaintiff in a case in which he's quite well versed, I

2    would assume.  A general principle of discovery law is

3    that you don't do that.  If it will result in discoverable

4    material that may aid in the preparation of the case and

5    may lead to admissible material down the line, then that

6    would appear to be the standard.

7         So you posed a good question, but it appears to

8    me that through this discussion it's been somewhat

9    narrowed down already in that we are no longer dealing

10   with that lofty 8,000 number but instead dealing with

11   local employees as far as employee information.  However,

12   the Court is going to confirm its tentative with regard to

13   providing information as to other facilities within

14   California, whether federal enclaves or not.  And I'll --

15   MR. WAGNER:  Your Honor, can we limit that, then, to

16   just -- whether or not Akal treats them as federal

17   enclaves, but to federal facilities?  I mean, we have

18   commercial contracts with Los Angeles County hospitals; we

19   guard Rancho Los Amigos Rehabilitation Center.  These have

20   no bearing on this case in terms of its treatment of -- it

21   would seem to me if he wants to see how we treat the Ninth

22   Circuit contract or other federal -- you know, the Onizuka

23   Air Station, that would be relevant.  But it doesn't seem

24   at all reasonably calculated to lead to the discovery of

25   admissible evidence to go through Akal's commercial

1    contracts.

2      THE COURT:  Mr. King?

3      MR. KING:  Your Honor, beyond the issue of federal

4    enclave, the policy information for how Akal implements

5    its employment policies in a Labor Code context is

6    directly relevant and reasonably calculated to lead to

7    admissible evidence as to a number of issues, specifically

8    knowledge and awareness of what certain policies in

9    California are, what steps they take -- for instance, if

10   there was a certain California policy that said, "This

11   must be ensured, this meal break, this rest break must be

12   provided," and if their defense is, "Well, we couldn't.

13   That's impractical," but it's practical over here at this

14   state facility, that would also be relevant.

15      And I agree with your Honor, but the prudent

16   course of action is not to trim down and make relevancy

17   rulings at this point in time but to allow discovery to

18   proceed on what we've already discussed is a narrow basis.

19      THE COURT:  I will confirm my tentative.  I appreciate

20   the input from both counsel, and I will --

21      MR. WAGNER:  Your Honor, I have a couple of other

22   points I would like to make.

23      THE COURT:  Go ahead, please.

24      MR. WAGNER:  Okay.  I have a concern with -- for

25   example, requests 44 to 46 ask for -- for example, going

1    backwards, request 46 asks for all correspond between us

2    and the local union.  That's going to necessarily involve

3    highly personal disciplinary issues relating to specific

4    employees on grievances and the like, terminations.  And

5    it just doesn't -- again, it's not reasonably calculated

6    to lead to discovery of admissible evidence in a wage and

7    hour case.

8        THE COURT:  Counsel?

9        MR. KING:  Your Honor, that's precisely what the

10   opt-out notice is for, to protect against.  If the

11   employee affected by the disclosure of particular

12   grievance information has a problem with it being

13   disclosed to class counsel in a case where class counsel

14   is litigating and prosecuting their -- protecting their

15   employment rights, then they have the opportunity to

16   object.  And that provides them sufficient protection for

17   whatever privacy concerns there may be.

18       MR. WAGNER:  Your Honor, Belaire West and Pioneer

19   relate to a privacy notice for the disclosure of the

20   names, addresses, and telephone numbers so that a

21   plaintiff's counsel can contact them.  It doesn't

22   contemplate disclosure of intimate personnel records

23   relating to discipline and discharge.

24       THE COURT:  Well, it seems to me the opt-out letter

25   can include the fact that those grievances or other

Page 000093
Exhibit 5

11

1  work-related contacts with the union may be part and

2  parcel of the kind of discovery provided here so that they

3  are fully informed and then can choose to either opt out

4  or not. So I think that's the only additional task

5  required, is that the opt-out letter should be

6  sufficiently complete to cover that category as well as

7  anything else that they should know about. So I agree

8  that the opt-out letter should resolve that issue.

9          Any other issues, Mr. Wagner?

10    MR. WAGNER:  Yes. Again, asking for post logs of

11  every facility in California at 45 would seem grossly

12  overbroad.

13    THE COURT:  45. Okay.

14    MR. WAGNER:  We are talking about billions of pages of

15  documents. Every day there is a daily log sheet at every

16  post that Akal mans in California. Over a four-year

17  period we are talking about millions and millions of

18  pages.

19    THE COURT:  All right. I have that listed as

20  documents re post logs for DHS Detention Center.

