NICHOLAS & BUTLER, LLP
   Matthew B. Butler (SBN 201781)
   Email: mbutler@nblaw.org
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:  (619) 325-0492
Facsimile:   (619) 325-0496

MARKS, GOLIA & FINCH, LLP
   Jason R. Thornton (SBN 185637)
   Stephen J. Schultz (SBN 90187)
   Bernard F. King III (SBN 232518)
3900 Harney Street, First Floor
San Diego, California 92110-2825
Telephone:  (619) 293-7000
Facsimile:   (619) 293-7362

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of others similarly situated and the general public, <br><br>               Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive, <br><br>               Defendants | CASE NO.: 08cv0094 DMS AJB <br><br> **PLAINTIFFS' SETTLEMENT BRIEF** <br><br><br> Hon. Anthony J. Battaglia <br> ENE Conference: 2/27/08 <br> Time: 2:00 pm |

Plaintiffs DAVID LOERA, PAUL SONICO, LUIS MARTINEZ, LEO CUEN, SEAN ACUNA, ALBERT RUBIO, JAMES BARKER, ANDREW STANFIELD, GUILLERMO FERNANDEZ[1], as class representatives for all security guards at the Department of Homeland Security facility formally referred to as the Immigration and Customs Enforcement Service Processing Center in Imperial County (the "Detention Center"), during the period April 15, 2002 to the present, respectfully submit the following settlement brief which has been prepared in anticipation of the upcoming Early Neutral Evaluation Conference.

I. **DESCRIPTION OF CASE AND CLAIMS ASSERTED**

A. Description of the Case

This class-action lawsuit arises out of Akal Security Inc's ("Akal") blatant disregard of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders. As a result of Akal's numerous violations of California law, Plaintiffs now seek damages for themselves and all other similarly situated security guards at the Detention Center.

B. Claims Asserted

Plaintiffs' second amended complaint, the operative pleading in this case, sets forth six causes of action for: 1) failure to pay meal period premium pay; 2) failure to pay rest break premium pay; 3) failure to pay overtime premium pay; 4) waiting-time penalties under Labor Code Section 203; 5) violations of the UCL; and 6) penalties under California Labor Code Section 2699.

i. **Failure To Pay Meal Period Premium Pay**

Plaintiffs' first cause of action is based upon Akal's failure to pay meal period premium pay. Employees are entitled to an uninterrupted meal period, during which employees are relieved of all duties, of at least thirty minutes for each five-hour work period. If an employer fails to provide the meal period, it must pay one hour of compensation for each missed meal period.

Akal consistently required security guards at the Detention Center to work for continuous periods of five hours or greater without having at least one-half hour meal break in compliance

---

[1] Defendant only removed Plaintiff David Loera's claims, so the other class representatives are not presently before the court.

with the California Labor Code and IWC Wage Order no. 4. Despite denying these meal breaks, Defendant failed to compensate class members with the requisite premium pay. As such, class members are entitled to recover an amount equal to one hour of wages per missed meal break, interest, applicable penalties, and attorneys' fees and costs.

### ii. Failure To Pay Rest Break Premium Pay

Plaintiffs' next cause of action is based upon Akal's failure to provide premium pay for rest break periods. Employees are entitled to a paid ten minute rest period for every four hour period worked. If an employer fails to provide the requisite rest periods, California law requires it to pay an additional one hour of compensation for each rest period missed.

Akal required, and continues to require, security guards at the Detention Center to work for continuous periods of four hours or greater without having at least a ten minute rest period in compliance with the California Labor Code and IWC Wage Order No. 4. Despite denying class members these rest periods, Akal failed to compensate the class members with the requisite premium pay. Therefore, Plaintiffs are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

### iii. Failure To Pay Overtime Premium Pay

Akal also failed to pay premium pay for overtime worked by its employees. California law requires that an employer pay each employee premium pay at a rate of one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a work day.

Plaintiffs and Class members each worked in excess of eight hours in one or more workdays. Despite the California Labor Code exactly on point, Akal did not pay overtime premium pay for their work on these days. Plaintiffs are therefore entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

### iv. Waiting-time Penalties Under Labor Code Section 203

In accordance with Labor Code Section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Section 202 further states, "[i]f an employee not having a written contract for a definite period quits his or

her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Labor Code Section 203 then goes on to state that "[i]f an employer willfully fails to pay without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

During the Class Period, certain class members quit, or were terminated by Akal. At the time these class members left or were terminated, they were not paid the full amount of wages earned during their employment. In violation of the California Labor Code, Akal failed to pay class members their earned and unpaid wages at the time of discharge or, for those who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit. Consequently, the wronged class members are entitled to recover waiting-time penalties under Labor Code section 203 in an amount equal to 30 times their daily wage.

### v. Violations Of The UCL

The UCL prohibits business practices which are "unlawful." Akal has committed, and continues to commit, unlawful business practices within the meaning of the UCL, including but not limited to:

- Compelling class members to work for periods of five or more consecutive hours without having at least one half hour break for meals;
- Compelling class members to work for periods of four or more consecutive hours without having at least a one ten minute rest period;
- Failing to pay class members their premium wages earned while working without the legally mandated meal and rest breaks;
- Failing to pay class members the full amount of premium wages earned during workdays in excess of eight hours;
- Failing to pay class members the full amount of their earned and unpaid wages at

the time of discharge or, for those members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit;

- Failing to provide accurate and itemized wage statements required under California law;
- Failing to prepare and maintain all records required under California law; and
- Failing to post required notices at the workplace.

These unlawful business practices have proximately caused class members to lose money. As a result of these unlawful practices, class members are entitled to disgorgement of all monies which Akal has illegally gained, restitution according to proof at trial, an order enjoining Akal from any further acts and practices which violate the UCL, and attorney's fees and costs.

### vi.   Penalties Under California Labor Code Section 2699

On April 7, 2006, counsel for Plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2999.3. Counsel for Plaintiffs received written notice from the California Labor and Workforce Development Agency stating that it does not intend to investigate the violations set forth in the April 7, 2006 letter. Pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), Plaintiffs are entitled to commence this action for penalties.

As a result of the acts alleged in the second amended complaint and contained within this brief, Plaintiffs seek penalties under California Labor Code section 2699 because of Akal's violation of numerous provisions of the California Labor Code including, but not limited to, the following: Labor Code §§ 201-204, 207, 208, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1198, 1199 and the provisions of Industrial Welfare Commission Wage Order No. 4.

## II. DEMAND FOR SETTLEMENT

In light of the foregoing, Plaintiffs and Class members demand $34,896,000.00 for settlement of their claims for failure to pay premium pay for missed rest periods and missed meal periods at the Detention Center. In addition, plaintiffs demand compensation for overtime hours worked which remain unpaid and penalties for the other statutory violations. Plaintiffs have not yet calculated this damage amount.

### III. SUMMARY OF PREVIOUS SETTLEMENT NEGOTIATIONS

The parties have not had any previous settlement negotiations, mediation sessions, or mediation efforts.

**NICHOLAS & BUTLER, LLP**

Dated: February 13, 2008        By:    s/Matthew B. Butler
                                       Matthew B. Butler
                                       Attorneys for Plaintiffs