STEPHEN E. RONK (SBN: 164333)
JOSHUA B. WAGNER (SBN: 199570)
MOLLIE BURKS-THOMAS (SBN: 222112)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
AKAL SECURITY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>           Plaintiffs,<br><br>     v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1-100, inclusive,<br><br>           Defendants. | CASE NO. 08CV0094 DMS AJB<br><br>**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**<br><br>[Declarations of Janet Gunn and Mollie Burks-Thomas filed concurrently herewith]<br><br>Date:  March 28, 2008<br>Time:  1:30 p.m.<br>Courtroom:  10 |

Defendant AKAL SECURITY, INC., ("AKAL"), respectfully submits the following Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Remand and Request for Attorneys' Fees and Costs (28 U.S.C. § 1447(c)).

///

///

///

1

**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield, and Guillermo Fernandez ("Plaintiffs") ask this Court to remand this action with the argument that Akal Security, Inc. *knew of* and *could have removed* Plaintiffs' newly minted claims for overtime and waiting-time penalties over one and one-half years ago. This is patently absurd. Plaintiffs' Second Amended Complaint ("SAC") – which added eight new plaintiffs and two previously unasserted claims for overtime and waiting time penalties– substantially altered this lawsuit, which, prior to December 18, 2007 had been limited to AKAL's purported failure to provide meal periods and rest breaks.

Despite Plaintiffs' best efforts to argue otherwise, AKAL's Removal Petition was timely filed in accordance with the majority view amongst the Federal Circuits that a case only becomes removable upon a Court order granting a motion for leave to file an amended complaint. Plaintiffs' claim for overtime simply did not become ripe for removal pursuant to section 301 of the Labor Management Relations Act ("LMRA") until December 18, 2007. As is evident from the Notice of Removal, AKAL timely filed its Removal Petition on January 16, 2007 – 29 days from the Court Order granting Plaintiffs' Motion for Leave to file a Second Amended Complaint.

Contrary to Plaintiffs' assertion, their new claim for overtime is non-statutory, and insofar as their employment is governed by a Collective Bargaining Agreement ("CBA"), necessarily results in complete pre-emption under section 301 of the LMRA. First, Plaintiffs' own pleading asserts a matter for adjudication by the trier of fact as to whether Plaintiffs are subject to California law due to the fact that their work-site is on federal property – the United States Department of Homeland Security Immigration and Customs Enforcement Detention Center in El

2

**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**

Centro, California, formerly known as the INS Services Processing Center (the "El Centro Facility"). *See* paragraph 14 of Exhibit A to the Declaration of Mollie Burks-Thomas ("Burks-Thomas Decl."), concurrently filed herewith. In addition, Plaintiffs specifically plead in their Second Amended Complaint that they "bring no claims under federal law." (Burks-Thomas Decl., Exhibit A at ¶¶ 14-16.) The law is clear that where an employee who is covered by a CBA brings a non-statutory claim against his employer, the topic of which is encompassed in the CBA, the claim is preempted.

The remainder of Plaintiffs arguments are easily disposed of. Plaintiffs' frivolously assert that AKAL did not remove the entire action, but limited its Removal Petition to Plaintiff David Loera's claims only. Plaintiffs misread AKAL's Petition, which stated that it was removing "the state court action." Likewise, AKAL's Notice of Removal of State Court Action to Federal Court clearly provided for the removal of the entire action. AKAL continues to use the original caption which only lists David Loera, since, in the absence of an express court order, the addition of later named plaintiffs does not ordinarily change the caption of a case.

Finally, Plaintiffs' representation to this court that AKAL's Notice of Removal to State Court was not filed with in state court is simply untrue. AKAL timely filed its Notice of Removal to State Court on January 16, 2008, and has the conformed copy of its filing to establish that fact. Had Plaintiffs' counsel simply communicated with counsel for AKAL, any misunderstanding could have been resolved.

## II.  STATEMENT OF FACTS

### A.  Original Complaint

On April 27, 2006, Plaintiff David Loera, on behalf of himself and others similarly situated, filed suit against his employer AKAL Security, Inc. ("AKAL") on the lone basis that AKAL purportedly denied meal periods and rest breaks to

1  the putative class. Just days later Plaintiff David Loera amended his state court
2  Complaint as of right and served AKAL with the First Amended Complaint, which
3  asserted the exact-same claims as the original complaint.

