# TABLE OF CONTENTS

## DECLARATION OF MOLLIE BURKS-THOMAS

I.    EXHIBIT A  ................................................................. 4

II.   EXHIBIT B ...…………………….………………………… 20

III.  EXHIBIT C ..………………………...……………………… 23

EXHIBIT "A"

1

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

MARKS, GOLIA & FINCH, LLP

2

ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR

3

SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000

4

FACSIMILE: (619) 293-7362

5

MATTHEW B. BUTLER, SBN 201781

NICHOLAS & BUTLER, LLP

6

225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005

7

TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

8

9

10   Attorneys for Plaintiffs David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna,
     Albert Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          FOR THE COUNTY OF IMPERIAL

14   DAVID LOERA, PAUL SONICO, LUIS          CASE NO:  ECU03022
     MARTINEZ, LEO CUEN, SEAN ACUNA,
15   ALBERT RUBIO, JAMES BARKER,             [PROPOSED] SECOND AMENDED
     ANDREW STANFIELD,  GUILLERMO            COMPLAINT FOR:
16   FERNANDEZ  for themselves and on behalf
     of all others similarly situated and the   (1)   FAILURE TO PAY MEAL PERIOD
17   general public,                                    PREMIUM PAY;
                                              (2)   FAILURE TO PAY REST BREAK
18                                                      PREMIUM PAY;
             Plaintiffs,                      (3)   FAILURE TO PAY OVERTIME
19                                                      PREMIUM PAY;
     v.                                       (4)   WAITING-TIME PENALTIES
20                                                      UNDER LABOR CODE SECTION
     AKAL SECURITY, INC., a corporation;                203;
21   And DOES 1-100, inclusive,              (5)   VIOLATIONS OF THE UCL; AND
                                              (6)   PENALTIES UNDER
22           Defendants.                                CALIFORNIA LABOR CODE
                                                        SECTION 2699
23

24                                            [PLAINTIFF DEMANDS TRIAL BY
                                              JURY]
25
                                              Assigned to:
26                                            Hon. Christopher W. Yeager, Dept. 1

27                                            Complaint Filed:     April 27, 2006
                                              Trial Date:          Not Set
28

I

INTRODUCTION

The public policy of California declares:

> It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of [workers] compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

(Labor Code, § 90.5 subd. (a).)

Despite this clear mandate, this case involves blatant, egregious and flagrant violations of the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders by the defendant.

II

GENERAL ALLEGATIONS

1. Venue is proper in this court because the events and contracts described below occurred and were executed exclusively within this judicial district.

2. Plaintiff David Loera is, and at all times mentioned was, an individual residing and working in the State of California.

3. Plaintiff Paul Sonico is, and at all times mentioned was, an individual residing and working in the State of California.

4. Plaintiff Luis Martinez is, and at all times mentioned was, an individual residing and working in the State of California.

5. Plaintiff Leo Cuen is, and at all times mentioned was, an individual residing and working in the State of California.

6. Plaintiff Sean Acuna is, and at all times mentioned was, an individual residing and working in the State of California.

7. Plaintiff Albert Rubio is, and at all times mentioned was, an individual residing and working in the State of California.

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 5

1    8.    Plaintiff James Barker is, and at all times mentioned was, an individual residing

2    and working in the State of California.

3    9.    Plaintiff Andrew Stanfield is, and at all times mentioned was, an individual

4    residing and working in the State of California.

5    10.    Plaintiff Guillermo Fernandez is, and at all times mentioned was, an individual

6    residing and working in the State of California.

7    11.    Plaintiffs are informed and believe defendant Akal Security, Inc. ("Akal") is,

8    and at all times mentioned was, a corporation organized and existing under and by virtue of the

9    laws of the State of New Mexico, and doing business in the County of Imperial, State of

10    California.

11    12.    Plaintiffs do not know the true names and capacities of defendants sued as

12    DOES 1 through 100, inclusive, and therefore sue them by fictitious names. Plaintiffs are

13    informed and believe DOES 1 through 100, inclusive, are in some way responsible for the

14    events and Plaintiffs' damages described in this complaint. Plaintiffs will seek leave to amend

15    this complaint when the true names and capacities of these defendants have been ascertained.

