STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
MARK T. BENNETT, SBN 89061
mbennet@mgfllp.copm
JASON R. THORNTON, SBN 185637
jthornton@mgfllp.com
BERNARD F. KING, SBN 232518
bking@mgfllp.com

# MARKS, GOLIA & FINCH, LLP

ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

MATTHEW B. BUTLER, SBN 201781
mbutler@mblaw.org

# NICHOLAS & BUTLER, LLP

225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO:  08cv0094 DMS AJB<br><br>(Removed from Superior Court of California, County of Imperial, Case No. ECU03022)<br><br>REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS<br><br>(28 U.S.C. § 1447(c))<br><br>Date:          March 28, 2008<br>Time:          1:30 p.m.<br>Courtroom:  10 |

/ / / / /

/ / / / /

1

---

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

I

## REMOVAL WAS IMPROPER BECAUSE PLAINTIFF'S
## CAUSES OF ACTION DO NOT REQUIRE INTERPRETATION OF A CBA

In determining whether an action is removable under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301"),

> The plaintiff's claim is the touchstone for [the] analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

*Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir. 2001)(en banc), *cert denied* , 534 U.S. 1078 (2002).  Despite these clear principles, Akal does not, and cannot, point to a single provision of a collective-bargaining agreement (CBA) that requires interpretation.  This case must be remanded.  Akal's failure to articulate any reasonably objective basis for removal requires an award of attorney's fees.

A.    Plaintiff's Claims For Wage And Hour Violations Do Not
        Require Any Interpretation Of A Collective-Bargaining Agreement

Plaintiff's claims are based on California statutory wage and hour law. Proof of the elements of those claims does not require the interpretation of a CBA.  In order to prevail on his claims for unpaid overtime, Plaintiff need only prove that he worked more than eight hours in a day and did not receive premium pay at the rate of one-and-one-half-times his straight time hourly rate for each hour worked in excess of eight hours.  Proof of a violation and damages require only the employee's hourly wage rate, which can be gleaned from his pay records, and the amount of hours worked that were not compensated at the premium rate.  The Ninth Circuit has held that wage and hour claims such as

2

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  these do not require an interpretation of a CBA and are not removable.  See

2  *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1053-54 (9th Cir. 2003).

3       Akal may try to raise the CBA in mounting its defense.  However, under

4  the well pleaded complaint rule, raising Section 301 preemption as a defense

5  does not make the action removable.  See *Caterpillar Inc. v. Williams*, 482 U.S.

6  386, 398-99 (1987); *Cramer*, 255 F.3d at 692.  Accordingly, Akal's attempt to

7  invoke federal jurisdiction by alleging the collective bargaining agreement as a

8  defense to Plaintiff's statutory claims is insufficient to defeat remand.

9       *Beals v. Kiewit Pac. Co., Inc.,* 114 F.3d 892, 894 (9th Cir. 1997), and *Antol*

10  *v. Esposto,* 100 F.3d 1111, 1117 (3d Cir. 1996), which are cited by Akal, are

11  inapplicable to Plaintiff's statutory claims for overtime because both of those

12  cases involved breach of contract claims.  The decision in *Beals* is further

13  distinguishable from this case because the action there was originally filed in

14  federal court and did not involve the issue of whether the existence of the CBA

15  could provide grounds for removal of an action to federal court.  *Beals,* 114 F.3d

16  at 894.

17       B.    Plaintiff's Claims That Arise Under California

18              Statutes Are Not Claims For Breach Of A CBA

19       Plaintiff, not Akal, is the master of the complaint and the law does not

20  permit Akal to rewrite Plaintiff's complaint to provide Akal with a basis for

21  removal.  Akal's argument for Section 301 preemption employs the following

22  tortured reasoning:  (1) the El Centro Facility is on federal land (no evidence has

23  been presented as to federal ownership of the facility); (2) state law does not

24  apply to federal land (Akal fails to cite any supporting authority for this

25  proposition); (3) Plaintiff does not assert a claim under federal law for unpaid

3

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO
REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

26

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

overtime (this is true); (4) therefore, Plaintiff must be asserting a cause of action for breach of a CBA.  Notwithstanding the fact that the first two claims are unsupported by the record or law, the conclusion that Plaintiff's "overtime claims are necessarily based on a contract theory" is a *non sequitur* and mischaracterizes Plaintiff's claims.

