STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
MARK T. BENNETT, SBN 89061
mbennet@mgfllp.copm
JASON R. THORNTON, SBN 185637
jthornton@mgfllp.com
BERNARD F. KING, SBN 232518
bking@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362


MATTHEW B. BUTLER, SBN 201781
mbutler@mblaw.org
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO:  08cv0094 DMS AJB<br><br>(Removed from Superior Court of California, County of Imperial, Case No. ECU03022)<br><br>DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS<br><br>Date:        March 28, 2008<br>Time:        1:30 p.m.<br>Courtroom:  10 |

/ / / / /

/ / / / /

1

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND
REQUEST FOR ATTORNEY'S FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1      I, Bernard F. King, III, declare as follows:

2      1.    I am an attorney admitted to practice before all courts of this State

3  and the District Court for the Southern District of California.  I am an associate in

4  the firm of Marks, Golia & Finch, LLP, counsel of record for plaintiffs David

5  Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert Rubio, James

6  Barker, Andrew Stanfield, and Guillermo Fernandez (hereafter referred to

7  collectively as "Plaintiffs").  Unless otherwise stated, all facts testified to are

8  within my personal knowledge and, if called as a witness, I could and would

9  competently testify to them.

10      2.    A true and correct copy of Akal's amended answer, filed on January,

11  24, 2008, is attached to this declaration as Exhibit "8."

12      3.    I have been practicing law for the last four years, the majority of

13  which has been devoted to labor and employment litigation.

14      4.    My hourly rate from the inception of this case through present, was

15  and is $300 per hour.  This rate is similar to that generally charged by attorneys

16  in San Diego with similar experience and specialties and was approved as

17  reasonable by the Honorable Christopher Yeager, Judge of the Superior Court,

18  County of Imperial at a May 7, 2007 hearing on plaintiff's motion to compel and

19  request for attorneys fees.  Judge Yeager later confirmed this finding in his order

20  granting plaintiff's motion.  True and correct copies of the court reporter's

21  transcript from this hearing and the court's order were attached to the previously

22  filed Declaration of Bernard F. King III, dated February 4, 2008, as Exhibits "5"

23  and "6," respectively.

24      5.    True and correct redacted copies of Marks, Golia & Finch's invoices

25  for legal services rendered through January 31, 2008, were attached to the

26  2

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND
REQUEST FOR ATTORNEY'S FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

1    previously filed Declaration of Bernard F. King III, dated February 4, 2008, as

2    Exhibit "7."  True and correct redacted copies of Marks, Golia & Finch's

3    invoices for legal services rendered through March 21, 2008, are attached to this

4    declaration, as Exhibit "9."  The attorneys' fees reflected in Exhibit "9" were

5    computed based upon the following hourly billing rates for attorneys at Marks,

6    Golia & Finch, LLP:

7           Bernard F. King, III ($300/hr)

8           Laura E. Beatty ($155/hr)

9    These rates were set depending on the expertise and experience of

10   individual attorneys.

11          6.    I have personally reviewed all of Marks, Golia & Finch's invoices

12   regarding the fees incurred as a result of removal.  The total amount of attorneys'

13   fees expended as a result of Akal's removal through January 31, 2008 was

14   $8,739.  The total amount of attorneys' fees expended as a result of Akal's

15   removal from February 4, 2008 through March 21, 2008 is $8,047.50.  Thus, the

16   total amount of attorneys' fees expended as a result of Akal's removal through

17   March 21, 2008 is $16,786.50.  True and correct copies of Marks, Golia &

18   Finch's invoices supporting this amount are attached to this declaration as

19   Exhibit "9."

20          7.    The fees and costs incurred in preparation for any oral argument of

21   this motion have yet to be calculated or entered into the billing system of Marks,

22   Golia & Finch.  Therefore, plaintiff reserves the right to submit a supplemental

23   declaration describing these amounts at a later time.

24          8.    The legal services rendered by the attorneys, as reflected by the

25   request for attorneys' fees, were reasonable and necessary to properly address the

26                                          3

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND
REQUEST FOR ATTORNEY'S FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

1    improper removal of the action in light of all circumstances.  No services were

2    unnecessary and the lowest billable rates were employed at every opportunity.

