STEPHEN J. SCHULTZ, SBN 90187
sschultz@mgfllp.com
MARK T. BENNETT, SBN 89061
mbennet@mgfllp.copm
JASON R, THORNTON, SBN 185637
jthornton@mgfllp.com
BERNARD F. KING, SBN 232518
bking@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362


MATTHEW B. BUTLER, SBN 201781
mbutler@mblaw.org
**NICHOLAS & BUTLER, LLP**
225 BROADWAY, 19TH FLOOR
SAN DIEGO, CALIFORNIA 92101-5005
TELEPHONE: (619) 325-0492
FACSIMILE: (619) 325-0496

Attorneys for Plaintiff David Loera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, for himself and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>AKAL SECURITY, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 08cv0094 DMS AJB<br><br>(Removed from Superior Court of California, County of Imperial, Case No. ECU03022)<br><br>PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"<br><br>Date:        March 28, 2008<br>Time:       1:30 p.m.<br>Courtroom: 10 |

/ / / / /

/ / / / /

1

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO: 08 CV 0094 DMS AJB

Plaintiff hereby objects to the following evidence presented by Akal in connection with Plaintiff's motion to remand set for hearing on March 29, 2008, before this court:

(1) Declaration of Mollie Burks-Thomas, ¶¶ 3, 4.

(2) Declaration of Janet Gunn

(3) Exhibit "D" to Akal's Opposition to Plaintiff's Motion to Remand

(4) Exhibit "E" to Akal's Opposition to Plaintiff's Motion to Remand

Plaintiff objects to the Declaration of Mollie Burks-Thomas (Declaration of Burks-Thomas) on the grounds of relevancy. Plaintiff objects to the Declaration of Janet Gunn (Declaration of Gunn) on the grounds of hearsay, lack of foundation and lack of personal knowledge. Plaintiff objects to Exhibit "D" to Akal's Opposition to Plaintiff's Motion to Remand (Exhibit "D") on the ground that it has not been properly authenticated. Plaintiff objects to Exhibit "E" to Akal's Opposition to Plaintiff's Motion to Remand (Exhibit "E") on the ground that it has not been properly authenticated and is incomplete.

For the reasons articulated below, Plaintiff respectfully requests the court sustain the above objections and to strike the evidence referred to above.

I

PARAGRAPHS THREE AND FOUR OF THE DECLARATION OF MOLLIE BURKS-THOMAS ARE IRRELEVANT TO PLAINTIFF'S MOTION TO REMAND AND SHOULD BE STRICKEN

Paragraph three (3) of the Declaration of Mollie-Burks Thomas asserts Plaintiff's counsel did not discover the causes of action for failure to pay overtime premium pay and waiting-time penalties until October 2007. As the timing of Plaintiff's counsel's knowledge of a claim for overtime under state law is irrelevant to the determination of whether Akal's removal was proper,

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO: 08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

paragraph three is irrelevant and should be stricken from the Declaration of Thomas.  See FED. R. EVID. 401.

Paragraph four (4) of the Declaration of Mollie-Burks Thomas asserts Plaintiff filed his Motion for Leave to File a Second Amended Complaint while AKAL's Motion for Summary Judgment was pending and articulates the basis for Akal's motion for summary judgment.  The substance of Akal's motion for summary judgment is irrelevant to the determination of whether Akal's removal was proper, and this paragraph should therefore be stricken from the declaration.

II

PARAGRAPHS TWO, THREE AND FOUR
OF THE DECLARATION OF JANET GUNN SHOULD
BE STRICKEN BECAUSE THEY CONTAIN HEARSAY, LACK
FOUNDATION AND ARE NOT BASED ON PERSONAL KNOWLEDGE

Plaintiff objects to the Declaration of Janet Gunn (Declaration of Gunn) on the grounds of hearsay, lack of foundation and lack of personal knowledge.

In paragraph one of her Declaration, Gunn asserts that she, (1) is a custodian of records for Akal Security, Inc., (2) is Akal's Vice President, Human Resources, and (3) "has personal knowledge of <u>how</u> the records are maintained in the ordinary course of AKAL's business, including the Collective Bargaining Agreement at issue in this litigation."  Additionally she asserts that she makes the declaration of her "own true knowledge."

