# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOERA, PAUL SONICO, LUIS MARTINEZ, LEO CUEN, SEAN ACUNA, ALBERT RUBIO, JAMES BARKER, ANDREW STANFIELD, GUILLERMO FERNANDEZ for themselves and on behalf of all others similarly situated and the general public,<br><br>                                                Plaintiffs,<br>vs.<br><br>AKAL SECURITY, INC., a corporation, et al.,<br><br>                                                Defendants. | CASE NO. 08cv0094 DMS (AJB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS FEES AND COSTS**<br><br>**[Docket Nos. 9, 10]** |

This matter comes before the Court on Plaintiffs' motion to remand this case to state court. The Court found this motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court grants Plaintiffs' motion.

## I.

## BACKGROUND

Plaintiff David Loera, on behalf of himself and all others similarly situated, filed the current case against Defendant Akal Security, Inc. ("Defendant") in the Superior Court of California for the County of Imperial on April 27, 2006. In his original Complaint, Loera alleged claims for (1) failure to pay meal period premium pay, (2) failure to pay rest break premium pay, (3) unfair competition and

1  (4) penalties. Each of these claims was based on California law, and Loera specifically disclaimed
2  any federal claims.
3        Loera filed a First Amended Complaint on June 28, 2006, and on July 28, 2006, Defendant
4  filed its Answer. In that Answer, Defendant asserted the affirmative defense of failure to exhaust.
5  Specifically, Defendant stated: "Plaintiff's claims are barred, in whole or in part, because they failed
6  to exhaust their administrative remedies under any applicable Collective Bargaining Agreement or
7  California Labor Code section 98-98.2[.]"
8        On November 21, 2007, Loera filed a motion for leave to file a Second Amended Complaint.
9  The Second Amended Complaint added Paul Sonico, Luis Martinez, Leo Cuen, Sean Acuna, Albert
10 Rubio, James Barker, Andrew Stanfield and Guillermo Fernandez as Plaintiffs. It also added claims
11 for failure to pay overtime premium pay and for waiting time penalties. As with the original claims,
12 these new claims were based on California law. The state court granted Loera's motion for leave to
13 file the Second Amended Complaint on December 18, 2007, and it was filed that day.
14       On January 16, 2008, Defendant filed a Notice of Removal of Plaintiffs' case to this Court.
15 In the Notice of Removal, Defendant alleges "this is a suit for an alleged violation of a contract
16 between an employer and a member of a labor organization[,]" and that removal is proper "pursuant
17 to the provisions of 28 U.S.C. § 1441(b) as it presents a federal question."
18       Plaintiffs filed the current motion to remand on February 4, 2008. Defendant filed its
19 opposition on March 14, 2008, and Plaintiffs filed their reply on March 20, 2008.

**II.**

**DISCUSSION**

22       Plaintiffs argue this case should be remanded for three reasons. First, they assert Defendant's
23 removal was procedurally improper. Second, Plaintiffs contend Defendant's removal was untimely.
24 Third, Plaintiffs insist there is no federal question. Because the latter argument is dispositive, the
25 Court addresses it first.
26       The basis for Defendant's removal of this case is 28 U.S.C. § 1331, which states: "The district
27 courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or
28 treaties of the United States." 28 U.S.C. § 1331. The federal law at issue here is the Labor

Management Relations Act ("LMRA"), which governs "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185(a). Defendant alleges Plaintiffs' third and fourth claims for relief are "(1) based directly on rights created by a collective bargaining agreement ["CBA"], or (2) substantially dependent on an interpretation of a collective bargaining agreeement[,]" (Notice of Removal at 3), therefore they are preempted by the LMRA.

In *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, the Supreme Court stated: "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute." *Id.* at 405-06. The Ninth Circuit has explained that:

> [t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

*Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

Here, the allegedly preempted claims are clearly based on state law. (*See* Notice of Removal, Ex. B at ¶¶44, 46, 48-53.) Plaintiffs cite California law as the basis for these claims, and allege Defendant violated the relevant sections of the California Labor Code.

Nevertheless, Defendant asserts these claims are preempted because they involve a "grievance" under the CBA. (*See* Notice of Removal at 3.) The CBA defines a "grievance" as "a claimed violation, misinterpretation, or misapplication of any provision of this Agreement, or the challenge of any disciplinary action taken against a Union Employee[.]" (Notice of Removal, Ex. C at Article 5.1.) That definition, however, does not cover the claims alleged here. Nowhere do Plaintiffs allege a violation of the CBA. Rather, as stated above, their claims are clearly based on state law.

In a noted shift from this original argument, Defendant now argues Plaintiffs' claims are preempted because they require interpretation of the CBA. (Opp'n to Mot. to Remand at 10.) According to Defendant, interpretation of the CBA is required because Plaintiffs' worksite "is a federal property." Notably, Defendant fails to cite any authority for this proposition.

///

1  ///

2        Defendant also contends Plaintiffs' claims must be based on the CBA because Plaintiffs "have disavowed any federal statutory claim for overtime." (*Id.*)  This argument, however, completely ignores another possible basis for Plaintiffs' claims: State law.

      In light of the above, this Court finds Plaintiffs' claims do not depend on the meaning of a CBA, but are instead based on California law.  Under these circumstances, Plaintiffs' claims are not preempted by the LMRA.  *See Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003) (finding claim for overtime pay under state law not preempted by LMRA).

      In anticipation of this finding, Plaintiffs request an award of attorneys fees and costs pursuant to 28 U.S.C. § 1447(c).  Fees and costs are recoverable under this statute "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court finds that standard is not met here.  Accordingly, Plaintiffs' request for fees and costs is denied.

### III.
### CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motion to remand.  Pursuant to 28 U.S.C. § 1446(c), the Clerk of Court shall provide a certified copy of this order to the clerk of the State court, and thereafter close this case.

DATED: April 24, 2008

                                      HON. DANA M. SABRAW
                                      United States District Judge