21    MR. WAGNER:  That's 44. And then -- oh, I'm sorry.

22  You are right, 45. Then perhaps it's --

23    THE COURT:  Is it 44?

24    MR. WAGNER:  Perhaps it's 44. Yes, 44. I apologize.

25    THE COURT:  How about that, Mr. King?

Page 000094
Exhibit 5

12

1  work, that appears to go beyond a lot of work.

2     MR. KING:  Your Honor, I understand.  First of all, I

3  would like to say we didn't know exactly how many posts

4  there are throughout the entire state of California.

5     MR. WAGNER:  I confess not to have an exact number,

6  but I would guarantee, just based on more limited matters

7  where I have dealt with just a 25 or 30-person facility

8  where issues have come up, I have had banker's boxes and

9  banker's boxes just relating to 25 or 30 employees on the

10 post log books.  And we are talking about 8,000 employees,

11 current employees.

12    MR. KING:  Your Honor, if I may mention one thing.  We

13 don't need every single post log for every day, but I

14 think what we could limit it to is a representative

15 sampling.  You know, for example, a copy of a post log for

16 each facility at each post for one -- four per year for

17 every court.

18    MR. WAGNER:  And we see this as a fishing expedition

19 to file other class actions.  This has absolutely no

20 relevance to this case, your Honor.

21    THE COURT:  You can't see the relevance of this?

22    MR. WAGNER:  I don't see how commercial guards at a

23 Rancho Los Amigos medical facility and when they took

24 their rest break has a relevance to the policies and

25 practices of an armed guard at El Centro, no.

Page 000096
Exhibit 5

                                                        14

1    THE COURT: Okay. All right. Then, as modified to

2    constitute a sampling -- and counsel, you stated an

3    example of such a sampling -- I would request that you

4    include that in written form to Akal Security and that

5    request be modified accordingly.

6    MR. KING: Thank you, your Honor.

7    THE COURT: Mr. Wagner, any additional issues?

8    MR. WAGNER: Yes. Certain of the -- if we turn to the

9    interrogatories, your Honor --

10   THE COURT: Yes.

11   MR. WAGNER: -- if we look at the series 21 to 27 or

12   22 to 27, they start asking for the name, address, e-mail

13   of employees who administered payroll checks or who were

14   responsible for records and the like throughout

15   California, not here at El Centro. And first of all,

16   these are -- as to current employees it would seem --

17   well, it would seem that this is not -- this is a very

18   blunt instrument for which discovery could be much more

19   precise.

20   I mean, all they need to do is do a

21   person-most-knowledgable deposition as to the categories

22   they are asking at El Centro to formulate the evidence

23   they need for a class certification motion. They don't

24   need to know that Maria Smith and her home phone number

25   and address and e-mail, and that she was employed at Akal

Page 000097
Exhibit 5

1    from 2002 to 2003 inputting data on the employees at the

2    Onizuka Air Station.  I just don't see how that is

3    relevant.

4         And again, you seem -- your Honor, you seem

5    concerned that I'm being evasive here.  And it's just --

6    I'm willing to work with Mr. King regarding the facility

7    at issue and the class at issue.  It's just we are

8    taking -- it seems to me he is attempting to take a small

9    class and engage in discovery about a large company in a

10    way that is incredibly burdensome and oppressive and not

11    reasonably calculated.

12         THE COURT:  Mr. Wagner, I was smiling because I really

13    didn't have a good sense of what a large company you are

14    representing.  And when you talk about a specific location

15    somewhere elsewhere in the state, you just off the top of

16    your head mention, "Well, they have this kind of facility

17    there," it makes me realize it's a pretty vast outfit.

18         MR. WAGNER:  It is.  It's 14,000 employees nationwide,

19    your Honor, currently.

20         THE COURT:  How many?

21         MR. WAGNER:  I believe it's 14,000 currently.  So we

22    are looking -- if you look at current and former from

23    April 15, 2002 to the present, you are probably -- again,

24    I don't have exact numbers, but it's a low turnover

25    because -- at least on the armed guard side.  But at the

Page 000098

Exhibit 5

16

1    commercial facility, the 8, 9, $10-an-hour guards of a

2    commercial contract, there is probably a higher turnover.

3        THE COURT:  All right.  Mr. King, the suggestion there

4    is that that 21 series, persons who drafted break-related

5    portions, persons who drafted changes, persons who

6    prepared records re meal period and rest period, that that

7    be limited to El Centro facility.  And it does appear that

8    that would meet your discovery needs.  You want to know

9    what those policies are in other facilities, but knowing

10   who the individuals were that made changes in a facility,

11   for example, in Northern California, wouldn't appear to be

12   terribly helpful and would, as Mr. Wagner pointed out, be

13   quite burdensome.  What is your view?