4  Plaintiff David Loera is a security officer employed by AKAL pursuant to
5  its contract with the United State government to provide staffing at the El Centro
6  Facility. The employment of AKAL security officers at the El Centro Facility is
7  governed by a CBA. *See* Declaration of Janet Gunn ("Gunn Decl."), filed
8  concurrently herewith.

9  **B.   Second Amended Complaint**

10  On November 2, 2007, AKAL filed a Motion for Summary Judgment in
11  state court, asserting, *inter alia*, that David Loera – the only named plaintiff at that
12  point in time – was an improper putative class representative insofar as *res judicata*
13  barred his meal and rest break claims. David Loera had previously asserted – and
14  lost – identical claims before the California Labor Commissioner, and had failed to
15  timely appeal the Labor Commissioner's ruling pursuant to the California Civil
16  Code. (Burks-Thomas Declaration, paragraph 4)

17  In an effort to avoid potential dismissal of his action, plaintiff filed a motion
18  for leave to amend his complaint while AKAL's summary judgment motion was
19  still pending. Plaintiff sought to add eight new plaintiffs – Paul Sonico, Luis
20  Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield,
21  Guillermo Fernandez – and two new causes of action for overtime and waiting-
22  time penalties.

23  Plaintiff's Motion for Leave to Amend vigorously asserted that he did not
24  delay in bringing the newly asserted claims for overtime and waiting-time
25  penalties, since the basis for same had just recently been discovered. (Burks-
26  Thomas Decl., Exhibit B.) Judge Yeager, determining that Plaintiff had not
27  unreasonably delayed in asserting the new claims for overtime and waiting-time
28  penalties, granted Plaintiffs leave to file a Second Amended Complaint on

December 18, 2007. (*See* paragraph 4 of the Declaration of Bernard F. King III in support of Plaintiff's Motion for Remand.)

Plaintiffs operative complaint adds eight new plaintiffs – Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James Barker, Andrew Stanfield, Guillermo Fernandez – and asserts two new causes of action for: (1) Failure to Pay Overtime Premium Pay; and (2) Waiting-Time Penalties Under Labor Code Section 203.

## III.   LEGAL ARGUMENT

### A.   AKAL HAS TIMELY FILED A REMOVAL PETITION IN ACCORDANCE WITH THE REVIVAL DOCTRINE.

#### 1.   Plaintiffs' Second Amended Complaint Constitutes A New Suit Triggering Application of the Removal Doctrine.

Pursuant to 28 U.S.C. § 1446(b), a defendant is entitled to file a removal petition either within thirty days after receipt of a complaint if the case was initially removable, or within one year after commencement of an action if the case was not originally removable. Furthermore, removal is also permitted under the judicially created "revival doctrine," which establishes that "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit."[1] *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241 (5th Cir. 2000); see also *id.* at 242 [citing additional authorities].

As Chief Judge Richard Posner of the Seventh Circuit has explained, "[s]ection 1446(b) of the Judicial Code provides that if a case filed in state court, though removable to federal court, is not removed by petition filed within 30 days

---

[1] The validity of the "revival exception" was not superseded or affected by the 1988 amendment [to section 1446(b)]. Rather, "the only change made by the 1988 amendment to § 1446(b) was the addition of the one-year limitations period applicable to diversity actions that were not removable as initially filed." *Johnson,* 227 F.3d at 242-43.

of the receipt of the complaint, it is not removable thereafter. The courts, however, have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir. 1982). [internal citation omitted]; *see also Eltman v. Pioneer Communications Of America, Inc.,* 151 F.R.D. 311, 318 n.13 (N.D. Ill. 1993) [filing of amended complaint that significantly alters original complaint revives thirty-day period for removal].