16                                    III

17                              JURISDICTION

18    13.    This Court has jurisdiction over this action for damages, restitution, injunctive

19    relief and penalties pursuant to, among other provisions, California Labor Code sections 203,

20    226.7, 510, 512, 558, 1194 and 2698, et seq., IWC Wage Order No. 4 and California unfair

21    competition laws ("UCL"), set forth in sections 17203 and 17205 of the California Business &

22    Professions Code.

23                                    IV

24                          CLASS ALLEGATIONS

25    14.    Plaintiffs' causes of action are brought and may properly be maintained as a

26    class action pursuant to the provisions of California Code of Civil Procedure section 382.

27    Plaintiffs bring this action on behalf of themselves and all members of the Class ("the Class").

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
an Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 6

1    The Class that Plaintiffs represent is defined as follows: all current and former security guards

2    who worked for Akal, or its predecessor, at the Department of Homeland Security facility

3    formally referred to as the Immigration and Customs Enforcement Service Processing Center

4    in Imperial County (the "Detention Center"), during the period April 15, 2002 to the present

5    (the "Class Period"). Plaintiffs bring no claims under federal law. On information and belief,

6    more than two-thirds (2/3) of the Class members are, when this action was filed and continuing

7    to date, residents of the state of California, and, at the very least, more than one-third (1/3) of

8    the Class members are residents of the State of California.

9        15.    Plaintiffs Loera, Sonico, Martinez, Cuen, Acuna, Rubio, Barker, Stanfield and

10   Fernandez ("Subclass I plaintiffs") bring additional claims on behalf of themselves and a

11   Subclass ("Subclass I"). Subclass I is defined as follows: all current and former security

12   guards who worked for Akal, or its predecessor, at the Detention Center at any time during the

13   Class Period and who worked over eight hours in one or more workdays without receiving

14   overtime premium pay for all time over eight hours worked on those days. Subclass I plaintiffs

15   and all Subclass I members are concurrently members of the Class. Subclass I plaintiffs bring

16   no claims under federal law. On information and belief, more than two-thirds (2/3) of Subclass

17   I members are, when this action was filed and continuing to date, residents of the state of

18   California, and at the very least, more than one-third (1/3) of Subclass I members are residents

19   of the state of California.

20       16.    Plaintiff Rubio ("Subclass II plaintiff"), brings additional claims on behalf of

21   himself and a second Subclass ("Subclass II"). Subclass II is defined as follows: all current

22   and former security guards who worked for Akal, or its predecessor, at the Detention Center at

23   any time during the Class Period and left, or were terminated from, their employment with

24   Akal, or its predecessor, during the Class Period. Subclass II plaintiff and all Subclass II

25   members are concurrently members of the Class. Subclass II plaintiff brings no claims under

26   federal law. On information and belief, more than two-thirds (2/3) of Subclass II members are,

27   when this action was filed and continuing to date, residents of the state of California, and at the

28

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 7

1  very least, more than one-third (1/3) of Subclass II members are residents of the state of

2  California.

3      17.    The members of the Class, Subclass I, and Subclass II for whose benefit the

4  action is brought are so numerous that joinder of all Class members is impracticable.  Plaintiffs

5  believe that there are over 300 members of the Class, over 200 members of Subclass I, and

6  over 75 members of Subclass II, although the exact numbers of individual members of the

7  Class, Subclass I, and Subclass II are presently unknown, and can only be ascertained through

8  appropriate discovery.  The identities of all Class, Subclass I, and Subclass II  members can be

9  readily ascertained by reference to Akal's records.

10     18.    Plaintiffs' claims are typical of the claims of Class members, because Plaintiffs

11  and each member of the Class worked for Akal without being provided the required meal

12  periods and rest breaks as mandated by California law, and were subjected uniformly to other

13  unlawful conduct by Akal.