The complaint asserts only a California statutory cause of action for overtime.  Specifically, Plaintiff's cause of action for unpaid overtime alleges:

> <u>California Law</u> requires an employer to pay each employee premium pay at a rate of one and a half time the employee's regular hourly wage for each hour (or fraction thereof) that an employee works in excess of eight hours in a workday.
> …
> In violation of <u>California Labor Code</u>, Akal did not pay, and Subclass I plaintiffs and Subclass I members did not receive the full amount of overtime premium pay for their work on these days.

Plaintiff's Second Amended Complaint, ¶ 44, 46.  There is no mention of a CBA anywhere in Plaintiff's complaint, nor is there any mention of or allegation of any breach by Akal of a CBA.   Akal's characterization of Plaintiff's overtime claim as a contract cause of action is disingenuous and objectively groundless.

C.    Federal Ownership Of The El Centro Facility
      Is Irrelevant To Plaintiff's Motion To Remand

Akal's conclusion that state law does not apply to the El Centro Facility is, unsupported by the record, an incorrect statement of the law, and irrelevant to the issue of removal.  The record contains no evidence that the property in question is actually owned by the federal government.  Notwithstanding the absence of any evidence regarding ownership of the facility, federal government ownership of property does not necessarily make state law inapplicable to activities on that property.  See *U.S. v. Gardner,* 107 F.3d 1314, 1320, (9th Cir. 1997) (stating

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

1   federal ownership of land did not divest state of ability to exercise its own

2   sovereignty over that land); *People v. Crusilla,* 91 Cal.Rptr.2d 415, 421

3   (Cal.Ct.App. 1999)(noting federal ownership of property does not remove

4   property from jurisdiction of state).  In any event, since the inapplicability of

5   state law is raised as a <u>defense</u> to Plaintiff's claims, under the well pleaded

6   complaint rule, Akal's defense does not make the action removable.  See

7   *Caterpillar*, 482 U.S. at 398-99; *Cramer*, 255 F.3d at 692.

8                                                    III

9                        <u>AKAL ONLY REMOVED THE ACTION AS TO LOERA</u>

10          Akal impermissibly removed only part of the action.  Despite Akal's claim

11   that its generic reference to "the state court action" was effective to remove the

12   entire case, Akal's own pleadings indicate that it only removed the action as to

13   Loera.  Akal consistently refers to Plaintiff in the singular form and fails to

14   mention any of the additional eight named plaintiffs.  Indeed, when asked

15   whether it would answer the claims of the other plaintiffs, Akal acknowledged

16   that it only answered as to Loera and <u>subsequently</u> filed an amended answer for

17   the additional plaintiffs.  See Akal's Amended Answer to Plaintiff's Second

18   Amended Complaint, attached to the Declaration of Bernard King, as Exhibit

19   "8."  Akal does not now get to go back and change its decision.  As Akal failed to

20   remove the entire action in the first instance, this Court must remand the action.

21   See *Morschauser v. Am. News. Co.*, 158 F.Supp. 517, 520 (D.C.N.Y. 1958).

22   / / / / /

23   / / / / /

24   / / / / /

25   / / / / /

26

27                                                   5

28   REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO
     REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

     CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

IV

## AKAL'S REMOVAL PETITION WAS UNTIMELY

Akal's delay is inexcusable.  Akal's removal was untimely because Akal knew of the facts supporting its current theory of removal early on in the action.[1] Akal argues that Plaintiff's claims for overtime are essentially contractual claims because state law does not apply to the operations at the El Centro Facility.  Akal was aware these claims arose out of operations at the El Centro Facility by nature of Plaintiff's first complaint filed on April 27, 2006.

Akal's attempt to distinguish *Eyak Native Village v. Exxon Corp.*, 25 F.3d 777 (9th Cir. 1994), *cert. denied,* 513 U.S. 943 (1994), *rehearing denied*, 513 U.S. 1036 (1994),  from the present case is unavailing.  In *Eyak*, the Court addressed the timeliness of different removals by <u>two</u> separate parties.  *Id.*  In evaluating the first party's petition, the court determined that removal was triggered by a reply brief because that brief created an independent action in equity.  *Id.* at 779.  However, as to the second party, the Ninth Circuit held that removal was untimely because "it [was] clear that [the defendant] was aware of the nature of the plaintiffs' claims and their possible connection to [a federal question] long before the removal notices were filed."  *Id.* at 783.