3         9.     Accordingly, Plaintiff seeks a total award of $16,786.50 in

4    attorneys' fees and costs incurred as a result of removal.  This amount is

5    comprised of attorneys' fees of $16,786.50 and costs in the amount of $0.  This

6    total amount will be increased to reflect any further work performed in

7    connection with this motion for remand.  Plaintiff's attorneys' fees are allowed

8    pursuant to 28 U.S.C. § 1447(c).

9         I declare under penalty of perjury under the laws of the United States that

10   the foregoing is true and correct to the best of my knowledge and belief.

11   Executed this 20th day of March, 2008 in San Diego, California.

12

13                        /S/Bernard F. King, Esq.
                          E-mail:  bking@mgfllp.com

14

15

16

17

18

19

20

21

22

23

24   974.002a/LEB31.am

25

26                                4

27

28

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND
REQUEST FOR ATTORNEY'S FEES AND COSTS
                         CASE NO:  08 CV 0094 DMS AJB

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this document has been filed electronically on this 20th day of March 2008 and is available for viewing and downloading to the ECF registered counsel of record:

<u>Via Electronic Service/ECF</u>:

Gary J. Lorch, Esq.
glorch@gordonrees.com

DATED:  March 20, 2008          MARKS, GOLIA & FINCH, LLP

By:  /S/Bernard F. King, Esq.
E-mail:  bking@mgfllp.com
Attorneys for Plaintiffs

5

DECLARATION OF BERNARD F. KING III IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF LOERA'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

# TABLE OF CONTENTS

<u>Exhibit</u>                                                                                        <u>Page</u>

8.    Akal Security, Inc.'s First Amended Answer

     To Plaintiffs' Second Amended Complaint......................................................... 5


9.    Redacted Copies Of Marks, Golia & Finch's Invoices

     For Legal Services Rendered Through March 21, 2008 ................................... 18

# EXHIBIT "8"

EXHIBIT "8"

1  GARY J. LORCH (SBN: 119989)
   GORDON & REES LLP
2  633 West Fifth Street, Suite 4900
   Los Angeles, CA 90071
3  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
4
   Attorneys for Defendant
5  AKAL SECURITY, INC.

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  DAVID LOERA, for himself and on     )   CASE NO. 08CV0094 DMS AJB
12  behalf of all others similarly situated and )
    the general public,                  )
13                                        )
              Plaintiffs,                 )
14                                        )   AKAL SECURITY, INC.'S FIRST
              v.                          )   AMENDED ANSWER TO
15                                        )   PLAINTIFFS' SECOND
    AKAL SECURITY, INC., a corporation;  )   AMENDED COMPLAINT
16  and DOES 1-100, inclusive,           )
                                          )
17            Defendants.                 )
18                                        )
19
20

21      Defendant  AKAL  SECURITY,  INC.. · a  New  Mexico  corporation

22  ("Defendant or Akal"), answers the Second Amended Complaint of Plaintiffs

23  David Loera, Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Labert Rubio,

24  James Barker, Andrew Stanfield, Guillermo Fernandez, for themselves, and on

25  behalf of all others similarly situated and the general public (hereinafter

26  "Plaintiffs"), and provides the following admissions and denials of the factual

27  allegations made in the Second Amended Complaint ("Complaint"), in numbered

28  paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

---
1

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

**Exhibit 8**

**000005**

1.    The Introduction of the Complaint asserts a legal conclusion  and does not require a response.

2.    Whether venue is proper is a legal conclusion and does not require a response.

3.    Akal lacks sufficient information to admit or deny whether Plaintiff Loera was, at all relevant times, residing and working in the State of California.

4.    Akal lacks sufficient information to admit or deny whether Plaintiff Sonico was, at all relevant times, residing and working in the State of California.

5.    Akal lacks sufficient information to admit or deny whether Plaintiff Martinez was, at all relevant times, residing and working in the State of California.

6.    Akal lacks sufficient information to admit or deny whether Plaintiff Cuen was, at all relevant times, residing and working in the State of California.

7.    Akal lacks sufficient information to admit or deny whether Plaintiff Acuna was, at all relevant times, residing and working in the State of California.

8.    Akal lacks sufficient information to admit or deny whether Plaintiff Rubio was, at all relevant times, residing and working in the State of California.

9.    Akal lacks sufficient information to admit or deny whether Plaintiff Barker was, at all relevant times, residing and working in the State of California.

10.    Akal lacks sufficient information to admit or deny whether Plaintiff Stanfield was, at all relevant times, residing and working in the State of California.

11.    Akal lacks sufficient information to admit or deny whether Plaintiff Fernandez was, at all relevant times, residing and working in the State of California.