In paragraphs two and three, Gunn asserts that the documents she is attaching are "true and correct copies" of the Collective Bargaining Agreement and a Letter of Understanding.   Despite her general assertion that she has personal knowledge of the statements in her declaration, there are no facts in the declaration that establish she has personal knowledge of whether the documents

3

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  in Akal's file are actually true and correct copies of the Collective Bargaining
2  Agreement.  Her declaration does not state when she became Vice President of
3  Human Resources, or whether she held that position during the period in
4  question.  Gunn's lack of personal knowledge is highlighted by the fact that she
5  asserts Exhibits "D" and "E" comprise the contract governing the employment of
6  Plaintiffs, yet she neglects to attach the appendix of additional terms that is
7  referred to in Exhibit "E."  Furthermore, Gunn's assertion that Exhibits "D" and
8  "E," comprise plaintiff's employment contract is an unsupported legal
9  conclusion.  Since Gunn's declaration lacks sufficient facts to establish her
10 personal knowledge and her statements lack foundation, her declaration should
11 be stricken.

## III

### AKAL'S EXHIBITS "D" AND "E" SHOULD BE STRICKEN BECAUSE THEY HAVE NOT BEEN PROPERLY AUTHENTICATED

A document must be authenticated before it can be admissible.  A document is properly authenticated where sufficient evidence is presented to support a finding that the matter in question is what its proponent claims.  FED. R. EVID. 901(a).  A document produced by a custodian of records may be authenticated by the custodian only where the business record hearsay exception applies and the custodian declares the document:

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
(B) was kept in the course of the regularly conducted activity; and
(C) was made by the regularly conducted activity as a regular practice.

FED. R. EVID. 902(11).

4

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1  Exhibits "D" and "E" contain the alleged contract documents between
2  Akal and a union.  Gunn's declaration, which attempts to authenticate these
3  documents, does not include a statement that the documents were made at the
4  time of the occurrence, kept in the ordinary course of a regularly conducted
5  activity, or, made by the regularly conducted activity as a regular practice.
6  Moreover, Gunn's declaration does not articulate facts that support a finding that
7  she has personal knowledge that these documents are the operative contracts and
8  letters of understanding.  The fact they are in Akal's files does not, by itself,
9  provide sufficient foundation to establish that the documents are in fact the
10 operative documents.  Additionally, Exhibit "E," is also inadmissible on the
11 grounds it is incomplete because the appendix is omitted.

12 Accordingly, since Gunn's declaration lacks sufficient facts to support a
13 basis for her personal knowledge and the requirements of Federal Rules of
14 Evidence, rule 902(11) have not been met, Exhibits "D" and "E" have not been
15 authenticated, should be stricken, and should not be considered on this motion.

## IV

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests the court sustain the above objections and strike the evidence referred to above.

DATED:  March 20, 2008

MARKS, GOLIA & FINCH, LLP

By: /S/ Bernard F. King, Esq.
E-mail: bking@mgfllp.com
MARK T. BENNETT
E-mail: mbennet@mgfllp.com
STEPHEN J. SCHULTZ
E-mail: sschultz@mgfllp.com
JASON R. THORNTON
E-mail: jthornton@mgfllp.com
Attorneys for Plaintiffs

974.002a/LEB32.am

5

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO: 08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 20th day of March 2008 and is available for viewing and downloading to the ECF registered counsel of record:

<u>Via Electronic Service/ECF</u>:

Gary J. Lorch, Esq.
glorch@gordonrees.com

DATED:  March 20, 2008          MARKS, GOLIA & FINCH, LLP

By:  /S/Bernard F. King, Esq.
E-mail:  bking@mgfllp.com
Attorneys for Plaintiffs

6

PLAINTIFF'S OBJECTION TO THE DECLARATION OF MOLLIE BURKS-THOMAS, THE DECLARATION OF JANET GUNN, AND AKAL'S EXHIBITS "D" AND "E"

CASE NO:  08 CV 0094 DMS AJB

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000