14       MR. KING:  Your Honor, our view is that, A, I don't

15   know exactly how burdensome this is.  If there are 30

16   locations, assuming -- and I think I'm being generous, but

17   I really don't know --

18       MR. WAGNER:  Every Ninth Circuit courthouse in

19   California.  Every district court, every Ninth Circuit

20   courthouse in California.

21       THE COURT:  What we are looking for is who is the

22   person at each of these facilities who is ultimately

23   responsible for implementing Akal's compliance with

24   California Labor Code policies.  If there is more than one

25   person, we would be fine just to limit it to the one

Page 000099
Exhibit 5

17

1   person who is most knowledgeable or ultimately

2   responsible.  But at a minimum, your Honor, that is very

3   relevant and very pertinent to the issues addressed in

4   this case.

5       MR. WAGNER:  It's extremely tenuous to think that

6   whether or not -- that a supervisor at Olive View Medical

7   Center in Northridge and how they implement the policies

8   and procedures, wage and hour policies in California, has

9   any relevance to a class action relating to the El Centro

10  facility, your Honor.

11          It seems like they want to take -- this is a

12  small class.  It's 250 to 400 people.  It's a discrete

13  class.  And what they want to do is use this as an

14  opportunity to pilfer through all of Akal's records,

15  policies, and procedures, and search for other lawsuits.

16  That's not the purpose of discovery.

17      THE COURT:  Didn't you suggest the PMK for --

18      MR. WAGNER:  I did as to the El Centro facility.  I'm

19  saying that they don't need to know the home phone number

20  of employees who enter data or who administer paychecks.

21  If they want to know about Akal's policies and practice as

22  it applies to the El Centro facility and perhaps -- I

23  can't imagine how the paychecks are issued is that

24  different at El Centro as opposed to a district court in

25  San Diego -- give me a PMK notice that says, "Give me the

Page 000100
Exhibit 5

18

1   person most knowledgeable to testify about the issuance of

2   a paycheck at the El Centro facility," probably it's going

3   to be quite similar to how it happens elsewhere.  And if

4   they want to ask it as to all of California, we can

5   certainly have that debate.

6         But it just seems like this class action relates

7   to the El Centro facility.  And certainly as applied to

8   the El Centro facility, they are going to be statewide

9   policies and procedures.  And that is the purpose of a PMK

10   deposition.  But they don't need to know, as currently

11   contemplated in these special interrogatories, that a

12   specific person input the data at -- you know, the payroll

13   clerk responsible for other facilities in any given time

14   frame is simply not relevant.

15      THE COURT:  Mr. King, would it meet your purposes to

16   have a PMK designated for each of those other facilities

17   and have these questions applying only to the El Centro

18   facility?

19      MR. KING:  Your Honor, I understand Mr. Wagner's

20   proposal.  He is saying they would respond with the name

21   of the person who is in charge or supervising or the most

22   knowledgeable in the interrogatories and that would be how

23   we would limit it with respect to their California

24   facilities.

25      THE COURT:  Yes.

1      MR. KING:  If that's correct, then I have no problem

2  with that.

3      THE COURT:  Okay.  Then --

4      MR. WAGNER:  Your Honor, I don't see --

5      THE COURT:  Well, actually, Mr. Wagner was suggesting

6  that a PMK be designated for El Centro and we just

7  don't --

8      MR. WAGNER:  Well, and to statewide policies as

9  applied to El Centro.

10     THE COURT:  Okay.  No, I think a designation of a PMK

11  as to each of the other facilities within California as

12  well would be appropriate.

13     MR. WAGNER:  That is literally 30 to 40 depositions,

14  your Honor.

15     MR. KING:  Your Honor, we are not saying we are taking

16  depositions.  We just want them identified.

17     THE COURT:  I think you are making a good point,

18  Mr. Wagner, that your response to these interrogatories

19  and requests for production are going to then place

20  counsel in a decision-making mode as to how much of this

21  he wants to delve into, and it would be a lot of work.

22  Whether or not when they get that they want to conduct a

23  great number of depositions is another story.  But I think

24  they are entitled to that.  I don't think that's unduly

25  burdensome.

Page 000102
Exhibit 5

20.

1    MR. WAGNER:  So the name of the person in charge of

2   this set of -- at each facility?

3    THE COURT:  That's correct.  The person most

4   knowledgeable at each facility.  And as to the --

5    MR. WAGNER:  And we will make them available for

6   deposition.  We don't have to provide their home address,

7   phone number, e-mail address?

8    MR. KING:  That's fine.  We know to -- they are

9   employees of Akal.  We'll contact them through counsel,

10   your Honor.