Plaintiffs' Second Amended Complaint adds eight (8) new plaintiffs and alleges two entirely new causes of action against AKAL – Failure to Pay Overtime Premium Pay and Waiting-Time Penalties under Labor Code section 203. (Burks-Thomas Decl., Exhibit A.) Plaintiffs' new overtime claim charges AKAL with failing to pay employees premium pay at a rate of one and half times the employee's regular hourly wage for each hour worked in excess of eight hours. (Burks-Thomas Decl., Exhibit A at ¶¶ 44-46.) Plaintiffs' new waiting time penalty cause of action alleges that AKAL failed to timely pay employees their purportedly unpaid overtime premium pay at the time of their separation from employment from AKAL. (Burks-Thomas Decl., Exhibit A at ¶¶ 49-51.)

The new plaintiffs and new causes of action in the Second Amended Complaint represent a substantially new suit against AKAL because they are based on AKAL's alleged failures to pay overtime and timely pay its employees previously (and purportedly) unpaid overtime at the time of their separation from employment. Claims that, in his brief filed in support of his motion for leave to amend, Plaintiff vigorously asserted were based on newly discovered facts.

By stark contrast, the gravamen of plaintiff's previous Amended Complaint was AKAL's purported failure to provide meal periods and rest breaks. AKAL established in its motion for summary judgment that Plaintiff David Loera was an improper class representative insofar as *res judicata* prevented him from asserting

6

**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**

that AKAL failed to provide meal and rest breaks. (Burks-Thomas Decl. ¶ 4.) In light of this pending motion, Plaintiff sought to add 8 additional plaintiffs as class representatives by virtue of the Second Amended Complaint.

Furthermore, the elements of the aforementioned causes of action are entirely different. To prove failure to pay overtime premium pay, plaintiffs will have to show that AKAL failed to provide premium pay to employees working in excess of eight (8) hour per day, and that this was a breach of the parties' CBA. To prevail in their action for waiting time penalties, plaintiffs will have to establish that they were owed unpaid overtime premium pay at the time of their separation from employment, and that AKAL failed to timely pay them such overtime premium pay.

**2.     The Majority Rule Is That The Time For Removal Commences Upon The Granting of the Motion to Amend or the Actual Filing of The Amended Complaint.**

Plaintiffs assert that the 30 day period for purposes of removal was triggered by the mere filing of their motion for leave to file an amended complaint. This is the minority view, which was also expressly rejected by the Northern District of California in *Desmond v. Bankamerica Corp.*, 120 F.Supp.2d 1201, 1204 (N.D.Cal.2000). Under the majority view, the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make a case removable. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir.1998) (finding 30 day period commences upon granting of the motion to amend); *Finley v. Higbee Company,* 1 F.Supp.2d 701, 704 (N.D.Ohio 1997) (holding that the time for removal does not commence until actual filing and serving of the amended complaint); *Hibbs v. Consolidation Coal Co.*, 842 F.Supp. 215, 217 (N.D.W.Va.1994) (finding 30 day period commences upon granting of leave to amend); *Desmond v. Bankamerica Corp.*, 120 F.Supp.2d 1201, 1204 (N.D.Cal.2000) (noting that plaintiffs' "intent to amend a complaint" did not trigger

federal jurisdiction and that "removal in this case ... will become available only upon the filing of an amended complaint").

Here, AKAL removed the case on January 16, 2008, less than 30 days after the state court's December 18, 2007, order granting Plaintiffs' motion for leave to file their Second Amended Complaint. Accordingly, under the majority view, AKAL timely removed the instant matter.

The sole Ninth Circuit case upon which Plaintiffs rely in support of their position, *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir.1994), is distinguishable. In *Eyak*, the Ninth Circuit held that a reply brief could, in limited circumstances, be treated as an independent action in equity to obtain relief from a federal judgment under FRCP 60(b). *Id.* at 777. The court concluded that the reply brief, once transformed by the district court in this way, set forth a removable claim. *Id.* at 777-78; *Desmond*, 120 F.Supp.2d at 1204. Contrary to Plaintiffs' assertion, the *Eyak* court did not hold that intent to pursue a federal claim, expressed in a brief or motion, is grounds for removal. *Desmond*, 120 F.Supp.2d at 1204 (distinguishing *Eyak*).