14     19.    There are questions of fact and law common to the Class that predominate over

15  any questions affecting only individual Class members.

16     20.    Among the questions of fact common to the Class are the following:

17         a.    whether Class members were compelled to work for periods of five or

18              more consecutive hours without having at least a one half hour break for

19              meals and without receiving the required premium pay;

20         b.    whether Class members were compelled to work for periods of four or

21              more consecutive hours without having at least a one ten minute rest

22              period and without receiving the required premium pay;

23         c.    whether Akal has failed to keep proper records for the Class members

24              working hours; and

25         d.    whether Akal has failed to provide the Class members with wage

26              deduction statements that accurately reflect the gross and net wages

27              earned for each pay period.

28

5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 8

21.    Subclass I plaintiffs' claims are typical of the claims of Subclass I members, because Subclass I plaintiffs and each member of Subclass I, worked over eight hours in one or more workdays and was not paid overtime premium pay for the time over eight hours worked on those days.

22.    There are also questions of fact and law common to Subclass I that predominate over any questions affecting only individual Subclass I members.

23.    Among the questions of fact common to Subclass I are the following:

    a.    whether Akal maintains a policy of not paying overtime premium pay for work performed in excess of eight hours in a workday in violation of California law; and

    b.    whether Akal failed to pay Subclass I members overtime premium pay for work performed in excess of eight hours in a workday.

24.    Subclass II plaintiff's claims are typical of the claims of Subclass II members, because Subclass II plaintiff and each member of Subclass II were not promptly paid their earned and unpaid wages at the time they left their employment at the Detention Center..

25.    There are likewise questions of fact and law common to Subclass II that predominate over any questions affecting only individual Subclass II members.

26.    Among the questions of fact common to Subclass II are the following:

    a.    whether Akal failed to pay Subclass II members their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit; and

    b.    whether Akal failed to pay Subclass II members their earned and unpaid wages within 30 days from the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit.

27.    Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff are committed to the

6

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
an Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

1    vigorous prosecution of this action. Plaintiffs, Subclass I plaintiffs and Subclass II plaintiff

2    have no unique claims, have no conflicts of interest with other Class members, Subclass I

3    members or Subclass II members and have retained competent counsel experienced in the

4    prosecution of Class actions. Accordingly, Plaintiffs, Subclass I plaintiffs and Subclass II

5    plaintiff are adequate representatives of the Class, Subclass I and Subclass II and will fairly

6    and adequately protect the interests of the Class, Subclass I and Subclass II.

7        28.    A Class action is superior to other available methods for the fair and efficient

8    adjudication of the controversy. In light of the amount of damage suffered by individual Class,

9    Subclass I and Subclass II members, individual actions by Class, Subclass I and Subclass II

10   members are impracticable and a class action is the only practicable method by which the

11   Class, Subclass I and Subclass II members can achieve redress from Akal and prevent Akal

12   from retaining millions of dollars of its ill-gotten gains. Individual actions would present a risk

13   of inconsistent adjudications, even though each Class, Subclass I and Subclass II member has

14   an effectively identical claim of right against Akal. Because the Class, Subclass I and Subclass

15   II claims can be proven almost entirely through Akal's own documents and witnesses, this case

16   entails no circumstances which will make it difficult to manage as a Class action. Individual

17   damages may be calculated from the information maintained in Akal's records, so that the cost

18   of administering any recovery can be minimized.