In its opposition, Akal ignores this second aspect of *Eyak* and implicitly concedes early awareness of its theory for removal.  The Ninth Circuit's holding in *Eyak* as to the second party supports the  conclusion that Akal's removal was

/ / / / /

/ / / / /

---

[1] Akal refers to the alleged inapplicability of California overtime provisions twice in its July 26, 2006 answer.  (Akal's Answer to Plaintiff's First Amended Complaint, previously attached to Plaintiff's Motion to Remand as Exhibit "2", ¶¶ 6, 18.)

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    untimely because its answer showed that it knew of the facts supporting its theory

2    of removal as early as July 2006.  See Plaintiff's Memorandum in Support of

3    Motion to Remand, p. 15-16.

4    V

## ATTORNEYS' FEES

6    As a result of removal Plaintiff has been forced to expend additional and

7    needless attorney's fees, and resolution of the action in the proper forum has been

8    delayed.  This additional delay is especially concerning considering that this

9    action has been pending in State Court for over 22 months.  See previously filed,

10   Declaration of Bernie King in Support of Motion to Remand, ¶ 3.

11   Plaintiff does not dispute that it is within the discretion of this Court to

12   award Plaintiff attorneys fees and costs on its motions to remand.  However, a

13   court should award fees, where the lack of an objectively reasonable basis for

14   removal indicates that removal was sought, at least in part, to prolong litigation

15   and increase costs for the party opposing removal.  See *Martin v. Franklin*

16   *Capital Corp.*, 546 U.S. 132, 140-141 (2005).

17   Akal has failed to articulate any objectively reasonable basis supporting

18   the removal.  Numerous Supreme Court and Ninth Circuit cases articulate the

19   well-pleaded complaint rule and the rules governing preemption under Section

20   301.  Akal's notice of removal ignored that precedent.  Akal's opposition to

21   Plaintiff's motion for remand continues to ignore that precedent.  Yet,

22   astonishingly, Akal claims that its petition for removal was objectively

23   reasonable.  This assertion is perplexing considering Akal's theory for removal

24   inexplicably ignores the principles repeatedly articulated by the Supreme Court

25   and Ninth Circuit.

26

27

28

7

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO
REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    Since there was no reasonably objective bases for removal, Plaintiff should

2    be awarded his attorney's fees.  In its Opposition, Akal does not dispute the

3    reasonableness of the amount claimed or time spent by Plaintiff's counsel as a

4    consequence of Akal's removal of the action.  As indicated in Plaintiff's motion

5    to remand as of January 31, 2008, Plaintiff incurred attorney's fees of $8,739.00.

6    King Dec. on Reply, ¶ 6.   Since filing his motion to remand on February 4, 2008.

7    Plaintiff has incurred additional attorneys fees of $8,047.50.  King Dec. on

8    Reply, ¶ 6.  Accordingly, the total amount of attorney's fees incurred thus far, is

9    $16,786.50.  King Dec. on Reply, ¶¶ 6, 9.

10                                            VI

11                                    CONCLUSION

12    Plaintiff respectfully requests his motion to remand and motion for

13    attorneys fees and costs be granted with as little delay as possible so Plaintiffs

14    may continue to pursue this action in state court, thereby minimizing the

15    prejudicial effect of Akal's efforts to delay this action.

16    DATED:  March 20, 2008                    MARKS, GOLIA & FINCH, LLP

17

18                                            By:  /S/Bernard F. King, Esq.
                                              E-mail:  bking@mgfllp.com
19                                                 MARK T. BENNETT
                                              E-mail:  mbennett@mgfllp.com
20                                                 STEPHEN J. SCHULTZ
                                              E-mail:  sschultz@mgfllp.com
21                                                 JASON R. THORNTON
                                              E-mail:  jthornton@mgfllp.com
22                                            Attorneys for Plaintiffs

23

24

25    974.002a/LEB29.am

26

27                                            8

28
      REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO
      REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

                                              CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that this document has been filed

4    electronically on this 20th day of March 2008 and is available for viewing and

5    downloading to the ECF registered counsel of record:

6    Via Electronic Service/ECF:

7    Gary J. Lorch, Esq.
     glorch@gordonrees.com
8

9    DATED:  March 20, 2008        MARKS, GOLIA & FINCH, LLP

10                                 By:  /S/Bernard F. King, Esq.
                                   E-mail:  bking@mgfllp.com
11                                 Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          9

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO
REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS (28 U.S.C. S 1447(C))

CASE NO:  08 CV 0094 DMS AJB