12.    Akal admits the allegations in Paragraph 11 of the Complaint.

13.    Akal denies the allegations in Paragraph 12 of the Complaint.

14.    Whether this Court has jurisdiction of this action is a legal conclusion and does not require a response.

15.    Akal denies the allegations in Paragraph 14 of the Complaint.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

2

**Exhibit 8**

**000006**

16.    Akal denies the allegations in Paragraph 15 of the Complaint.

17.    Akal denies the allegations in Paragraph 16 of the Complaint.

18.    Paragraph 17 of the Complaint which alleges numerosity of the proposed class and the purported impracticability of individual claims is a legal conclusion and does not require a response.

19.    Paragraph 18 of the Complaint which alleges that the purported claims are typical is a legal conclusion and does not require a response.

20.    Paragraph 19 of the Complaint which alleges that common question of fact and law predominate over questions concerning individual class members is a legal conclusion and does not require a response.

21.    Paragraph 20 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 20.

22.    Paragraph 21 of the Complaint which alleges that certain alleged claims are typical of the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 21.

23.    Paragraph 22 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 22.

24.    Paragraph 23 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 23.

25.    Paragraph 24 of the Complaint which alleges that certain alleged claims are typical of the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 24.

26.    Paragraph 25 of the Complaint which alleges that common issues of fact exist amongst the proposed class is a legal conclusion and does not require a response.  Akal denies the remaining allegations contained within Paragraph 25.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

3

Exhibit 8

000007

1    27.    Paragraph 26 of the Complaint which alleges that common issues of

2    fact exist amongst the proposed class is a legal conclusion and does not require a

3    response.  Akal denies the remaining allegations contained within Paragraph 26.

4        28.    Paragraph 27 of the Complaint which alleges that the plaintiffs are

5    proper class representatives is a legal conclusion and does not require a response.

6    Akal denies the remaining allegations contained within Paragraph 27.

7        29.    Paragraph 28 of the Complaint which alleges that the class action is

8    the superior method for adjudicating the Complaint is a legal conclusion and does

9    not require a response.  Akal denies the remaining allegations contained within

10    Paragraph 28.

11        30.    Paragraph 29 of the Complaint which further alleges that a class

12    action should be maintained based on the risk of inconsistent verdicts or relief is a

13    legal conclusion and does not require a response.

14        31.    Akal lacks sufficient information to admit or deny whether Plaintiffs

15    and all putative class members worked at security guards for Akal during the

16    period of April 15, 2002 through the present.

17        32.    Akal denies the allegations in Paragraph 31.

18        33.    Akal denies the allegations in Paragraph 32.

19        34.    Akal denies the allegations in Paragraph 33.

20        35.    Akal denies the allegations in Paragraph 34.

21        36.    Akal denies the allegations in Paragraph 35.

22        37.    Akal repeats and re-alleges each and every answer contained in

23    Paragraphs 1 through 35, inclusive, and incorporates same by reference here.

24        38.    Paragraph 37 contains a conclusion of law regarding California wage

25    and hour law and does not require a response.  Akal denies the remaining

26    allegations in Paragraph 37.

27        39.    Akal denies the allegations in Paragraph 38.

28        40.    Paragraph 39 of the Complaint is an assertion of damages that does

_Gordon & Rees LLP_
_633 West Fifth Street_
_Suite 4900_
_Los Angeles, CA 90071_

4

**Exhibit 8**

**000008**

1    not require a response.

2        41.    Akal repeats and re-alleges each and every answer contained in
3    Paragraphs 1 through 39, inclusive, and incorporates same by reference here.

4        42.    Paragraph 41 contains a conclusion of law regarding California wage
5    and hour law and does not require a response. Akal denies the remaining
6    allegations in Paragraph 41.

7        43.    Paragraph 42 of the Complaint is an assertion of damages that does
8    not require a response.

9        44.    Akal repeats and re-alleges each and every answer contained in
10   Paragraphs 1 through 42, inclusive, and incorporates same by reference here.

11       45.    Paragraph 44 contains a conclusion of law regarding California wage
12   and hour law and does not require a response. Akal denies the remaining
13   allegations in Paragraph 44.

14       46.    Akal denies the allegations in Paragraph 45.

15       47.    Paragraph 46 contains a conclusion of law regarding California wage
16   and hour law and does not require a response. Akal denies the remaining
17   allegations in Paragraph 46.