11    THE COURT:  And then as to the El Centro facility, you

12   would respond specifically as to those questions.

13    MR. WAGNER:  Now, I just want to be clear, because we

14   were talking about it in the request for production of

15   documents as opposed to the interrogatories.  Their

16   interrogatories ask for -- we are applying the opt-out

17   letter and asking for personal information only as to the

18   El Centro facility.  So, for example, in the

19   interrogatories where they are asking for the names,

20   addresses, and home phone numbers of all employees in

21   California, we have now limited that to El Centro

22   following an opt-out letter?

23    THE COURT:  That's correct.

24    MR. KING:  That's correct, your Honor.

25    MR. WAGNER:  Interrogatories 50 and 51.

1        THE COURT:  All right.  That looks as though it would

2   be as to the El Centro facility only.

3        MR. WAGNER:  Yes.  That's as to Mr. Reclosado after

4   opt out.

5        THE COURT:  Right.

6        MR. WAGNER:  And then 40 to 47 is -- again, I

7   believe these are -- the way these questions are tailored,

8   because they come out of the complaint relating to the

9   facility, where they say -- I'm sorry -- "Identify each

10  employee," for example, at 42, "who complained to you that

11  he or she was not adequately relieved to go to the

12  restroom," that's a specific allegation about a specific

13  employee at El Centro who they are looking for the name

14  about, and these questions appear to be tailored to the

15  El Centro facility.  And I would like clarification --

16       THE COURT:  They are.

17       MR. WAGNER:  -- they only relate to the El Centro

18  facility.

19       THE COURT:  That's correct.  If you are talking about

20  specific employees, we have narrowed it down to El Centro.

21  And as to other facilities, we are talking about the

22  policies and we are talking about the PMK's.

23       MR. WAGNER:  Okay.  And then as to sanctions, your

24  Honor, I do think we had substantial justification.  The

25  Belaire West decision was not even published until

Page 000104
Exhibit 5

22

1   April 9th, during the course of our meet and confer.  And

2   there were obviously some serious issues that needed to be

3   discussed with the Court.

4        THE COURT:  All right.  Mr. King?

5        MR. KING:  Your Honor, I think we have had our meet

6   and confer right now, and the time for this was a long

7   time ago.

8        MR. WAGNER:  Well, the operative case law didn't exist

9   at the time we are undertaking our meet and confer.  We

10  were in a different posture.

11       THE COURT:  Mr. King, how about that?

12       MR. KING:  Your Honor, Belaire West was simply

13  extending -- not extending, but applying case law, Pioneer

14  Electronics, a Supreme Court decision that came out in

15  January.  We specifically brought that point up numerous

16  times in our meet and confer letters, and it's

17  disingenuous to say now that it wasn't only until this new

18  case came out that we could really meet and confer and

19  discuss these issues.

20       MR. WAGNER:  It wasn't disingenuous, your Honor,

21  because we were very clear that Pioneer Electronic was a

22  very different case.  It was a consumer class action in

23  which the consumers had reached out and made complaints,

24  and the Court there discussed the diminished expectation

25  of privacy.  It was very different.  And it was not known

Page 000105
Exhibit 5

23

1  whether or not it would be extended in the wage and hour

2  context.

3       And at the time that we were conducting our meet

4  and confer, Mr. King was taking the position that payroll

5  information and employee information as to every employee

6  in California was relevant.  So I think there has been --

7  this has been a process.  I don't think -- I think Akal

8  had substantial justification to oppose the motion.

9       THE COURT:  All right.  I think that Mr. Wagner has

10  done -- you have done a very fine job in terms of

11  narrowing down some issues, and you accomplished a lot for

12  your client as far as getting these clarified and making

13  them more doable, less burdensome.

14       It appears to me, however, that the early

15  responses and what compelled Loera to have to bring this

16  motion were not of that sort.  They were not tailored to

17  the specific question but appeared to be a kind of form

18  response, and it did not encourage the kind of discussion

19  and communication that has occurred here.  I think that

20  compelled Loera to bring this motion, and therefore they

21  are entitled to their fees.  Their fees appear to me to be

22  reasonable, reviewing the declarations, seven hours at

23  300, 2100, and I will impose that.

24       MR. WAGNER:  Is that against both me and Akal Security

25  or me, personally, or Akal Security?

1      THE COURT:  It would be -- it's pronounced Akal?

2      MR. WAGNER:  Akal, A-k-a-l.

3      THE COURT:  Akal Security, yes.  I would assume that

4  you are acting on behalf of your client.  And I would

5  suggest 30 days.