Plaintiffs also cite *Webster v. Sunnyside Corp.*, 836 F.Supp. 629 (S.D. Iowa 1993), in support of their argument; however, that case clearly "represents the minority position." *Finley v. Higbee Co.*, 1 F.Supp.2d 701, 704 (N.D.Ohio 1998). As the court in *Webster* explicitly noted, the "majority view" holds "that the time for remand beg[ins] to run only when the motion to amend [is] granted and the amended complaint served." *Webster,* 836 F.Supp. at 630. There are sound reasons supporting the majority rule: absent a ruling on a the pending motion to amend, the state court could ultimately deny the motion notwithstanding a prior removal to the federal forum. Thus, the federal system would be inundated with cases over which it technically had no jurisdiction. Only after the state court grants the motion can it "be ascertained [by the defendant] that the case is one which is or has become removable." *Id.*

### B. Removal is Proper Where A Newly Asserted Claim Is Preempted By Federal Law.

The Court should not remand this case to State Court because this case involves a federal question. Unless Congress expressly provides otherwise, a defendant may remove to federal court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441; *ARCO Envt. Remediation, L.L.C. v. Department of Health and Envt. Quality of Mo.*, 213 F.3d 1108, 1113 (9th Cir. 2000). The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* A plaintiff may not defeat removal by omitting necessary federal questions in a complaint. *Id.*

A state-created cause of action can be deemed to arise under federal law: (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* Even where state law creates the cause of action and no federal law completely preempts it, federal jurisdiction may still lie if it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996).

### C. The Newly Asserted Claim for Overtime Is Completely Preempted Because Plaintiffs' Pleading Raises The Question Of Whether The Claim Requires Interpretation Under the CBA.

Plaintiffs' newly asserted claim for overtime necessarily requires the interpretation of the CBA and is thus preempted insofar as the claim, as raised by Plaintiffs' pleading, is non-statutory.

Section 301 of the LMRA, provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Price v.*

*Georgia-Pacific Corp.,* 99 F.Supp.2d 1162, 1165 (N.D. Cal. 2000). Section 301 of the LMRA completely preempts and displaces "any state law claim that is . . . 'based directly on rights created by a collective bargaining agreement.'" *Id., citing Beals v. Kiewit Pacific Co., Inc.,* 114 F.3d 894, 894 (9th Cir. 1997). All non-statutory employment claims that require reference to the parties' CBA in order to resolve the claim are completely preempted by the LMRA, regardless of whether Plaintiff specifically pleads the existence of a CBA. *Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir.1996), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

In *Beals v. Kiewit Pacific Co., Inc.,* 114 F.3d 894 (9th Cir. 1997), an employee claimed that his employer had breached an agreement to pay a higher wage than was provided by the CBA. *Id.* The Ninth Circuit Court of Appeals held that the employee's claim was preempted by section 301, because the alleged independent agreement provided for a subject, the wage rate for the employee's job classification, that was covered by the CBA. *Id.* The court held that, to the extent the promised wage rate varied from the rate provided by the CBA, the latter controlled. *Id.*

The reasoning of *Beals* is applicable here as well. Based on Plaintiffs' own pleading, the overtime claim arises under the contractual interpretation of the CBA rather than statute because their worksite – the El Centro Facility – is a federal property. Plaintiffs also have disavowed any federal statutory claim for overtime. (Burks-Thomas Decl., Exhibit A at ¶¶ 14-16.) Accordingly, Plaintiffs' overtime claims are necessarily based on a contract theory. *See Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir.1996) (state law wage claim was contract-based and thus subject to federal preemption based on CBA). Here, the inapplicable state law provides for a subject – the circumstances under which overtime will be paid – that is covered by the CBA. Therefore, plaintiffs' claims are preempted, and removal is appropriate.

     **D.**    **AKAL's Removal Petition Was Properly Filed With The State Court**

Plaintiffs representation to this court that AKAL's Notice of Removal to State Court was not filed is simply untrue. AKAL timely filed its Notice of Removal to State Court, and has the conformed copy of its filing to establish that fact. (Burks-Thomas Decl., Exhibit C.) Had Plaintiffs' counsel simply communicated with counsel for AKAL, any misunderstanding could have been resolved.