19       29.    This action may also be maintained as a class action because:

20            a.    the prosecution of separate actions by or against individual members of

21                 the Class, Subclass I and Subclass II would create a risk of:

22                 i.    inconsistent or varying adjudications with respect to individual

23                       members of the Class, Subclass I and Subclass II which would

24                       establish incompatible standards of conduct for the party

25                       opposing the Class, Subclass I and Subclass II, or

26                 ii.   adjudications with respect to individual members of the Class,

27                       Subclass I and Subclass II which would as a practical matter be

28

7

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
an Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 10

1    dispositive of the interests of the other members not parties to the

2    adjudications or substantially impair or impede their ability to

3    protect their interests; or

4    b.    the party opposing the Class, Subclass I and Subclass II has acted or

5    refused to act on grounds generally applicable to the Class, Subclass I

6    and Subclass II, thereby making appropriate final injunctive relief or

7    corresponding declaratory relief with respect to the Class, Subclass I and

8    Subclass II as a whole.

9    30.    Plaintiffs and Class members work or have worked as security guards for Akal

10    during the Class Period, at the Detention Center in El Centro, California.

11    31.    During the Class Period, plaintiffs and Class members were required by Akal to

12    work for continuous periods of five hours or greater without having at least a one-half hour

13    meal break in compliance with, and as mandated by, the California Labor Code and IWC

14    Wage Order No. 4.  Despite having denied plaintiffs and Class members of these meal breaks,

15    Akal failed to compensate plaintiffs and Class members with the requisite premium pay as set

16    forth in the California Labor Code.

17    32.    During the Class Period, plaintiffs and Class members were required by Akal to

18    work for continuous periods of four hours or greater without having at least a ten minute rest

19    period in compliance with, and as mandated by, the California Labor Code and IWC Wage

20    Order No. 4.  Despite having denied plaintiffs and Class members of these rest periods, Akal

21    failed to compensate the plaintiffs and Class members with the requisite premium pay as set

22    forth in the California Labor Code.

23    33.    During the Class Period, Subclass I plaintiffs and Subclass I members each

24    worked in excess of eight hours in one or more workdays.  In violation of the California Labor

25    Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the

26    full amount of overtime premium pay for their work on these days.

27    / / / / /

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 11

34.     During the Class Period, Subclass II plaintiff and each Subclass II member left, or was terminated from, his or her employment with Akal during the Class Period.  At the time that Subclass II plaintiff and Subclass II members left, or were terminated from, their employment, they had not been paid the full amount of wages they had earned during their employment.  In violation of the California Labor Code, Akal failed to pay Subclass II plaintiff and Subclass II members their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit.

35.     During the Class Period , plaintiffs are informed and believe Akal failed to provide Plaintiffs and Class members with accurate wage deduction statements showing the actual hours worked and wages earned Plaintiffs and Class members.

### FIRST CAUSE OF ACTION

(Failure to Pay Meal Period Premium Pay –
On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

36.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 35 above.

37.     California law requires an employer to pay an additional one hour of compensation for each meal period the employer fails to provide.  Employees are entitled to an uninterrupted meal period, during which employees are relieved of all duties, of at least thirty minutes for each five-hour work period.  Plaintiffs and Class members have consistently worked over five hours in a workday without a meal period.

38.     Defendant failed to provide Plaintiffs and Class members with timely meal breaks of not less than thirty minutes for each five-hour period worked as required by California law.

39.     Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed meal break, interest, applicable penalties, attorneys' fees and costs.

/ / / / /

9

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 12

## SECOND CAUSE OF ACTION

(Failure to Pay Rest Break Premium Pay –
On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

40.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 39 above.

41.    California law requires an employer to pay an additional one hour of compensation for each rest period the employer fails to provide.  Employees are entitled to a paid ten minute rest break for every four hour period worked.  Plaintiffs and Class members have consistently worked over four hour periods per day with no rest breaks.

42.    Plaintiffs and Class members are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

(Failure to Pay Overtime Premium Pay –
On behalf of Subclass I Plaintiffs and Subclass I Members Against Akal and DOES 1 through 100)

43.    Subclass I plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 42 above.

44.    California law requires an employer to pay each employee premium pay at a rate of one and a half times the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday.

45.    During the Class Period, Subclass I plaintiffs and Subclass I members each worked in excess of eight hours in one or more workdays.

46.    In violation of the California Labor Code, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for their work on these days.

47.    Subclass I plaintiffs and Subclass I members are entitled to recover the full amount of their overtime premium pay, interest, applicable penalties, attorneys' fees and costs.