18       48.    Paragraph 47 of the Complaint is an assertion of damages that does
19   not require a response.

20       49.    Akal repeats and re-alleges each and every answer contained in
21   Paragraphs 1 through 47, inclusive, and incorporates same by reference here.

22       50.    Paragraph 49 contains a conclusion of law regarding California wage
23   and hour law and does not require a response.

24       51.    Paragraph 50 contains a conclusion of law regarding California wage
25   and hour law and does not require a response.

26       52.    Akal denies the allegations in Paragraph 51.

27       53.    Paragraph 52 contains a conclusion of law regarding California wage
28   and hour law and does not require a response.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

5

**Exhibit 8**

**000009**

54.    Paragraph 53 of the Complaint is an assertion of damages that does not require a response.

55.    Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 53, inclusive, and incorporates same by reference here.

56.    Akal denies the allegations in Paragraph 56.

57.    Akal denies the allegations in Paragraph 57.

58.    Paragraph 58 of the Complaint is an assertion of damages that does not require a response.

59.    Paragraph 59 of the Complaint is an assertion of damages that does not require a response.

60.    Paragraph 60 of the Complaint is an assertion of damages that does not require a response.

61.    Akal denies the allegations in Paragraph 61.

62.    Akal denies the allegations in Paragraph 62.

63.    Akal denies the allegations in Paragraph 63.

64.    Akal denies the allegations in Paragraph 64.

65.    Paragraph 65 of the Complaint is an assertion of damages that does not require a response.

66.    Akal repeats and re-alleges each and every answer contained in Paragraphs 1 through 65, inclusive, and incorporates same by reference here.

67.    Akal lacks sufficient information to admit or deny the allegations in Paragraph 67.

68.    Akal lacks sufficient information to admit or deny the allegations in Paragraph 68.

69.    Paragraph 69 of the Complaint is an assertion of damages that does not require a response.

70.    Paragraph 70 of the Complaint is an assertion of damages that does not require a response.

6

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**Exhibit 8**

**000010**

1    71.    Paragraph 71 of the Complaint is an assertion of damages that does

2    not require a response.

3    72.    The Prayer of the Complaint is a restatement and assertion of damages

4    that does not require a response.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    For a first, separate and affirmative defense, Defendant alleges that
the Complaint, and each and every purported cause of action contained therein,
fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.    For a second, separate and affirmative defense, Defendant alleges that
the federal court has exclusive jurisdiction over all of the claims asserted by
Plaintiffs, due to the fact that all of the conduct alleged in the Complaint occurred
on a federal enclave pursuant to *article I, section 8, clause 17 of the United States
Constitution.*

### THIRD AFFIRMATIVE DEFENSE

3.    For a third, separate and affirmative defense, Defendant alleges that
the land upon which all of the claims asserted by Plaintiffs purportedly occurred is
land over which the federal government exercises legislative jurisdiction, and to
which the laws of the State of California do not apply.

### FOURTH AFFIRMATIVE DEFENSE

4.    For a fourth, separate and affirmative defense, Defendant is informed
and believes that any recovery on Plaintiffs' Complaint, or on each purported cause
of action alleged therein, is barred by California Labor Code sections 2854 and
2856 in that Plaintiffs failed to use ordinary care and diligence in the performance
of his duties and failed to comply substantially with the reasonable directions of
their employer.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**Exhibit 8**

**000011**

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## FIFTH AFFIRMATIVE DEFENSE

5.      For a fifth, separate and affirmative defense, Defendant alleges that Plaintiffs claims are barred, in whole or in part, because they failed to exhaust their administrative remedies under any applicable Collective Bargaining Agreement or California Labor Code sections 98-98.2, or to the extent that Plaintiffs are exempt from the overtime provisions of the California Labor Code and/or the applicable wage orders of the California Industrial Welfare Commission.

## SIXTH AFFIRMATIVE DEFENSE

6.      For a sixth, separate and affirmative defense, Defendant alleges that it has engaged attorneys to represent it in defense of Plaintiffs' unfounded and unreasonable action and Defendant thereby is entitled to an award of its reasonable attorney's fees and costs upon judgment thereon in its favor.

## SEVENTH AFFIRMATIVE DEFENSE

7.      For a seventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiffs' Complaint, or any cause of action alleged therein, is barred because Plaintiffs did not have a good faith belief or reasonably based suspicion that Defendant was in violation of any law, including, but not limited to, the California Labor Code.