6      MR. KING:  30 days for the opt-out?

7      MR. WAGNER:  We need a time frame.  First of all, the

8  last issue on the opt-out notice --

9      THE COURT:  Actually, I was talking about the

10  sanctions, paid within 30 days.

11      MR. KING:  Certainly, your Honor.

12      THE COURT:  Okay.  30 days, then.  And then as to the

13  opt-out.

14      MR. WAGNER:  The last issue on the opt-out, your

15  Honor, is who would pay, who is responsible for the

16  mailing and printing of this and the claims

17  administration.  Obviously Belaire West is silent on that,

18  but because this is precertification, it's Akal's position

19  that this should be a burden shared by the plaintiff.

20      THE COURT:  All right.

21      MR. KING:  Your Honor, the option to object on behalf

22  of third parties and protect their privacy rights is

23  optional, and I think if Akal is going to exercise that

24  option, plaintiff should not be forced to bear the costs

25  in their choice in doing so.

Page 000107
Exhibit 5

25

1    THE COURT:  Don't you think, Mr. King, that because

2  you are asking something that would otherwise place Akal

3  in a position of infringing on the rights of privacy of

4  their employees that you ought to participate in the costs

5  of their doing the right thing and sending these opt-out

6  letters?

7    MR. KING:  Your Honor, I concede the merit in that

8  argument, and that sounds reasonable.

9    MR. WAGNER:  Last issue on the opt-out, your Honor.

10  In other cases I've included a prepaid postcard and the

11  return.  In addition, we would like to do a national

12  change of address search and a retrace and remail.  And I

13  just want to be clear that the Court is also imposing upon

14  the plaintiff the burden to share those costs as well.

15    THE COURT:  Yes.  "Share" meaning 50-50, and that

16  appears to be appropriate.  That would be a businesslike

17  way of trying to determine that every employee that can be

18  reached will be reached.  All right.

19    I haven't participated in this process in the

20  past, and it sounds like counsel have.  So what are we

21  talking about?  You prepare a form, you both sign off on

22  it, approve as to form, and you get it to the Court and I

23  sign off on it and we get it back to you; is that it?

24    MR. KING:  Your Honor, what I would propose is that

25  counsel draft a form that he finds acceptable, send it to

1   our office, we will make sure we are on the same page with

2   everything, and meet and confer on that.  And then once

3   we've got some sort of agreement on what kind of form,

4   then we will submit it along in conjunction with the

5   proposed order, and we'll have that signed by the Court

6   within 20 days.

7          THE COURT:  Within 20 days, does that work?

8          MR. WAGNER:  That would be fine for the formulation of

9   the notice.  And then we typically give the class, the

10  putative class, a 30-day period window to opt out.  So

11  then we are looking at 50 days out.  From that time we

12  would know who had exercised their right to privacy.  And

13  then if we could have 45 days from that period with which

14  to produce the information, the supplemental responses,

15  that I think would be reasonable.

16         THE COURT:  Okay.  You would be looking at mid-August,

17  basically.  Okay.

18            Mr. King, any comment on that time frame?

19         MR. KING:  Well, I want to get this case moving as

20  soon as possible.  And I understand that some of this

21  stuff is going to take a while to prepare, but I think

22  that when they send out the opt-out letters, the

23  information can be compiled at the same time.  And then as

24  opt-outs come in, they can not send that information.  But

25  I'm willing to meet and confer with counsel on it, but 45

Page 000109

Exhibit 5

27

1   days is fine.  Just I would like to put on the record that

2   we are interested in moving this case forward.

3       THE COURT:  Sure.  Okay.  The time frame as suggested

4   by Mr. Wagner meets with everyone's approval, and I'll

5   look forward to receiving your approved opt-out letter.

6       MR. WAGNER:  If I might just impose one more time on

7   the Court --

8       THE COURT:  Sure.

9       MR. WAGNER:  -- and counsel to consider waiving the

10  sanctions as against my client as I do think there were

11  some serious issues that needed to be addressed and that

12  plaintiff had a role in overreaching that required our

13  coming to the Court.  And I would just ask that due

14  consideration be given to that fact.

15      THE COURT:  That's a real good point, Mr. Wagner.

16  The plaintiff is not getting exactly what he originally

17  requested.  However, the Court is going to continue to

18  follow its tentative and impose the sanctions because, in

19  my view, the responses to the interrogatories and requests

20  for production were -- did not encourage a discussion of

21  meeting halfway and modifying this in this way.

22      MR. WAGNER:  But bear in mind, your Honor, Pioneer

23  hadn't even been decided at the time that these responses

24  were given, let alone Belaire West.  Pioneer itself hadn't

25  even been decided.

Page 000110
Exhibit 5

28

1       THE COURT:  We'll impose sanctions in the amount of

2  $2,100.