     **E.**    **In the Event of a Remand to State Court, Plaintiffs Should Not Recover TheirAttorneys Fees.**

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c), emphasis added. "There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). If a defendant had objectively reasonable grounds to believe that removal was legally proper, fees and costs should not be awarded. *Id.* at 293.

As noted above, the removal requested by AKAL was based on reasonable grounds and was properly removed by the court, therefore, Plaintiffs are not entitled to attorneys' fees or costs.

**IV.**    **CONCLUSION**

For all of the foregoing reasons, AKAL requests that this Court deny Plaintiffs' motion for remand.

DATED: March 10, 2008                     GORDON & REES LLP

                                                       By:   /s/Mollie Burks-Thomas
                                                               Mollie Burks-Thomas
                                                                E-mail: mb-thomas@gordonrees.com
                                                               Attorneys for Defendants

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................2

II. STATEMENT OF FACTS ....................................................................................3

    A.  Original Complaint ......................................................................................3

    B.  Second Amended Complaint .......................................................................4

III. LEGAL ARGUMENT ..........................................................................................5

    A.  AKAL HAS TIMELY FILED A REMOVAL PETITION IN ACCORDANCE WITH THE REVIVAL DOCTRINE. .....................5

        1.  Plaintiffs' Second Amended Complaint Constitutes A New Suit Triggering Application of the Removal Doctrine. ...................5

        2.  The Majority Rule Is That The Time For Removal Commences Upon The Granting of the Motion to Amend or the Actual Filing of The Amended Complaint. .....................7

    B.  Removal is Proper Where A Newly Asserted Claim Is Preempted By Federal Law ................................................................9

    C.  The Newly Asserted Claim for Overtime Is Completely Preempted Because Plaintiffs' Pleading Raises The Question Of Whether The Claim Requires Interpretation Under the CBA. .............9

    D.  AKAL's Removal Petition Was Properly Filed With The State Court. ............................................................................................11

    E.  In the Event of a Remand to State Court, Plaintiffs Should Not Recover TheirAttorneys Fees. .......................................................11

IV. CONCLUSION ..................................................................................................11

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

i

**DEFENDANT AKAL SECURITY, INC.'S OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS (28 U.S.C. § 1447(c))**

# TABLE OF AUTHORITIES

**Cases**

*Antol v. Esposto*, 100 F.3d 1111 (3d Cir.1996) ......................................................... 10

*ARCO Envt. Remediation, L.L.C. v. Department of Health and Envt. Quality of Mo.*, 213 F.3d 1108 (9th Cir. 2000) ................................. 9

*Beals v. Kiewit Pacific Co., Inc.*, 114 F.3d 894 (9th Cir. 1997) ................................ 10

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .................................................. 10

*Desmond v. Bankamerica Corp.*, 120 F.Supp.2d 1201 (N.D.Cal.2000) ............... 7, 8

*Eltman v. Pioneer Communications Of America, Inc.*, 151 F.R.D. 311, n.13 (N.D. Ill. 1993) .................................................................. 6

*Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir.1994) ............................. 8

*Finley v. Higbee Company,* 1 F.Supp.2d 701 (N.D.Ohio 1997) ........................... 7, 8

*Hibbs v. Consolidation Coal Co.*, 842 F.Supp. 215 (N.D.W.Va.1994) .................... 7

*Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir. 2000) ........................................... 5

*Price v. Georgia-Pacific Corp.,* 99 F.Supp.2d 1162 (N.D. Cal. 2000) ................... 10

*Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996) ......................................... 9

*Sullivan v. Conway*, 157 F.3d 1092 (7th Cir.1998) .................................................. 7

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000). ............................. 11

*Webster v. Sunnyside Corp.*, 836 F.Supp. 629 (S.D. Iowa 1993) ............................. 8

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir. 1982) ................................................................................ 6

**Statutes**

28 U.S.C. § 1441 ........................................................................................................ 9

28 U.S.C. § 1446(b) ................................................................................................... 5

28 U.S.C. § 1447(c) ................................................................................................. 11

Labor Code Section 203 ........................................................................................ 5, 6

Labor Management Relations Act, section 301 .............................................. 2, 9, 10

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL/1039887/5475363v.1