/ / / / /

10

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

(Recovery of Waiting-Time Penalties [Labor Code, § 203] –
On behalf of Subclass II plaintiff and Subclass II members
Against Akal and DOES 1 through 100)

48.    Subclass II plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 47 above.

49.    Pursuant to Labor Code section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

50.    Pursuant to Labor Code section 202, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

51.    Akal failed to pay the earned and unpaid wages of Subclass II plaintiff and Subclass II members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

52.    Pursuant to Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced;  but the wages shall not continue for more than 30 days."

53.    Accordingly, Subclass II plaintiff and Subclass II members are entitled to recover waiting-time penalties under Labor Code section 203 in an amount equal to 30 times the daily wage of Subclass II plaintiff and each Subclass II member.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

11

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

## FIFTH CAUSE OF ACTION

(Violations of the UCL – On behalf of Plaintiffs and Class members
Against Akal and DOES 1 through 100)

54.     Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 53 above.

55.     The UCL prohibits business practices which are "unlawful."

56.     Akal has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to:

    a.    Compelling plaintiffs and Class members to work for periods of five or more consecutive hours without having at least a one half hour break for meals;

    b.    Compelling plaintiffs and Class members to work for periods of four or more consecutive hours without having at least a one ten minute rest period;

    c.    Failing to pay plaintiffs and Class members their premium wages earned while working without the legally mandated meal and rest breaks;

    d.    Failing to pay Subclass I plaintiffs and Subclass I members the full amount of premium wages earned during workdays in excess of eight hours;

    e.    Failing to pay Subclass II plaintiffs and Subclass II members the full amount of their earned and unpaid wages at the time of discharge or, for those Subclass II members who voluntarily left their employment, within 72 hours from the time they gave notice of their intention to quit;

    f.    Failing to provide accurate and itemized wage statements required under California law;

/ / / / /

12

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 15

g.   Failing to prepare and maintain all records required under California law; and

h.   Failing to post required notices at the workplace.

57.   The unlawful business practices described above have proximately caused monetary damages to plaintiffs and Class members and to the general public.

58.   Pursuant to the UCL, plaintiffs and Class members are entitled to restitution of money or property acquired by Akal by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

59.   Pursuant to the UCL, plaintiffs, Class members and the general public are entitled to injunctive relief against Akal's ongoing continuation of such unlawful business practices.

60.   If an injunction does not issue enjoining Akal from engaging in the unlawful business practices described above, plaintiffs and Class members and the general public will be irreparably injured, the exact extent, nature and amount of such injury being impossible to ascertain.

61.   Plaintiffs have no plain, speedy, and adequate remedy at law.

62.   Akal, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of plaintiffs and Class members and of the general public.

63.   Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

64.   Private enforcement of these rights is necessary as no public agency has pursued their enforcement.  There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

65.   Plaintiffs and Class members are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

13

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 16

## SIXTH CAUSE OF ACTION

(Penalties Under California Labor Code Section 2699 – On behalf of Plaintiffs and Class members Against Akal and DOES 1 through 100)

66.     Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 65 above.

67.     On April 7, 2006, counsel for plaintiff sent letters to the California Labor and Workforce Development Agency and Akal pursuant to California Labor Code section 2699.3.

68.     Counsel for plaintiffs have received written notice from the California Labor and Workforce Development Agency stating that it does not intend to investigate the violations set forth in the April 7, 2006 letter.  Pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), plaintiffs are entitled to commence this action for penalties.

69.     As a result of the acts alleged above, plaintiffs seek penalties under California Labor Code section 2699 because of Akal's violation of numerous provisions of the California Labor Code including, but not limited to, the following:  Labor Code, §§ 201, 202, 203, 204, 207, 208, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1198, 1199 and the provisions of Industrial Welfare Commission Wage Order No. 4.

70.     Pursuant to California Labor Code section 2699, plaintiffs are entitled to be awarded twenty-five (25 %) percent of all penalties due under California law, in addition to interest, attorneys' fees and costs.