## EIGHTH AFFIRMATIVE DEFENSE

8.      For an eighth, separate and affirmative defense, Defendant alleges that any and all acts, conduct or statements by and/or attributed to it were justified, undertaken in good faith and/or privileged.

## NINTH AFFIRMATIVE DEFENSE

9.      For a ninth, separate and affirmative defense, Defendant alleges that it made Plaintiffs aware of their right to and encouraged Plaintiffs to take meals and/or rest periods and accordingly are not liable if Plaintiffs failed to take such meal and/or rest periods.

/ / /

8

Exhibit 8
000012

**TENTH AFFIRMATIVE DEFENSE**

10.    For a tenth, separate and affirmative defense, Defendant alleges that any alleged emotional, mental and/or physical injury suffered by Plaintiffs was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiffs themselves.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    For an eleventh, separate and affirmative defense, Defendant alleges that any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred because the alleged damages were not proximately caused by any conduct of Defendant as alleged or otherwise.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    For a twelfth, separate and affirmative defense, Defendant alleges that any damages otherwise recoverable by Plaintiffs are barred and/or limited by Plaintiffs' failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    For a thirteenth, separate and affirmative defense, Defendant alleges that it is entitled to a setoff for amounts Plaintiffs owe Defendant for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    For a fourteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, including, *inter alia*, section 335.1 and 340 of the California Code of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    For a fifteenth, separate and affirmative defense, Defendant alleges that Plaintiffs' employer maintained policies prohibiting discrimination and

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1  retaliation and had in place an effective complaint procedure. Had Plaintiffs made

2  proper use of that procedure and had he complied with those policies, he could

3  have avoided all or part of the damages claimed in this action. Accordingly,

4  Plaintiffs' claims are barred in whole or in part by the doctrine of avoidable

5  consequences.

### SIXTEENTH AFFIRMATIVE DEFENSE

7      16.    For a sixteenth, separate and affirmative defense, Defendant alleges

8  that Plaintiffs' claims are barred by their failure to timely and properly exhaust the

9  administrative remedy set forth in the Collective Bargaining Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

11      17.    For a seventeenth, separate and affirmative defense, Defendant alleges

12  that Plaintiffs' claims are barred, in whole or in part, because, based on the hours

13  he worked, Plaintiffs are not entitled to overtime compensation and/or meal and

14  rest period penalties under the California Labor Code and/or the applicable wage

15  orders of the California Industrial Welfare Commission. Defendant's conduct was

16  not willful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18      18.    For an eighteenth, separate and affirmative defense, Defendant alleges

19  that Plaintiffs' Complaint, and each purported cause of action therein, is barred by

20  the doctrines of laches, estoppel, waiver and unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

22      19.    For an nineteenth, separate and affirmative defense, Defendant alleges

23  that accommodating plaintiffs would have been an undue hardship by presenting a

24  significant difficulty or expense.

### TWENTIETH AFFIRMATIVE DEFENSE

26      20.    For a twentieth, separate and affirmative defense, Defendant alleges

27  that any recovery on Plaintiffs' Complaint, or any cause of action alleged therein,

28  is barred because Plaintiffs failed to act in good faith towards and deal fairly with

10

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Exhibit 8
000014

1  Defendant. The resulting injuries and damages, if any, sustained by Plaintiffs was

2  proximately caused by and attributed to Plaintiffs' bad faith and misconduct in

3  dealing with Defendant and its employees and authorized agent in their

4  participation in the events alleged therein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6      21.   For a twenty-first, separate and affirmative defense, Defendant is

7  informed and believes that Plaintiffs are barred from pursuing these claims in court

8  because they are subject to mandatory and final binding arbitration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

10      22.   For a twenty-second, separate and affirmative defense, Defendant

11  alleges that the cause of action for alleged unfair business practices under

12  California Business and Professions Code section 17200 et seq., and the equitable

13  remedies therein sought, are barred in light of the fact that Plaintiffs have an

14  adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16      23.   For a twenty-third, separate and affirmative defense, Defendant

17  alleges that the cause of action for alleged unfair business practices under

18  California Business and Professions Code section 17200 et seq., and the equitable

19  remedies therein sought, are barred in light of the fact that the plaintiffs have not

20  suffered, and will not suffer, irreparable harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22      24.   For a twenty-fourth, separate and affirmative defense, Defendant