3       MR. WAGNER:  That's against Akal Security?

4       THE COURT:  That is.

5       MR. WAGNER:  I'm still not clear on whether it's joint

6  and several, I'm sorry.

7       MR. KING:  That's correct, your Honor.  We requested

8  it only against Akal Security.

9       THE COURT:  Akal Security.  Thank you.

10       MR. KING:  Your Honor, there is also a case management

11  conference for this case if we have to do any housekeeping

12  with respect to that.

13       THE COURT:  Would counsel request a continued case

14  management following the dates that we have discussed to

15  make sure that everything has gone as planned?

16       MR. KING:  I think that would be appropriate.

17       MR. WAGNER:  Your Honor, we plan on filing a

18  dispositive motion relating to the federal enclave issue

19  within the next -- to be heard in the next 120 to 150

20  days.  So perhaps once that's on calendar the Court can

21  set a status conference to tag along.

22       THE COURT:  Okay.  At this point, then, I'll go ahead

23  and set it for that mid-August date.  I'm looking at the

24  week of the 13th.  Is that a good week for counsel?  And

25  if so, is there any particular day that's better than any

1  other?

2      MR. KING:  I'm sorry, your Honor.  The week of August

3  13th is actually my ten-year high school reunion.

4      THE COURT:  All right.  How about the following week,

5  the week of the 20th?

6      MR. KING:  That's fine.

7      MR. WAGNER:  That's fine.

8      THE COURT:  Okay.  How about Monday, the 20th?

9      MR. WAGNER:  That works.

10      THE COURT:  Okay.  Case management conference Monday,

11  August 20th, at 8:30 in this department.  We will provide

12  notice.  Thank you, counsel.

13                  (Proceedings concluded.)

14                  *      *      *

15

16

17

18

19

20

21

22

23

24

25

1   STATE OF CALIFORNIA )

2                       ) SS:

3   COUNTY OF IMPERIAL  )

4

5        I, PEGGY A. BROCK, CSR Number 10633, a duly

6   licensed shorthand reporter in and for the State of

7   California, and official court reporter in and for the

8   County of Imperial, do hereby certify:

9        That I was present at the time and place herein

10  set forth, and that I reported in machine shorthand the

11  proceedings had in the before-entitled matter; that the

12  foregoing transcript is a full, true and correct

13  transcription of the proceedings had.

14       Dated this _7 th_ day of June, 2007, at

15  El Centro, California.

16

17

18

19

20              _Peggy A. Brock_
                 PEGGY A. BROCK
21               CSR Number 10633

22

23

24

25

Page 000113
Exhibit 5

31

# EXHIBIT "6"

EXHIBIT "6"

JUN. 22. 2007 12:50PM         NO. 4965   P. 3

LH 974.002

1   STEPHEN J. SCHULTZ, SBN 90187
    JASON R. THORNTON, SBN 185637
    BERNARD F. KING III, SBN 232516
2   **MARKS, GOLIA & FINCH, LLP**
    ATTORNEYS AT LAW
3   3900 HARNEY STREET – FIRST FLOOR
    SAN DIEGO, CALIFORNIA 92110-2825
4   TELEPHONE: (619) 285-7000
    FACSIMILE: (619) 283-7382

5

6   MATTHEW B. BUTLER, SBN 201781
    **NICHOLAS & BUTLER, LLP**
    225 BROADWAY, 19TH FLOOR
7   SAN DIEGO, CALIFORNIA 92101-5005
    TELEPHONE: (619) 325-0492
    FACSIMILE: (619) 325-0496

8

9

10   Attorneys for Plaintiff David Loera

11

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF IMPERIAL

14   DAVID LOERA, for himself and on behalf    CASE NO: ECU03022
15   of all other similarly situated,

                        [PROPOSED] ORDER
16       Plaintiffs,
                        Assigned to:
17   v.                          Hon. Christopher W. Yeager, Dept. 7

18   AKAL SECURITY, INC., a corporation;    Complaint Filed:    April 27, 2006
    And DOES 1-100, inclusive,          Trial Date:         Not Set
19
      Defendants.
20

21   / / / / /

22   / / / / /

23   / / / / /

24   / / / / /

25   / / / / /

26   / / / / /

27   / / / / /

28                                      Page000114

                                       Exhibit 6

[PROPOSED] ORDER

FILED
JUN 1 8 2007
SUPERIOR COURT OF CA
IMPERIAL COUNTY
BY JO SILVA, DEPUTY
ADRIANA GARCIA

6/1

<u>ORDER</u>

Plaintiff David Loera's motion to compel further responses to requests for production

of documents and special interrogatories, and for monetary sanctions against defendant Akal

Security, Inc. ("Akal"), came for hearing on May 7, 2007, at 8:30 a.m., in the above captioned

court. Bernard F. King III appeared on behalf of plaintiff and Josh Wagner appeared on behalf

of Akal.