71.     The Court should award seventy-five (75 %) percent of the penalties due under California law to the State of California.

## PRAYER

WHEREFORE, Plaintiffs and Class members pray for judgment against Akal, as follows:

FOR THE FIRST CAUSE OF ACTION:

1.     For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

14

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
an Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

Exhibit A - 17

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE SECOND CAUSE OF ACTION:

1.    For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE THIRD CAUSE OF ACTION:

1.    For an order certifying Subclass I and appointing Subclass I plaintiffs and their counsel to represent Subclass I;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment interest;

5.    For costs of suit; and

6.    For reasonable attorneys' fees.

FOR THE FOURTH CAUSE OF ACTION:

1.    For an order certifying Subclass II and appointing Subclass II plaintiff and his counsel to represent Subclass II;

2.    For waiting-time penalties pursuant to Labor Code section 203;

3.    For pre-judgment interest;

15

MARKS, GOLIA &
FINCH, LLP
1900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

1    4.    For costs of suit; and

2    5.    For reasonable attorneys' fees.

3    FOR THE FIFTH CAUSE OF ACTION:

4    1.    For an order certifying the Class and appointing Plaintiffs and their counsel to

5          represent the Class;

6    2.    For disgorgement of all monies which Akal has illegally gained;

7    3.    For restitution according to proof at trial;

8    4.    For an order enjoining Akal from any further acts and practices which violate

9          the UCL; and

10   5.    For attorneys' fees and costs.

11   FOR THE SIXTH CAUSE OF ACTION:

12   1.    For penalties as permitted under California law;

13   2.    For prejudgment interest;

14   3.    For costs of suit; and

15   4.    For reasonable attorneys' fees.

16   ON ALL CAUSES OF ACTION:

17   1.    For reasonable attorneys' fees;

18   2.    For costs of suit incurred herein;

19   3.    For such other and further relief as this Court may deem just and proper; and

20   4.    For interest on all monies due.

21   DATED: November 20, 2007                    Respectfully submitted,

22                                               MARKS, GOLIA & FINCH, LLP

23

24

25   By: _____
                                               JASON R. THORNTON
                                               BERNARD F. KING III
26   974.002/BK767.1.[final]am                  Attorneys for Plaintiffs David Loera, Paul
                                               Sonico, Luis Martinez, Leo Cuen, Sean
27                                             Acuna, Albert Rubio, James Barker, Andrew
                                               Stanfield and Guillermo Fernandez
28                                                      16

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
an Diego, CA 92110
(619) 293-7000

[PROPOSED] SECOND AMENDED COMPLAINT

EXHIBIT "B"

JASON R. THORNTON, SBN 185637
BERNARD F. KING III, SBN 232518

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781

**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; And DOES 1-100, inclusive,<br><br>    Defendants. | CASE NO:  ECU03022<br><br>DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>Assigned to:<br>Hon. Christopher W. Yeager, Dept. 7<br><br>Date:   December 18, 2008<br>Time:   8:30 a.m.<br>Dept.:  7<br><br>Complaint Filed:      April 27, 2006<br>Trial Date:           Not Set |

I, Bernard F. King III, declare as follows:

1.      I am an attorney admitted to practice before this court and all courts of the State

of California and am an associate in the law firm of Marks, Golia & Finch, LLP, counsel of

record for plaintiff David Loera.  Unless otherwise stated, I have personal knowledge of the

facts stated below and, if called as a witness, I could and would testify to their accuracy.

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

2.    Plaintiff originally filed his complaint against defendant Akal Security, Inc. ("Akal"), on April 27, 2006, alleging causes of action for failure to pay premium wages for lost meal breaks, failure to pay premium wages for missed rest breaks, violations of provisions of the UCL, and penalties under Labor Code, section 2699.

3.    Plaintiff filed his first amended complaint on June 28, 2006.

4.    On June 13, 3007, this court entered its order granting Plaintiff's motion to compel discovery and ordered Akal to produce various categories of documents and provide further discovery responses regarding the Class members.