23  alleges that Plaintiffs do not have standing to bring the cause of action for alleged

24  unfair business practices under California Business and Professions Code section

25  17200 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

27      25.   For a twenty-fifth, separate and affirmative defense, Defendant alleges

28  that its business practices are not unfair within the meaning of Business and

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

11

**Exhibit 8**
**000015**

1 | Professions Code, section 17200. The utility of any such practice outweighs any

2 | potential harm.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

4 |     26.    For a twenty-sixth, separate and affirmative defense, Defendant

5 | alleges that this action does not and cannot qualify for certification as a class action

6 | based upon applicable law, and the Plaintiffs are not proper or appropriate class

7 | representatives. Also, Plaintiffs lack standing to sue on behalf of the representative

8 | class under applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

10 |     27.    Defendant alleges that the claims herein have been subject of, and are

11 | exclusively governed by, the Collective Bargaining Agreement of the putative

12 | class.

### TWENTY-EIGHTEENTH AFFIRMATIVE DEFENSE

14 |     28.    Defendant alleges that because Plaintiffs' Complaint is couched in

15 | conclusory terms, Defendant reserves its right to amend or add additional

16 | affirmative defenses as they become known.

17 |     WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief

18 | whatsoever from Akal Security, Inc. and respectfully requests judgment in its favor

19 | dismissing the Second Amended Complaint with prejudice; an award of such costs

20 | and attorneys' fees as may be allowed by law; and such further relief as the Court

21 | deems appropriate.

23 | Dated: January 24, 2008               GORDON & REES LLP

25 |                         By: /S/ Gary J. Lorch

26 |                            Gary J. Lorch

                              Kevin W. Alexander

27 |                             Attorneys for Defendant

                            AKAL SECURITY, INC.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPAINT

**Exhibit 8**

**000016**

Gordon & Rees LLP<br>633 West Fifth Street<br>Suite 4900<br>Los Angeles, CA 90071

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite

3    4900, Los Angeles, CA 90071. On **January 24, 2008**, I served the within documents:

4        **AKAL SECURITY, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED**

5    **COMPLAINT**

6    ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7    ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

8
☒   by placing the document(s) listed above in a sealed envelope with postage thereon
9    fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

10

11    Bernard F. King III
MARKS, GOLIA & FINCH LLP
12    3900 Harney Street, First Floor
San Diego, CA 92110-2825
13    Tel: (619) 293-7000
Fax: (619) 293-7362
14    *Attorneys for Plaintiffs*

15    Matthew B. Butler, Esq.
NICHOLAS & BUTLER, LLP
16    225 Broadway, 19th Floor
San Diego, CA 92101-5005
17    Tel: (619) 325-0492
Fax: (619) 325-0496
*Attorneys for Plaintiffs*
18

19        I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

20    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

21    meter date is more than one day after the date of deposit for mailing in affidavit.

22        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23        Executed on **January 24, 2008** at Los Angeles, California.

24

25           /S/ Kimberly M. Davison

26

27

28

AKAL SECURITY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**Exhibit 8**

**000017**

# EXHIBIT "9"

EXHIBIT "9"

MARKS, GOLIA AND FINCH, LLP
Loera, et. al v. Akal Security, Inc.
Fees incurred for motion to remand