BASED ON THE PAPERS SUBMITTED AND ARGUMENT OF COUNSEL, FOR GOOD

CAUSE SHOWN, IT IS HEREBY ORDERED:

That, within twenty (20) days from the date of this order, Akal shall provide further

responses without objections to plaintiff's requests for production of documents numbers 1-4,

7, 8, 38-40, 45 and shall provide further responses without objections to plaintiff's special

interrogatories numbers1-15, 26-27, 46-47, 50-51.

IT IS FURTHER ORDERED:

That, within twenty (20) days from the date of this order, Akal shall provide a further

response without objections to plaintiff's request for production of documents number 44,

except that with respect to California facilities other than the Department of Homeland

Security Immigration and Detention Center in El Centro, California, Akal shall produce copies

of its post log books only for the following dates: April 15, 2002; July 15, 2002; October 15,

2002; January 15, 2003; April 15, 2003; July 15, 2003; October 15, 2003; January 15, 2004;

April 15, 2004; July 15, 2004; October 15, 2004; January 17, 2005; April 15, 2005; July 15,

2005; October 14, 2005; January 16, 2006; April 14, 2006; July 14, 2006; October 16, 2006;

January 15, 2007; April 16, 2007; and July 16, 2007.

IT IS FURTHER ORDERED:

That, within twenty (20) days from the date of this order, Akal shall provide further

responses without objections to plaintiff's special interrogatories numbers 18 through 25,

except that with respect to California facilities other than the Department of Homeland

Security Immigration and Detention Center in El Centro, California, Akal shall only identify

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] ORDER

Page000115
Exhibit 6

1    the facility and the person(s) most knowledgeable of that facility's employment practices

2    during the relevant time period, and shall identify the person's last known address and

3    telephone number only if they are no longer employed by Akal.

4    IT IS FURTHER ORDERED:

5         That, within twenty (20) days from the date of this order, Akal shall mail to each of its

6    employees at the Department of Homeland Security Immigration and Detention Center in El

7    Centro, California, a letter notifying these employees of plaintiff's lawsuit and his requests for

8    information set forth in his requests for production of documents numbers 5, 6, 9, 10, 42, 46,

9    and special interrogatories numbers 16, 17, 40-45. The letter shall also notify each employee

10   of his or her right to object to the disclosure of any information which identifies that

11   employee's name, address, social security number, phone number or email address, provided

12   the employee signs the "opt-out" statement accompanying the letter and returns it to Akal

13   within thirty (30) days from the day the letter was sent. A copy of this letter, approved by the

14   parties and this court is attached to this Order as Exhibit "1."

15        Plaintiff and Akal shall share equally in the postage costs associated with this notice, as

16   well as any reasonable and necessary costs for address verification of former employees.

17        After the expiration of the thirty (30) day "opt-out" period, Akal shall notify plaintiff's

18   counsel of the number of employees who signed and returned a written "opt-out" statement.

19        Within forty-five (45) days after the expiration of the thirty (30) day "opt-out" period,

20   Akal shall serve further responses, without objections, to plaintiff's requests for production of

21   documents numbers 5, 6, 9, 10, 42, 46, and special interrogatories numbers 16, 17, 40-45,

22   except that the name, address, social security number, phone number and email address of any

23   employee who signed and returned a written "opt-out" statement shall be redacted from any

24   responsive documents and shall not be identified in any relevant interrogatory response. As

25   used in these discovery requests, the term "employee" shall only pertain to employees at the

26   Department of Homeland Security Immigration and Detention Center in El Centro, California.

27   / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

3

Page000116
Exhibit 6

[PROPOSED] ORDER

1    IT IS FURTHER ORDERED:

2        That, within twenty (20) days from the date of this order, Akal shall pay to Marks,

3    Golia & Finch, LLP, monetary sanctions in the amount of $2,100.

4    SO ORDERED.

5

6    DATED: June __13__, 2007                        _____
                                                     JUDGE OF THE SUPERIOR COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    974.002/BK650.am

27

28                                           4

MARKS, GOLIA &
FINCH, LLP
9900 Hamsey Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] ORDER

Page000117
Exhibit 6

# EXHIBIT "7"

EXHIBIT "7"