5.    The court's June 13, 2007, order also required Akal to engage in an "opt out" procedure that would provide the Class members with notice of the disclosure and would give them an opportunity to object.

6.    Prior to the opt out process plaintiff's counsel was unaware of the additional eight plaintiffs, who are named in the Second Amended Complaint, ("Additional Named Plaintiffs") and their interest in serving as Class representatives.

7.    Following the opt out, which was concluded on or about July 31, 2007, Class members began contacting our office with inquiries about the case. Their support for this case was overwhelming, and many Class members asked to join the action as additional Class representatives.

8.    In September and October 2007, co-counsel and I met with several individuals and evaluated their ability to serve as adequate Class representatives.

9.    Thereafter, the Additional Named Plaintiffs entered into contracts for legal services with counsel.

10.    Approval of the Second Amended Complaint from plaintiff and the Additional Named Plaintiffs has only recently been obtained. Attached hereto as Exhibit "1" is a copy of the Proposed Second Amended Complaint with the changes tracked.

/ / / / /

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Exhibit B - 21

1    11.    Neither I, nor co-counsel, knew of any cause of action for failure to pay

2    premium wages for overtime until the Additional Named Plaintiffs were discovered and Akal

3    belatedly began producing documents, in October 2007.

4    12.    Neither I, nor co-counsel, knew of any class member with a cause of action for

5    waiting time penalties until the Additional Named Plaintiffs spoke with us about the case.

6    Prior to speaking with these individuals, this claim was not raised because plaintiff Loera has

7    remained at his job continuously throughout the Class period.

8    13.    Akal will suffer no prejudice from this amendment, because a trial date has not

9    yet been set and the parties are still engaging in discovery.

10    I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct to the best of my knowledge and belief. Executed this 20th day of

12    November 2007, in San Diego, California.

14    _____
BERNARD F. KING III

26    974.002/BK934.am

27

28

3

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT

Exhibit B - 22

EXHIBIT "C"

1  STEPHEN E. RONK (SBN: 164333)
   JOSHUA B. WAGNER (SBN: 199570)
2  MOLLIE BURKS-THOMAS (SBN: 222112)
   GORDON & REES LLP
3  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5
   Attorneys for Defendant
6  AKAL SECURITY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF IMPERIAL

10

11  DAVID LOERA, for himself and on behalf of  )   CASE NO. ECU03022
    all others similarly situated and the general )
12  public,                                       )   [Assigned to Hon. Christopher W. Yeager,
                                                  )   Dept. 7]
13                        Plaintiffs,             )
                                                  )
14              v.                                )
                                                  )   NOTICE OF REMOVAL OF STATE
15  AKAL SECURITY, INC., a corporation; and       )   COURT ACTION TO FEDERAL
    DOES 1-100, inclusive,                        )   COURT
16                                                )
                          Defendants.            )
17                                                )
                                                  )
18                                                )
                                                  )
19                                                )
                                                  )
20

21  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that defendant AKAL SECURITY, INC. has removed this

23  action to the United States District Court for the Southern District of California.

24        PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446, the filing

25  of the Notice of Removal in the United States District Court, together with the filing of a copy of

26  ///

27  ///

28  ///

_____
                              - 1 -
       NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT

Exhibit C - 23

1  the Notice of Removal with this Court, effects removal of this action and the above-captioned

2  court may proceed no further unless or until the case is remanded. A copy of the Notice of

3  Removal is attached as Exhibit "A" and is served and filed herewith.

4  Dated: January 15, 2008                    GORDON & REES LLP

5

6                                              By:_____

7                                              Stephen E. Ronk
                                               Joshua B. Wagner
8                                              Mollie Burks-Thomas
                                               Attorneys for Defendant
9                                              AKAL SECURITY, INC.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

10-28

AKAL/1039487/5399444v1

- 2 -
NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT

Exhibit C - 24