Laura E. Beatty
SBN: 251540

| Client | Date | Rate | Hours | Total | Description of Work |
|---|---|---|---|---|---|
| 974.002 | 1/16/2008 | $155.00 | 0.4 | $62.00 | Analyze case law regarding untimely removal to federal court. |
| 974.002 | 1/18/2008 | $155.00 | 0.9 | $139.50 | Analyze case law regarding effect of CBA on overtime regulations. |
| 974.002 | 1/21/2008 | $155.00 | 0.3 | $46.50 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/21/2008 | $155.00 | 0.8 | $124.00 | Analyze statutory law regarding timeline to file motion to remand. |
| 974.002 | 1/22/2008 | $155.00 | 1.2 | $186.00 | Analyze statutory law regarding federal removal. |
| 974.002 | 1/23/2008 | $155.00 | 2.2 | $341.00 | Analyze statutory law and outline motion for remand. |
| 974.002 | 1/23/2008 | $155.00 | 0.3 | $46.50 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/24/2008 | $155.00 | 1.1 | $170.50 | Analyze case law regarding diversity jurisdiction in class actions. |
| 974.002 | 1/24/2008 | $155.00 | 0.6 | $93.00 | Analyze case law regarding LMRA preemption. |
| 974.002 | 1/24/2008 | $155.00 | 2.1 | $325.50 | Conference regarding motion to remand. |
| 974.002 | 1/24/2008 | $155.00 | 2.4 | $372.00 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 4.1 | $635.50 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.4 | $62.00 | Draft section on lack of LMRA preemption for motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.9 | $139.50 | Draft notice of motion to remand. |
| 974.002 | 1/25/2008 | $155.00 | 0.7 | $108.50 | Analyze case law regarding whether whole case must be removed. |
| 974.002 | 1/25/2008 | $155.00 | 0.9 | $139.50 | Analyze case law regarding failure to file notice of removal in state court. |
| 974.002 | 1/28/2008 | $155.00 | 1.6 | $248.00 | Draft fact section for motion to remand. |
| 974.002 | 1/28/2008 | $155.00 | 1.8 | $279.00 | Draft motion for remand section regarding procedural defects. |
| 974.002 | 1/28/2008 | $155.00 | 1.2 | $186.00 | Draft motion for remand section regarding Akal's untimely removal. |
| 974.002 | 1/28/2008 | $155.00 | 0.3 | $46.50 | Draft motion for remand section regarding attorneys fees. |
| 974.002 | 1/28/2008 | $155.00 | 1.9 | $294.50 | Draft proposed remand order. |
| 974.002 | 1/29/2008 | $155.00 | 2.4 | $372.00 | Work on motion to remand regarding declaration of Bernard King and notice of motion |
| 974.002 | 1/30/2008 | $155.00 | 3.2 | $496.00 | Further work on motion to remand sections regarding procedural defects and factual background |
| 974.002 | 1/30/2008 | $155.00 | 2.9 | $449.50 | Revise motion to remand section regarding LMRA preemption |
| 974.002 | 1/31/2008 | $155.00 | 3.2 | $496.00 | Finalize motion to remand sections regarding LMRA preemption and procedural defects |
| 974.002 | 3/15/2008 | $155.00 | 2.2 | $341.00 | Analyze case law cited by Akal in its opposition to Remand regarding LMRA preemption |
| 974.002 | 3/15/2008 | $155.00 | 0.9 | $139.50 | Analyze Akal's Opposition to Loera's Motion to Remand |
| 974.002 | 3/17/2008 | $155.00 | 0.7 | $108.50 | Conference regarding strategy for reply to opposition |
| 974.002 | 3/17/2008 | $155.00 | 2.6 | $403.00 | Draft reply to Akal's opposition to remand regarding Section 301 preemption |
| 974.002 | 3/17/2008 | $155.00 | 1.3 | $201.50 | Work on reply to Akal's opposition to remand regarding Akal's failure to remove the entire action |
| 974.002 | 3/17/2008 | $155.00 | 2.8 | $434.00 | Further draft reply to Akal's opposition to remand section regarding Section 301 preemption |
| 974.002 | 3/18/2008 | $155.00 | 0.2 | $31.00 | Analyze case law regarding ability of custodian of records to authenticate signed agreement |

**Exhibit 9**
000018

**MARKS, GOLIA AND FINCH, LLP**
Loera, et. al v. Akal Security, Inc.
Fees incurred for motion to remand

**Laura E. Beatty**

SBN: 251540

| Client | Date | Rate | Hours | Total | Description of Work |
|---|---|---|---|---|---|
| 974.002 | 3/18/2008 | $155.00 | 2.1 | $325.50 | Draft reply to Akal's opposition to remand section regarding untimeliness of Akal's removal |
| 974.002 | 3/18/2008 | $155.00 | 1.2 | $186.00 | Draft reply to Akal's opposition to remand section regarding attorneys fees |
| 974.002 | 3/18/2008 | $155.00 | 1.9 | $294.50 | Further draft reply to Akal's opposition to remand section regarding Section 301 preemption |
| 974.002 | 3/19/2008 | $155.00 | 0.8 | $124.00 | Further analyze case law regarding ability of custodian of records to authenticate signed agreement |
| 974.002 | 3/19/2008 | $155.00 | 2.9 | $449.50 | Further draft reply to Akal's opposition to remand section regarding Section 301 preemption |
| 974.002 | 3/19/2008 | $155.00 | 2.1 | $325.50 | Draft objections to evidence submitted by Akal in support of its opposition to Loera's motion to remand |
| 974.002 | 3/19/2008 | $155.00 | 1.2 | $186.00 | Further draft reply to Akal's opposition to remand section regarding award of attorneys fees |
| 974.002 | 3/20/2008 | $155.00 | 1.4 | $217.00 | Finalize objections to evidence submitted by Akal in support of its opposition to Loera's motion to remand |
| 974.002 | 3/20/2008 | $155.00 | 1.1 | $170.50 | Finalize declaration in support of reply and prepare accompanying exhibits |
| 974.002 | 3/20/2008 | $155.00 | 3.1 | $480.50 | Finalize reply to Akal's opposition to remand section regarding attorneys fees |