**MARKS, GOLIA AND FINCH, LLP**
**Fees for Client David Loera**

| Client | Date | Rate | Hours | Total | Description of Work |
|---|---|---|---|---|---|
| 974.002 | 1/16/2008 | $155.00 | 0.4 | $62.00 | Analyze case law regarding untimely removal to federal court. |
| 974.002 | 1/18/2008 | $155.00 | 0.9 | $139.50 | Analyze case law regarding effect of CBA on overtime regulations. |
| 974.002 | 1/21/2008 | $155.00 | 0.3 | $46.50 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/21/2008 | $155.00 | 0.8 | $124.00 | Analyze statutory law regarding timeline to file motion to remand. |
| 974.002 | 1/22/2008 | $155.00 | 1.2 | $186.00 | Analyze statutory law regarding federal removal. |
| 974.002 | 1/23/2008 | $155.00 | 2.2 | $341.00 | Analyze statutory law and outline motion for remand. |
| 974.002 | 1/23/2008 | $155.00 | 0.3 | $46.50 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/24/2008 | $155.00 | 1.1 | $170.50 | Analyze case law regarding diversity jurisdiction in class actions. |
| 974.002 | 1/24/2008 | $155.00 | 0.6 | $93.00 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/24/2008 | $155.00 | 2.1 | $325.50 | Conference regarding motion to remand. |
| 974.002 | 1/24/2008 | $155.00 | 2.4 | $372.00 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 4.1 | $635.50 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.4 | $62.00 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.9 | $139.50 | Draft notice of motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.7 | $108.50 | Analyze case law regarding whether whole case must be removed. |
| 974.002 | 1/25/2008 | $155.00 | 0.9 | $139.50 | Analyze case law regarding failure to file notice of removal in state court. |
| 974.002 | 1/28/2008 | $155.00 | 1.6 | $248.00 | Draft fact section for motion to remand. |
| 974.002 | 1/28/2008 | $155.00 | 1.8 | $279.00 | Draft motion for remand section regarding procedural defects. |
| 974.002 | 1/28/2008 | $155.00 | 1.2 | $186.00 | Draft motion for remand section regarding Akai's untimely removal. |
| 974.002 | 1/28/2008 | $155.00 | 0.3 | $46.50 | Draft motion for remand section regarding attorneys fees. |
| 974.002 | 1/28/2008 | $155.00 | 1.9 | $294.50 | Draft proposed remand order. |
| 974.002 | 1/29/2008 | $155.00 | 2.4 | $372.00 | Work on motion to remand regarding declaration of Bernard King and notice of motion |
| 974.002 | 1/30/2008 | $155.00 | 3.2 | $496.00 | Further work on motion to remand sections regarding procedural defects and factual background |
| 974.002 | 1/30/2008 | $155.00 | 2.9 | $449.50 | Revise motion to remand section regarding LMRA preemption |
| 974.002 | 1/31/2008 | $155.00 | 3.2 | $496.00 | Finalize motion to remand sections regarding LMRA preemption and procedural defects |

| | | | | | |
|---|---|---|---|---|---|
| **TOTAL HOURS** | | | 37.8 | | |
| **TOTAL FEES** | | | | $5,859.00 | |

Laura E. Beatty
SBN: 251540

Page000118
Exhibit 7

## MARKS, GOLIA AND FINCH, LLP
### Fees for Client David Loera

**Bernard F. King III**
SBN: 232518

| Date | Rate | | Hours | Amount | Description |
|---|---|---|---|---|---|
| 1/16/2008 | 974.002 | $300.00 | 1.5 | $450.00 | Analyze defendants' petition for removal to federal court and supporting documents. |
| 1/16/2008 | 974.002 | $300.00 | 0.7 | $210.00 | Correspondence to co-counsel regarding petition for removal. |
| 1/17/2008 | 974.002 | $300.00 | 0.4 | $120.00 | Conference regarding defendants' petition for removal and grounds for remand. |
| 1/23/2008 | 974.002 | $300.00 | 0.8 | $240.00 | Conference regarding effect of Akal's removal as to only plaintiff Loera. |
| 1/25/2008 | 974.002 | $300.00 | 0.8 | $240.00 | Analyze case law regarding effect of removal notice that only names one plaintiffs' claims. |
| 1/28/2008 | 974.002 | $300.00 | 0.7 | $210.00 | Further work on motion to remand. |
| 1/29/2008 | 974.002 | $300.00 | 1.6 | $480.00 | Conference regarding motion to remand and review drafts of plaintiff's moving papers |
| 1/30/2008 | 974.002 | $300.00 | 3.1 | $930.00 | Work on memorandum of points and authorities in support of motion to remand. |

TOTAL HOURS    9.6
TOTAL FEES    $2,880.00

**COMBINED TOTALS**
HOURS    47.4
FEES    $8,739.00