Hours Since 1/31/08   28.5
Fees Earned Since 1/31/08   $4,417.50

TOTAL HOURS   66.3
TOTAL FEES   $10,276.50

**Exhibit 9**
**000019**

MARKS, GOLIA AND FINCH, LLP
Loera, et. al v. Akal Security, Inc.
Fees incurred for motion to remand

Bernard F. King III
SBN: 232518

| Client | Date | Rate | Hours | Total | Description of Work |
|---|---|---|---|---|---|
| 974.002 | 1/16/2008 | $300.00 | 1.5 | $450.00 | Analyze defendants' petition for removal to federal court and supporting documents. |
| 974.002 | 1/16/2008 | $300.00 | 0.7 | $210.00 | Correspondence to co-counsel regarding petition for removal. |
| 974.002 | 1/17/2008 | $300.00 | 0.4 | $120.00 | Conference regarding defendants' petition for removal and grounds for remand. |
| 974.002 | 1/23/2008 | $300.00 | 0.8 | $240.00 | Conference regarding effect of Akal's removal as to only plaintiff Loera. |
| 974.002 | 1/25/2008 | $300.00 | 0.8 | $240.00 | Analyze case law regarding effect of removal notice that only names one plaintiff's claims. |
| 974.002 | 1/28/2008 | $300.00 | 0.7 | $210.00 | Further work on motion to remand. |
| 974.002 | 1/29/2008 | $300.00 | 1.6 | $480.00 | Conference regarding motion to remand and review drafts of plaintiffs moving papers |
| 974.002 | 1/30/2008 | $300.00 | 3.1 | $930.00 | Work on memorandum of points and authorities in support of motion to remand. |
| 974.002 | 3/14/2008 | $300.00 | 0.3 | $90.00 | Conference regarding Akal's opposition |
| 974.002 | 3/14/2008 | $300.00 | 2.1 | $630.00 | Analyze Akal's opposition to plaintiff's motion for remand |
| 974.002 | 3/14/2008 | $300.00 | 0.8 | $240.00 | Analyze case law cited by Akal in support of its opposition to plaintiff's motion for remand |
| 974.002 | 3/17/2008 | $300.00 | 1.1 | $330.00 | Conference regarding reply to Akal's opposition to remand motion |
| 974.002 | 3/17/2008 | $300.00 | 0.8 | $240.00 | Analyze case law regarding section 301 preemption in support of reply to Akal's opposition to remand motion |
| 974.002 | 3/17/2008 | $300.00 | 0.7 | $210.00 | Conference regarding objections to evidence in Akal's opposition papers |
| 974.002 | 3/19/2008 | $300.00 | 2.1 | $630.00 | Further work on reply in support of plaintiff's motion to remand |
| 974.002 | 3/19/2008 | $300.00 | 0.3 | $90.00 | Conference regarding evidentiary objections in support of motion to remand |
| 974.002 | 3/20/2008 | $300.00 | 0.6 | $180.00 | Work on declaration in support of motion to remand |
| 974.002 | 3/20/2008 | $300.00 | 1.9 | $570.00 | Further work on reply brief in support of plaintiff's motion to remand |
| 974.002 | 3/20/2008 | $300.00 | 0.6 | $180.00 | Further work on evidentiary objections in support of motion to remand |
| 974.002 | 3/20/2008 | $300.00 | 0.8 | $240.00 | Further work on declaration in support of motion to remand |

Hours Since 1/31/08        12.1
Fees Earned Since 1/31/08   $3,630.00

TOTAL HOURS    21.7
TOTAL FEES     $6,510.00

## COMBINED TOTALS

Hours Since 1/31/08          40.6
Fees Earned Since 1/31/08    $8,047.50

TOTAL HOURS    88
TOTAL FEES     $16,786.50

**Exhibit 9**
**000020**